## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Eric Forsythe, Individually And On Behalf Of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> Sun Life Financial Inc., et al., <br><br> Defendants. | Civil Action No. 04cv10584 (NG) |
| Larry R. Eddings, Individually And On Behalf Of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> Sun Life Financial Inc., et al., <br><br> Defendants. | Civil Action No. 04cv10764 (NG) |

**MEMORANDUM OF LAW IN SUPPORT
OF THE MOTION FOR CONSOLIDATION**

## TABLE OF CONTENTS

**Page**

INTRODUCTION ...................................................................................................................1

FACTUAL BACKGROUND ..................................................................................................1

ARGUMENT............................................................................................................................2

CONCLUSION…………………………………………………………………………………3

Plaintiffs Eric Forsythe and Larry R. Eddings ("Plaintiffs"), by their counsel, hereby move this Court for entry of an Order: (i) consolidating the above-captioned actions (the "Actions"); and (ii) establishing a briefing schedule.

## INTRODUCTION

As of May 13, 2004 there were two related actions pending in this District brought on behalf of a class of investors in mutual funds belonging to the Massachusetts Financial Services Company ("MFS") family of mutual funds (the "MFS Funds"), and derivatively on behalf of the MFS Funds, against the MFS Funds investment advisers, their corporate parents and the MFS Funds trustees during class periods beginning March 24, 1999 and ending November 17, 2003 (the "Class Period"). The Actions allege a variety of claims, specifically violations of §§ 34(b), 36(b) and 48(a) of the Investment Company Act of 1940 (the "Investment Company Act"), violations of §§ 206 and 215 of the Investment Advisers Act of 1940 (the "Investment Advisers Act"), breaches of fiduciary duty and aiding and abetting breaches of fiduciary duty.[1]

## FACTUAL BACKGROUND

The Actions allege that the MFS investment advisers named as defendants (the "Investment Adviser Defendants") breached their duties to the MFS Funds and MFS investors by drawing upon the assets of the MFS Funds to pay brokerages, including Morgan Stanley DW Inc. ("Morgan Stanley"), to aggressively push MFS Funds over other funds, and also allege that such investment advisers concealed such payments from investors by disguising them as brokerage commissions.

The Actions also allege that members of the MFS Funds boards of trustees (the "Trustee Defendants") failed to properly supervise the Investment Adviser Defendants' payments of so-

---

[1] *See* Exhibits A and B, attached to the Declaration of Kim E. Levy In Support Of The Motion For Consolidation (the "Levy Decl."), submitted contemporaneously herewith.

called 12b-1 fees pursuant to the mutual funds' Rule 12b-1 plans. Rule 12b-1, promulgated by the SEC pursuant to the Investment Company Act, prohibits mutual funds from directly or indirectly distributing or marketing their own shares unless, among other things, the funds' directors find that the terms of the written plan for marketing the funds (the "12b-1 plan") create "a reasonable likelihood that the plan will benefit the company and its shareholders."

## ARGUMENT

## THE ACTIONS SHOULD BE CONSOLIDATED

Consolidation is appropriate when there is "a common question of law or fact pending before the Court." Fed. R. Civ. P. 42(a). *See Johnson v. Celotex Corp.,* 899 F.2d 1281, 1284 (2d Cir. 1990), *cert. denied*, 498 U.S. 920 (1990); *Schulman v. Lumenis, Ltd.*, No. 02 Civ. 1989, 2003 U.S. Dist. LEXIS 10348, at *6-9 (S.D.N.Y. June 17, 2003) (Batts, J.).

The standard under Rule 42(a) is clearly met here. The Complaints[2] allege that substantially the same defendants unlawfully and deceitfully charged mutual fund investors excessive fees that allowed such defendants to reap millions of dollars in profits. More specifically, the Complaints allege that the Investment Adviser Defendants authorized the payment from fund assets of excessive commissions to broker dealers in exchange for preferential marketing services and that such payments were in breach of their fiduciary duties, in violation of Section 12(b) of the Investment Company Act, and unprotected by any "safe harbor."

The Complaints also allege that the Investment Adviser Defendants directed brokerage payments to firms that favored MFS Funds, which was a form of marketing that was not disclosed in or authorized by the MFS Funds Rule 12b-1 plans. The Complaints further allege

---

[2] The term "Complaints" is defined herein as the complaints filed in *Forsythe v. Sun Life Financial Inc., et al.*, No. 04-10584 (D. Mass.) and *Eddings v. Sun Life Financial Inc., et al.*, No. 04-10764 (D. Mass.).

2

that the MFS Funds Rule 12b-1 plans were not in compliance with Rule 12b-1, and that payments made pursuant to the plans were in violation of Section 12 of the Investment Company Act because, among other reasons, the plans were not properly evaluated by the Trustee Defendants and there was not a reasonable likelihood that the plans would benefit the company and its shareholders, and that by paying brokers to aggressively steer their clients to MFS Funds, the Investment Adviser Defendants were knowingly aiding and abetting a breach of fiduciary duties, and profiting from the brokers' improper conduct.

The Complaints also allege that defendants improperly used Soft Dollars and excessive commissions, paid from MFS Funds assets, to pay for overhead expenses the cost of which should have been borne by MFS and not MFS Funds investors.  The Complaints also allege that the Trustee Defendants had abdicated their duties under the Investment Company Act and their common law fiduciary duties, that they failed to monitor and supervise the Investment Adviser Defendants and that, as a consequence, the Investment Adviser Defendants were able to systematically skim millions and millions of dollars from the MFS Funds.  The Complaints similarly allege that the defendants failed to disclose the substance of such allegations in prospectuses distributed to shareholders.  Therefore, consolidation of the Actions is appropriate.

## CONCLUSION

For the foregoing reasons, this Court should consolidate the Actions and grant any such further relief as this Court deems just and appropriate.

Dated:   May 14, 2004                    Respectfully submitted,

**MOULTON & GANS, P. C.**


By: /s/ Nancy Freeman Gans
      Nancy Freeman Gans (BBO #184540)
33 Broad Street, Suite 1100
Boston, Massachusetts  02109-4216
(617) 369-7979

*Counsel for Plaintiffs Eric Forsythe and Larry R. Eddings and Proposed Liaison Counsel*


**MILBERG WEISS BERSHAD
   & SCHULMAN LLP**
Steven G. Schulman
Janine L. Pollack
Kim E. Levy
One Pennsylvania Plaza
New York, New York  10119-0165
(212) 594-5300

*Counsel for Plaintiff Eric Forsythe and Proposed Co-Lead Counsel*


**WEISS & YOURMAN**
Joseph H. Weiss
Richard Acocelli
551 Fifth Avenue, Suite 1600
New York, New York  10176
(212) 682-3025

*Counsel for Plaintiff Larry R. Eddings and Proposed Co-Lead Counsel*

4

**LAW OFFICES OF CHARLES J. PIVEN, P.A.**
Charles J. Piven
Marshall N. Perkins
The World Trade Center - Baltimore
Suite 2525
401 East Pratt Street
Baltimore, Maryland  21202
(410) 332-0030

*Counsel for Plaintiff Eric Forsythe*

**STULL, STULL & BRODY**
Jules Brody
Aaron Brody
6 East 45th Street
New York, New York  10017
(212) 687-7230

*Counsel for Plaintiff Larry R. Eddings*

## CERTIFICATE OF SERVICE

I, Nancy Freeman Gans, hereby certify that a true copy of the above document was served upon the attorney of record for each party by first class mail, postage prepaid, on May 14, 2004.

/s/ Nancy Freeman Gans
Nancy Freeman Gans