## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Eric Forsythe, Individually And On Behalf Of All Others Similarly Situated,<br><br>                      Plaintiff,<br><br>vs.<br><br>Sun Life Financial Inc., et al.,<br><br>                      Defendants. | Civil Action No. 04cv10584 (NG) |
| Larry R. Eddings, Individually And On Behalf Of All Others Similarly Situated,<br><br>                      Plaintiff,<br><br>vs.<br><br>Sun Life Financial Inc., et al.,<br><br>                      Defendants. | Civil Action No. 04cv10764 (NG) |

## [PROPOSED] PRETRIAL ORDER NO. 2 FOR APPOINTMENT OF CO-LEAD COUNSEL AND APPOINTMENT OF LIAISON COUNSEL

WHEREAS, appointment of Co-Lead Counsel and Liaison Counsel is appropriate and consistent with the recommendations of §§ 30.16 and 20.22 of the Manual for Complex Litigation (3d ed. 1995);

NOW, THEREFORE, THE COURT ORDERS as follows:

### I. ORGANIZATION OF COUNSEL

The Court designates the following to act as Co-Lead Counsel in the Actions ("Plaintiffs' Co-Lead Counsel" or "Co-Lead Counsel"), with the responsibilities hereinafter described:

       Milberg Weiss Bershad & Schulman LLP
       One Pennsylvania Plaza
       New York, New York  10119
       Telephone:    (212) 594-5300
       Facsimile:     (212) 868-1229

       Weiss & Yourman
       551 Fifth Avenue, Suite 1600
       New York, New York  10176
       Telephone:    (212) 682-3025
       Facsimile:     (212) 682-3010

Plaintiffs' Co-Lead Counsel shall be generally responsible for coordinating the activities of plaintiffs during pretrial proceedings and shall:

    (a)    determine (after consultation with other co-counsel as may be appropriate) and present (in briefs, oral argument, or such other fashion as may be appropriate, personally or by a designee) to the Court and opposing parties the position of the plaintiffs on all matters arising during pretrial proceedings;

    (b)    coordinate the initiation and conduct of discovery on behalf of plaintiffs consistent with the requirements of Fed. R. Civ. P. 26(b)(l) and (2), and (g), including the preparation of joint interrogatories and requests for production of documents and the examination of witnesses in depositions;

    (c)    conduct settlement negotiations on behalf of plaintiffs, but not enter into binding agreements except to the extent expressly authorized;

    (d)    delegate specific tasks to other counsel in a manner to ensure that pretrial preparation for the plaintiffs is conducted effectively, efficiently, and economically;

    (e)    enter into stipulations with opposing counsel necessary for the conduct of the litigation;

    (f)    retain expert consultants and witnesses;

(g) prepare and distribute to the parties periodic status reports;

(h) maintain adequate time and disbursement records covering services as Plaintiffs' Co-Lead Counsel, and collect time and expense records from all Plaintiffs' counsel;

(i) budget and keep records, as well as request contributions from other plaintiffs' counsel to further joint efforts on behalf of plaintiffs;

(j) monitor the activities of co-counsel to ensure that schedules are met and unnecessary expenditures of time and funds are avoided; and

(k) perform such other duties as may be incidental to proper coordination of plaintiffs' pretrial activities or authorized by further order of the Court.

Plaintiffs' Co-Lead Counsel are designated as the spokespersons for plaintiffs with respect to all substantive communications with the Court and with defense counsel. Other plaintiffs' counsel may communicate on substantive matters with the Court or defense counsel only if delegated to do so by Plaintiffs' Co-Lead Counsel.

Counsel for plaintiffs who disagree with Plaintiffs' Co-Lead Counsel (or those acting on behalf of Plaintiffs' Co-Lead Counsel) or who have individual or divergent positions may present written and oral arguments, conduct examinations of deponents, and otherwise act separately on behalf of their client(s) as appropriate, provided that in doing so they do not repeat arguments, questions, or actions of Plaintiffs' Co-Lead Counsel.

The following law firm shall act as Liaison Counsel which is consistent with the recommendations of § 20.221 of the Manual for Complex Litigation:

> Moulton & Gans, P.C.
> 33 Broad Street, Suite 1100
> Boston, Massachusetts 02109
> Telephone:   (617) 369-7979
> Facsimile:    (617) 369-7980

## II. COORDINATION

Co-Lead Counsel shall coordinate activities to avoid duplication and inefficiency in the filing, serving and/or implementation of pleadings, other court papers, discovery papers, and discovery practice.

## III. PRIVILEGES PRESERVED

No communication among plaintiffs' counsel shall be taken as a waiver of any privilege or protection to which they would otherwise be entitled. Moreover, no communication among defendants' counsel shall be taken as a waiver of any privilege or protection to which they would otherwise be entitled.

## IV. SERVICE ON CO-LEAD COUNSEL

A.	Orders: The Court will provide a copy of each order and notice to counsel for all parties and proceed in accordance with the Electronic Case Filing procedures as provided in Court Orders.

B.	Pleadings, Motions, and Other Documents: All parties shall undertake service in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court; provided, however, that: (i) defendants need only serve hard copies of documents on any Co-Lead Counsel and Liaison Counsel designated by the Court (and need not serve any other counsel for plaintiffs); and (ii) the parties shall serve hard copies of documents by overnight mail.

IT IS SO ORDERED

Dated:  May ___, 2004

_____
Hon. Nancy Gertner
United States District Judge