# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Eric Forsythe, Individually And On Behalf Of All Others Similarly Situated,<br><br>     Plaintiff,<br><br> vs.<br><br>Sun Life Financial Inc., et al.,<br><br>     Defendants. | Civil Action No. 04cv10584 (GAO) |
| Larry R. Eddings, Individually And On Behalf Of All Others Similarly Situated,<br><br>     Plaintiff,<br> vs.<br><br>Sun Life Financial Inc., et al.,<br><br>     Defendants. | Civil Action No. 04cv10764 (GAO) |
| Richard Koslow, Individually And On Behalf Of All Others Similarly Situated,<br><br>     Plaintiff,<br> vs.<br><br>Sun Life Financial Inc., et al.,<br><br>     Defendants. | Civil Action No. 04cv11019 (GAO) |

**[caption continues on next page]**

**REVISED [PROPOSED] PRETRIAL
<u>ORDER NO. 1 FOR CONSOLIDATION</u>**

| | |
|---|---|
| Marcus Dumond, Henry Berdat, Stuart V. and Rosemary Sturgess, Kathleen Blair, William and Margie Booth, Karen Peach, and Richard and Evelyn Keller,<br><br>                Plaintiff,<br><br>vs.<br><br>Massachusetts Financial Services Company and MFS Fund Distributors, Inc.,<br><br>                Defendants. | )<br>)<br>)<br>)<br>)  Civil Action No. 04cv11458 (RGS)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

WHEREAS, the above-referenced actions (the "Actions") allege violations of the Investment Company Act of 1940 (the "Investment Company Act"), the Investment Advisers Act of 1940 (the "Investment Advisers Act"), breaches of fiduciary duties and/or aiding and abetting breaches of fiduciary duties;

WHEREAS, actions pending in the same court involving common questions of law or fact may be consolidated under Fed. R. Civ. P. 42(a) and consolidation is appropriate and consistent with the recommendations of § 21.631 of the Manual for Complex Litigation (3d ed. 1995);

NOW, THEREFORE, THE COURT ORDERS as follows:

### I. THE ABOVE-ENTITLED ACTIONS SHALL BE CONSOLIDATED FOR ALL PURPOSES

Three of the Actions, the *Forsythe*, *Eddings* and *Koslow* actions, assert class claims on behalf of classes of investors in mutual funds belonging to the Massachusetts Financial Services Company ("MFS") family of mutual funds (the "MFS Funds"), and derivatively on behalf of the MFS Funds, against the MFS Funds investment advisers, their corporate parents and the MFS Funds trustees during class periods beginning March 24, 1999 and ending November 17, 2003

(the "Class Periods").  The fourth Action, the *Dumond* action, asserts claims derivatively against Massachusetts Financial Services Company and MFS Fund Distributors, Incorporated.

Consolidation is appropriate where there are actions involving common questions of law or fact.  Fed. R Civ. P. 42(a).  *See Johnson v. Celotex Corp.,* 899 F.2d 1281, 1284 (2d Cir. 1990), *cert. denied*, 498 U.S. 920 (1990); *Schulman v. Lumenis, Ltd.*, No. 02 Civ. 1989, 2003 U.S. Dist. LEXIS 10348, at *6-9 (S.D.N.Y. June 17, 2003) (Batts, J.).  That test is met here and, accordingly, the Actions are consolidated.

## II.  CONSOLIDATION OF NEWLY-FILED OR TRANSFERRED ACTIONS

When a case that arises out of the same operative facts and alleges a violation of the Investment Company Act, the Investment Advisers Act, breaches of fiduciary duty or aiding and abetting breaches of fiduciary duty is hereinafter filed in or transferred to this Court, it shall be consolidated with these actions pursuant to Fed. R. Civ. P. 42(a).  They shall be consolidated into the first-filed action, *Eric Forsythe v. Sun Life Financial Inc., et al.*, Master File No. 04-10584 (GAO).

## III.  CAPTION OF CASES

Every pleading filed in these Actions shall bear the following caption:

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| In re MFS MUTUAL FUNDS FEE LITIGATION | ) ) ) | MASTER FILE: 04-10584 (GAO) |
|---|---|---|

When a pleading or other court paper filed in these Actions is intended to apply to all actions therein, the words "All Actions" shall appear immediately after the words "THIS DOCUMENT RELATES TO:" in the caption set out above.  When a pleading or other court paper is intended to be applicable to less than all such actions, the party filing the document shall

3

indicate, immediately after the words "THIS DOCUMENT RELATES TO:" the action(s) to which the document is intended to be applicable by last name of the plaintiff(s) and the docket number(s).

