UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Eric Forsythe, Individually and on Behalf of
All Others Similarly Situated,

Plaintiff,

v.                                              Civil Action No. 04cv10584 (GAO)

Sun Life Financial Inc., et al.,

Defendants.

Larry R. Eddings, Individually and on Behalf of
All Others Similarly Situated,

Plaintiff,

v.                                              Civil Action No. 04cv10765 (GAO)

Sun Life Financial Inc., et al.,

Defendants.

## THE *DUMOND* PLAINTIFFS' MOTION TO INTERVENE

By and through their undersigned attorneys, Marcus Dumond, Henry Berdat, Stuart V. and

Rosemary Sturgess, Kathleen Blair, William and Margie Booth, Karen Peach and Richard and Evelyn

Keller plaintiffs in *Dumond, et al. v. Massachusetts Financial Services Company*, 04-cv-11458-RGS

(respectively, the "*Dumond* Plaintiffs" and the *"Dumond* Action"), move this Court for an order

allowing them to intervene in the above-captioned matter for the limited purpose of opposing

Plaintiffs' Motion for Consolidation and Motion for Appointment of Co-Lead Counsel and

Appointment of Liaison Counsel.

As grounds for this motion, the *Dumond* Plaintiffs state as follows:

# I.
## PRELIMINARY STATEMENT

1. The *Dumond* Action was filed in the Middle District of Florida on May 4, 2004, and transferred to this Court (Stearns, J.) on June 23, 2004.

2. On May 14, 2004, Plaintiffs in *Forsythe v. Sun Life Financial, Inc., et al.*, 04-cv-10584 (the "*Forsythe* Action") and *Eddings v. Sun Life Financial, Inc., et al.*, 04-cv-10764 (the "*Eddings* Action") filed a Motion for Consolidation and a Motion for Appointment of Co-Lead Counsel and Appointment of Liaison Counsel in these cases. In their motions, counsel for the *Forsythe* and *Eddings* Plaintiffs seek broad orders appointing them as lead counsel for their consolidated cases against Massachusetts Financial Services Company and others, which would arguably encompass the *Dumond* Action. Specifically, [Proposed] Pre-Trial Order No. 1 for Consolidation (at p. 2, §II) seeks consolidation of their cases, and all others "that arise out of the same operative facts and allege[] a violation of the Investment Company Act, Investment Advisers Act, breaches of fiduciary duty or aiding and abetting breach of fiduciary duty" into "the first filed action, *Eric Forsythe v. Sun Life Financial, Inc., et al.*, Master File No. 04-10584."

3. On July 12, 2004, the *Forsythe* and the *Eddings* Plaintiffs filed a Notice of Subsequently Filed Cases Subject to Motion for Consolidation (the "Notice"). In their Notice, the *Forsythe* and the *Eddings* Plaintiffs contend that the *Dumond* Action "should be included in the requested consolidation." Attached to the Notice, the *Forsythe* and the *Eddings* Plaintiffs submitted a "Revised [Proposed] Pretrial Order No. 1 for Consolidation," which purports to consolidate the *Forsythe* Action, the *Eddings* Action, the *Dumond* Action, and a fourth lawsuit, *Koslow v. Sun Life Financial, Inc., et al.*, 04cv11019 (GAO) (the "*Koslow*" Action").

4. The *Dumond* Plaintiffs oppose the pending Motion for Consolidation and Motion

Appointment of Co-Lead Counsel and Liaison Counsel and Motion for Consolidation in the *Forsythe* Action and the *Eddings* Action and they disagree with the Notice's attempt to so consolidate the Dumond case with the Forsythe and Eddings cases. Therefore, the Dumond Plaintiffs seek to intervene in order to ensure that their section 36(b) and Rule 12b-1 claims be prosecuted ably and efficiently, as their interests will not be adequately represented by existing parties, particularly in light of the *Eddings* and *Forsythe* counsel's conflicts of interest.

