UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Eric Forsythe, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>    v.<br><br>Sun Life Financial Inc., et al.,<br><br>        Defendants. | Civil Action No. 04cv10584 (GAO) |
| Larry R. Eddings, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>    v.<br><br>Sun Life Financial Inc., et al.,<br><br>        Defendants. | Civil Action No. 04cv10765 (GAO) |

**AFFIDAVIT OF PROFESSOR ROBERT H. ARONSON**

1

I, Robert H. Aronson, being duly sworn, hereby declare that the following is true to the best of my knowledge, information and belief.

1. I am a Professor at the University of Washington School of Law. I teach or have taught courses in: Professional Responsibility; Appellate Advocacy; Civil Procedure; Criminal Law; Criminal Procedure; Evidence; Law, Lawyers and Professionalism; Legal Research and Analysis and Law, Literature and Film. I am admitted to practice law in California. I received my Juris Doctorate from the University of Pennsylvania, *cum laude*, in 1973. In 1975, I joined the faculty at the University of Washington School of Law. I am a recognized expert in the field of legal ethics. I have taught the subject of Professional Responsibility at the University of Washington Law School for over 25 years. My curriculum vitae reflects numerous publications and speeches I have generated on the subject. As it reflects, my writings on the subject of Professional Responsibility include publication of a West Casebook, a West Nutshell study guide, and a Lawyer's Deskbook for use by the practicing bar. I have written specifically on the subject of conflicts of interest numerous times, and have testified as an expert on the subject of lawyers' conflicts of interest on various occasions. A true and correct copy of my curriculum vitae, which describes my background, publications, and experience, is attached as Exhibit A.

2. This affidavit addresses the following hypothetical situation, which I have been told accurately reflects the facts presented in issues currently before the Court:

> Law Firm has brought two different types of lawsuits, purportedly representing two different groups of clients in pending lawsuits involving Mutual Fund.
>
> The first lawsuit is a class action attacking Mutual Fund, its directors, and its investment adviser for allegedly tolerating "market timing" activities by which the class members allegedly were injured due to fund assets being wrongfully diverted. Three types of shareholders are likely to be affected by the class action: (1) shareholders who held shares at the time of the wrongdoing (within the "class period") but have since redeemed their shares; (2) shareholders who held their shares at the time of the wrongdoing (within the "class period") and are still fund shareholders; and (3) shareholders who have recently bought fund shares but did not hold

2

shares during the "class period" and are not in the market timing lawsuit class. The market timing activities have ceased. Mutual Fund itself is a defendant in this case, and has been sued directly under sections 11 and 12 of the Securities Act of 1933 for failing to disclose to persons buying fund shares that market timing was occurring.

If this first suit succeeds, Mutual Fund will have to pay a judgment to the class.

The second lawsuit brought by Law Firm is a derivative suit brought on behalf of Mutual Fund seeking to collect money based on alleged fee overcharges perpetrated by the Mutual Fund's investment adviser. The period of wrongdoing alleged in the derivative suit overlaps the class period in the market timing class action.

Assuming that this second suit succeeds, money will be collected for Mutual Fund's benefit from Mutual Fund's investment adviser.

I have been asked to assume that no conflicts waiver has been sought or given as to either suit.

3. In my professional opinion, under Rule of Professional Conduct ("RPC") 1.7, I believe that Law Firm has a conflict of interest in simultaneously prosecuting the class and derivative cases described above. In my opinion, this scenario presents a disqualifying conflict that likely cannot be waived because it involves Law Firm's representing Mutual Fund in one matter, while simultaneously suing it in another matter. Furthermore, given the related nature of the cases, the risk associated with the conflict is heightened. The conflict described above is of such a magnitude as to call for Law Firm's disqualification in one of the cases. The conflict also provides a legitimate basis for arguing against Law Firm's appointment by the Court as "Lead Counsel" in either case.

4. I do not believe that the Law Firm's conflict is merely technical. In truth, the funds themselves have interests that are different from the interests possessed by the shareholder plaintiffs in the timing cases. For the funds sued in the timing cases, the optimum outcome, dismissal, is certainly contrary to the interests of the class members who have brought those cases. For funds that have brought fee cases derivatively, the optimum outcome is recovery from

the adviser. A lawyer representing class members litigating against a fund in the class action lawsuit should not serve as that same fund's advocate in the derivative lawsuit attacking fund fees. But the conflict problem is deeper than that.

