UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------------

| | | |
|---|---|---|
| GERALD GODIN, individually and on behalf of all others similarly situated, Plaintiff, | : : : | Case No. 5:03-CV-1684 |
| vs. | | |
| FIRSTENERGY CORP., et al., Defendants. | | OPINION & ORDER [Resolving Doc. Nos. 21, 23] |

------------------------------------------------------------

| | | |
|---|---|---|
| THOMAS MAHON, individually and on behalf of all others similarly situated, Plaintiff, | : : : | Case No. 5:03-CV-1711 |
| vs. | | |
| FIRSTENERGY CORP., et al., Defendants. | | OPINION & ORDER [Resolving Doc. Nos. 14, 16] |

------------------------------------------------------------

| | | |
|---|---|---|
| JOHN A. CAMPAGNUOLO, individually and on behalf of all others similarly situated, Plaintiff, | : : : | Case No. 5:03-CV-1718 |
| vs. | | |
| FIRSTENERGY CORP., et al., Defendants. | | OPINION & ORDER [Resolving Doc. Nos. 14, 16] |

------------------------------------------------------------

| | | |
|---|---|---|
| MICHAEL POLLACK, individually and on behalf of all others similarly situated, Plaintiff, | : : : : | Case No. 5:03-CV-1766 |
| vs. | | |

Case No. 5:03-CV-1684
Gwin, J.

FIRSTENERGY CORP., *et al.*,                    OPINION & ORDER
Defendants                                       [Resolving Doc. Nos. 14, 16]


OLGA PYLPOW, individually and on
behalf of all others similarly situated,
Plaintiff,                                       Case No. 5:03-CV-1768

vs.

FIRSTENERGY CORP., *et al.*,                    OPINION & ORDER
Defendants.                                      [Resolving Doc. Nos. 16, 18]

                                      .
-------------------------------------------------------

DAVID MALKA, individually and on
behalf of all others similarly situated,
Plaintiff,                                       Case No. 5:03-CV-1779

vs.

FIRSTENERGY CORP., *et al.*,                    OPINION & ORDER
Defendants.                                      [Resolving Doc. Nos. 29, 31]

-------------------------------------------------------

JACK MOHROR, individually and on
behalf of all others similarly situated,
Plaintiff,                                       Case No. 5:03-CV-1848

vs.

FIRSTENERGY CORP., *et al.*,                    OPINION & ORDER
Defendants.                                      [Resolving Doc. Nos. 13, 15]

Case No. 5:03-CV-1684
Gwin, J.

GEORGE B. ALLEN SEP IRA, individually
and on behalf of all others similarly situated,
Plaintiff,                                                  Case No. 5:03-CV-1852

vs.

FIRSTENERGY CORP., *et al.*,                                OPINION & ORDER
Defendants.                                                 [Resolving Doc. Nos. 8, 10]


NELLIE C. SHARPE, individually and on
behalf of all others similarly situated,
Plaintiff,                                                  Case No. 5:03-CV-1992

vs.

FIRSTENERGY CORP., *et al.*,                                OPINION & ORDER
Defendants.                                                 [Resolving Doc. Nos. 13, 15, 19]

--------------------------------------------------------

THE CITY OF STERLING HEIGHTS
GENERAL EMPLOYEES RETIREMENT
SYSTEM, *et al.* , on behalf of themselves
and all others similarly situated
Plaintiffs,                                                 Case No. 5:03-CV-2085

vs.

FIRSTENERGY CORP., *et al.*,                                OPINION & ORDER
Defendants.                                                 [Resolving Doc. Nos. 4, 6, 15]


JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Pending before this Court are ten putative securities fraud class actions against Defendant

Case No. 5:03-CV-1684
Gwin, J.

FirstEnergy Corporation and certain of its officers and directors.[1] On October 10, 2003, Plaintiff The City

of Sterling Heights General Employees Retirement System and the Central Laborer's Pension Fund (the

"Institutional Investors Group") moved for consolidation of these cases, for appointment as lead plaintiff,

and for approval of its choice of counsel pursuant to the Private Securities Litigation Reform Act (PSLRA),

15 U.S.C. § 78u-4. The Institutional Investors Group also asks the Court to order the preservation of

documents relating to this litigation.

In an order of November 21, 2003, the Court ordered any party wishing to object to the

Institutional Investor Group's motion to consolidate or its motion for appointment as lead plaintiff and

approval of its choice of lead counsel to do so by November 26, 2003. No party objected.

