UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

-----------------------------------------------------------

EILEEN BIRNHOLZ, Derivatively on
Behalf of FirstEnergy Corp.,

        Plaintiff,

vs.

H. PETER BURG, et al.

        Defendants

vs.

FIRSTENERGY CORP.,

        Nominal Defendant
        and Real Party in Interest

Case No. 5:03-CV-1826

OPINION AND ORDER

-----------------------------------------------------------

MILDRED M. FRIEDENBERG,
Derivatively on Behalf of FirstEnergy Corp.,

        Plaintiff,

vs.

H. PETER BURG, et al.

        Defendants

vs.

FIRSTENERGY CORP.,

        Nominal Defendant
        and Real Party in Interest

Case No. 5:03-CV-1988

OPINION AND ORDER

-----------------------------------------------------------

Case No. 5:03-CV-1826
Gwin, J.

TEACHERS' RETIREMENT SYSTEM
OF LOUISIANA, Derivatively on Behalf
of FirstEnergy Corp.,

    Plaintiff,

vs.

H. PETER BURG, et al.

    Defendants

vs.

FIRSTENERGY CORP.,

    Nominal Defendant
    and Real Party in Interest

Case No. 5:03-CV-1996

OPINION AND ORDER

------------------------------------------------

DR. JOSEPH SCHELLER, Derivately and
on behafl of FirstEnergy Corp.,

    Plaintiff,

vs.

H. PETER BURG, et al.

    Defendants

vs.

FIRSTENERGY CORP.,

    Nominal Defendant
    and Real Party in Interest

Case No. 5:03-CV-2437

OPINION AND ORDER

Case No. 5:03-CV-1826
Gwin, J.

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Pending before this Court are four derivative actions filed on behalf of FirstEnergy Corporation ("FirstEnergy") alleging that members of the Company's board of directors engaged in a pattern of neglect, failed to oversee the operations and financial reporting of the Company, and failed to have basic systems in place to protect the assets of the Company.[1] Plaintiffs all allege that Defendants' actions caused damage to FirstEnergy's financial position and reputation. On October 21, 2003, Plaintiff Teachers' Retirement System of Louisiana ("Teachers' Retirement System") moved for consolidation of these cases pursuant to Fed. R. Civ. P. 42(a) and for appointment as lead plaintiff and approval of its choice of lead counsel.[2] Plaintiffs Birnholz, Friedenberg, and Scheller do not oppose the consolidation of the cases. However, Plaintiffs Birnholz, Friedenberg, and Scheller oppose the Teachers' Retirement System's motion to be appointed lead plaintiff. Collectively, Plaintiffs Birnholz, Friedenberg, and Scheller have moved to be appointed lead plaintiff.

For the reasons set forth below, the Court consolidates the above-captioned cases, as well as all future-related derivative cases. The Court will appoint lead plaintiff and lead counsel prior to the case management conference and hearing to be held on December 17, 2003.

I. BACKGROUND

On August 29, 2003, Plaintiff Birnholz filed a derivative action in the Northern District of Ohio

---

[1] These shareholder derivative suits were filed with various judges within the Northern District of Ohio. These cases, along with ten securities fraud claims involving FirstEnergy, were reassigned to this Court as related cases pursuant to Local Rule 3.1.

[2] At the time the Teachers' Retirement System filed its motion, Plaintiff Scheller (Case No. 03-2437) had not yet filed his complaint.

-3-

claiming breach of fiduciary duty for various alleged actions by defendants. Subsequently, Plaintiffs Friedenberg, the Teachers Retirement System, and Dr. Scheller filed similar derivative actions. Although all of the plaintiffs agree that their derivative actions should be consolidated, each seeks to be appointed lead plaintiff.

## II. CONSOLIDATION

Consolidation of related cases is appropriate where the cases involve common questions of law or fact. *See* Fed. R. Civ. P. 42(a); *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1010-11 (6th Cir. 1993).

