UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: THE GOODYEAR TIRE & RUBBER COMPANY SECURITIES LITIGATION; | CASE NO.: | 5:03CV02166 |
| | consolidating: | 5:03CV02166 |
| | | 5:03CV02168 |
| | | 5:03CV02176 |
| | | 5:03CV02188 |
| | | 5:03CV02192 |
| | | 5:03CV02203 |
| | | 5:03CV02210 |
| | | 5:03CV02227 |
| | | 5:03CV02233 |
| | | 5:03CV02285 |
| | | 5:03CV02286 |
| | | 5:03CV02287 |
| | | 1:03CV02294 |
| | | 5:03CV02297 |
| | | 5:03CV02298 |
| | | 5:03CV02299 |
| | | 1:03CV02344 |
| | | 5:03CV02443 |
| | | 5:03CV02447 |
| | | 5:03CV02592 |
| IN RE: THE GOODYEAR TIRE & RUBBER COMPANY DERIVATIVE LITIGATION; | CASE NO.: | 5:03CV02180 |
| | consolidating: | 5:03CV02180 |
| | | 5:03CV02204 |
| | | 5:03CV02374 |
| | | 5:03CV02468 |
| -and- | | 5:03CV02469 |
| IN RE: THE GOODYEAR TIRE & RUBBER COMPANY ERISA LITIGATION. | CASE NO.: | 5:03CV02182 |
| | consolidating: | 5:03CV02182 |
| | | 5:03CV02183 |
| | | 5:03CV2209 |
| | | 5:03CV02219 |
| | | 5:03CV02220 |
| | | 5:03CV02262 |
| | | 5:03CV02360 |
| | | 5:03CV02367 |
| | **JUDGE JOHN R. ADAMS** | |
| | **MAGISTRATE JUDGE GALLAS** | |
| | **CONSOLIDATION ORDER** | |

This matter comes before the Court on Defendants' Motion to Adopt Case Management Proposal filed in numerous lawsuits pending in the Northern District of Ohio (collectively, the "Actions"). Defendants' Motion is GRANTED IN PART in accordance with the terms of this Order.

The Actions involve allegations against The Goodyear Tire & Rubber Company ("Goodyear") and/or its current and former directors and officers (the "Individual Defendants") and related parties (collectively, "Defendants") relating to an announcement made by Goodyear on October 22, 2003 that its financial results would be restated for certain prior fiscal periods. Each of the Actions falls into one of three categories: (1) twenty of the Actions assert federal securities claims purportedly on behalf of shareholders of Goodyear (the "Securities Actions"); (2) five of the Actions assert derivative claims on behalf of nominal defendant Goodyear against certain Individual Defendants (the "Derivative Actions"); and (3) eight of the Actions assert claims pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, et. seq., by purported participants in the Goodyear Employee Savings Plan, on behalf of the themselves and others similarly situated (the "ERISA Actions"). In order to promote judicial economy, avoid duplication and reduce unnecessary expenses and motion practice, the Court finds it appropriate at this time to provide for the consolidation and coordination of these actions. Accordingly, it is hereby ORDERED that:

    1.    **TRACK ASSIGNMENT.**  The consolidated cases established herein are assigned to the complex case management track in accordance with Local Rule 16.2.

    2.    **ELECTRONIC FILING.**  Counsel will use electronic filing and service with respect to all documents and exhibits.

    3.    **CONSOLIDATION.**  The Actions shall be consolidated into three separate

cases consisting of the: (1) Securities Actions; (2) Derivative Actions; and (3) ERISA Actions.

    A.  **The Securities Actions.** All of the Securities Actions shall be consolidated and styled <u>In re The Goodyear Tire & Rubber Company Securities Litigation</u>, 5:03CV02166. Any pending action and any action subsequently filed, transferred or removed that arises out of the subject matter of any of the Securities Actions shall be so consolidated.

