UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LARRY R. EDDINGS, Individually and on Behalf
of All Others Similarly Situated,

Plaintiff,

v.

SUN LIFE FINANCIAL, INC., ET AL.,                    No. 04-10764-GAO

Defendants

## DEFENDANTS' MEMORANDUM CONCERNING
## CONSOLIDATION AND APPOINTMENT OF LEAD COUNSEL

With permission of the Court, granted at the September 20, 2004 status
conference, Defendants submit this Memorandum articulating their position on the
matters raised in the Forsythe plaintiffs' Motion to Consolidate, Motion to Appoint
Counsel and related filings, and the Dumond plaintiffs' filings in opposition thereto.[1]

### *Introduction*

Despite extensive briefing and involved arguments by both sets of plaintiffs, the
case for consolidation and/or close coordination of Dumond and the Forsythe, Eddings,
and Koslow actions is straightforward.  The Dumond complaint seeks on behalf of eleven
mutual funds the return of allegedly excessive fees paid to the funds' investment adviser,
Massachusetts Financial Services Co. ("MFS"), pursuant to § 36(b) of the Investment
Company Act, 15 U.S.C. § 80a-35(b).  The Forsythe plaintiffs (who own shares in four of
the eleven funds owned by the Dumond plaintiffs) also seek the return of the same

---

[1]      "Defendants" refers to Sun Life Financial, Inc., Massachusetts Financial Services Co., and MFS
Fund Distributors, Inc.   "Forsythe plaintiffs" refers to plaintiffs in Forsythe v. Sun Life Financial, Inc., et
al., 04-10584; Eddings v. Sun Life Financial, Inc. et al., 04-10764; and Koslow v. Sun Financial, Inc., et al.,
04-11019.  "Dumond plaintiffs" refers to plaintiffs in Dumond v. Massachusetts Financial Co., 04-11458.

allegedly excessive fees under the same statute (§ 36(b)) on behalf of ten of the eleven same funds (and others), for substantially similar reasons.

Superficial variations in the competing complaints aside, the § 36(b) claims of both sets of plaintiffs in this regard involve a single investment adviser and a single fund complex, are governed by the same legal standard, and are limited to the same exclusive statutory remedy.  Both sets of plaintiffs seek the return of management fees from the same adviser on behalf of virtually the same funds.  The prosecution and defense of these separately filed (but substantially similar) claims will involve so many common questions of law and fact that to require Defendants to defend separately these claims without consolidation or close coordination would expose Defendants to "unnecessary costs or delay," in derogation of the purpose of Federal Rule of Civil Procedure 42(a).

Defendants request no more than that the Court take steps to require the plaintiffs to avoid imposing on them unnecessary costs, duplicative discovery or briefing, and conflicting schedules.  Defendants take no position on the competition among plaintiffs' counsel for control of the proceedings or the question whether anyone need control (as opposed to coordinate) these proceedings.

Defendants respectfully request that the Court issue an order (*i*) consolidating the claims of both sets of plaintiffs; (*ii*) requiring the filing of a single complaint (setting forth the claims of all plaintiffs); (*iii*) setting a single pretrial order that provides for a single schedule for pretrial proceedings, including the filing of dispositive and other motions; and (*iv*) designating one counsel for each side (one for plaintiffs and one for Defendants) to serve as the point of contact between the adverse parties and the Court, and among the adverse parties.

Plaintiffs' counsel chosen for this purpose should be required to coordinate the efforts of all plaintiffs and to develop common positions. Choosing such a counsel should not, however, mean that there could never be divergent points of view within the plaintiff group. Instead, choice of such counsel would merely require that any such differences of opinion be addressed and presented in an organized fashion. The alternative proposed by the Dumond plaintiffs – separate tracks, duplicative pleadings and motions, and only such coordination as they see fit – is likely to burden the Defendants and the Court with wasted effort and unnecessary motion practice.

