UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ERIC FORSYTHE, Individually And On Behalf Of All Others Similarly Situated,<br><br>     Plaintiff,<br><br>  vs.<br><br>SUN LIFE FINANCIAL INC., et al.,<br><br>     Defendants. | )<br>)<br>)<br>) Civil Action No. 04cv10584 (GAO)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

DECLARATION OF CITY OF CHICAGO DEFERRED COMPENSATION PLAN IN
FURTHER SUPPORT OF PLAINTIFFS' RENEWED MOTION FOR APPOINTMENT
OF CO-LEAD PLAINTIFFS, CO-LEAD COUNSEL AND LIAISON COUNSEL

I, KAREN M. DORFF, under penalty of perjury pursuant to 28 U.S.C. 1746, declare as follows:

1. I am a member of the Bar of Illinois, and am employed by the City of Chicago ("City") as Senior Counsel, Commercial and Policy Litigation Division, in the Department of Law. In that capacity, I have been assigned to represent the City of Chicago Deferred Compensation Plan ("Chicago"), a movant for co-lead plaintiff in this action and the court-appointed lead class plaintiff in *In re MFS (Bruce Riggs, et al. v. Massachusetts Financial Services Company, et al.)* MDL 1586, District of Maryland Case No. 04-md-15863-04 (the "MDL Action"). I respectfully submit this declaration in support of Plaintiffs' Renewed Motion For Appointment Of Co-Lead Plaintiffs, Co-Lead Counsel And Liaison Counsel. I am fully familiar with the facts set forth herein.

2. I have reviewed the declaration of Robert S. Gans of Bernstein Litowitz Berger & Grossmann LLP, which is the law firm retained by Chicago to pursue this Action and the MDL Action on its behalf. The matters set forth therein are true and accurate. Specifically, Chicago has never sued the funds themselves in either the MDL Action or this Action, nor does it intend to pursue any recovery derived from investor deposits (including securities, cash or other assets related or traceable thereto) in the funds. Further, as detailed in the Gans Declaration, Chicago has only named the registrants of the funds as defendants to seek a recovery from assets that they hold separate and apart from investor deposits. If Chicago learns that these entities do not hold assets apart from these investor monies (including securities, cash or other assets related or traceable thereto), it will drop its claims against these entities.

3. I have discussed this issue with Mr. Gans and other representatives of his law firm, and with appropriate personnel within the City. Based on these discussions,

Chicago believes that it would be inconsistent with its theory of this Action or the MDL Action to seek a recovery from the deposits (including securities, cash or other assets related or traceable thereto) of the same investors it seeks to represent as members of the Class. Instead, Chicago's goal is to obtain a recovery on behalf of these investors not from the funds themselves, but from those who profited from the wrongful conduct alleged in this Action and the MDL Action. On this basis, Chicago believes that it made an informed and reasonable decision not to pursue claims against the funds themselves, and to pursue recoveries only from those entities that hold assets separate and apart from investor deposits.

4. Any complaints already filed against MFS by other parties unrelated to Chicago, which named the funds as defendants prior to Chicago's appointment as Lead Plaintiff in the MDL Action, were filed without the knowledge or consent of Chicago. For the reasons set forth above, Chicago believes that it made an informed and reasonable decision in dropping these funds as defendants. That decision was unrelated to Chicago's motion to be appointed a co-lead plaintiff in this Action, as it was made before Chicago filed a motion in this Action.

5. Neither this declaration nor any of its contents is intended to waive any attorney-client privilege.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 17th day of March, 2005.

_____
Karen M. Dorff

## CERTIFICATE OF SERVICE

I, Daniel P. Dietrich, hereby certify that I served a copy of the foregoing document upon counsel for all parties by mailing a copy of the same, postage prepaid, to each attorney of record, this 14th day of April, 2005.

                                          /s/ Daniel P. Dietrich
                                          Daniel P. Dietrich