UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ERIC FORSYTHE, Individually And On Behalf Of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> SUN LIFE FINANCIAL INC., et al., <br><br> Defendants. | Civil Action No. 04cv10584 (GAO) |

DECLARATION OF ROBERT S. GANS IN FURTHER
SUPPORT OF PLAINTIFFS' RENEWED MOTION FOR APPOINTMENT
OF CO-LEAD PLAINTIFFS, CO-LEAD COUNSEL AND LIAISON COUNSEL

I, ROBERT S. GANS, under penalty of perjury pursuant to 28 U.S.C. 1746, declare as follows:

1. I am a member of the Bars of New York and California, and the law firm of Bernstein Litowitz Berger & Grossmann LLP. I am submitting this declaration in support of Plaintiffs' Renewed Motion For Appointment Of Co-Lead Plaintiffs, Co-Lead Counsel And Liaison Counsel. I am fully familiar with the facts set forth herein.

2. This firm is counsel of record for the City of Chicago Deferred Compensation Plan ("Chicago"), a movant for co-lead plaintiff in this action and the court-appointed lead class plaintiff in *In re MFS (Bruce Riggs, et al. v. Massachusetts Financial Services Company, et al.)* MDL 1586, District of Maryland Case No. 04-md-15863-04 (the "MDL Action"). I have conferred with Chicago in preparing this Declaration.

3. The MDL Action names, *inter alia*, MFS Government Securities Fund, Massachusetts Investors Trust, Massachusetts Investors Growth Stock Fund, MFS Series Trust I, MFS Series Trust II, MFS Series Trust IV, MFS Series Trust V, MFS Series Trust IX, MFS Series Trust X (the "Registrants") as defendants. Chicago will not seek any recovery in any action from monies held by any of the Registrants consisting of investor deposits (including securities, cash or other assets related or traceable thereto). Instead, the Registrants are named as defendants in the MDL Action to seek recovery from any assets that they hold apart from investor deposits, and also to ensure the fullest recovery possible for injured MFS investors based upon various theories of liability, many of which stem from alleged Registrant misconduct.

4. Chicago was fully informed of and agreed to the decision not to name the Funds themselves as defendants in the Consolidated Amended Complaint filed in the MDL Action and in this Action, as well as to forego any recovery from investor deposits (including securities, cash or other assets related or traceable thereto). Indeed, contrary to the suggestion made by other parties to this litigation, Chicago has never sued or sought any recovery from the MFS mutual funds themselves, with the exception of the typographical error detailed in paragraph 6, below. Prior to being appointed a Lead Plaintiff in the MDL Action, numerous complaints already had been filed against MFS by other parties unrelated to Chicago, and without Chicago's knowledge or consent, which named the funds as defendants. These separate actions were consolidated under the leadership of Chicago, which the Court then directed to file a Consolidated Amended Complaint superseding the initial complaints no later than September 30, 2004. In consultation with my law firm in connection with the preparation of the Consolidated Amended Complaint, Chicago determined that the funds themselves were inappropriate defendants, since any recovery taken from investor deposits (including securities, cash or other assets related or traceable thereto) would simply take money from the same Class of persons on whose behalf the lawsuit was brought. The Lead Plaintiffs in the other mutual fund family tracks in the MDL Action arrived at the same conclusion. As a result, none of the consolidated amended complaints filed in the MDL Action on September 30, 2004 included the funds themselves as defendants.

5. Further, Chicago did not name the registrants of the various funds as defendants in the MDL Action for the purpose of obtaining a recovery from investor deposits (including securities, cash or other assets related or traceable thereto). Instead,

Chicago named these entities as defendants in the MDL Action solely to the extent that they have a separate corporate existence from the funds themselves, and only for the purpose of seeking a recovery from assets aside from investor deposits (including securities, cash or other assets related or traceable thereto) held by the registrants. If, after an opportunity for discovery, Chicago learns that these entities have no assets aside from investor deposits, then it will drop them as defendants in the MDL Action.

6. Accordingly, no MFS mutual fund was explicitly or intentionally named as a defendant in the MDL Action, filed on September 30, 2004. In fact, the MFS mutual funds are specifically designated as non-parties in the MDL Action. However, two paragraphs of the MDL Action complaint, in the Section 20(a) "control person" count, contained typographical errors, wherein the word "Fund" was inadvertently used instead of "Registrant" when identifying the "controlled" entities. These typographical errors were corrected through an amendment of the complaint by interlineation filed by Chicago on December 7, 2004.

7. Neither this declaration nor any of its contents is intended to waive any attorney-client privilege.

I declare under penalty of perjury that the foregoing is true and correct. Executed this _16th_ day of March, 2005.

                                             _/s/ Robert S. Gans_
                                            ROBERT S. GANS

::ODMA\PCDOCS\BLBCHCA\178241\5

## CERTIFICATE OF SERVICE

I, Daniel P. Dietrich, hereby certify that I served a copy of the foregoing document upon counsel for all parties by mailing a copy of the same, postage prepaid, to each attorney of record, this 14th day of April, 2005.

/s/ Daniel P. Dietrich
Daniel P. Dietrich