UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| *ERIC FORSYTHE, Individually And On Behalf Of All Others Similarly Situated,*<br><br>*Plaintiff,*<br><br>*vs.*<br><br>*SUN LIFE FINANCIAL INC., et al.,*<br><br>*Defendants.* | *Civil Action No. 04cv10584 (GAO)* |

**DECLARATION OF PROPOSED CO-LEAD PLAINTIFF IN FURTHER SUPPORT OF PLAINTIFFS' RENEWED MOTION FOR APPOINTMENT OF CO-LEAD PLAINTIFFS, CO-LEAD COUNSEL AND LIAISON COUNSEL**

I, Larry R. Eddings, under penalties of perjury, declare as follows:

1. I am one of the proposed Co-Lead Plaintiffs in this action. I respectfully make this declaration in further support of the Renewed Motion for Appointment of Co-Lead Plaintiffs, Co-Lead Counsel and Liaison Counsel being made by the City of Chicago Deferred Compensation Plan ("Chicago"), Eric Forsythe and me (collectively, the "*Forsythe* Plaintiffs").

2. I am fully familiar with the facts and circumstances surrounding this action. On or about April 15, 2004, I reviewed and authorized the filing of a class action complaint on my behalf by my attorneys alleging certain violations of law in the management and distribution of mutual funds in the Massachusetts Financial Services Company ("MFS") family of funds. I have since reviewed the following documents: (i) the motion papers and reply brief filed on May 14, 2004 and October 13, 2004, respectively, by the *Forsythe* Plaintiffs in support of Consolidation and the Appointment of Co-Lead Plaintiffs, Co-Lead Counsel and Liaison Counsel (the "*Forsythe* Motion"); (ii) the motion papers filed on July 21, 2004 and September 29, 2004 by plaintiffs Marcus Dumond, Henry Berdat, Stuart V. and Rosemary Sturgess, Kathleen Blair, William and Margie Booth, Karen Peach, and Richard and Evelyn Keller (collectively, the "Dumond Plaintiffs") in opposition to the *Forsythe* Motion; (iii) the Memorandum and Order filed by this Court on January 13, 2005 (the "January Order"); (iv) the Consolidated Amended Class Action Complaint filed on September 30, 2004 against MFS in the Market Timing Case (the "Market Timing Amended Complaint"); and (v) the Declarations of Robert S. Gans and City of Chicago Deferred Compensation Plan in Further Support of Plaintiffs' Renewed Motion for Appointment of Co-Lead Plaintiffs, Co-Lead Counsel and Liaison Counsel, (the "Gans Declaration" and the "Chicago Declaration," respectively).

3. I wish to serve as one of the Co-Lead Plaintiffs in this Action. Although I rely on my attorneys' advice concerning legal matters, I understand my role as a proposed Co-Lead Plaintiff, and

accept the duties and responsibilities that go along with serving as one of the Co-Lead Plaintiffs. I understand that as Co-Lead Plaintiff, my job is to protect the interests of all investors in the MFS family of funds on the class claims, as well as the funds themselves on the derivative claims, as I do my own interests.

4. As Co-Lead and Liaison Counsel, my attorneys have consulted and will continue to consult with me regarding events in this litigation. They will explain to me what I do not understand and keep me informed of all important developments. They have always been available to respond to my questions and I feel free to share my ideas and opinions with them. I understand the allegations in this action and intend to pursue them fully and faithfully.

5. I have reviewed the documents listed in paragraph 2, in particular, the January Order and the Gans and Chicago Declarations, and I have discussed the issues presented therein extensively with my attorneys. I understand that the Court feels that a potential conflict of interest may exist, stemming from Weiss & Lurie, Milberg Weiss and Bernstein Litowitz's ( the "*Forsythe* Counsel") representation of plaintiffs asserting derivative claims on behalf of certain MFS funds in this action while representing plaintiffs who brought "market timing" claims purportedly against those same MFS funds in the so-called "Market Timing Mutual Fund" cases, which are currently consolidated in the District of Maryland (the "Market Timing Case").

6. I have come to understand that in their original Market Timing complaints filed prior to consolidation, certain plaintiffs named the MFS funds as defendants. I have also come to understand that all MFS funds were dropped as defendants upon the filing of the Market Timing Amended Complaint on September 30, 2004. I believe that this is appropriate under the circumstances given that the purported wrongdoers are not the funds but, rather, the parties who control them; I understand that my attorneys believe that this is appropriate as well.

7. The contents of the Gans and Chicago Declarations indicate that Chicago has never named the MFS funds as defendants in any Market Timing complaint and, as Lead Plaintiff in the Market Timing Case, will not seek or accept any money from the MFS funds in that case under any circumstances. Thus, although my attorneys and the other *Forsythe* Counsel are indeed representing the other *Forsythe* Plaintiffs and me in this action and we *are* seeking to recover money *on behalf* of the MFS funds, I do not believe that they are representing plaintiffs in the Market Timing Cases that are seeking to recover money *from* the MFS funds (regardless of the entity named as a defendant in the Market Timing Amended Complaint).

8. After full consultation, my attorneys have assured me that nothing relating to the simultaneous representation of plaintiffs in this action and the Market Timing Cases will interfere with their independent professional judgment in the prosecution of this action. Based upon their assurance and the review of the documents listed in paragraph 2, I believe that my interest and the interests of the other plaintiffs and class members will continue to be well represented by my attorneys and the other *Forsythe* Counsel. I therefore renew my request to be appointed Co-Lead Plaintiff and for the *Forsythe* Counsel to be appointed Co-Lead and Liaison Counsel.

9. Neither this declaration nor any of its contents is intended to waive any attorney-client privilege.

10. I declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: April 0 6, 2005

*/s/ Larry R. Eddings*
LARRY R. EDDINGS

## CERTIFICATE OF SERVICE

I, Nancy Freeman Gans, hereby certify that a true copy of the within document was served upon the attorney of record for each party by first class mail, postage prepaid.

/s/ Nancy Freeman Gans
Nancy Freeman Gans