# Exhibit B

## (Pages 76 – 95)

217.  Lead Plaintiff's claims are typical of the claims of the members of the Class. Lead Plaintiff and all members of the Class purchased and/or held shares in any mutual fund in the MFS fund family adversely affected by market timing and/or late trading that was advised by MFS, and have sustained damages arising out of the uniform course of wrongful conduct alleged herein.

218.  A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Since the damages suffered by individual class members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the Class members individually to seek redress for the wrongful conduct alleged.  Lead Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action.

VI.    CAUSES OF ACTION

## COUNT I

Against Defendants Massachusetts Investor Trust, Massachusetts Investor Growth Stock Fund, MFS Government Securities Fund, MFS Series Trust I, MFS Series Trust II, MFS Series Trust IV, MFS Series Trust V, MFS Series Trust IX, MFS Series Trust X, MFD, Ballen, And Parke
For Violations Of § 11 Of The Securities Act

219.  Lead Plaintiff hereby incorporates by reference all of the allegations set forth above as though fully set forth hereafter, except that, for purposes of this claim, Lead Plaintiff expressly excludes and disclaims any allegation that could be construed as alleging fraud or intentional or reckless misconduct.

220.  This claim is brought pursuant to Section 11 of the Securities Act (15 U.S.C. § 77k) against defendants Massachusetts Investor Trust, Massachusetts Investor Growth Stock Fund, MFS Government Securities Fund, MFS Series Trust I, MFS Series Trust II, MFS Series

Trust IV, MFS Series Trust V, MFS Series Trust IX, MFS Series Trust X, MFD, Ballen, and Parke.

221.  The defendants named in this Court violated Section 11 of the Securities Act in that the registration statements and prospectuses issued for the MFS Funds contained untrue statements of material fact and omitted to state material facts necessary in order to make the statements made, in light of the circumstances in which they were made, not misleading.  The Prospectuses failed to disclose and misrepresented, *inter alia*, the following material and adverse facts:

(a)  that defendants regularly allowed, and had entered into agreements which allowed, certain investors to engage in trades that were disruptive to the efficient management of the MFS Funds and/or increased the MFS Funds' costs and thereby reduced the MFS Funds' actual performance; and

(b)  that, pursuant to these unlawful agreements, defendants benefited financially at the expense of the MFS Fund investors.

222.  The defendants named in this Count issued, caused to be issued, and participated in the issuance of the materially false and misleading written statements and/or omissions of material facts that were contained in the MFS Prospectuses.

223.  The defendants named in this Count, and each of them, had the duty of investigating the information contained in the MFS Prospectuses before the dissemination to MFS Fund shareholders, and failed to satisfy that duty. The defendants named in this Count, and each of them, owed to the MFS Fund shareholders, included Lead Plaintiff and the Class, the duty to ensure that the statements contained in the MFS Prospectuses were true and complete and that there was no omission to state material facts required to be stated in order to make the

statements contained therein not misleading. By virtue of the misrepresentations and omissions contained in or omitted from the prospectuses, as herein alleged, defendants, and each of them, are liable to Lead Plaintiffs and the Class.

224. Prior to purchasing and/or reinvesting in MFS Fund shares, Lead Plaintiff and Class members were provided with the appropriate prospectuses, without the knowledge of the untruths and/or omissions contained herein. Lead Plaintiff and Class members purchased and/or reinvested in the shares of the MFS Funds traceable to the false and misleading prospectuses.

225. As a direct and proximate result of defendants' misconduct and material misstatements and omissions contained in the prospectuses, Lead Plaintiff and the Class suffered substantial damages. The true value of the MFS Funds during the Class Period was less than the NAV paid by plaintiffs in the Class due to defendants' violations.

226. This claim was brought within the applicable statute of limitations. At the time they purchased and/or reinvested in the MFS Funds shares traceable to the defective prospectuses, Lead Plaintiff and Class members were without knowledge of the facts concerning the false and misleading statements and omissions alleged herein and could not reasonably have possessed such knowledge.

COUNT II

Against Defendants Massachusetts Investor Trust,
Massachusetts Investor Growth Stock Fund, MFS Government Securities
Fund, MFS Series Trust I, MFS Series Trust II, MFS Series Trust IV,
MFS Series Trust V, MFS Series Trust IX, MFS Series Trust X,
And MFD For Violations Of § 12(a)(2) Of The Securities Act

227. Lead Plaintiff hereby incorporates by reference all of the allegations set forth above as though fully set forth hereafter, except that, for purposes of this claim, Lead Plaintiff expressly excludes and disclaims any allegation that could be construed as alleging fraud or intentional or reckless misconduct.

