**EXHIBIT M**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY



MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
(973) 645-6340

WILLIAM J. MARTINI
JUDGE

February 8, 2005

**LETTER OPINION**

**VIA REGULAR MAIL**

Jerome M. Congress, Esq.
Janine L. Pollack, Esq.
Kim B. Levy, Esq.
Milberg Weiss Bershad & Schulman, LLP
One Pennsylvania Plaza
New York, New York 10119
    (*Plaintiffs' Lead Counsel and Chair of Plaintiffs' Executive Committee*)

Samuel H. Rudman, Esq.
Lerach Coughlin Stoia Geller Rudman & Robbins LLP
200 Broadhollow, Suite 406
Melville, NY 11747
    (*Member of Plaintiffs' Executive Committee*)

Marvin L. Frank, Esq.
Eric J. Belfi, Esq.
Murray, Frank & Sailer LLP
275 Madison Ave.
New York, NY 10016
    (*Member of Plaintiffs' Executive Committee*)

Joseph H. Weiss, Esq.
Richard A. Acocelli, Esq.
Weiss & Lurie
551 Fifth Ave.
New York, NY 10176
    (*Member of Plaintiffs' Executive Committee*)

Patrick L. Rocco, Esq.
Jennier A. Sullivan, Esq.
Shalov Stone & Bonner LLP
163 Madison Avenue, P.O. Box 1277
Morristown, New Jersey 07962
    (*Liaison Counsel for Plaintiffs*)

Joseph J. DePalma, Esq.
Lite, DePalma, Greenberg & Rivas LLC
Two Gateway Center, Twelfth Floor
Newark, NJ 07102-5003
    (*Counsel for Plaintiff*)

Gary S. Graifman, Esq.
Kantrowitz, Goldhamer & Graifman
210 Summit Ave.
Montvale, NJ 07645
    (*Counsel for Plaintiff*)

(*Counsel for Defendants*):

Anthony P. LaRocco, Esq.
Christopher A. Barbarasi, Esq.
Kirkpatrick & Lockhart LLP
One Newark Center, Tenth Floor
Newark, NJ 07102

Jeffrey B. Maletta, Esq.
Nicholas G. Terris, Esq.
Jon A. Stanley, Esq.
Kirkpatrick & Lockhart LLP
1800 Massachusetts Ave., N.W.
Washington, DC 20036-1221

Andrew Weissman, Esq.
Sam Broderick, Esq.
Wilmer Cutler Pickering Hale and Dorr LLP
2445 M Street, N.W.
Washington, DC 20037

Mary Sue Henifin, Esq.
Tod S. Chasin, Esq.
Buchanan Ingersoll, PC
700 Alexander Park, Suite 300
Princeton, New Jersey 08540-6347

Re:   In re Lord Abbett Mutual Funds Fee Litigation
      Docket No.: 04-0559 (WJM)

Dear Counsel:

This matter comes before the Court on Defendants' appeal of a Case Management Order dated December 13, 2004 and issued by Magistrate Judge Ronald J. Hedges. Defendants ask this Court to vacate the Order in its entirety and to stay all discovery pending resolution of their motion to dismiss the action or, in the alternative, to vacate Paragraph (C) of the Order. (Memorandum of Law in Support of Defendants' Appeal at 13.) There was no oral argument. Fed. R. Civ. P. 78. For the reasons set forth below, Judge Hedges' December 13, 2004 Case Management Order is affirmed.

This Court may not reverse a Magistrate's resolution of a non-dispositive motion unless it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Moreover, with regard to discovery matters, Magistrates exercise broad discretion, and their determinations may be overturned only if there is an abuse of discretion or legal error. *Public Interest Research Group of N.J., Inc. v. Hercules, Inc.*, 830 F. Supp. 1525, 1546–47 (D.N.J.1993), *aff'd in part and rev'd in part*, 50 F.3d 1239 (3d Cir. 1995); *Republic of Philippines v. Westinghouse Elec. Corp.*, 132 F.R.D. 384, 387 (D.N.J. 1990).

