UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ERIC FORSYTHE, et al.,<br><br>               Plaintiffs,<br>   v.<br><br>SUN LIFE FINANCIAL, INC., ET AL.,<br><br>               Defendants. | No. 04-10584-GAO<br><br>Consolidated Cases Nos.:<br><br>04-10764-GAO<br>04-11019-GAO |

**MOTION FOR LEAVE TO SUBMIT
<u>SUPPLEMENTAL AUTHORITY</u>**

Jeffrey B. Rudman (BBO #433380)
William H. Paine (BBO #550506)
Jonathan A. Shapiro (BBO #567838)
Amanda P. Masselam (BBO #641108)
Matthew A. Stowe (BBO #650473)
WILMER CUTLER PICKERING
   HALE AND DORR LLP
60 State Street
Boston, MA  02109
(617) 526-6000

Pursuant to Local Rule 7.1(B)(3), Defendants respectfully request leave to submit as supplemental authority in support of their Motion to Dismiss the Consolidated Amended Complaint the recent decision of the U.S. District Court for the Southern District of New York, In re Eaton Vance Mutual Funds Fee Litig., 380 F. Supp. 2d 222 (S.D.N.Y. 2005) ("Eaton Vance"), attached as Exhibit A.

Eaton Vance dismissed in its entirety a nearly identical complaint filed by counsel for plaintiffs in this case against a different investment adviser and related entities and individuals. That complaint was based on nearly identical (and often verbatim) allegations concerning "revenue sharing," "shelf space," and "soft dollar" practices that it alleged are "no different from those" MFS allegedly engaged in.  Compare Eaton Vance Compl. ¶ 5 (challenged Eaton Vance practices "no different" from practices for which SEC penalized MFS) with MFS Compl. ¶ 85 (complaint against MFS based on "same conduct" for which SEC penalized MFS).[1]  Both Eaton Vance and MFS, for example, were alleged to have violated federal and state law by virtue of their alleged failure to disclose their participation in the Morgan Stanley "Partners Program," as well as similar programs offered by Wachovia Securities and Salomon Smith Barney.  Compare Eaton Vance Compl. ¶¶ 5, 8, 61-73 with MFS Compl. ¶¶ 3-8, 46-52.  Except for a New York statutory count, the ten counts of the Eaton Vance complaint were essentially cut and pasted into the Forsythe complaint against MFS, compare Eaton Vance Compl. ¶¶ 127-88 with MFS Compl. ¶¶ 143-99, as were pages of argument from their brief cut and pasted into their brief here.  The order dismissing the Eaton Vance complaint supports the MFS defendants' arguments that the indistinguishable complaint at issue in this case should be dismissed as well.

---

[1]   "Eaton Vance Compl." refers to the Second Amended Complaint filed by plaintiffs in Eaton Vance, and is attached as Exhibit B.  "MFS Compl." refers to the Consolidated Amended Complaint filed in this action on March 3, 2005.

First, the Eaton Vance court dismissed Counts I, II, and IV asserted under sections 34(b), 36(a), and 48(a) of the Investment Company Act of 1940 – which are identical to Counts I, II, and IV of the complaint against MFS – on the ground that they supply no private right action. See Eaton Vance, 380 F. Supp. 2d at 231-33. Specifically, the court applied the teaching of Alexander v. Sandoval, 532 U.S. 275 (2001), and held that "[t]he absence of rights-creating language, the existence of an alternative method of enforcement, and the existence of an explicit private right of action for another provision of the statute creates the strong presumption that Congress did not intend to create private rights of action under §§ 34(b), 36(a), or 48(a)." Id. at 232 (agreeing with Chamberlain v. Aberdeen Asset Mgmt. Ltd., No. 02 Civ. 5780, 2005 WL 195520, at *2-4 (E.D.N.Y. Jan. 21, 2005), and In re Merrill Lynch & Co., Inc. Research Reports Sec. Litig., 272 F. Supp. 2d 243, 255-59 (S.D.N.Y. 2003)). In holding that sections 34(b), 36(a), and 48(a) supply no private right of action, the court rejected the argument made by plaintiffs here that Olmstead v. Pruco Life Ins. Co., 283 F.3d 429 (2d Cir. 2002), "is distinguishable" and that Strougo v. Bassini, 282 F.3d 162 (2d Cir. 2002), shows that the Second Circuit "has not rejected private rights of action under the ICA as defendants argue." See Eaton Vance, 380 F. Supp. 2d at 232-33; Opp. at 37-40.[2] Eaton Vance fully supports the MFS defendants' argument that no private right of action exists under sections 34(b), 36(a), and 48(a), see Mem. at 8-11, 17; Reply at 7-10,[3] and adds to the growing body of cases holding that no such private rights of action exist.[4] For this reason, Counts I, II, and IV of the Forsythe complaint should be dismissed.

