UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ERIC FORSYTHE, et al.,<br><br>　　　　　　　　Plaintiffs,<br>　v.<br><br>SUN LIFE FINANCIAL, INC., ET AL.,<br><br>　　　　　　　　Defendants. | No. 04-10584-GAO<br><br>Consolidated Cases Nos.:<br><br>04-10764-GAO<br>04-11019-GAO |

MOTION FOR LEAVE
TO SUBMIT SUPPLEMENTAL AUTHORITY

Pursuant to Local Rule 7.1(B)(3), Defendants respectfully request leave to submit as supplemental authority in support of their Motion to Dismiss the Consolidated Amended Complaint a recent decision of the U.S. District Court for the Southern District of New York, In re AllianceBernstein Mutual Fund Excessive Fee Litig., No. 04-4885 (SWK), 2006 U.S. Dist. LEXIS 939 (S.D.N.Y. Jan. 11, 2006) (attached as Ex. A).  Plaintiffs previously submitted as supplemental authority Judge Kram's October 19, 2005 AllianceBernstein decision, which granted in part and denied in part the AllianceBernstein defendants' motion to dismiss a complaint nearly identical to the one at issue in this case.  See Pls.' Mem., Ex. A.[1]  Since that time, the AllianceBernstein defendants moved for reconsideration of that decision.  In the attached decision, Judge Kram granted that motion and dismissed the complaint in its entirety.

Specifically, Judge Kram held that the complaint's reliance on "statistics suggesting [that the investment adviser] failed to pass on savings generated by economies of scale" was not enough to support a Section 36(b) claim where, as here, those isolated statistics referred largely

---

[1] "Pls.' Mem." refers to the Memorandum of Law in Support of Plaintiffs' Motion for Leave to Submit Supplemental Authority in Further Support of Plaintiffs' Opposition to Defendants' Motion To Dismiss, dated October 24, 2005 and entered as docket no. 91.

to a time period before the relevant statutory one-year lookback period.  Compare AllianceBernstein, 2006 U.S. Dist. LEXIS 939, at *5-7 (citation to "statistical trends that do not fall squarely within the applicable one-year time period . . . weakens Plaintiffs' economies of scale argument considerably") with Forsythe Compl. ¶ 102 (alleging nearly identical statistics also not falling squarely within the applicable one-year time period).  Judge Kram also noted that her prior ruling upholding some of the Section 36(b) claims "did not take into account the ICA's statutory presumption of director independence," 2006 U.S. Dist. LEXIS 939, at *9-10 (citing 15 U.S.C. §§ 80a-2(a)(9), 80a-2(a)(19)(A)), and overlooked defendants' legal arguments that "undermine this Court's previous calculation of the legal force of the facts pled in the Complaint," id. at *11.  Judge Kram's observations apply with equal force here.  See Defs.' Mem. at 20 (statutory presumption trustees not "interested"); Reply at 19 (same); Mem. at 14 (Section 36(b) claim based on inferences not supported by pleaded facts); Reply at 13-15 (same).[2]

Dated:  January 18, 2006

                                                Respectfully Submitted,

                                                Sun Life Financial, Inc., Massachusetts Financial Services Co., and MFS Fund Distributors, Inc.,

                                                By their attorneys,

---

[2] "Defs.' Mem." refers to the Memorandum of Law in Support of Defendants' Motion to Dismiss the Consolidated Amended Complaint, filed April 15, 2005.  "Reply" refers to Reply Memorandum in Further Support of Defendants' Motion to Dismiss the Consolidated Amended Complaint, filed June 24, 2005.

/s/ Jonathan A. Shapiro
Jeffrey B. Rudman (BBO #433380)
William H. Paine (BBO #550506)
Jonathan A. Shapiro (BBO #567838)
Amanda P. Masselam (BBO #641108)
Matthew A. Stowe (BBO #650473)
WILMER CUTLER PICKERING
    HALE AND DORR LLP
60 State Street
Boston, MA  02109
(617) 526-6000


Jeffrey L. Shames,

By his attorneys,


 /s/ James C. Rehnquist (JAS by permission)
James C. Rehnquist (BBO #552602)
Abigail K. Hemani  (BBO #650721)
GOODWIN PROCTER LLP
Exchange Place
53 State Street
Boston, MA  02109

John W. Ballen,

By his attorneys,


/s/ John J. Falvey (JAS by permission)
John J. Falvey, Jr. (BBO # 542674)
GOODWIN PROCTER LLP
Exchange Place
53 State Street
Boston, MA  02109


Kevin J. Parke,

By his attorneys,

/s/ George J. Skelly (JAS by permission)
George J. Skelly (BBO #546797)
David M. Ryan (BBO #644037)
NIXON PEABODY LLP
101 Federal Street
Boston, MA  02110


Lawrence H. Cohn, William R. Gutow,
J. Atwood Ives, Abby M. O'Neill, Lawrence T.
Perera, William J. Poorvu,
J. Dale Sherratt, Elaine R. Smith,
and the MFS Funds,

By their attorneys,


/s/ John D. Donovan (JAS by permission)
John D. Donovan (BBO #130950)
Jane E. Willis (BBO #568024)
ROPES & GRAY LLP
One International Place
Boston, MA 02110

## LOCAL RULE 7.1(a)(2) CERTIFICATION

The undersigned counsel for the MFS defendants hereby certifies that on January 17, 2006, he conferred by telephone with plaintiffs' counsel, Nancy Gans, in a good faith attempt to resolve or narrow the issues raised in this Motion. Ms. Gans assented to the filing of the AllianceBernstein opinion as supplemental authority but did not otherwise assent to the content of the foregoing motion.

/s/ Matthew A. Stowe
Matthew A. Stowe

Dated: January 18, 2006

## CERTIFICATE OF SERVICE

I, Matthew A. Stowe, hereby certify that on January 18, 2006, I caused a copy of the foregoing document to be served either electronically or by overnight mail upon counsel for plaintiffs.

/s/ Matthew A. Stowe (JAS by permission)
Matthew A. Stowe

Dated: January 18, 2006

US1DOCS 5475512v1