# EXHIBIT A

1 of 4 DOCUMENTS

In re ALLIANCEBERNSTEIN MUTUAL FUND EXCESSIVE FEE LITIGATION

04 Civ. 4885 (SWK)

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

2006 U.S. Dist. LEXIS 939

January 11, 2006, Decided
January 11, 2006, Filed

**JUDGES:** [*1] SHIRLEY WOHL KRAM, UNITED STATES DISTRICT JUDGE.

**OPINIONBY:** SHIRLEY WOHL KRAM

**OPINION:** SHIRLEY WOHL KRAM, U.S.D.J.

I.

On February 4, 2005, Plaintiffs filed an Amended Complaint ("Complaint") alleging a litany of direct and derivative claims against the advisors, distributors, and directors ("Defendants") of the AllianceBernstein mutual funds (the "Funds"). Plaintiffs accused Defendants of making untrue statements, violating their fiduciary duties, and charging excessive advisory fees in violation of the Investment Company Act of 1940 ("ICA"), Investment Advisers Act of 1940 ("IAA"), and state common law. On October 19, 2005, this Court dismissed nine of Plaintiffs' claims, but sustained a single cause of action against Alliance Capital Management, L.P., Alliance Capital Management Holding L.P., and Alliance Capital Management Corporation (together, the "Investment Adviser Defendants") brought under Section 36(b) of the ICA. See *In re AllianceBernstein Mutual Fund Excessive Fee Litig., No. 04 Civ. 4885, 2005 U.S. Dist. LEXIS 24263 (S.D.N.Y. Oct. 19, 2005)*. The Investment Adviser Defendants now move to reconsider this remaining claim, pursuant to *Federal Rule of Civil Procedure 59(e)* [*2] and Local Rule 6.3. For the reasons set forth below, the motion is granted.

II.

The decision to grant or deny a motion for reconsideration under Rule 59(e) or Local Rule 6.3 rests within the sound discretion of the district court. See *McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir. 1983)*. "Such motions must be narrowly construed and strictly applied to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Rd. Music, Inc. v. Music Sales Corp., 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000)*. Accordingly, district courts should deny a motion for reconsideration when the movant "seeks solely to relitigate an issue already decided." *Shrader v. CSX Transportation, Inc., 70 F.3d 255, 257 (2d Cir. 1995)*. Reconsideration is appropriate, however, in circumstances where the court has overlooked relevant case law or legislative history, which, had it been considered, might have reasonably altered the result before the court. See id.

III.

The Investment Adviser Defendants petition this Court to reconsider its denial of their motion to dismiss Plaintiffs' claim under [*3] Section 36(b) of the ICA. That Section provides a cause of action for private litigants to enforce the fiduciary duties of investment advisers who charge excessive fees for their services. n1 To prove a violation of the statute, a plaintiff must establish that the fee "is so disproportionately large that it bears no reasonable relationship to the services rendered and could not have been the product of arm's-length bargaining." *Gartenberg v. Merrill Lynch Asset Mgmt., Inc., 694 F.2d 923, 928 (2d Cir. 1982)*. In making this determination, courts must consider all relevant facts, including: (1) the nature and quality of the services provided by the advisers to the shareholders; (2) the profitability of the mutual fund to the adviser-manager; (3) "fall-out" benefits; (4) the economies of scale achieved by the mutual fund and whether such savings were passed on to the shareholders; (5) comparative fee structures; and (6) the independence

Case 1:04-cv-10584-GAO    Document 99-2    Filed 01/18/2006    Page 3 of 5

Page 2
2006 U.S. Dist. LEXIS 939, *

and conscientiousness of the mutual fund's outside trustees. See *id. at 929-30*. In its October 19 Opinion, this Court concluded that Plaintiffs stated a valid claim under Section 36(b), relying primarily on facts suggesting [*4] that the Investment Adviser Defendants failed to pass on savings generated by economies of scale. See *In re AllianceBernstein, 2005 U.S. Dist. LEXIS 24263*, at *18-22. This Court's ruling also relied, to a lesser extent, on allegations that some of the Funds' directors were improperly controlled by the Investment Adviser Defendants who authorized large payments to brokers without a legitimate 12b-1 plan. See id. After more comprehensive briefing by the parties on this remaining cause of action, the Court concludes that Plaintiffs fail to state a claim under Section 36(b) of the ICA.