### IV. <u>MASTER DOCKET</u>

A Master Docket is hereby established for the Action, including actions subsequently consolidated herein pursuant to this Order. Entries in said Master Docket shall be applicable to the Action, and entries shall be made therein in accordance with the regular procedures of the Clerk of this Court, except as modified by this Order.

When a pleading is filed and the caption, pursuant to this Order, shows that it is applicable to "All Actions," the Clerk shall file such pleading in the Master File and note such filing in the Master Docket. No further copies need be filed or other docket entries made.

When a paper is filed and the caption shows that it is applicable to fewer than All Actions, the Clerk shall file the original of the paper in the Master File and a copy in the file of each separate action to which it applies and shall note such filing in the Master Docket and in the docket of each separate action. The party filing such paper shall supply the Clerk with sufficient copies of any such paper to permit compliance with this paragraph.

### V. <u>MASTER FILE AND SUBSEQUENT ACTION FILES</u>

A Master File is hereby established for this proceeding in the Action. The Master File shall be Civil Action No. 04-10584 (GAO). The original of this Order shall be filed by the Clerk in the Master File herein established. The Clerk shall maintain a separate file for each of the subsequently-filed actions and filings shall be made in accordance with the regular procedures of the Clerk of the Court, except as modified by this Order. The Clerk shall file a copy of this Order in each such separate file. The Clerk shall mail a copy of this Order to counsel of record in each of the subsequently-filed actions.

## VI. <u>NEWLY-FILED OR TRANSFERRED ACTIONS</u>

When a case that arises out of the same operative facts as these Actions is hereinafter filed in or transferred to this Court, it shall be consolidated with the Actions as provided in Section II above and the Clerk of this Court shall:

(a) File a copy of this Order in the separate file for such action;

(b) Mail a copy of this Order to the attorney(s) for the plaintiff(s) in the newly-filed or transferred case and to any new defendant(s) in the newly-filed or transferred case; and

(c) Make the appropriate entry in the Master Docket.

This Court requests the assistance of counsel in calling to the attention of the Clerk of this Court the filing or transfer of any case that might properly be consolidated as part of this litigation.

## VII. <u>APPLICATION OF THIS ORDER TO SUBSEQUENT CASES</u>

This Order shall apply to each class action assigned to the undersigned alleging claims similar to those set forth in these actions and brought on behalf of all investors in the mutual fund shares of MFS Funds. This Order shall apply to each such case which is subsequently filed in or transferred to this Court, and which is assigned to the undersigned, unless a party objecting to the consolidation of that case or to any other provision of this Order serves an application for relief from this Order or from any of its provisions within ten (l0) days after the date on which the Clerk mails a copy of this Order to the counsel of that party. The provisions of this Order shall apply to such action pending the Court's ruling on the application.

Unless a plaintiff in a subsequently-filed or transferred case is permitted by the Court to use a separate complaint, defendants shall not be required to answer, plead, or otherwise move with respect to that complaint.

5

## VIII.   SCOPE OF ORDER

The terms of this Order shall not have the effect of making any person, firm, or entity a party to any action in which he, she, or it has not been named, served, or added as such in accordance with the Federal Rules of Procedure.  The terms of this Order and the consolidation ordered herein shall not constitute a waiver by any party of any claims or defenses to any action in any court.

## IX.   PRELIMINARY SCHEDULE OF PROCEEDINGS

The parties agree and stipulate, subject to the Court's approval, to the following schedule:

(a)   Plaintiffs' Co-Lead Counsel shall file an amended complaint within sixty (60) days of the date of the entry of the latter of Pretrial Order No. 1 or Pretrial Order No. 2, unless otherwise agreed by the parties.  Pending filing and service of the amended complaint, defendants shall have no obligation to move, answer or otherwise respond to any of the complaints in any actions subsequently consolidated with it.

(b)   In the event any of the defendants files a motion, answer or other response directed at the amended complaint, the defendants shall serve their motion, answer or response, and brief in support thereof, within sixty (60) days after service of such amended complaint.

(c)   In the event any of the defendants files a motion, answer or other response directed at the amended complaint, the Co-Lead Counsel shall file any opposition to such motion within forty-five (45) days of service of such motion and defendants shall file their reply to such opposition within thirty (30) days of service of the opposition filed by Co-Lead Counsel.

(d)   The briefs of all parties shall not exceed thirty-five (35) pages.

(e)     The parties will further confer and propose to the Court a mutually agreeable schedule for briefing on issues related to class certification.

IT IS SO ORDERED

Dated: _____, 2004

_____
Hon. George A. O'Toole Jr.
United States District Judge