## II.
## THE *DUMOND* PLAINTIFFS' MOTION TO INTERVENE MEETS EITHER STANDARD UNDER RULE 24

### A.    The *Dumond* Plaintiffs Should Be Permitted to Intervene as of Right Pursuant to Fed. R. Civ. P. 24(a).

5.    Rule 24(a) provides, in relevant part, as follows:

> (a) Intervention of Right.
>
> Upon timely application anyone shall be permitted to intervene in an action : . . . (2) when the applicant claims an interest relating to the property or the transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

6.    All doubts as to whether an applicant should be permitted to intervene should be resolved in favor of the proposed intervenor. *See, e.g., Miracle Mart, Inc., v. Margolis*, 46 F.R.D. 458 (D. Mass. 1969) (intervention will be liberally permitted in case of minority shareholder seeking to intervene in action brought by a corporation against former director for insider profits; applicant need not show conclusively that corporation has been less than diligent in prosecuting action); *Federal Savings & Loan v. Falls Chase Special Taxing Dist.*, 983 F.2d 211, 216 (11th Cir. 1993) (any doubts concerning propriety of allowing intervention should be resolved in favor of proposed intervenor

3

because intervention allows court to resolve related disputes in single action); *Southwest Center for Biological Diversity v. Berg.*, 268 F.3d 810, 818 (9th Cir. 2001) (Fed.R.Civ.P. 24(a) construed liberally in favor of intervenors).

7.     The *Dumond* Plaintiffs meet the three requirements pursuant to Rule 24(a)(2): (1) The applicant must have an interest in the subject matter of the litigation; (2) Absent intervention, the applicant's interest will be impaired or impeded; and (3) The existing parties to the action inadequately represent the applicant's interest.

8.     First, the "central question" is whether the *Dumond* Plaintiffs have an interest in the subject matter of the litigation. *Cotter v. Massachusetts Association of Minority Law Enforcement Officers*, 219 F.3d 31, 34 (1st Cir. 2000). Given that the *Forsythe* and *Eddings* Plaintiffs have sent Notice to this Court that the *Dumond* Action should be consolidated with the *Forsythe* Action and the *Eddings* Action, this requirement is plainly met. Indeed, the Revised [Proposed] Pre-Trial Order No. 1 for Consolidation (that has not been entered by the Court) contemplates that plaintiffs in the position of the *Dumond* Plaintiffs may be heard "in opposition to consolidation of that case or to any other provision of this Order."[1]

---

[1]The Revised [Proposed[ Pre-Trial Order No. 1 (at §VII) for Consolidation provides:

> This Order shall apply to each class action assigned to the undersigned alleging claims similar to those set forth in these actions and brought on behalf of all investors in the mutual fund shares of MFS Funds. This Order shall apply to each such case which is subsequently filed in or transferred to this Court, and which is assigned to the undersigned, unless a party objecting to the consolidation of that case or to any other provision of this Order serves an application for relief from this Order or from any of its provisions within then (10) days after the date on which the Clerk mails a copy of this Order to the counsel of that party.

4

9.    The second issue is whether the intervention applicant's ability to protect their interest may be impaired or impeded if they are not allowed to intervene. As the First Circuit held in *Cotter*, where black police officers sought to intervene in a reverse discrimination case, "even a small threat that the intervention applicant's [legal interests] could be jeopardized would be ample reason for finding that their ability to protect their interest "may" be adversely affected. *Id.* at 35 (citations omitted). Here, the threat is not small; there is a substantial threat that the *Dumond* Plaintiffs' shareholder interests will be impaired or impeded because (a) Counsel for the Plaintiffs in *Forsythe* and *Eddings* face disqualifying conflicts of interest, (b) there are inherent conflicts in the *Forsythe* and *Eddings* Plaintiffs' representation of competing class and derivative claims, (c) the *Forsythe* and *Eddings* Plaintiffs lack standing to sue on behalf of the overwhelming majority of the 112 MFS mutual funds named in their suit and (d) the causes of action asserted by the *Forsythe* and *Eddings* Plaintiffs are substantially different from those raised in the *Dumond* Complaint in many fundamental ways. *See* Memorandum of Law in Opposition to Motions for Consolidation and for Appointment of Co-lead Counsel.