5. In the timing cases, three different groups of shareholders are likely to be affected. Their interests are not identical and may be adverse. Some shareholders in the timing cases are no longer existing shareholders. For them, any recovery out of fund assets will come at the expense of existing fund shareholders. A second group consists of existing fund shareholders who stand to gain and lose if the class action succeeds. They will gain through a recovery as class members, but will lose as fund assets are paid out to non-shareholder class members. A third group of fund shareholders affected by the timing claims consists of existing fund shareholders who stand only to lose. These fund shareholders are those who purchased fund shares outside the class period. They are not in the class, but the asset value of their shares would be decreased by any payout to former shareholders. Shareholders in the second and third groups stand to gain if the derivative suit succeeds; however, class members in the first market timing group would receive nothing since they are no longer fund shareholders.

6. The simple point is that recovery to shareholders in the class case will be very different from any benefit enjoyed by shareholders if the derivative suit succeeds. Separate groups are involved, and their interests are not only different; they are incompatible.

7. Counsel suing the funds in the timing cases cannot represent the same funds they are suing. The conflict of interest is particularly disturbing since, both in the class action setting and in derivative litigation, counsel for the represented group has the burden of proving affirmatively the ability of furnishing "fair and adequate" representation. Conflicts of interest are particularly relevant to this determination.

8. Since the first lawsuit is a class action, the impracticality and virtual impossibility of obtaining consent of all class members is a significant factor weighing against Law Firm's potential appointment as lead counsel.

9. I hold the foregoing opinions to a reasonable degree of professional certainty.

I certify under penalty of perjury of the laws of Washington and of the United States that the foregoing is true and correct.

DATED this 20th day of July, 2004, at Seattle, Washington.

*[signature]*
Robert H. Aronson, Professor of Law
University of Washington School of Law

I HEREBY CERTIFY THAT A TRUE COPY OF THE ABOVE DOCUMENT WAS SERVED UPON THE ATTORNEY OF RECORD FOR EACH OTHER PARTY BY MAIL-HAND-FAX ON July 21, 2004

**EXHIBIT A**

# ROBERT H. ARONSON

7434 Southeast 71st
Mercer Island, Washington 98040
Telephone: (206) 232-1782

PERSONAL	Born 1947; married; two children

PRESENT POSITION	Professor of Law
University of Washington School of Law
1100 N.E. Campus Parkway
Seattle, Washington 98105-6617
Telephone: (206) 543-7423

## PREVIOUS POSITIONS

Associate Dean, University of Washington (1990-93); Associate Professor of Law, University of Washington (1979-81), Assistant Professor of Law, University of Washington (1975-78); Visiting Professor of Law, University of San Diego (Spring, 1998); Herff Chair of Excellence in Law, Memphis State University (Fall, 1988); Visiting Professor of Law, Washington University (Summer, 1986); Visiting Professor of Law, McGeorge School of Law (1984-85); Visiting Associate Professor of Law, University of San Diego (Fall, 1980); Visiting Associate Professor of Law, University of Pennsylvania (Fall, 1979); Adjunct Professor of Law, University of San Diego (1974-75); Law Clerk to Hon. James M. Carter, United States Court of Appeals for the Ninth Circuit, San Diego, California (1974-75); Teaching Fellow, Stanford Law School (1973-74)

## LAW SCHOOL COURSES AND SEMINARS

Appellate Advocacy; Civil Procedure; Criminal Law; Criminal Procedure; Evidence; Law, Lawyers and Professionalism; Legal Research and Analysis; Law, Literature & Film; Professional Responsibility

## ACTIVITIES

Law School:

Foundation Scholar (selected by Dean and faculty Executive Committee, 1995-99)

Past Advisor: Minority Law Students' Association; Black American Law Students' Association; National Moot Court, International Moot Court, Mock Trial, and Client Counseling Teams; Monroe Prison Counseling Program