For the reasons set forth below, the Court consolidates the above-captioned cases, appoints the

Institutional Investors Group as lead plaintiff, and approves its choice of lead counsel. Further, the Court

orders the preservation of documents relating to this litigation as required by the PSLRA, 15 U.S.C. § 78-

e-4(b)(3).

## I. BACKGROUND

Plaintiffs bring these securities fraud actions on behalf of a class of investors who purchased

FirstEnergy securities between April 17, 2001 and August 19, 2003. FirstEnergy is an Akron-based

company that owns utility businesses operating in Ohio, New Jersey, and Pennsylvania.

---

[1]The cases are *Godin v. FirstEnergy Corp, et al.* Case No. 03-CV-1684; *Mahon v. FirstEnergy Corp, et al.*, Case No. 03-CV-1711; *Campagnuolo v. FirstEnergy Corp., et al.*, Case No. 03-CV-1718; *Pollack v. FirstEnergy Corp., et al.*, Case No. 03-CV-1766; *Pylpow v. FirstEnergy Corp., et al.*, Case No. 03-CV-1768; *Malka v. FirstEnergy Corp., et al.*, Case No. 03-CV-1799; *Mohror v. FirstEnergy Corp., et al.* Case No. 03-1848; *Allen v. FirstEnergy Corp., et al.*, Case No. 03-CV-1852; *Sharpe v. FirstEnergy Corp., et al.*, Case No. 03-CV-1992; and *The City of Sterling Heights General Employees Retirement System, et al. v. FirstEnergy Corp., et al.*, Case No. 03-CV-2085.

Case No. 5:03-CV-1684
Gwin, J.

Plaintiff Gerald Godin commenced the first securities fraud class action against FirstEnergy in this district on August 8, 2003. On August 11, 2003, Plaintiff Godin published notice of the pendency of the action over the *Business Wire*.[2]/ This notice advised class members of the existence of the securities class action lawsuit against FirstEnergy. The notice also alerted class members of their right to move for an appointment as lead plaintiff within 60 days. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i). Subsequently, nine other lawsuits were filed in this district alleging securities fraud by FirstEnergy and its directors.

All of the actions share essentially the same allegations. Plaintiffs allege that Defendants artificially inflated the price of FirstEnergy securities through a series of false and misleading statements about the Company's business and financial conditions during the putative class period. During this class period, Plaintiffs bought FirstEnergy securities. Plaintiffs also contend that FirstEnergy failed to disclose that the Company was not performing required maintenance and upgrades to its power generation and transmission assets. Furthermore, Plaintiffs aver that FirstEnergy engaged in improper accounting practices. Once these problems received public attention through FirstEnergy's downward restatement of its previously reported 2002 operating results and media attention on FirstEnergy after the August 14, 2003 blackout, the value of FirstEnergy's securities dropped. Since Plaintiffs purport to have bought FirstEnergy securities at artificially inflated prices, Plaintiffs allege that they sustained tremendous losses.

## II. CONSOLIDATION

The Institutional Investors Group request that these ten securities fraud cases be consolidated as

---

[2]/The PSLRA requires that a plaintiff advise putative class members of the pendency of a securities fraud class action through notice in a "widely circulated national business publication of wire service." 15 U.S.C. § 78u-4(a)(3)(A)(i). Publication of such notice in the *Business Wire* satisfies this requirement. *See, e.g., In re Century Bus. Servs. Sec. Litig.*, 202 F.R.D. 532, 537 fn. 9 (N.D. Oh. 2001).

Case No. 5:03-CV-1684
Gwin, J.

each sets forth similar, if not identical, factual allegations and claims. The Defendants agree that the cases should be consolidated.

Consolidation of related cases is appropriate where the cases involve common questions of law or fact. *See* Fed. R. Civ. P. 42(a); *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1010-11 (6th Cir. 1993). Such consolidation is common in federal securities class action cases. *See, e.g., Wright & Miller*, 9 Federal Practice & Procedure (1994) at § 2384; *see also In re Century Bus. Servs. Sec. Litig.*, 202 F.R.D. 532 (N.D. Ohio 2001); *In re Telxon Corp. Sec. Litig.*, 67 F. Supp. 2d 803 (N.D. Ohio 1999).

The ten above-captioned securities fraud actions share both factual and legal issues. More specifically, all of the actions allege a common course of conduct by the same defendants in violation of §§ 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b) and 78t(a), and Rule 10b-5, 17 C.F.R. § 240.10b-5. Consolidation will prevent unnecessary expense and delay in the resolution of these related actions. Consolidation is therefore appropriate under Fed. R. Civ. P. 42(a).