All plaintiffs allege that the same defendant directors and officers breached their fiduciary duty to FirstEnergy and its shareholders. Specifically, the plaintiffs contend that the officers and directors ignored signs of inadequate and decaying equipment, failed to maintain emergency control systems, and failed to establish an adequate financial reporting system. The plaintiffs bring the derivative actions to recover damages for the benefit of FirstEnergy and to ensure that FirstEnergy takes corrective measures to prevent similar problems in the future. Since the cases involve common questions of law and fact, the Court consolidates the cases under Fed. R. Civ. P. 42(a). The above-captioned cases are consolidated into the case number of the first-filed case, *Birnholz v. FirstEnergy*, 5:03-CV-1826. The case is re-captioned as *In re FirstEnergy Shareholder Derivative Litigation*, Case No. 5:03-CV-1826.

## III. APPOINTMENT OF LEAD PLAINTIFF AND LEAD COUNSEL

With two competing motions for appointment of lead plaintiff and lead counsel, the Court will hold a hearing on this matter at the time of the case management conference on December 17, 2003. Within 45 days of this Court appointing lead plaintiff and lead counsel, lead plaintiff shall file a consolidated complaint. Defendants shall have 30 days to respond to this amended complaint.

Case No. 5:03-CV-1826
Gwin, J.

## IV. CONCLUSION

The court consolidates the above-captioned shareholder derivative actions. The Court will appoint lead plaintiff and lead counsel at the case management conference and hearing on December 17, 2003.

IT IS SO ORDERED.


Dated: December 9, 2003                                s/      *James S. Gwin*
                                                       JAMES S. GWIN
                                                       UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-----------------------------------------------------------

IN RE FIRST ENERGY SHAREHOLDER
DERIVATIVE LITIGATION

CASE NO. 5:03-CV-1826

ORDER
[Resolving Doc. Nos. 9, 28]

-----------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

This consolidated action involves shareholder derivative claims alleging that FirstEnergy Corporation's directors and officers breached their fiduciary duties. On October 21, 2003, Plaintiff Teacher's Retirement System of Louisiana ("Teachers Retirement") moved to be appointed lead plaintiff and for approval of its choice of lead counsel in this matter. Plaintiffs Eileen Birnholz, Mildred Friedenberg, and Dr. Joseph Scheller subsequently filed a cross-motion for appointment as co-lead plaintiffs and approval of their choice of lead counsel.

On December 17, 2003, the Court held a hearing regarding the appointment of lead plaintiff and lead counsel in this consolidated action. At this hearing, the Court entertained arguments from both parties regarding why they should be appointed lead plaintiff and should have their counsel named as lead counsel. On December 19, 2003, the parties notified the Court that they had agreed that Teachers Retirement and Dr. Scheller would seek appointment as co-lead plaintiffs. The co-lead plaintiffs propose that the law firms of Bernstein Litowitz Berger & Grossman LLP, Waite Schneider Bayless & Chesley Co. L.P.A. and Weiss & Yourman act as co-lead counsel.

**Appointment of Lead Plaintiff**

The Court appoints Teachers Retirement and Dr. Scheller as co-lead plaintiffs. The Court finds

-1-

Case No. 5:03-CV-1826
Gwin, J.

that Teachers Retirement's and Dr. Scheller's claims are typical of the claims of the other plaintiffs. The co-lead plaintiffs, like the other plaintiffs, contend that members of FirstEnergy's board of directors engaged in a pattern of neglect, failed to oversee the operations and financial reporting of the Company, and failed to have basic systems in place to protect the assets of the Company. Moreover, the co-lead plaintiffs appear able to fairly and adequately represent the interests of the class. No party has shown any conflict of interest that would prevent the co-lead plaintiffs from forcefully pursuing these claims.

**Appointment of Lead Counsel**

The Court also approves the co-lead plaintiffs' choice of counsel. Co-lead counsel have skill and experience in litigating these type of claims.

Co-lead plaintiffs shall file a consolidated complaint within 45 days. Defendants shall have 30 days to respond to this complaint.

IT IS SO ORDERED.


Dated: January 7, 2004                    s/     *James S. Gwin*
                                          JAMES S. GWIN
                                          UNITED STATES DISTRICT JUDGE