  The following Securities Actions shall be organized under the caption <u>In re The Goodyear Tire & Rubber Company Securities Litigation</u>, Case No. 5:03CV02166:

    <u>Halpert Enterprises, Inc. v. Goodyear Tire & Rubber Company, et al.</u>, 5:03CV02166;

    <u>Heacock. v. Goodyear Tire & Rubber Company, et al.</u>, 5:03CV02168;

    <u>Crowley. v. Goodyear Tire & Rubber Company, et al.</u>, 5:03CV02176;

    <u>Horwitz v. Goodyear Tire & Rubber Company, et al.</u>, 5:03CV02188;

    <u>Horn v. Goodyear Tire & Rubber Company, et al.</u>, 5:03CV02192;

    <u>Castro v. Goodyear Tire & Rubber Company, et al.</u>, 5:03CV02203;

    <u>Marnach v. Goodyear Tire & Rubber Company, et al.</u>, 5:03CV02210;

    <u>Topaz Realty Corporation v. Goodyear Tire & Rubber Company, et al.</u>, 5:03CV02227;

    <u>Lubischer v. Goodyear Tire & Rubber Company, et al.</u>, 5:03CV02233;

    <u>Kahn v. Goodyear Tire & Rubber Company, et al.</u>, 5:03CV02285;

    <u>Batchelder v. Goodyear Tire & Rubber Company, et al.</u>, 5:03CV02286;

    <u>Cohen v. Goodyear Tire & Rubber Company, et al.</u>, 5:03CV02287;

    <u>Gomlak & Hettger v. Goodyear Tire & Rubber Company, et al.</u>, 1:03CV02294;

    <u>Hauser v. Goodyear Tire & Rubber Company, et al.</u>, 5:03CV02297;

Shah. v. Goodyear Tire & Rubber Company, et al., 5:03CV02298;

Baird. v. Goodyear Tire & Rubber Company, et al., 5:03CV02299;

Yanushevsky v. Goodyear Tire & Rubber Company, et al., 1:03CV02344;

Haddad v. Goodyear Tire & Rubber Company, et al., 5:03CV02443;

Lombardo v. Goodyear Tire & Rubber Company, et al., 5:03CV02447 and

Fisher v. Goodyear Tire & Rubber Company et al., 5:03CV02592.

From the date of this Order, case number 5:03CV02166 shall serve as the Goodyear Securities Litigation Master File. **Counsel shall file all pleadings and documents pertaining to any of the consolidated Securities Actions ONLY under case number 5:03CV02166 and NOT in the individual Securities Actions.**

B. **The Derivative Actions.** All of the Derivative Actions shall be consolidated and styled In re The Goodyear Tire & Rubber Company Derivative Litigation, 5:03CV02180. Any pending action and any action subsequently filed, transferred or removed that arises out of the subject matter of any of the Derivative Actions shall be so consolidated.

The following Derivative Actions shall be organized under the caption In re The Goodyear Tire & Rubber Company Derivative Litigation, 5:03CV02180;

Plumbers & Pipefitters Local 572 Pension Fund v. Gibara, 5:03CV02180;

Golumbuski v. Gibara, 5:03CV02204;

Yanushevsky v. Gibara, 5:03CV02374;

Wargo v. Keegan, 5:03CV02468; and

Rhodes v. Keegan, 5:03CV02469.

From the date of this Order, case number 5:03CV02180 shall serve as the Goodyear Derivative Litigation Master File. **Counsel shall file all pleadings and documents pertaining to any of the consolidated Derivative Actions ONLY under case number 5:03CV02180 and NOT in the individual Derivative Actions**.

  C. **The ERISA Actions.**  All of the ERISA Actions shall be consolidated and styled In re The Goodyear Tire & Rubber Company ERISA Litigation, 5:03CV02182.  Any pending action and any action subsequently filed, transferred or removed that arises out of the subject matter of any of the ERISA Actions shall be so consolidated.