*Argument*

**I.    There Are Common Questions of Law and Fact Pending Before the Court.**

The Dumond complaint asserts claims on behalf of eleven funds against MFS (an investment adviser) and its distribution company, MFS Fund Distributors, Inc. ("MFD") under § 36(b) of the Investment Company Act.[2] The Forsythe complaint asserts claims against MFS on behalf of ten of these eleven funds (and others), also under § 36(b). Both complaints allege that the advisory fee paid to MFS by the funds was excessive. The Dumond plaintiffs do not deny that the Forsythe plaintiffs allege § 36(b) claims on behalf of many of the same funds, but instead assert that the plaintiffs' § 36(b) claims are "materially different" because the Dumond complaint is "detailed and specific," while the Forsythe complaint is "vague and cursory." See Dumond Opp., filed July 21, 2004, at 3,

---

[2]    Count IV of the Dumond complaint purports to assert a claim under § 12(b) of the Investment Company Act based on the same conduct underlying the § 36(b) claims. Courts routinely dismiss such claims under § 12(b), because § 36(b) provides the exclusive cause of action for investment advisers' receipt of allegedly excessive fees. Compare Dumond Compl. ¶ 88 (§ 12(b) claim for Defendants' "accepting excessive or inappropriate compensation") with Krinsk v. Fund Asset Mgmt., 875 F.2d 404, 412-13 (2d Cir. 1989) (dismissing § 12(b) claim that was "reincarnation of [plaintiff's] 'excessive fee' argument" because to allow such a claim "would be to allow circumvention of the . . . specific procedural limitations of section 36(b)"). Thus, the Dumond plaintiffs' mere pleading of a § 12(b) claim does not distinguish their claims from those of the Forsythe plaintiffs and does not impact consolidation.

9.  The wording and specificity of the initial complaints does not, however, alter the fact that the complaints raise many common (indeed, nearly identical) questions of law and fact.

For example, the plaintiffs apparently agree that whether the fee paid to MFS was "excessive" under § 36(b) would be determined with reference to the same multi-factor legal test for "excessive fee" claims under § 36(b).  See Gartenberg v. Merrill Lynch Asset Mgmt., Inc., 694 F.2d 923 (2d Cir. 1982).  It is clear that the only possible remedy either set of plaintiffs may obtain under § 36(b) is the same, i.e., return of the allegedly excessive fee and nothing more.  Compare 15 U.S.C. § 80a-35(b)(3) ("[N]o damages or other relief shall be granted against any person other than the receipt of such compensation of payments.").  Even if plaintiffs succeed in their claims, MFS cannot return the same fee twice (no matter whether the reasons for plaintiffs' success are "vague" or "specific").

Similarly, a single complaint filed on behalf of all plaintiffs and a single motion addressing the adequacy of plaintiffs' claims would be much more efficient than multiple complaints or briefs.  Defendants should not be required to defend separately two similar lawsuits addressing similar conduct and seeking the same remedy.  Nor should they be required to deal with different schedules, duplicative discovery, or unnecessary motions predicated on plaintiffs' efforts to push one case ahead of another for their own intramural advantage.  Of course, case management rulings with respect to coordination or consolidation always may be revisited if, for whatever reason, the complexion of the case changes in the future.

**II.      Consolidation and Appointment of Lead Counsel Do Not Impart Absolute
Control To A Single Counsel.**

In cases such as this, where the <u>Dumond</u> and <u>Forsythe</u> plaintiffs have "common or
similar interests but separate counsel," the "traditional procedures in which all papers and
documents are served on all attorneys, and each attorney files motions, presents
arguments, and examines witnesses, may waste time and money, confuse and misdirect
the litigation, and burden the court unnecessarily." <u>See</u> Manual for Complex Civil Litig.
§ 10.22 (4th ed. 2004). Accordingly, it is appropriate under these circumstances for the
Court to implement an organizational structure that serves fairness, efficiency, and
economy. Although the appointment of lead, liaison, and trial counsel is routinely part of
such an organizational structure, such designations do not necessarily divest any counsel
of a substantive role in the case.

The efficiency and fairness-based need for coordinated prosecution of similar but
separately filed claims does not *a fortiori* mean that one counsel must "win" and another
"lose." Although it is certainly within the Court's discretion to issue an order allocating
for pretrial purposes the powers and responsibilities of counsel with respect to the claims
as a whole, these powers and responsibilities "may be divided among several attorneys."
<u>Id.</u> Defendants do not have a position as to how the powers and responsibilities for
prosecuting these similar claims should be coordinated, shared, or assigned. Defendants
seek only efficiency, and assume that whomever might be appointed lead counsel for
plaintiffs will take the view of the other plaintiffs' counsel appropriately into account.

The <u>Dumond</u> plaintiffs argue that a particularized order assigning responsibilities
of counsel is premature because threshold legal issues may affect how the court wishes to
assign representation as to certain fund plaintiffs. But even if it were true that a

*particularized* order assigning responsibilities for prosecution of the claims is premature, that is no reason for the Court to defer "instituting procedures under which one or more attorneys are selected and authorized" to communicate with defense counsel on a coordinated basis in cooperation with other counsel. See Manual for Complex Civil Litig. § 10.22. Nor is it a reason to subject Defendants to separate briefing, separate schedules, separate and repetitive conferences with counsel on the same issues, or separate discovery.

**III.    Arguments Concerning Standing Should Not Impact Consolidation and Appointment of Lead Counsel.**

A.    *There Are No Jurisdictional Standing Issues Now Before the Court.*

The Dumond plaintiffs argue that consolidation and appointment of lead counsel are premature because the Forsythe plaintiffs lack standing to assert claims on behalf of funds that no named plaintiff owns. See Dumond Opp., filed July 21, 2004, at 15-17; Dumond Opp. to Amended Motions, filed Sept. 29, 2004, at 9-11. In response, the Forsythe plaintiffs assert that even though the usual rule of standing requires that named plaintiffs own shares in every fund on behalf of which claims are asserted, a "juridical links" theory allows them to assert claims on behalf of funds they do not own in a class action. See Forsythe Reply, filed Sept. 15, 2004, at 11-14; Forsythe Reply, filed October 13, 2004, at 9-16. The Forsythe plaintiffs also argue that this standing issue is best decided later in the case. See Forsythe Reply, filed Sept. 15, 2004, at 15.

The Forsythe plaintiffs are correct that standing issues are no cause for the Court to defer consolidation and coordination of the cases. Both sets of plaintiffs have standing to assert claims under § 36(b) on behalf of funds they own. Thus, the standing issues do

not present any jurisdictional issue that need be decided now.   Nor could a dispute about

how many funds may be represented under § 36(b) change the facts that the § 36(b)

claims the plaintiffs can bring share common questions of fact and law, or that it would

impose unnecessary expense and unnecessary burden upon Defendants and the Court if

the claims were separately prosecuted.  Accordingly, these similar cases should be

consolidated or very closely coordinated.

> B.    *The Supposed Distinction Between "Direct" and "Derivative" Nature of § 36(b) Claims Is Not Relevant to Consolidation or Appointment of Lead Counsel.*

Plaintiffs spend much time addressing a meaningless distinction between

supposed derivative and direct claims under § 36(b).  As the Supreme Court has made

clear, § 36(b) creates "an unusual cause of action" that is "undeniably 'derivative' in the

broad sense of that word."  See Daily Income Fund, Inc. v. Fox, 464 U.S. 523, 535 &

n.11, 536 (1984).  At the same time, a § 36(b) claim "is direct rather than derivative," at

least for Rule 23.1 purposes.  Kamen v. Kemper Fin. Servs., Inc., 500 U.S. 90, 108

(1991) (summarizing Fox, 464 U.S. 523).  This means no more than that a plaintiff need

not make demand or show that demand is excused in order to bring the claim (i.e., the

claim can be pursued directly), even though the only remedy permitted is derivative in

nature (reimbursement to a fund that paid an excessive fee, and not to the plaintiff who is

granted statutory standing to bring the claim without demand).  See Fox, 464 U.S. at 535

& n.11.

The plaintiffs are incorrect that the "direct" or "derivative" nature of the § 36(b)

claims makes any difference in the way the case should be organized.  This is true for at

least two reasons.  First, there is no dispute among the plaintiffs that each of them can

bring § 36(b) claims on behalf of some funds owned by the other (they own at least four

in common). This makes plain that there is a core set of cases, claims, theories, and facts

that are identical. This is reason enough to provide consolidation, coordination, and/or a

logical chain a command. Any disparate issues can be worked out in the context of a

coordinated proceeding.

Second, the fact that § 36(b) is a "direct" action – in the sense that the statute

directly enables shareholders of a fund to sue "on behalf of" the fund without demand –

does not necessarily mean that a plaintiff may bring a class action on behalf of funds he

does not own. Nothing in the language of § 36(b) indicates an intention to permit a

plaintiff with no ownership interest in a fund to assert a claim on behalf of that fund.

Quite to the contrary, the statute says that a "security holder of such registered investment

company on behalf of such company" may bring such actions. 15 U.S.C. § 80a-35(b).

As the Dumond plaintiffs correctly point out, every court to address the question has

held, consistent with the statutory language, that a security holder does not have standing

to bring a claim on behalf of a fund he does not own.[3] See Dumond Opp. to Amended

Motions, filed Sept. 29, 2004, at 9-10; Weiner v. Winters, 50 F.R.D. 306, 310-11

(S.D.N.Y. 1970) (dismissing § 36(b) claims against funds in which plaintiffs owned no

shares because "nothing in the Investment Company Act . . . authorize[s] a shareholder of

one mutual fund to bring a derivative action on behalf of another mutual fund in which he

holds no shares); Verrey v. Ellsworth, 303 F. Supp. 497, 500 (S.D.N.Y. 1969)

---

[3]     Like the Dumond plaintiffs, Defendants have been unable to locate any cases adopting the standing argument that the Forsythe plaintiffs advance in the § 36(b) context. The Forsythe plaintiffs cite case law that purportedly "confirms" that they "may represent all of the Funds" in a § 36(b) "class" action, but none of the four cases they cite involve claims under the Investment Company Act or § 36(b). See Forsythe Reply, filed October 13, 2004, at 14-15. In any event, the "juridical links" issue is not now ripe for decision (the Forsythe plaintiffs submitted no evidence in support of it because they appropriately acknowledge that it should not be decided at this time).

(dismissing excessive fee claim with leave to replead claim against only those funds in which plaintiff was a shareholder); see also General Time Corp. v. American Investors Fund, Inc., 283 F. Supp. 400, 401-02 (S.D.N.Y. 1968), aff'd 403 F.2d 159 (2d Cir.); Dandorph v. Fahnestock & Co., 462 F. Supp. 961, 965 (D. Conn. 1979) (§ 36(a) case holding that "plaintiff who does not hold stock in the investment company lacks standing to sue under the Investment Company Act").

The Court, of course, might never need to decide this issue, and certainly does not need to decide it to appoint lead counsel, to consolidate, or to order close coordination of the cases. The viability of plaintiffs' claims or the ability of any plaintiff to sue on behalf of funds they do not own is more appropriately addressed in a motion to dismiss or for class certification. See Green v. Nuveen Advisory Corp., 186 F.R.D. 486, 493 (N.D. Ill. 1999) (stating that certification of any class in nearly identical mutual fund context was dubious because "plaintiffs do not have standing to bring a § 36(b) claim on behalf of investment companies other than the Funds in which they are security holders, and therefore plaintiffs cannot represent a class for any funds other than the named defendants"); id. at 493 (denying class certification, in any event, because "[c]ertification of a class is not necessary for full recovery by the plaintiffs on behalf of the Funds" since any recovery must be paid "to the company rather than the plaintiff").

The Court should do no more at this time than issue an order consolidating or closely coordinating the cases, providing for a single complaint, and establishing an organizational structure that allows the adverse parties each to deal with one counsel (and imposing upon that counsel the obligation to coordinate with the others). To the extent that any future ruling on standing impacts how responsibility is allocated internally

among individual plaintiffs' counsel, it is within the sound discretion of the Court to modify or make more specific any organizational structure it now establishes.

### *Conclusion*

For the foregoing reasons, the Court should issue an order (*i*) consolidating or closely coordinating the claims of the Dumond plaintiffs and those of the Forsythe plaintiffs; (*ii*) requiring the filing of a single coordinated or consolidated complaint; (*iii*) setting a pretrial order that provides for a single schedule for pretrial proceedings, including the filing of dispositive and other motions; and (*iv*) designating one counsel for each side (one for plaintiffs and one for Defendants) to serve as the point of contact between the adverse parties and the Court.  If the case survives a motion to dismiss, additional scheduling issues should be addressed at a Rule 16 conference.

SUN LIFE FINANCIAL, INC.
MASSACHUSETTS FINANCIAL
SERVICES COMPANY, MFS FUND
DISTRIBUTORS, INC.


By their attorneys,


/s/ William H. Paine          _____
Jeffrey B. Rudman (BBO #433380)
William H. Paine (BBO #550506)
Jonathan A. Shapiro (BBO #567838)
Matthew A. Stowe (BBO #650473)
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA  02109
(617) 526-6000

CERTIFICATE OF SERVICE

      I, Matthew A. Stowe, hereby certify that I caused a copy of the within documents to be served by either electronic notification or first-class mail to:

Nancy Freeman Gans
MOULTON & GANS, P.C.
33 Broad Street, Suite 1100
Boston, MA  02109-4216

James C. Rehnquist
Abigail K. Hemani
GOODWIN PROCTER LLP
Exchange Place
53 State Street
Boston, MA  02109

John D. Donovan
Jane E. Willis
ROPES & GRAY LLP
One International Place
Boston, MA 02110

John F. Falvey, Jr.
Dean J. Dipilato
TESTA, HURWITZ & THIBEAULT, LLP
125 High Street
Boston, MA 02110

Jules Brody
Aaron Brody
STULL, STULL & BRODY
6 East 45th St.
New York, NY  10017

George J. Skelly
David M. Ryan
NIXON PEABODY LLP
101 Federal Street
Boston, MA  02110

Joseph H. Weiss
Richard Acocelli
WEISS & YOURMAN
551 Fifth Avenue
New York, NY  10176

Michelle H. Blauner
SHAPIRO HABER & URMY LLP
53 State Street
Boston, MA 02109

Steven G. Schulman
Janine L. Pollack
Kim E. Levy
MILBERG WEISS BERSHAD &
SCHULMAN LLP
One Pennsylvania Plaza
New York, NY 10119

Alan Schulman
Robert S. Gans
Timothy A. DeLange
Jerald D. Bien-Wilner
BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP
12544 High Bluff Drive, Suite 150
San Diego, CA 92130

Charles J. Piven
Marshall N. Perkins
LAW OFFICES OF CHARLES J.
PIVEN, P.A.
The World Trade Center – Baltimore
401 East Pratt Street, Suite 2525
Baltimore, MD 21202

Marc A. Topaz
Richard A. Maniskas
SCHIFFRIN & BARROWAY, LLP
Three Bala Plaza East, Suite 400
Bala Cynwyd, PA 19004

David Pastor
GILMAN AND PASTOR LLP
Stonehill Corporate Center
999 Broadway, Suite 500
Saugus, MA 01906

Lynn Lincoln Sarko
KELLER ROHRBACK, L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101

Michael J. Brickman
RICHARDSON, PATRICK,
WESTBROOK & BRICKMAN, LLC
174 East Bay Street
Charleston, SC 29401

Guy M. Burns
JOHNSON, POPE, BOKOR, RUPPEL &
BURNS, L.L.P.
100 North Tampa Street, Ste. 1800
Tampa, FL 33602

/s/ Matthew A. Stowe___
Matthew A. Stowe

Dated:  October 18, 2004