78

228.    This claim is brought pursuant to Section 12(a)(2) of the Securities Act against defendants Massachusetts Investor Trust, Massachusetts Investor Growth Stock Fund, MFS Government Securities Fund, MFS Series Trust I, MFS Series Trust II, MFS Series Trust IV, MFS Series Trust V, MFS Series Trust IX, MFS Series Trust X, And MFD For Violations Of § 12(A)(2) Of The Securities Act.  Lead Plaintiff does not assert that the defendants named in this Count are liable for fraudulent or intentional conduct.

229.    Each of the defendants named in this Count was a seller of a security, specifically MFS mutual funds sold pursuant to the MFS Prospectuses.

230.    By means of the MFS Prospectuses, the registrant defendants sold the MFS mutual funds to Lead Plaintiff and the members of the Class.  Each of the defendants' named in this Count actions of solicitation consisted primarily of the preparation and dissemination of the MFS Prospectuses.

231.    The MFS mutual funds sold pursuant to the MFS Prospectuses by defendants named in this Count were sold through the use of interstate communication, the use of interstate commerce, and the use of the United States mail.

232.    The MFS mutual funds were sold through the use of the MFS Prospectuses which contained untrue statements of material fact or omitted to state material facts necessary in order to make the statements made not misleading.

233.    The defendants named in this Count cannot prove that they did not know or, in the exercise of reasonable care, could not have known of the untruth or omission described in the preceding paragraphs.

234.    By reason of the conduct alleged herein, each defendant violated Section 12(a)(2) of the Securities Act.  As a direct and proximate result of defendants' conduct, Lead Plaintiff and

the other members of the Class suffered substantial damage in connection with the purchase of MFS mutual funds, and are entitled to rescission.

COUNT III

Against The Sun Life Defendants And
Defendants MFS, Ballen, And Parke
For Violations Of § 15 Of The Securities Act

235.   Lead Plaintiff hereby incorporates by reference all of the allegations set forth above as though fully set forth hereafter, except that, for purposes of this claim, Lead Plaintiff expressly excludes and disclaims any allegation that could be construed as alleging fraud or intentional or reckless misconduct.

236.   This claim is brought pursuant to Section 15 of the Securities Act Against The Sun Life Defendants and Defendants MFS, Ballen, and Parke as control persons of Massachusetts Investor Trust, Massachusetts Investor Growth Stock Fund, MFS Government Securities Fund, MFS Series Trust I, MFS Series Trust II, MFS Series Trust IV, MFS Series Trust V, MFS Series Trust IX, MFS Series Trust X, and MFD.  It is appropriate to treat these defendants as a group for pleading purposes and to presume that the false, misleading and incomplete information conveyed in the Prospectuses, public filings, press releases and other publications are the collective actions of The Sun Life Defendants and Defendants MFS, Ballen, and Parke.

237.   The Registrants are each liable under Sections 11 and 12(a)(2) of the Securities act as set forth herein.

238.   The Sun Life Defendants and Defendants MFS, Ballen, and Parke were "control persons" of the registrants within the meaning of Section 15 of the Securities Act, by virtue of their position of operational control and/or authority over such funds. The Sun Life Defendants and Defendants MFS, Ballen, and Parke directly and indirectly, had the power and authority, and

80

exercised the same, to cause Massachusetts Investor Trust, Massachusetts Investor Growth Stock Fund, MFS Government Securities Fund, MFS Series Trust I, MFS Series Trust II, MFS Series Trust IV, MFS Series Trust V, MFS Series Trust IX, MFS Series Trust X, and MFD to engage in the wrongful conduct complained of herein.  The Sun Life Defendants and Defendants MFS, Ballen, and Parke issued, caused to be issued, and participated in the issuance of materially false and misleading statements in the Prospectuses.

239.   Pursuant to Section 15 of the Securities Act, by reason of the foregoing, The Sun Life Defendants and Defendants MFS, Ballen, and Parke are liable to plaintiffs to the same extent as are Massachusetts Investor Trust, Massachusetts Investor Growth Stock Fund, MFS Government Securities Fund, MFS Series Trust I, MFS Series Trust II, MFS Series Trust IV, MFS Series Trust V, MFS Series Trust IX, MFS Series Trust X, and MFD for their primary violations of Sections 11 and 12(a)(2) of the Securities Act.

240.   By virtue of the foregoing, Lead Plaintiff and other Class members are entitled to damages against The Sun Life Defendants and Defendants MFS, Ballen, and Parke.

COUNT IV

Against All Defendants
For Violations Of § 10(b) Of The Exchange
Act And Rule 10b-5 Promulgated Thereunder

241.   Lead Plaintiff hereby incorporates by reference all of the allegations set forth above as though fully set forth hereafter, except for Claims brought pursuant to the Securities Act.

242.   This claim is brought pursuant to Section 10(b) of the Exchange Act (15 U.S.C. § 78j) against all defendants on behalf of all persons who purchased shares in any mutual fund in the MFS fund family adversely affected by market timing and/or late trading that was advised by MFS during the period from December 15, 1998 to December 8, 2003.

243.    During the Class Period, each of the defendants named herein carried out a plan, scheme and course of conduct which was intended to and, throughout the Class Period, did deceive the investing public, including Lead Plaintiff and other Class members, as alleged herein, and caused Lead Plaintiff and other members of the Class to purchase MFS Funds shares or interests at distorted prices that they would not have paid had they known of the unlawful conduct alleged herein.   In addition, in connection with the unlawful purchases and sales of securities described above, members of the Class suffered damages from, among other things, the dilution of their investment in the MFS mutual funds.   In furtherance of this unlawful scheme, plan and course of conduct, Defendants, and each of them, took the actions set forth herein.

244.    Defendants: (i) employed devices, schemes, and artifices to defraud; (ii) made untrue statements of material fact and/or omitted to state material facts necessary to make the statements not misleading; and (iii) engaged in acts, practices, and a course of business which operated as a fraud and deceit upon the purchasers of the MFS Funds' securities, including Lead Plaintiff and other members of the Class, in an effort to enrich themselves through undisclosed manipulative trading tactics by which they wrongfully appropriated MFS Funds' assets and otherwise distorted the pricing of their securities in violation of Section 10(b) of the Exchange Act and Rule 10b-5.  All defendants are sued as primary participants in the wrongful and illegal conduct and scheme charged herein.

245.    Defendants, individually and in concert, directly and indirectly, by the use, means or instrumentalities of interstate commerce and/or of the mails, engaged and participated in a continuous course of conduct to conceal adverse material information about the MFS Funds' operations, as specified herein.

246.    Defendants employed devices, schemes and artifices to defraud and a course of conduct and scheme as alleged herein to unlawfully manipulate and profit from secretly timed trading and thereby engaged in transactions, practices and a course of business which operated as a fraud and deceit upon Lead Plaintiff and members of the Class.

247.    Defendants had actual knowledge of the misrepresentations and omissions of material facts set forth herein, or acted with reckless disregard for the truth in that they failed to ascertain and to disclose such facts, even though such facts were available to them.  Such Defendants' material misrepresentations and/or omissions were done knowingly or recklessly and for the purpose and effect of concealing the truth.

248.    As a result of the dissemination of the materially false and misleading information and failure to disclose material facts, as set forth above, the market price of MFS Funds securities were distorted during the Class Period such that they did not reflect the risks and costs of the continuing course of conduct alleged herein.  In ignorance of these facts that market prices of the shares were distorted, and relying directly or indirectly on the false and misleading statements made by the MFS defendants, or upon the integrity of the market in which the securities trade, and/or on the absence of materially adverse information that was known to or recklessly disregarded by defendants but not disclosed in public statements by defendants during the Class Period, Lead Plaintiff and the other members of the Class acquired the shares or interests in the MFS Funds during the Class Period at distorted prices and were damaged thereby.

249.    At the time of said misrepresentations and omissions, Lead Plaintiff and other members of the Class were ignorant of their falsity, and believed them to be true.  Had Lead Plaintiff and other members of the Class and the marketplace known of the truth concerning the MFS Funds' operations, which were not disclosed by defendants, Lead Plaintiff and other

83

members of the Class would not have purchased or otherwise acquired their shares or, if they had acquired such shares or other interests during the Class Period, they would not have done so at the distorted prices which they paid.

250.   By virtue of the foregoing, Defendants have violated Section 10(b) of the Exchange Act, and Rule 10b-5 promulgated thereunder.

## COUNT V

### Against All Defendants For Violations Of § 10(b) Of The Exchange Act And Rule 10b-5 Promulgated Thereunder

251.   Lead Plaintiff hereby incorporates by reference all of the allegations set forth above as though fully set forth hereafter, except for Claims brought pursuant to the Securities Act.

252.   This claim is brought pursuant to Section 10(b) of the Exchange Act (15 U.S.C. § 78j) against all defendants on behalf of all persons who held shares in any mutual fund in the MFS fund family adversely affected by market timing and/or late trading that was advised by MFS during the period from December 15, 1998 to December 8, 2003.

253.   During the Class Period, each of the defendants named herein carried out a plan, scheme and course of conduct which was intended to and, throughout the Class Period, did deceive the investing public, including Lead Plaintiff and other Class members, as alleged herein, and caused Lead Plaintiff and other members of the Class to hold MFS Funds shares or interests. In connection with the unlawful purchases and sales of MFS Funds by the market timers and late traders described above, members of the Class suffered damages from, among other things, the dilution of their investment in the MFS mutual funds. In furtherance of this unlawful scheme, plan and course of conduct, Defendants, and each of them, took the actions set forth herein.

254.  Defendants: (i) employed devices, schemes, and artifices to defraud; (ii) made untrue statements of material fact and/or omitted to state material facts necessary to make the statements not misleading; and (iii) engaged in acts, practices, and a course of business which operated as a fraud and deceit upon the holders of the MFS Funds' securities, including Lead Plaintiff and other members of the Class, in an effort to enrich themselves through undisclosed manipulative trading tactics by which they wrongfully appropriated MFS Funds' assets and otherwise distorted the pricing of their securities in violation of Section 10(b) of the Exchange Act and Rule 10b-5.  All defendants are sued as primary participants in the wrongful and illegal conduct and scheme charged herein.

255.  Defendants, individually and in concert, directly and indirectly, by the use, means or instrumentalities of interstate commerce and/or of the mails, engaged and participated in a continuous course of conduct to conceal adverse material information about the MFS Funds' operations, as specified herein.

256.  Defendants employed devices, schemes and artifices to defraud and a course of conduct and scheme as alleged herein to unlawfully manipulate and profit from secretly timed trading and thereby engaged in transactions, practices and a course of business which operated as a fraud and deceit upon Lead Plaintiff and members of the Class.

257.  Defendants had actual knowledge of the misrepresentations and omissions of material facts set forth herein, or acted with reckless disregard for the truth in that they failed to ascertain and to disclose such facts, even though such facts were available to them.  Such Defendants' material misrepresentations and/or omissions were done knowingly or recklessly and for the purpose and effect of concealing the truth.

258.    Lead Plaintiff and the other members of the Class were also damaged by virtue of their status as holders of the various mutual funds in the MFS fund family adversely affected by market timing and/or late trading that was advised by the MFS Advisers. In connection with the unlawful purchases and sales of securities by market timers and late traders, as alleged herein, Lead Plaintiff and the other members of the Class suffered substantial damages, including but not limited to the dilution of the value of their investment stemming from the activity of the market timers and late traders. But for these unlawful purchases and sales, Lead Plaintiff and the other members of the Class would not have suffered damages from the dilution of their investment alleged herein.

259.    By virtue of the foregoing, defendants have violated Section 10(b) of the Exchange Act, and Rule 10b-5 promulgated thereunder.

COUNT VI

Against The Sun Life Defendants and<br>Defendants MFS, Ballen, And Parke<br>For Violations Of § 20(a) Of The Exchange Act

260.    Lead Plaintiff hereby incorporates by reference all of the allegations set forth above as though fully set forth hereafter, except for Claims brought pursuant to the Securities Act.

261.    This claim is brought pursuant to Section 20(a) of the Exchange Act (15 U.S.C. § 78t) against The Sun Life Defendants and Defendants MFS, Ballen, and Parke.

262.    The defendants named herein acted as controlling persons of the MFS Funds within the meaning of Section 20(a) of the Exchange Act for the reasons alleged herein. By virtue of their operational and management control of the MFS Funds' respective businesses and systematic involvement in the fraudulent scheme alleged herein, the defendants named in this Count each had the power to influence and control and did influence and control, directly or

86

indirectly, the decision making and actions of the MFS Funds, including the content and dissemination of the various statements which Lead Plaintiff contends are false and misleading. MFS had the ability to prevent the issuance of the statements alleged to be false and misleading or cause such statements to be corrected.

263.    In particular, each of the defendants names herein had direct and supervisory involvement in the operations of the MFS Funds and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same.

264.    As set forth above, each of the defendants violated Section 10(b) and Rule 10b-5 by their acts and omissions as alleged in this Complaint.  By virtue of their positions as controlling persons, the defendants named in this Count are liable pursuant to Section 20(a) of the Exchange Act.  As a direct and proximate result of defendants' wrongful conduct, Lead Plaintiff and other members of the Class suffered damages in connection with the purchase or holding of MFS Funds during the Class Period.

## VIOLATIONS OF THE INVESTMENT COMPANY ACT OF 1940

### COUNT VII

Against Defendants Massachusetts Investor Trust,
Massachusetts Investor Growth Stock Fund, MFS
Government Securities Fund, MFS Series Trust I, MFS
Series Trust II, MFS Series Trust IV, MFS Series Trust V,
MFS Series Trust IX, MFS Series Trust X, MFS, Ballen, And
Parke For Violations Of § 34(b) Of The Investment Company Act

265.    Lead Plaintiff hereby incorporates by reference all of the allegations set forth above as though fully set forth hereafter.

266.    This claim is brought pursuant to Sections 34(b) of the ICA (15 U.S.C. § 80a 33(b)) against defendants Massachusetts Investor Trust, Massachusetts Investor Growth Stock

87

Fund, MFS Government Securities Fund, MFS Series Trust I, MFS Series Trust II, MFS Series Trust IV, MFS Series Trust V, MFS Series Trust IX, MFS Series Trust X, MFS, Ballen, and Parke.

267.    Under Section 34(b) of the ICA, it is unlawful for any person to make any untrue statement of a material fact in any registration statement application, report, account, record or other document filed or transmitted pursuant to this title or the keeping of which is required pursuant to section 31(a) of the ICA (15 U.S.C. § 80a 30(a)).  It is also unlawful for any person so filing, transmitting, or keeping any such document, to omit to state therein any fact necessary in order to prevent the statements made therein, in the light of the circumstances under which they were made, from being materially misleading.

268.    Defendants made untrue statements of a material fact in its registration statement, application, report, account, record and/or other document filed or transmitted pursuant to this title, or the keeping of which is required pursuant to section 31(a) of the ICA (15 U.S.C. § 80a 30(a)).

269.    Lead Plaintiff and other Class members have been injured as a result of defendants' statements, conduct and violations.

## COUNT VIII

### Against Defendants MFS, MFD, Ballen, And Parke
### For Violations Of § 36(a) Of The Investment Company Act

270.    Lead Plaintiff hereby incorporates by reference all of the allegations set forth above as though fully set forth hereafter.

271.    This claim is brought pursuant to Section 36(a) of the ICA (15 U.S.C. § 80a 35(a)), against defendants MFS, MFD, Ballen, and Parke.

272.    Under Section 36(a), the defendants named in this Count are deemed to owe fiduciary duties to Lead Plaintiff and other Class members and are prohibited from engaging in misconduct with respect to the MFS funds.

273.    The defendants named in this Count devised and participated in a scheme to obtain substantial fees and other income for themselves and their affiliates by allowing others to engage in market timing of MFS mutual funds throughout the Class Period, solely for their own benefit and to the detriment of Lead Plaintiff and the Class, in violation of their fiduciary duties to Lead Plaintiff and other Class members.  Defendants further failed to reveal material facts concerning their conduct, such that Lead Plaintiff and other Class members could have made informed decisions about the true value and performance of MFS mutual funds.

274.    Lead Plaintiff and other Class members have been injured as a result of defendants' statements, conduct, and violations.

COUNT IX

Against Defendants Massachusetts Investor Trust,
Massachusetts Investor Growth Stock Fund,
MFS Government Securities Fund, MFS Series
Trust I, MFS Series Trust II, MFS Series Trust IV,
MFS Series Trust V, MFS Series Trust IX,
MFS Series Trust X, MFS, MFD, And MFSSC
For Violations Of § 36(b) Of The Investment Company Act

275.    Lead Plaintiff hereby incorporates by reference all of the allegations set forth above as though fully set forth hereafter.

276.    This claim is brought pursuant to Section 36(b) of the  ICA (15 U.S.C. § 80a 35(b)) against defendants Massachusetts Investor Trust, Massachusetts Investor Growth Stock Fund, MFS Government Securities Fund, MFS Series Trust I, MFS Series Trust II, MFS Series Trust IV, MFS Series Trust V, MFS Series Trust IX, MFS Series Trust X, MFS, MFD, AND MFSC.

277.   Under Section 36(b) of the ICA, the defendants named in this Count are deemed to owe a fiduciary duty to Lead Plaintiff and other Class members with respect to the receipt of fees and compensation that defendants received for services of a material nature.

278.   Defendants devised and implemented a scheme to obtain substantial and improper fees and other income for themselves and their affiliates by allowing others to engage in timing and/or late trading of MFS Funds throughout the Class Period and in violation of their fiduciary duties to Lead Plaintiff and other Class members.  The defendants named in this Count failed to reveal material facts concerning their conduct, such that Lead Plaintiff and other Class members could have made informed decisions about the true value and performance of the MFS Funds. Moreover, the investment advisory contract between MFS and the MFS Funds was not the product of arm's-length bargaining and the fees charged under the contract did not bear a reasonable relationship to the services rendered under it, especially with respect to MFS's participation in market timing and late trading activities.

279.   Lead Plaintiff and other Class members have been injured as a result of defendants' statements, conduct, and improper fees.

## COUNT X

### Against The Sun Life Defendants And Defendants MFS, Ballen, And Parke For Violations Of § 48(a) Of The Investment Company Act

280.   Lead Plaintiff hereby incorporates by reference all of the allegations set forth above as though fully set forth hereafter.

281.   This claim is brought pursuant to Section 48(a) of the ICA (15 U.S.C. § 80a 47) against The Sun Life Defendants and Defendants MFS, Ballen, and Parke.

282.   Under Section 48(a) of the ICA, it is unlawful for any defendant to do indirectly that which, under the Act, it could not do directly.

90

283.    Defendants devised and implemented a scheme to obtain substantial fees and other income for themselves and their affiliates by allowing others to engage in market timing and/or late trading of MFS Funds throughout the Class Period and in violation of their fiduciary duties to Lead Plaintiff and other Class members.  Defendants failed to reveal material facts concerning their conduct, such that Lead Plaintiff and other Class members could have made informed decisions about the true value and performance of the MFS Funds.

284.    Lead Plaintiff and other Class members have been injured as a result of defendants' statements, conduct and improper fees.

## VIOLATIONS OF STATE AND COMMON LAW

### COUNT XI

Against Defendants The Sun Life Defendants And
Defendants Massachusetts Investor Trust, Massachusetts
Investor Growth Stock Fund, MFS Government Securities
Fund, MFS Series Trust I, MFS Series Trust II, MFS Series
Trust IV, MFS Series Trust V, MFS Series Trust IX, MFS
Series Trust X, MFS, MFD, And MFSSC, Ballen, And Parke
For Breach Of Fiduciary Duty/Constructive Fraud

285.    Lead Plaintiff incorporates by reference the allegations set forth above as though fully restated herein.

286.    Defendants named in this count owed fiduciary duties to Lead Plaintiff and the Class to use reasonable care and skill in operating, administering, issuing, underwriting, distributing and managing the MFS family of funds.  As a part of their fiduciary duties to Lead Plaintiff and the Class, defendants named in this count also owed a duty to make a full and truthful disclosure of all material facts, to ensure that their representations regarding market timing and late trading were complete and accurate, and to ensure that actions were taken to protect long-term holders of mutual fund shares in the MFS family of funds from damage caused to their investments from market timing and late trading.

91

287.    Defendants named in this count intentionally or recklessly breached their fiduciary duties by allowing favored investors to conduct timed and/or late trading in the MFS family of funds, by misrepresenting and concealing the existence of such market timing and late trading, and by placing their own financial interests above those of Lead Plaintiff and members of the Class.

288.    Defendants named in this count breached their fiduciary duties to Lead Plaintiff and the Class, tended to deceive, violated public and private confidence and injured public interests.

289.    Lead Plaintiff and members of the Class suffered injury as a result of defendants conduct in the form of following, *inter alia*: increased transaction costs and expenses; reduced investment performance; and, Lead Plaintiff and members of the Class paid a higher price for MFS mutual fund shares than they would have paid had the mutual funds been priced accurately to reflect the dilution of profits and increased costs and expenses that were caused by the breaches of duty by defendants alleged herein.

290.    Defendants' breaches of their fiduciary duties proximately caused the damages suffered by Lead Plaintiff and the Class.

## COUNT XII

### Against All Defendants For Aiding And Abetting Breach Of Fiduciary Duty

291.    Lead Plaintiff incorporates by reference the allegations set forth above as though fully restated herein.

292.    As alleged above, the defendants named in Count XI owed a fiduciary duty to Lead Plaintiff and members of the Class. That duty was breached when those defendants permitted favored investors to late trade and/or market time in the MFS family of funds.

92

293.    Defendants named in this count knowingly aided, encouraged, cooperated and/or participated in, and substantially assisted the defendants named in Count XI above in the breach of their fiduciary duties.

294.    As a result of Defendants' aiding and abetting of the breaches of fiduciary duty, Lead Plaintiff and members of the Class suffered damages.

## COUNT XIII

### Against All Defendants For Unjust Enrichment

295.    Lead Plaintiff incorporates by reference the allegations set forth above as though fully restated herein.

296.    Lead Plaintiff and members of the Class conferred a benefit on the defendants named in this Count.    Defendants derived management fees and other benefits and were otherwise unjustly enriched from transactions connected with the MFS family of funds, to the detriment of Lead Plaintiff and members of the Class.

297.    Defendants' enrichment is directly and causally related to the detriment of Lead Plaintiff and members of the Class.

298.    The benefit was accepted by Defendants under such circumstances that it would be inequitable for it to be retained without payment. As alleged above, defendants named in this Count , *inter alia*, breached their fiduciary duties to Lead Plaintiff and members of the Class and therefore defendants named in this Count are not justified to retain the benefits conferred upon them.

299.    As a result of all of the defendants' conduct, Lead Plaintiff and members of the Class suffered damages.

300.    There is no adequate remedy at law to compensate for the injuries of Lead Plaintiff and members of the Class.

VII.    <u>PRAYER FOR RELIEF</u>

WHEREFORE, Lead Plaintiff, on behalf of itself and the members of the Class, prays for judgment as follows:

1.      Declaring this action to be a proper class action maintainable pursuant to Rule 23 of the Federal Rules of Civil Procedure and declaring Lead Plaintiff to be a proper Class Representative;

2.      Awarding Lead Plaintiff and the other members of the Class compensatory damages as a result of the wrongs alleged herein, including interest thereon;

3.      Awarding Lead Plaintiff and the other members of the Class their costs and expenses in this litigation, including reasonable attorneys' fees and experts' fees and other costs and disbursements; and

4.      Granting Lead Plaintiff and the other members of the Class such other and further relief as the Court may deem just and proper.

VIII.   <u>JURY TRIAL DEMANDED</u>

Lead Plaintiff demands a trial by jury of all issues so triable.

Dated:  September 29, 2004

BERNSTEIN LITOWITZ BERGER
& GROSSMANN LLP

_____/s/_____

ALAN SCHULMAN
ROBERT S. GANS
TIMOTHY A. DeLANGE
JERALD D. BIEN-WILLNER
12544 High Bluff Drive, Suite 150
San Diego, CA 92130
Tel:    (858) 793-0070
Fax:    (858) 793-0323
         -and-
J. ERIK SANDSTEDT
JOSEPH A. FONTI
1285 Avenue of the Americas
New York, New York 10019
Tel:    (212) 554-1400
Fax:    (212) 554-1444
*Lead Counsel*

Dated:  September 29, 2004

TYDINGS & ROSENBERG LLP

_____/s/_____

WILLIAM C. SAMMONS, Fed Bar No. 02366
JOHN B. ISBISTER, Fed Bar No. 00639
100 East Pratt Street, 26th Floor
Baltimore, MD 21202
Tel:    (410) 752-9700
Fax:    (410) 727-5460
*Liaison Counsel*

CERTIFICATE OF SERVICE

I, Alan Schulman, do hereby certify that on this 30th day of September 2004, a true and correct copy of ***CONSOLIDATED AMENDED CLASS ACTION COMPLAINT*** was electronically filed in this case on September 30, 2004, and was served on counsel of record via electronic mail in Portable Document File ("PDF") in accordance with Fed. R. Civ. P. 5(b).

_/s/_
ALAN SCHULMAN

::ODMA\PCDOCS\BLBGCA\15749\2

1