Defendants argue that Judge Hedges committed legal error in allowing class certification discovery to proceed in this case pending resolution of their motion to dismiss because: (1) Plaintiffs' claims are subject to the automatic stay provisions of the Private Securities Litigation Reform Act ("PSLRA"); (2) Plaintiffs' claims are preempted by the Securities Litigation Uniform Standards Act of 1998 ("SLUSA") and, therefore, are subject to the automatic stay provisions of the PSLRA; and (3) Plaintiffs' state law claims are subject Delaware's Rule 23.1 and Federal Rule of Civil Procedure 23.1, both of which require derivative claimants to plead with particularity what efforts they have made to make a demand on the board. These arguments are without merit, however, as: (1) none of the claims in this case are asserted under the Securities Act of 1933 or the Securities Exchange Act of 1934; (2) Defendants have not identified (nor has the Court discovered any) authority to support Defendants' assertion that Plaintiffs' state law claims are preempted by SLUSA; and (3) the Court has seen no authority for the proposition that Federal Rule of Civil Procedure 23.1 or Delaware's Rule 23.1 impose any such automatic stay in this action in this Court, and, in any case, the class certification discovery permitted by the December 13, 2004 Case Management Order has no connection with Plaintiffs pleading obligations on their derivative claim.

In the alternative, Defendants argue that Judge Hedges committed legal error by declining to exercise his discretion to stay discovery pending resolution of their motion to dismiss. Again, the Court finds that Judges Hedges committed no legal error. A court may in its discretion stay discovery pending resolution of a motion to dismiss upon a showing of "good cause." Fed. R. Civ. P. 26. In deciding whether to exercise such discretion, courts generally consider "the breadth of discovery sought and the burden of responding to it." *Johnson v. N.Y.U. Sch. of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002). Although clearly Defendants can identify several

3

instances in which courts have found it appropriate to stay discovery pending resolution of a motion to dismiss, Judge Hedges cannot be said to have committed legal error simply because he declined to stay *all* discovery in this case pending resolution of Defendants' motion to dismiss. A stay is a discretionary measure, not—as Defendants would have it—a mandatory one.

Moreover, the record does not demonstrate any abuse of discretion. The December 13, 2004 Case Management Order was issued as a result of Defendants' October 26, 2004 motion for reconsideration of Judge Hedges' October 18, 2004 Letter-Order declining Defendants' request for a stay of all discovery pending resolution of the motion to dismiss. The October 18, 2004 Letter-Order stated: "[R]ather than grant defendants a discretionary stay of all discovery, I deem it appropriate to allow plaintiffs to proceed on class certification-related discovery. This will afford defendants protection from unlimited merits discovery and will, at the same time, allow the parties to prepare for class certification." In addition, the transcript of the November 29, 2004 hearing before Judge Hedges indicates that he in fact scaled back the discovery Plaintiffs sought. Given the content of the October 18, 2004 Letter-Order and Judge Hedges' remarks at the November 29, 2004 hearing, it is clear that Judge Hedges properly considered the relevant factors—"breadth of the discovery sought" and the "burden imposed" on the parties— in deciding to permit class certification discovery to proceed. Under these circumstances, the Court can find no abuse of discretion.

For the foregoing reasons, the Court affirms Judge Hedges' December 13, 2004 Case Management Order.

An appropriate Order accompanies this Letter Opinion.

William J. Martini, U.S.D.J.

cc:   The Honorable Ronald J. Hedges, U.S.M.J.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE LORD ABBETT MUTUAL FUNDS FEE LITIGATION<br><br>THIS DOCUMENT RELATES TO: ALL ACTIONS | MASTER FILE: 04-CV-0559 (WJM)<br><br>ORDER<br><br>HON. WILLIAM J. MARTINI |

For the reasons stated in the accompanying Letter Opinion, and for good cause shown,

IT IS on this ___ day of February 2005, hereby

**ORDERED** that the December 13, 2004 Case Management Order is affirmed.

_____
William J. Martini, U.S.D.J.

cc:   The Honorable Ronald J. Hedges, U.S.M.J.