---

[2] "Opp." refers to Plaintiffs' Opposition to Defendants' Motion to Dismiss the Consolidated Amended Class Action Complaint filed in this case on May 25, 2005.
[3] "Mem." refers to the Memorandum of Law in Support of Defendants' Motion To Dismiss the Consolidated Amended Complaint filed in this case on April 15, 2005. "Reply" refers to the Reply Memorandum in Support of Defendants' Motion To Dismiss Plaintiffs' Complaint filed in this case on June 24, 2005.
[4] See, e.g., Dull v. Arch, No. 05 C 140, 2005 WL 1799270, at *2-3 (N.D. Ill. July 27, 2005); Jacobs v. Bremner, No. 05 C 143, 2005 WL 1719307 (N. D. Ill. July 20, 2005).

Second, the Eaton Vance court dismissed all of the plaintiffs' direct claims against the Eaton Vance defendants because, under Massachusetts law, such claims "must be brought as derivative claims." Eaton Vance, 380 F. Supp. 2d at 233-36. The court relied on the very cases cited in the MFS defendants' briefing, compare id. with Mem. at 29-30; Reply at 24-26, concluding that plaintiffs had no standing to bring direct claims because – if they were harmed at all – they were only *indirectly harmed* by virtue of their status as fund shareholders: "the injury asserted – the misuse of Eaton Vance Funds' assets to provide excessive compensation to brokers, improper 12b-1 plans, and soft dollar compensation to brokers – is an injury to the Eaton Vance Funds that adversely affects the plaintiffs only indirectly through their status as investors in the Eaton Vance Funds." Id. at 234. The court both addressed and rejected the argument made by plaintiffs here that the "indirect injury test" is not the standard for determining whether a claim is direct or derivative under Massachusetts law. Compare id. with Opp. at 54-55. Thus, for the reasons stated in Eaton Vance and the MFS defendants' papers, plaintiffs' direct state-law claims set forth in Counts VI, VII, VIII, and IX of the complaint should be dismissed. See Eaton Vance, 380 F. Supp. 2d at 233-36; Mem. at 29-30; Reply at 24-26. For the same reasons, even if there were private rights of action under sections 34(b), 36(a), and 48(a), those claims (Counts I, II, and IV), too, must be dismissed. See id.

Third, Eaton Vance also supports the MFS defendants' argument that even if plaintiffs' state-law claims could be asserted directly, they must nonetheless be dismissed because they are preempted by SLUSA. See Eaton Vance, 380 F. Supp. 2d at 240-42; Mem. at 31-32; Reply at 26-27. Plaintiffs here have argued that SLUSA does not preempt their state-law claims because their claims "are brought on behalf of a class of **holders** of MFS Funds." Opp. at 56. The Eaton Vance court rejected this argument: "The proposed Class consists of persons who 'held' shares

-3-

of the Funds at any time during the class period. Although the plaintiffs disavow claims based on the purchase or sale of shares, the class definition makes no attempt to exclude class members who have purchased or sold shares during that time period." Eaton Vance, 380 F. Supp. 2d at 241. This conclusion applies with equal force here, where the proposed class definition makes no attempt to exclude class members who purchased or sold during the putative class period. See MFS Compl. ¶ 2 (defining class as "all persons who held one or more shares" during the class period). For this additional reason, Counts VI, VII, VIII, and IX should be dismissed.

Fourth, the court in Eaton Vance dismissed plaintiffs' section 36(b) claim for reasons that apply with equal force here. See Eaton Vance, 380 F. Supp. 2d at 236-38. The court held that the complaint was deficient because it did "not allege any facts that would demonstrate the compensation paid to the defendants was disproportionate to the services rendered." Id. at 237. The court noted that plaintiffs' argument was not that the challenged fees were excessive *vis a vis* the services rendered, but were allegedly excessive because they were allegedly "used for an improper purpose." Id. ("The allegation that the defendants authorized improper 12b-1 fees, soft dollar payments, and commissions to brokers are insufficient to allege a claim under 36(b), which addresses only the negotiation and enforcement of payment arrangements between investment advisers and funds, not whether investment advisers acted improperly in the use of the funds."). The court further held that plaintiffs' claims were outside the scope of section 36(b) for the additional reason that they purported to seek recovery against persons and entities other than those that were the "recipients" of the allegedly excessive fees. Id. at 238. As the court observed, section 36(b)(3) "limits § 36(b) claims to the recipients of the compensation or payments." Id. Neither investment advisers nor fund trustees are recipients of 12b-1 fees or broker commissions, and thus no claim may be made against them, even if they "indirectly"

benefited from those fees or payments. Id. Plaintiffs' section 36(b) claim against the MFS defendants (Count III) fails for the same exact reasons that they failed against Eaton Vance and for the additional reasons set forth in the MFS defendants' papers. See Mem. at 11-16; Reply at 10-16.

Fifth, the Eaton Vance court dismissed a derivative claim asserted under the Investment Advisers Act of 1940 because, just as here, "the plaintiffs have failed to comply with Rule 23.1 of the Federal Rules of Civil Procedure." Eaton Vance, 380 F. Supp. 2d at 238-40. The court rejected as "insufficient to excuse the demand requirement under Massachusetts law" plaintiffs' arguments that the trustees were "beholden to," or lacked independence from, the adviser defendant, and were "incapable of making an independent decision" concerning whether to bring suit because they would be required to sue themselves. Id. at 239-40. Plaintiffs here make those same arguments, see Opp. at 46-50, and they should be rejected for the reasons stated in Eaton Vance and in the MFS defendants' papers. See Mem. at 19-26; Reply at 19-22. Count V of the plaintiffs' complaint should thus be dismissed.

## *Conclusion*

For these reasons, and the further reasons set forth in defendants' Memorandum and Reply, defendants respectfully request that this Court grant their Motion for Leave to Submit Supplemental Authority and their Motion to Dismiss the Consolidated Amended Complaint.

Dated: October 10, 2005

    Respectfully Submitted,

    Sun Life Financial, Inc., Massachusetts Financial Services Co., and MFS Fund Distributors, Inc.,

    By their attorneys,

    /s/ Jonathan A. Shapiro
    Jeffrey B. Rudman (BBO #433380)
    William H. Paine (BBO #550506)
    Jonathan A. Shapiro (BBO #567838)
    Amanda P. Masselam (BBO #641108)
    Matthew A. Stowe (BBO #650473)
    WILMER CUTLER PICKERING
       HALE AND DORR LLP
    60 State Street
    Boston, MA 02109
    (617) 526-6000

    Jeffrey L. Shames,

    By his attorneys,

    /s/ James C. Rehnquist (JAS by permission)
    James C. Rehnquist (BBO #552602)
    Abigail K. Hemani (BBO #650721)
    GOODWIN PROCTER LLP
    Exchange Place
    53 State Street
    Boston, MA 02109

    John W. Ballen,

    By his attorneys,

    /s/ John J. Falvey (JAS by permission)
    John J. Falvey, Jr. (BBO # 542674)
    GOODWIN PROCTER LLP
    Exchange Place
    53 State Street
    Boston, MA 02109

Kevin J. Parke,

By his attorneys,

/s/ George J. Skelly (JAS by permission)
George J. Skelly (BBO #546797)
David M. Ryan (BBO #644037)
NIXON PEABODY LLP
101 Federal Street
Boston, MA  02110

Lawrence H. Cohn, William R. Gutow,
J. Atwood Ives, Abby M. O'Neill, Lawrence T.
Perera, William J. Poorvu,
J. Dale Sherratt, Elaine R. Smith,
and the MFS Funds,

By their attorneys,

/s/ John D. Donovan (JAS by permission)
John D. Donovan (BBO #130950)
Jane E. Willis (BBO #568024)
ROPES & GRAY LLP
One International Place
Boston, MA 02110

## LOCAL RULE 7.1(a)(2) CERTIFICATION

The undersigned counsel for the MFS defendants hereby certifies that on October 5, 2005 at 3:00 p.m. he conferred by telephone with plaintiffs' counsel, Michael Reese, in a good faith attempt to resolve or narrow the issues raised in this Motion, but no agreement was reached.

/s/ Matthew A. Stowe\
Matthew A. Stowe

Dated: October 10, 2005

## CERTIFICATE OF SERVICE

I, Matthew A. Stowe, hereby certify that on October 10, 2005, I caused a copy of the foregoing document to be served either electronically or by overnight mail upon counsel for plaintiffs.

/s/ Matthew A. Stowe (JAS by permission)\
Matthew A. Stowe

Dated: October 10, 2005

-8-