> n1 Section 36(b) provides, in relevant part, that "the investment adviser of a registered investment company shall be deemed to have a fiduciary duty with respect to the receipt of compensation for services, or of payments of a material nature, paid by such registered investment company, or by the security holders thereof, to such investment advisor or any affiliated person of such investment advisor." *15 U.S.C. § 80a-35(b)*.

[*5]
Defendants' motion for reconsideration points to major gaps in the facts pled in support of Plaintiffs' Section 36(b) excessive fee claim. In an effort to analyze the Complaint in accordance with the factors listed in Gartenberg, the Court, in part, based its previous ruling on statistics suggesting Plaintiffs failed to pass on savings generated by economies of scale to shareholders. Specifically, the Complaint states that:

> despite the fact the net assets of the AllianceBernstein Growth & Income Fund increased from $ 1,503,874,[000] to $ 3,003,001,[000] [sic] during the Class Period, the net asset value per share of the fund decreased by 24.5% falling from $ 3.44 in 1999 to $ 2.60 in 2003. Yet during the same period, expenses charged by Defendants increased, with the ratio of expenses to net assets jumping from 0.93% to 1.22% in 2003.

(Am. Compl. P143.) Section 36(b), however, explicitly limits recovery to the one-year period prior to the commencement of litigation. n2 Therefore, because Plaintiffs filed their initial complaint on June 22, 2004, they must plead facts demonstrating the existence of excessive advisory fees between June 22, 2003 and June 22, 2004. Notably, [*6] the statistics in paragraph 143 of the Complaint only cover approximately four months of this time period, posing a serious problem for the survival of Plaintiffs' Section 36(b) claim.

> n2 Section 36(b)(3) states that "no award of damages shall be recoverable for any period prior to one year before the action was instituted." *15 U.S.C. § 80a-35(b)(3)*.

Despite this defect, Plaintiffs maintain that the Court should deny the Investment Adviser Defendants' reconsideration motion. They argue that while the statistics at issue largely refer to financial trends outside the relevant time period, they may be used demonstrate the existence of excessive advisory fees within the relevant time period. Accepting this position, however, would require the Court to make a dramatic extrapolation by inferring the existence of excessive fees without adequate supporting evidence in the Complaint. Though it may be possible in certain circumstances to demonstrate the existence of excessive fees by using statistical [*7] trends that do not fall squarely within the applicable one-year time period, the Investment Adviser Defendants are correct in asserting that this approach weakens Plaintiffs' economies of scale argument considerably. n3

> n3 The legislative history of Section 36(b) reinforces the Court's reluctance to embrace the statistical trends in the Complaint as probative of the Investment Adviser Defendants' failure to pass on savings to shareholders. In contrast to the five-year period set forth in Section 36(a) for SEC enforcement, Congress sharply limited recovery under Section 36(b) to a one-year time period because it wanted to create a limited mechanism with which to test and rectify advisory fees in the mutual fund industry. *Krinsk v. Fund Asset Mgmt., Inc.*, No. 85 Civ. 8428, *1986 U.S. Dist. LEXIS 25691*, at *11-12 (S.D.N.Y. May 9, 1986). Legislative insistence in restricting the

Case 1:04-cv-10584-GAO   Document 99-2   Filed 01/18/2006   Page 4 of 5

Page 3
2006 U.S. Dist. LEXIS 939, *

applicable time period disinclines the Court to make factual extrapolations or speculative inferences in Plaintiffs' favor.

[*8]

The Investment Adviser Defendants further undermine Plaintiffs' remaining claim by providing revealing statistics from financial reports that cover approximately eight months of the relevant time period. The AllianceBernstein Growth & Income Fund Annual Report indicates that that from October 31, 2003 to October 31, 2004:

> the Fund's assets decreased from $ 3,000,001,000 to $ 2,893,373,000, yet its expense ratio also decreased dramatically, from 1.22% to 1.02%. (emphasis in original)

AllianceBernstein Growth & Income Fund October 31, 2004 Annual Report at 27. n4 These statistics paint a more complete picture of the financial trends of the Fund in question. They demonstrate that the Fund's expense ratio actually decreased over a year that overlaps with eight months of the relevant time period. These statistics, presented by the Investment Adviser Defendants in their reconsideration motion, dilute the lone facts supporting Plaintiffs' claim that the Funds' investment advisers failed to pass on savings generated by economies of scale to shareholders.

> n4 As a publicly available report filed with the SEC, the Court may consider this information on a motion to dismiss. See *Kramer v. Time Warner Inc.*, 937 F.2d 767, 773 (2d Cir. 1991).

[*9]

The Investment Adviser Defendants' motion for reconsideration also refers to case law underscoring the ICA's statutory presumption of director independence. This Court's previous ruling, tracking the sixth factor listed in Gartenberg, credited Plaintiffs for pleading facts showing that some of the Funds' directors were employees of the Investment Adviser Defendants, were beholden to the Investment Adviser Defendants for their positions, and ineffectively supervised dozens of Funds. (Am. Compl. PP125-26.) The ruling stated that "such practices create a reasonable inference, especially at this stage of litigation, that the fee arrangements between the Funds and their investment advisers might not have been the result of rigorous arms-length negotiations." See *In re AllianceBernstein*, 2005 U.S. Dist. LEXIS 24263, at *21. This analysis, however, did not take into account the ICA's statutory presumption of director independence. While the ICA considers a director "interested" when an investment adviser "exercise[s] a controlling influence" over that director, *15 U.S.C. § § 80a-2(a) (19) (A) (i) and (9)*, it nonetheless states that a "natural [*10] person shall be presumed not to be a controlled person." *15 U.S.C. § 80a-2(a) (9)*.

Courts have relied on the ICA's statutory presumption of director independence to dismiss Section 36(b) claims premised on similar allegations of director control by an investment adviser. In *Verkouteren v. BlackRock Financial Management, Inc.*, 98 Civ. 4673, 1999 U.S. Dist. LEXIS 10892 (S.D.N.Y. July 20, 1999), aff'd, 203 F.3d 204 (2d Cir. 2000), the district court dismissed a plaintiff's excessive fee claim for failure to rebut the presumption of director independence set forth in the ICA. It employed a fairly high standard for rebutting the presumption by dismissing a Section 36(b) claim premised on, inter alia, allegations that the directors in question were coopted by their adviser, received substantial compensation, and served in positions of leadership on the board of directors of their investment adviser. See id. at *9-12. The Third and Fourth Circuits have taken a similar posture in dismissing claims that fail to unambiguously demonstrate director domination by an investment adviser. See *Krantz v. Prudential Invs. Fund Mgmt. LLC*, 305 F.3d 140, 143-44 (3d Cir. 2002), [*11] cert. denied, 537 U.S. 1113 (2003); *Migdal v. Row Price-Fleming Int'l, Inc.*, 248 F.3d 321, 331 (4th Cir. 2001). Thus, the Investment Adviser Defendants identify relevant case law, previously overlooked by this Court, supporting the conclusion that Plaintiffs' allegations fail to rebut the ICA's statutory presumption of director independence.

### IV.

The Investment Adviser Defendants point to relevant case law, legislative history, and public securities filings that undermine this Court's previous calculation of the legal force of the facts pled in the Complaint. Specifically, comprehensive briefing by the parties has revealed fatal gaps in the statistics used by Plaintiffs to allege that the Investment Adviser Defendants failed to pass on savings generated by economies of scale. In addition, the Investment Adviser De-

fendants demonstrate that Plaintiffs fail to rebut the statutory presumption of director independence found in the ICA. Consequently, the Court vacates its previous ruling upholding Plaintiffs' Section 36(b) claim and hereby dismisses this remaining claim.

SO ORDERED.

SHIRLEY WOHL KRAM

UNITED STATES DISTRICT JUDGE

DATED: [*12] New York, New York

January 11, 2006