10.    The third issue is whether the applicant's interest will be "adequately represented by existing parties." The Supreme Court has stated that "the Rule is satisfied if the applicant shows that the representation of his [or her] interest 'may be' inadequate" *Trbovich v. United Mine Workers of America.*, 404 U.S. 528, 538 n.10 (1972) (citation omitted) (emphasis added). Any doubt regarding adequacy of representation should be resolved in favor of the proposed intervenor. *Federal Sav. & Loan Inc. Corp. v. Falls Chase Special Taxing Dist.*, 983 F.2d 211, 216 (11th Cir. 1993) ("Any doubt concerning the propriety of intervention should be resolved in favor of the proposed intervenors because it allows the court to resolve all related disputes in a single action."). Here, the *Dumond* Plaintiffs believe that their interests will not be adequately represented by existing parties for all of

5

the reasons detailed in their accompanying Opposition to Motions for Appointment of Co-Lead

Counsel and for Consolidation. Most importantly, Plaintiffs believe that the law firms representing

the Eddings and Forsythe plaintiffs have conflicts of interest with respect to their class and derivative

claims that prevent them from adequately representing the *Dumond* Plaintiffs here.

11.    For these reasons, the *Dumond* Plaintiffs' interests would not be adequately represented

by the named parties in this action, and they should be allowed to intervene as a separate and

independent party.

**B.**    **The Dumond Plaintiffs Should be Permitted to Intervene Pursuant to Rule 24(b)**

12.    Rule 24(b) provides, in pertinent part, as follows:

(b)    Permissive Intervention.

Upon timely application, anyone may be permitted to intervene in an
action:

* * *

(2)    when an applicant's claim or defense and the main action have
a question of law or fact in common. ... In exercising its discretion, the
court shall consider whether intervention will unduly delay or
prejudice the adjudication of the rights of the original parties.

13.    Permissive intervention should be allowed for the reasons set forth above. Further, the

Dumond Plaintiffs believe that intervention would work no prejudice to either the plaintiffs or the

defendant in the instant litigation. Additionally, the *Dumond* Plaintiffs' intervention would cause no

delay of the above-captioned litigation. All the reasons articulated above supporting intervention of

right equally support permissive intervention.

### III.
### CONCLUSION

15.    Because the Dumond plaintiffs have met all of the requirements of a party eligible to

6

intervene, under either Rule 24(a) or 24(b), the Court should grant the Dumond Plaintiffs' application to file their brief in Opposition to Motions for Consolidation and Appointment of Co-Lead Counsel.

Dated: July 21, 2004                              Respectfully submitted:

SHAPIRO HABER & URMY LLP

*Michelle H. Blauner*

Edward F. Haber BBO # 215620
Michelle H. Blauner BBO #549049
53 State Street
Boston, MA 02109
Telephone: (617) 439-3939
Facsimile: (617) 439-0134

Lynn Lincoln Sarko
Michael D. Woerner
Gretchen F. Cappio
KELLER ROHRBACK, L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
Telephone: (206) 623-1900
Facsimile: (206) 623-3384

Ron Kilgard
Gary Gotto
KELLER ROHRBACK P.L.C.
National Bank Plaza
3101 North Central Avenue, Suite 900
Phoenix, AZ 85012
Telephone: (602) 248-0088
Facsimile: (602) 248-2822

Michael J. Brickman
James C. Bradley
Nina H. Fields
RICHARDSON, PATRICK, WESTBROOK & BRICKMAN, LLC
174 East Bay Street
Charleston, SC 29401
Telephone: (842) 727-6500
Facsimile: (843) 727-3103

Guy M. Burns
Jonathan S. Coleman
Becky Ferrell-Anton
JOHNSON, POPE, BOKOR, RUPPEL & BURNS,
L.L.P.
100 North Tampa Street, Ste. 1800
Tampa, FL 33602
Telephone: (813) 225-2500
Facsimile: (813) 223-7118

Attorneys for Plaintiffs

## LOCAL RULE 7.1 CERTIFICATE

I, Michelle H. Blauner, counsel for the *Dumond* Plaintiffs hereby certify that on July 20, 2004, I conferred with Nancy Freeman Gans, counsel for the *Forsythe* and *Eddings* Plaintiffs regarding the *Dumond* Plaintiffs Motion to Intervene, and have been informed that the *Forsythe* and *Eddings* Plaintiff reserve all rights with respect to the foregoing motion.

*Michelle H Blauner*
Michelle H. Blauner

## CERTIFICATE OF SERVICE

I, Michelle H. Blauner, hereby certify that a true copy of the above documents was served upon the attorney of record for each party by hand this 21st day of July, 2004.

*Michelle H. Blau*
Michelle H. Blauner

8