Board of Directors, Innocence Project Northwest (1999-present); Director, Public Service Program (1992-96); Faculty Advisor (1996-present); Acting Director, Basic Legal Skills (1991-93); Acting Director, Criminal Justice Program; Director, Appellate Advocacy Program (Draft and supervise drafting of appellate briefs for the Ninth Circuit, Wash. Sup. Ct. and Ct. of App., and U.S. Supreme Court)

University:

Chair, NCAA Certification Self-Study Steering Committee (1996–97); Faculty Athletics Representative to NCAA (1993-present); Athletic Financial Aid Committee (1994-present);

Academic Oversight Committee (1997–present); Annual Faculty Lectureship Committee (2000-01); University Budget Committee (1987-88); Provost Search Committee (1987-88); Council of Faculty Representatives (1986-88); Faculty Advisory Committee (to State HEC Board, 1986-88); Board of Regents (ex-officio, 1987-88); Intercollegiate Athletic Advisory Committee (1988-91; 1993-present); Co-Chair, Faculty Code Procedures Task Force (1991)

Faculty Senate: Chair (1987-88); Vice-chair (1986-87); Chair, Senate Budget Committee (1986-87); Executive Committee (1985-88); Advisory Committee on Collective Bargaining Legislation (2000); Legal Counsel to Senate (1989-95); Chair, Secretary of the Faculty Search Committee (1993-94); Chair, Ad Hoc Committee to Amend Faculty Code Adjudication Procedures (1990-91); Ad Hoc Committee on Administrative Procedure Act (Chair, 1986); Faculty Appeal Board (Chair, 1982-84); Faculty Conduct (1980-83); Tenure (1981-84); Grievance (1978-82); Special Committee on Faculty Women (1981-84)

Pacific-10 Athletic Conference:
Pac-10 Council (1993-present); President (1996-97); Budget Committee (2001-present); Long-Range Planning Committee (1995-98) (Chair, 1997-98); Compliance & Enforcement Committee (1997-2001) (Chair, 1998-2001); Executive Committee (1995-97)

NCAA:
Management Council (1996; 1999-present); Administrative Review Subcommittee (1999-present) (Chair, 2001-present); Chair, NCAA Initial-Eligibility Waiver Appeals Committee (1997-2000)

Community:
Appointed by the Governor to the Washington Uniform Legislation Commission (1989-present; Chair since 1991); Commissioner on Uniform State Laws (since 1989): Unif. Stat. Constr. Act Drafting Comm. (1990-93), Comm. on Parliamentary Prac. (1992-97); Uniform Rules of Evidence Drafting Committee (1996–2002); Uniform Rules on Child Testimony Drafting Committee (2000-2002); Scope and Program Committee (1997-2000); Washington St. Bar Access to Justice Committee (1996-present); Member, Washington State Legislative Ethics Board (1994-96); Natl. Conf. Bar Exam. MPRE Drafting Committee (1987-94); AALS Committee on Bar Admission and Lawyer Performance (1993-95); Law School Admission Council, Finance and Legal Affairs Committee (1993-95); King County Bar Assn. Judicial Election Reform Task Force (1993-94); Appointed to the Board of Directors of the Washington Appellate Defender Assn. by the Chief Justice of the Washington Supreme Court (1981-90; President, 1986-90); Secretary, William O. Douglas Inn of Court (1988-90); Technical Advisor, Washington State Bar Assn. Dispute Resolution Committee (drafted new code of ethics for mediators and arbitrators) (1989-90); Washington Representative, Private Adjudication Center (national alternative dispute resolution organization) (since 1987); AALS Professional Responsibility Section, Executive Committee (1989-92), Chair (1991); Consultant and Reporter, American Academy of Matrimonial Lawyers, Bounds of Advocacy Committee (1989-91) and Client Relations Committee (1991-93); Consulting Editor, Washington State Bar Assn. Corporation, Business & Banking Section's Conflicts of Interest in Business Transactions: Guidelines for the Business Lawyer (1988-90); Moderator/Presenter, Ninth Circuit Judicial Conference (1989); Bar Review Lectures, on Evidence and Professional Responsibility, in Calif. and Wash. (1978-89); Invited Commentator, Conference on Attorney Fee Shifting and Litigation Cost Arrangements (Duke Law School and U.S. Justice Dept. Office of Legal Policy, 1982); Hearing Tribunal Member, King County, WA (1982); Served as moderator at N.Y.U. Law

2

School Symposium on the ABA Proposed Model Rules of Professional Conduct (1980); Program Coordinator, National Institute for Trial Advocacy, Northwest Region (1979-80); Consultant and Expert Witness on Legal Malpractice and Conflict of Interest (1978-Present); Advisor to King County (WA) Prosecuting Attorney on Plea Bargaining Practices (1979-80); Columnist on Legal Ethics, The National Law Journal (1978-80); Member, Roscoe Pound--American Trial Lawyers Foundation's Commission on Professional Responsibility in Trial Advocacy (1979-83) (Drafted new Code of Professional Responsibility); Invited Participant, Chief Justice Earl Warren Conference on Advocacy--A New Look at the Code of Professional Responsibility (Boston, 1978); Consultant, National Science Foundation Study of the Future of the Legal Profession (1977); Washington Human Rights Commission Hearing Tribunal, Member (1975-76), Chair (1976-82) (Published opinion in Johnson v. Skold, V Equal Opportunity in Housing Rptr. ¶ 17,515 (CCH 9/7/77))

Speeches:
    **2002:** Admissibility of Insurance Coverage (WSBA CLE program); Ethical Issues Relating to Comments by and About Judges in Major Cases (Annual Washington/9th Circuit Bench-Bar-Press Conf.); **2000:** Specialized Professional Ethics Codes: Standards or Aspirations? (6th Ann. UW Prof.Resp.Inst.); Unauthorized Practice of Law and Conflicts of Interest: Is the "Law Practice" in Metamorphosis? Captive Law Firms, Accounting Firms, and Other Encroachments on Traditional Lawyering (ABA Section of Litigation Annual Meeting); **1999:** Ethics and Character: What Can We Learn From Atticus Finch? (Network: UW Training and Develop.); Media Access to the Judiciary (Wash. Bench-Bar-Press Law/Media Conf.); Athletics Compliance (University Kiwanis); Objections at Trial (Wash.St.Bar Assn. & Natl. Pract. Inst.); Rambo Prosecutors, Conscienceless Attorneys and Slimy Family Lawyers: Lawyers in Popular Culture (7th Ann. UW Prof.Resp.Inst.); **1998:** Ethics in the News: Hot Cases, Hot Topics (6th Ann. UW Prof.Resp.Inst.); Legal Ethics for Indians and Tribes (West.Region.Indian Law Symposium); Evidence Update (Wash.St.Trial Lawy.Assn.); For Whom Does Your Agency's Attorney Really Work? Loyalty and Privilege Caught in the Rough Water of Whitewater (Council on Govt. Ethics Laws Ann. Conf.); Ethics (Wash.St.Superior Ct. Judicial Conf.); **1997:** Enhancing Access to Justice (Univ. of Wash. CLE); Personal vs. Professional Ethics in the "Gray" areas (Univ. of Wash. CLE ); Problems in Ethics and Professionalism (Cardozo Society); **1996:** Dangerous Liaisons (Univ. of Wash. CLE); Due Process and the NCAA; Student Athlete: Ideal or Oxymoron?; Cleaning up Corruption: Practical Ethics in Sports Representation (Wash./Ariz.St.Bar. Sports Law Program); What About the Children? Are Family Lawyers the Same (Ethically) as Criminal Lawyers—A Morality Play (Hofstra Conf. on Legal Ethics); Ethics in Family Law (UW Family Law Cert. Prog.); Testing Scholarship Through CLE (AALS Ann. Convent.); **1995:** Aronson & Tegland's Washington State Civil Practice Update (Univ. of Wash. CLE); PTSD in the Courtroom: Have Our Fears Come True? (Amer.Acad.Psych.& the Law); Recent Developments in the Law of Evidence (Wash.St.Trial Lawyers Assn.); Emerging Issues Relating to Ethics and Ethicacy in Family Law Cases (American Academy of Matrimonial Lawyers' Greatest Hits); **1994:** Inherit the Wind: Of Law, Religion, Education, Zealotry, Lawyering, History, Fiction, Perspective & Clarence Darrow (Univ. of Wash. CLE); Moderator, Symposium on the McCrate Report (Univ. of Wash. CLE); Atticus Finch: Hero or Flawed Role Model? (Univ. of Wash. public lecture); Ethics workshops for Perkins, Coie and Stanislaw, Ashbaugh law firms; **1993:** Current Developments in Advertising and Solicitation (Fed.Bar Assn.); Key Issues in Appellate Ethics (Fed.Pract.Inst.); Law: A Profession or Business (Univ. of Wash. CLE); Rambo v. Atticus Finch: The Sequel (Wash.St.Bar.Assn.); Statutory Construction (Senior Legis. Draft. Seminar, Tacoma); Ethical Issues in the New Philosophies of Billing and

3

Service (Univ. of Wash.); Ethics Issues for In-house Counsel (Assn. of In-house Counsel); Reflections on Thurgood Marshall (Univ. of Wash.); "A Jury of Her Peers": Morality, Gender, Bias and Perspective in the Criminal Justice System (Seattle); Ethics Roundtable (Perkins, Coie); **1992**: Ethics in Family Law (Wash.St.Trial Lawyers Assn.); Ethics for Public Attorneys (Alaska St. Bar Convention); Legal Ethics= Malpractice (Alaska St. Bar Convention); Workshop on Ethics (Supervising Attys, Alaska Atty. Genl., Anchorage); Judging Judges: Making Choices (Women's Univ. Club); DNA Fingerprinting (Univ. of Wash.); Effect of Children on the Ethical Responsibilities of Matrimonial Lawyers (Fla. Chap. Amer.Acad. of Matr. Lawyers, Tampa); Effective Courtroom Techniques (Univ. of Wash.); The Bounds of Advocacy in Family Law (Univ. of Wash.); Confidentiality in Family Law Practice (Petrilli Memorial Seminar, Louisville); Ethics in Litigation (SKCBA); Advanced Ethics Workshop (Amer.Acad. of Matr. Lawyers, Palm Springs); The Bridge Between Ethics and Malpractice (Wash.St.Trial Lawyers Assn.); Conflicts of Interest (Perkins, Coie); Teaching Professionalism in Law School (AALS Annual Meeting, San Antonio); **1991**: Dan Quayle, The Council on Competitiveness, and Conflict of Interest, testimony before the Subcomm. on Health & Environ., House Comm. on Energy & Commerce (Wash., D.C.); Law, Literature & Television: Fact vs. Fiction (Seattle); Making & Meeting Objections (Univ. of Wash.); Ethics in Family Law (Amer.Acad of Matr. Lawyers, Chicago); Ethics in Mediation and Arbitration (Northwest ADR Conf.); Workshop on Ethics (Washington Dept. of Revenue attorneys and admin. law judges); The Ethics of Judicial Campaigning (Amer. Judges Assn. Annual Conf.); Evidence and Objections at Trial (SKCBA Trial Practice Seminar); Women and Legal Ethics: Education and Practice (Keynote address, Washington Women Lawyers Program); Governmental Professional Responsibility (Annual Retreat, Wash. Atty. Genl., Dept. of Labor and Indus.); Washington Evidence Workshop (Prof.Educ.Syst.); Litigation Ethics (Karr, Tuttle); Lawyers and Victims: The Problem of Attorney-Client Confidentiality (ABA Pre-Law Conference); Alternative Perspectives on Law: Law and Literature (Univ. of Wash.); **1976-90 (selected)**: Dealing with Experts and Expert Witnesses (Univ. of Wash.); Personal Values vs. Professional Responsibility (Wash.St.Bar.); First Amendment Panel, Law and Media Conference (Wash.St.Judges Assn.); Evidence and Objections at Trial (SKCBA Trial Practice Seminar); DNA Identification and Other Recent Forms of Scientific Evidence (Univ. of Wash.); Ethics Roundtable (Perkins Coie); Litigation and Business Ethics (Stoel, Rives, Boley two-day workshop); Making and Meeting Objections--Parts I and II (Univ. of Wash. and Yakima); Ethics & Professionalism in the Practice of Law (Amer.Acad. of Matr. Lawyers, Fla.); Lawyers' Ethics & Public Perceptions of Morality: Can They Be Reconciled? (Univ. of Wash. public lecture); Toward a Greater Sense of Professionalism (Ninth Cir.Jud.Conf., Calif.); Lawyers in Television & Film (Univ. of Wash.); Professional and Public Responsibilities of Lawyers (Memphis); Washington Evidence Update: Real and Demonstrative Evidence (Prof.Educ.Syst.); Dealing With Potential Conflicts of Interest (Bus.&Bank.Sect. Wash.St.Bar., 1988); Recent Developments in the Law of Evidence (Wash.Def.Assn.); Malpractice and Attorney Conflict of Interests (Univ. of Wash.); Ethics for Criminal Defense Practitioners (Wash.Assn.Crim.Defense Lawyers); Ethics in Negotiation (Amer.Acad. of Matr. Lawyers, Calif.); Conflicts of Interest Confronting Criminal Defense Lawyers (Univ. of Wash.); Government Intrusions into the Attorney-Client Relationship (ABA/AALS Workshop, Calif.); Ethical Conduct of Legal Para-Professionals (Wash. Legal Assts.); Unauthorized Practice of Law (Univ. of Wash.); Professional Responsibility in Pretrial Practice (Wash. St. Bar Assn.); Multistate Professional Responsibility Exam Lectures (Calif. 1985-87); Censorship and the Law (Seattle Public Library); Ethics and Court Staff (Calif. Superior Court Presiding Judges' Workshop, Santa Clara); Washington Bar Examination lectures on Evidence, Exam-taking Techniques, and Professional Responsibility (1978-88); Provision of Legal Services to the Poor (Law Day); 101 Ways to Exclude a Confession (Univ. of Wash); The

4

Federal and Washington Rules of Evidence (Four-day Univ. of Wash. CLE Workshop); Appellate Advocacy (Greater Seattle Leg. Secy. Assn.); The Death Penalty (KVI Seattle radio talk show); Hearsay (four one-hour lectures, Continuing Judicial Education Program for Indian Court Judges, Reno, Nevada); The Washington Rules of Evidence (Washington Super. Ct. Judges' Conf., Vancouver, WA); Workshop on the new Washington Rules of Evidence (Washington Muni. and Dist. Ct. Judges, Yakima); The Ethical Duties of Lay Advisors--The Unauthorized Practice of Law (Senior Rights Assist. Com. Serv. Advisors); Oral Argument (Wash. St. Bar Assn. CLE Program on Defense of a Criminal Case); Ethical and Evidentiary Issues Relating to Paralegals (Wash. Leg. Assts. Assn.); Toward a Rational Resolution of Ethical Dilemmas in the Criminal Justice System (Amer. Soc. of Crimin., Tucson)

## PROFESSIONAL MEMBERSHIPS

Commissioner on Uniform State Laws (1989 to present; Chair, Wash. delegation since 1991); American Bar Association, Section on Legal Education and Admissions to the Bar; Association of American Law Schools, Sections on Criminal Justice [Executive Committee, 1993-95), Evidence, and Professional Responsibility (Executive Committee, 1988-92, Chair, 1991); American Association of University Professors, Executive Board (1976-79); SCRIBES (American Society of Writers on Legal Subjects); Society of American Law Teachers, Subcommittee on Professional Responsibility; California Bar Association (Admitted 1973); United States District Court (S.D. Cal., Admitted 1973); United States Court of Appeals for the Ninth Circuit (Admitted 1973)

## PUBLISHED WORK

THE LAW OF EVIDENCE IN WASHINGTON, FOURTH EDITION (Lexis, 2003)

"Attorney's Fees," in Oxford Companion to American Law (Oxford Univ. Press 2002)

UNIFORM CHILD WITNESS TESTIMONY BY ALTERNATIVE METHODS ACT (2002) (drafting committee)

Attorney–Client Confidentiality and the Assessment of Claimants Who Allege Posttraumatic Stress Disorder, 76 Wash. L. Rev. 313 (2001)

THE LAW OF EVIDENCE IN WASHINGTON, Supplement (Lexis, 2001)

The Mental Health Provider Privilege in the Wake of *Jaffe v. Redmond*, 54 Okla. L. Rev. 591 (2001)

Reporter, THE BOUNDS OF ADVOCACY: Goals For Family Lawyers (American Academy of Matrimonial Lawyers, 2001)

THE LAW OF EVIDENCE IN WASHINGTON, Supplement (Lexis, 2000)

UNIFORM RULES OF EVIDENCE (1999) (drafting committee)

THE LAW OF EVIDENCE IN WASHINGTON, Supplement (Lexis, 1999)

THE LAW OF EVIDENCE IN WASHINGTON, THIRD EDITION (Lexis, 1998)

"Ethics in Arbitration and Mediation," in WASHINGTON ALTERNATE DISPUTE RESOLUTION DESKBOOK 2ND EDITION (Wash. St. Bar Assn. 1998 Supp.) (with Kirtley)

5

THE LAW OF EVIDENCE IN WASHINGTON, Supplement (Michie, 1997)

<u>What About the Children? Are Family Lawyers the Same (Ethically) As Criminal Lawyers</u>, 1 Journ of Inst. for Study of Leg. Ethics 141 (1996)

THE LAW OF EVIDENCE IN WASHINGTON, Supplement (Butterworth, 1996)

THE LAW OF EVIDENCE IN WASHINGTON, Supplement (Butterworth, 1995)

PROBLEMS, CASES AND MATERIALS ON PROFESSIONAL RESPONSIBILITY (with Devine & Fisch) (2nd ed. West 1995)

"Ethics in Arbitration and Mediation," in WASHINGTON DISPUTE RESOLUTION DESKBOOK 2ND EDITION (Wash. St. Bar Assn. 1995)

"A Jury of One's Peers," in PROLOGUE: A Publication of the Seattle Repertory Theatre (Oct. 1995)

THE LAW OF EVIDENCE IN WASHINGTON, Supplement (Butterworth, 1994)

Reporter, THE CLIENT RELATIONS HANDBOOK (American Academy of Matrimonial Lawyers, 1994)

THE LAW OF EVIDENCE IN WASHINGTON, SECOND EDITION (Butterworth, 1993)

<u>The Bounds of Advocacy</u>, 9 J. of Amer. Acad. Matrimonial Law. 41 (1992)

"Professional Responsibility and Professionalism in Civil Litigation," in CIVIL PROCEDURE DESKBOOK (with M. Honeywell) (Wash. St. Bar Assn. 1992)

OBJECTIONS AT TRIAL (with M. Bright & R. Carlson) (Butterworth, 1991)

Reporter, THE BOUNDS OF ADVOCACY: STANDARDS OF CONDUCT IN FAMILY LAW LITIGATION (American Academy of Matrimonial Lawyers, 1991)

THE LAW OF EVIDENCE IN WASHINGTON, Supplement (Butterworth, 1991)

PROFESSIONAL RESPONSIBILITY IN A NUTSHELL, Second Edition (with Weckstein) (West 1991)

THE LAW OF EVIDENCE IN WASHINGTON, Supplement (Butterworth, 1989)

"Ethics in Arbitration and Mediation," WASHINGTON DISPUTE RESOLUTION DESKBOOK (Wash. St. Bar Assn. 1989)

BAR/BRI (Washington) Bar Review Outlines: Evidence and Professional Responsibility (1986 & 1989)

THE LAW OF EVIDENCE IN WASHINGTON (Butterworth, 1987)

BarPassers (California) Bar Review Outlines: Evidence and Professional Responsibility (1987)

"Waiving the Doctor-Patient Privilege," Seattle-King County Bar News (Jan. 1987)

"Entity Representation" in <u>Lawyers' Liability Review</u> (June, 1986)

6

<u>Overview of the Law of Professional Responsibility: The Rules of Professional Conduct Annotated and Analyzed</u>, 61 Wash. L. Rev. 823 (1986)

"Professional Responsibility in the Adversary System and Pretrial Preparation," in CIVIL PROCEDURE BEFORE TRIAL DESKBOOK (Wash. St. Bar Assn. Supp. 1986 & 1991)

PROBLEMS, CASES AND MATERIALS ON PROFESSIONAL RESPONSIBILITY (with Devine & Fisch) (West 1985); TEACHER'S MANUAL (West 1986)

DWI: A SURVEY OF RECENT LEGISLATION IN THE UNITED STATES (Commissioned by the Washington State Legislature and the Alcoholism and Drug Abuse Institute, 1983)

PROFESSIONAL RESPONSIBILITY IN A NUTSHELL (With Weckstein) (West 1980)

ATTORNEY-CLIENT FEE ARRANGEMENTS: REGULATION AND REVIEW (Federal Judicial Center, 1980); reprinted in part, 68 A.B.A.J. 284 (March 1982)

RULES OF EVIDENCE FOR THE STATE OF WASHINGTON (Aronson ed. 1979) (Text of Rules, with Editor's notes and analytical appendices)

APPELLATE PRACTICE HANDBOOK (Wash. St. Bar. Assn. 1979) (drafted two sections, Asst. Editor for the rest)

"Conflict of Interest Problems of the Private Practitioner," Chapter 5 in PROFESSIONAL RESPONSIBILITY: A GUIDE FOR PRACTITIONERS (ABA 1978)

<u>The Federal Rules of Evidence: A Model for Improved Evidentiary Decisionmaking in Washington</u>, 54 Wash. L. Rev. 32 (1978), reprinted in Carlson, Imwinkelried and Kionka, MATERIALS FOR THE STUDY OF EVIDENCE 23-27 (Michie 1983); 28-31 (2nd ed. 1986); 28-31 (3rd ed. 1991)

PROBLEMS IN PROFESSIONAL RESPONSIBILITY (West 1978); TEACHER'S MANUAL (West 1978)

"Toward a Rational Resolution of Ethical Dilemmas in the Criminal Justice System," Chapter 4 in CRIMINAL JUSTICE PLANNING AND DEVELOPMENT (Cohn ed. 1977)

<u>Conflict of Interest</u>, 52 Wash. L. Rev. 807 (1977), reprinted in Materials for Course on Lawyers and Lawyering, (Boston College Law School, 1986&1987; Loyola Law School, Los Angeles, 1984); Conference Notebook, BNA National Symposium on Professional Responsibility (Washington, D.C., 1984); and <u>Conflicts of Interest and Disqualification</u> (California CEB, 1980)

<u>Professional Responsibility: Education and Enforcement</u>, 51 Wash. L. Rev. 273 (1976)

<u>New Dimensions in Legal Ethics,</u> 2 LEARNING AND THE LAW 50 (Fall 1975)

<u>Should the Privilege Against Self-Incrimination Apply to Compelled Psychiatric Examinations?</u>, 26 Stan. L. Rev. 55 (1973)

<u>Disqualification of Judges for Bias and Prejudice--A New Approach</u>, 1972 Utah L. Rev. 448

AWARDS AND HONORS
American Academy of Matrimonial Lawyers, President's Award (2000)

Foundation Scholar (selected by Law School Dean and faculty Executive Committee 1995-99)
Who's Who in American Law
Selected as Honorary Member, Order of Barristers by University of Washington faculty (1981)
Outstanding Teacher Award (First annual award by Student Bar Assn., 1979)
Phillip A. Trautman Professor of the Year (2003)
Time Magazine/Committee for Seattle's Future, Newsmaker of Tomorrow (1978)

EDUCATION
<u>University of Pennsylvania Law School:</u> Juris Doctor, cum laude, May 1973
    Activities:   Board of Editors, Law Review
                  Legal Writing Instructor
    Awards:       David Werner Amram Prize (Evidence/Civil Procedure)
                  Henry C. Loughlan Prize (Legal Ethics)

<u>University of Virginia:</u> Bachelor of Arts, with Honors (June 1969)
    Activities:   Editor-in-Chief, University of Virginia Magazine; Varsity Soccer and Lacrosse
    Awards:       Phi Delta Epsilon (Honorary journalism fraternity)
                  Atlantic Coast Conference Honor Roll (for academic and athletic excellence)