Accordingly, the Court consolidates the above-captioned cases, as well as all future related securities fraud actions, into the case number of the first-filed case. The case is re-captioned as *In re FirstEnergy Corporation Securities Litigation*, Case No. 5:03-CV-1684.

### III. APPOINTMENT OF LEAD PLAINTIFF

After deciding a motion for consolidation, a Court shall "as soon as practicable . . . appoint the most adequate plaintiff as lead plaintiff for the consolidated actions." 15 U.S.C. 78u-4(a)(3)(B)(ii). The PSLRA establishes a rebuttable presumption that the most adequate plaintiff is the person or group of persons that:

(aa) has either filed the complaint or made a motion in response to a notice . . .

(bb) in the determination of the court, has the largest financial interest in the relief sought by

-6-

Case No. 5:03-CV-1684
Gwin, J.

the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

This presumption may be rebutted only upon proof that the presumed most adequate plaintiff (1) will not fairly and adequately protect the interests of the class; or (2) is subject to unique defenses that make the plaintiff incapable of representing the class. 15 U.S.C. § 78u-4(A)(3)(B)(iii)(II).

Currently, only the Institutional Investors Group has moved to be appointed lead plaintiff.[3] The Institutional Investors Group believes that it possesses the largest financial interest in the relief of any of the plaintiffs. Moreover, the Institutional Investors Group contends that it satisfies the requirements of Fed. R. Civ. P. 23. The Court agrees that the Institutional Investors Group meets the PSLRA's requirements for the presumed most adequate lead plaintiff.

The Court begins by comparing the financial stakes of the various plaintiffs and determining which has the largest interest in the lawsuit. The Institutional Investors Group alleges that it purchased almost 57,000 shares of FirstEnergy securities during the putative class period and suffered a loss of more that $130,000. After comparing the alleged loss of the plaintiffs in the other nine putative class actions, the Court finds that this Institutional Investors Group has alleged the greatest loss of the named plaintiffs.[4] Therefore, Institutional Investors Group has the "largest financial interest" among the named plaintiffs in the

---

[3]A Gregory Desaye filed a motion to be lead plaintiff and to consolidate eight of the ten above-mentioned cases. However, he withdrew this motion on October 17, 2003.

[4]The certifications of the other plaintiffs state security purchases during the putative class period in amounts from 40 shares to 1000 shares. No plaintiff certifies having purchased more than 1000 shares, nor has any plaintiff alleged a total loss suffered as great as that of the Institutional Investors Group.

Case No. 5:03-CV-1684
Gwin, J.

class action. *See In re Milestone Scientific Sec. Litig.*, 183 F.R.D. 404, 413 (D.N.J. 1998); *In re Donnkenny, Inc. Sec. Litig.*, 171 F.R.D. 156, 158 (1997) (finding that plaintiff who alleged greatest loss during class period was presumptively the most adequate plaintiff).

Besides possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also satisfy the requirements of Fed. R. Civ. P. 23.[5] 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Of particular concern in lead plaintiff determinations are the Rule 23 requirements that the lead plaintiff's claims be typical of the claims of the class and that the lead plaintiff fairly and adequately represent the class. *See Telxon*, 67 F. Supp. 2d 803, 807 fn. 10 (N.D. Ohio 1999). A party seeking appointment as lead plaintiff need make only a preliminary showing that it meets Rule 23's requirements. Of course, the Court's determination here does not prevent the parties later from contesting class certification. *See Holley v. Kittey Hawk, Inc.*, 200 F.R.D. 275, 277 (N.D. Tex. 2001).

"A plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory." *In re Am. Med. Sys.*, 75 F.3d 1069, 1082 (6th Cir. 1996). The Institutional Investors Group's claims appear typical of the claims of the class. The Institutional Investors Group, like the class as a whole, contends that it purchased FirstEnergy securities at inflated prices during the class period. Furthermore, the Institutional Investors Group, like the class as a whole, premises its alleged damages on FirstEnergy's violations of the Securities Exchange Act and regulations.

The Court further finds that the Institutional Investors Group can fairly and adequately represent the

---

[5] Fed. R. Civ. P. 23 sets forth four prerequisites to a class action: (1) numerosity of class members; (2) common questions of law or fact among class members; (3) typicality of claims or defenses; and (4) fair and adequate representation of the class by the class representatives.

C   N(         84
G

interests of the class. N( conflict appears   exist betw    the Institutional Investors Group and the  ther
members of the class. As significant holder    irstEnergy securities during the putative class period, the
Institutional Investors Group  ill participate acti rely and contro the   gati    Since    other laintiff has
ed   rebut the presumpti    that the Institutional Investors Group   the most adequate plaintiff under
the PSLRA, the Court appo    Institutional In estors Group as  ead plaintiff.

## IV   APPROVAL O   LEAD CO JN!

Although the PSRL allows   lead plaintiff to choose   unsel, this ght   not without limits. The
district court may disapprove the ead plaintiff choice   order to protect the interests   the plaintiff lass
*See In*   *Cen*    *Corp.*   ig   64            .77    Cir  00      *re Cav*   *ug*    06   3d
26     9th  ir.  002.  Inconsidering the interests of the alleged  lass, courts should ask  hether the
lead plaintiff cho   "w  the result   good faith selection and negotiation process and      arrived
at   meaningful arms-length bargaining.  *In re Cendant Corp.*   ig  264         '77  Courts may
consider such factors as     the legal sophistication of the lead plaintiff;   the process by which the lead
plaintiff hose counsel    the qualifications and experi    of the chosen counsel; and (4) and   idence
that the retainer agreemen betw    ead plaintiff and counsel ras the result of meaningful negotiation. *Id*

The Court approves the Institutional Investors Group' choi  of lead counsel Here, Institutional
In estors Group elected William   Lerach, Esq and Darren  Robbins, Esq of Milberg W   Bershad
Hynes & Lerach LLP   ead counsel and V eisman, Kennedy & Berris C   L. .A.   haison counse
Lead plaintiff show  the experience and skill   the proposed lead counsel and haison counsel   managing
this type of litigati   through submi    firm resumes.  F           party has objected   ead
plaintiff cho   counse

Case No. 5:03-CV-1684
Gwin, J.

## V. PRESERVING DOCUMENTS

The Institutional Investors Group requests that this Court order the preservation of all documents related to the litigation. The Defendants oppose this order. The Defendants do acknowledge their statutory obligation under the PSLRA to preserve potentially relevant evidence. *See* 15 U.S.C. § 78u-4(b)(3)(C) (requiring all parties to securities class actions to preserve all relevant documents "as if they were the subject of a continuing request for production of documents from an opposing party").

Although the PSLRA automatically authorizes the relief requested by the Institutional Investors Group, the Court finds no harm in ordering the parties to abide by this requirement. Therefore, the parties shall preserve all documents relevant to the litigation as required by the PSLRA.

## VI. ORDER

The motion to consolidate is GRANTED. The following actions are consolidated, and all subsequent documents shall be filed under the caption *In re FirstEnergy Securities Litigation*, Case No. 5:03-CV1684:

> *Godin v. FirstEnergy Corp., et al.*, 5:03-CV-1684
> *Mahon v. FirstEnergy Corp., et al.*, 5:03-CV-1711
> *Campagnuolo v. FirstEnergy Corp., et al.*, 5:03-CV-1718
> *Pollack v. FirstEnergy Corp., et al.*, 5:03-CV-1766
> *Pylpow v. FirstEnergy Corp., et al.*, 5:03-1768
> *Malka v. FirstEnergy Corp., et al.*, 5:03-CV-1799
> *Mohror v. FirstEnergy Corp., et al.*, 5:03-CV-1848
> *Allen v. FirstEnergy Corp., et al.*, 5:03-CV-1852
> *Sharpe v. FirstEnergy Corp., et al.*, 5:03-CV-1992
> *The City of Sterling Heights General Employees Retirement System, et al. v. FirstEnergy Corp., et al.*, 5:03-CV-2085

The Court appoints the Institutional Investors Group as lead plaintiff in the consolidated action. The Court also approves the Institutional Investors Group's choice of lead counsel. From the date of this

Case No. 5:03-CV-1684
Gwin, J.

Order, the lead plaintiff shall have 45 days to file an amended complaint. The Defendants will then have

30 days to answer or otherwise respond to this consolidated complaint. Furthermore, the Court orders the

preservation of all documents relevant to the litigation as required by the PSLRA.

     IT IS SO ORDERED.


Dated: December 9, 2003          s/        _James S. Gwin_
                                         JAMES S. GWIN
                                         UNITED STATES DISTRICT JUDGE