The following pending ERISA Actions shall be organized under the caption In re The Goodyear Tire & Rubber Company ERISA Litigation, 5:03CV02182:

  McNeillie v. Goodyear Tire & Rubber Company, 5:03CV02182;

  West v. Goodyear Tire & Rubber Company, 5:03CV02183;

  Loomis v. Goodyear Tire & Rubber Company, 5:03CV02209;

  Lindstrom v. Goodyear Tire & Rubber Company, 5:03CV02219;

  Wintermyer v. Goodyear Tire & Rubber Company, 5:03CV02220;

  Kearney v. Goodyear Tire & Rubber Company, 5:03CV02262;

  Collier v. Goodyear Tire & Rubber Company, 5:03CV02360; and

  Prather v. Goodyear Tire & Rubber Company, 5:03CV02367.

From the date of this Order, case number 5:03CV02182 shall serve as the Goodyear ERISA Litigation Master File. **Counsel shall file all pleadings and documents pertaining to any of the consolidated ERISA Actions ONLY under case number 5:03CV02182 and NOT in the individual ERISA Actions.**

4. **NEWLY FILED, TRANSFERRED OR REMOVED ACTIONS.** Counsel shall call to the attention of the Clerk of Court the filing, transfer or removal of any case that might properly be consolidated with one of the three consolidated actions.

When an unconsolidated case arises out of the same subject matter as one of the consolidated actions, the Clerk of Court shall (1) file a copy of this Order in the individual file for such unconsolidated action, and (2) make the appropriate entry in the applicable consolidated action.

5. **APPOINTMENT OF LEAD PLAINTIFFS AND LEAD COUNSEL.**

    A.    **The Securities Actions**. Notice as contemplated by the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(a)(3)(A), to all potential lead plaintiffs and lead counsel was published on October 23, 2003.

All motions for designation as lead plaintiff and lead counsel shall be filed on or before **January 19, 2004**.

The Court will hold a hearing regarding the designation of lead plaintiff and lead counsel on **February 10, 2004** at **9:00 a.m.** at the **United States Courthouse, Two South Main Street, Courtroom 530, Akron, Ohio**. Only counsel for movants and counsel for Defendants need appear.

    B.    **The Derivative Actions**. With respect to the designation of lead plaintiff and lead counsel, the consolidated Derivative Actions shall proceed according to the same schedule specified above for the consolidated Securities Actions.

    C.    **The ERISA Actions**. With respect to the designation of lead plaintiff and lead counsel, the consolidated ERISA Actions shall proceed according to the same schedule specified above for the consolidated Securities Actions.

6. **STAY OF DISCOVERY.** Discovery in all of the Actions and consolidated

actions contemplated in this Order, including Initial Disclosures pursuant to Rule 26(a) of the Federal Rules of Civil Procedure, shall be stayed until the Court holds a Case Management Conference in accordance with Local Rule 16.3(b).

7.  **TIME TO ANSWER OR OTHERWISE PLEAD.**  The time to answer or otherwise plead to a complaint filed in any of the Actions is stayed until the Court holds a Case Management Conference in accordance with Local Rule 16.3(b).

8.  **CASE MANAGEMENT CONFERENCE.**  The Court will schedule a Case Management Conference in accordance with Local Rule 16.3(b) following the appointment of lead plaintiffs and lead counsel.  The Court will establish additional case management procedures at the Case Management Conference.

9.  **FILING OF THIS ORDER BY THE CLERK OF COURT.**  The Clerk of Court shall file a copy of this Order in each of the three consolidated actions established herein, and in each of the individual Actions.

10. **IMPROPER FILING BY COUNSEL.**  The Court will automatically strike any filings not in compliance with this Order.  The Court may apply additional sanctions for improper filing.

IT IS SO ORDERED.

  s/ Judge John R. Adams     12/31/03
JUDGE JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE