## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ERIC FORSYTHE, et al., | No. 04-10584-GAO |
| Plaintiffs, | Consolidated Cases Nos.: |
| v. | |
| SUN LIFE FINANCIAL, INC., et al., | 04-10764-GAO<br>04-11019-GAO |
| Defendants. | |

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS MASSACHUSETTS FINANCIAL SERVICES CO. AND MFS FUND DISTRIBUTORS, INC.

Defendants Massachusetts Financial Services Co. ("MFS") and MFS Fund Distributors, Inc. ("MFD") (collectively, "Defendants"), based on their knowledge and information and belief, hereby answer the Consolidated Amended Complaint ("Complaint") filed in the above-captioned matter on March 3, 2005. In responding to the Complaint, Defendants do not admit that they bear the burden of proving any of the defenses set forth below. Unless otherwise stated, Defendants give all terms their ordinary meaning and do not admit to any purported definitions of any terms set forth in the Complaint. Defendants further state that, by virtue of the Court's January 19, 2006 Order ("January 2006 Order"): (*i*) this Answer is filed on behalf of only Massachusetts Financial Services Co. and MFS Fund Distributors, Inc. (all other defendants have been dismissed); (*ii*) no response is required to any allegations except those relating to the one remaining claim (Count III) asserted on behalf of two MFS Funds (Massachusetts Investors Trust and MFS Utilities Fund) for the "damages period" March 25, 2003 to March 25, 2004; and (*iii*) no response is required to any allegations concerning a putative Class because the one

remaining claim may not be maintained as a class action, and Defendants understand that plaintiffs are not seeking to certify any class with respect to the one remaining claim.

1.      No response is required to the allegations of Paragraph 1, which purport to describe or construe the Complaint.  To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of plaintiffs' counsel's alleged investigation, and otherwise deny the allegations of Paragraph 1.

2.      No response is required to the allegations in the first sentence of Paragraph 2, which purport to describe or construe the Complaint.  To the extent a response is required, Defendants deny the allegations in the first sentence of Paragraph 2.  Defendants deny the remaining allegations of Paragraph 2.

3.      Defendants deny the allegations of Paragraph 3.

4.      Defendants admit that MFS received fees management fees that were calculated as a percentage of assets under management and deny the remaining allegations of Paragraph 4.

5.      Defendants deny the allegations of Paragraph 5.

6.      Defendants deny the allegations of Paragraph 6.

7.      Defendants admit that a document dated November 17, 2003, entitled "SEC Order Instituting Administrative and Cease-and-Desist Proceedings, Making Findings, and Imposing Remedial Sanctions and a Cease-and-Desist Order Pursuant to Section 8A of the Securities Act of 1933 and Section 15(b) and 21C of the Securities Exchange Act of 1934," bearing the caption In the Matter of Morgan Stanley DW, Inc. (the "Morgan Stanley SEC Order") can be found at http://www.sec.gov/litigation/admin/33-8339.htm.  No response required to the allegations in

Paragraph 7 concerning the Morgan Stanley SEC Order, because it speaks for itself.  Defendants admit that there is a website with the URL www.morganstanley.com/cgi-bin/morganstanley.com/pressroom.cgi?action=load&uid=306 (the "Website") but state that no response is required to the allegations concerning the Website, which speaks for itself.  To the extent a response is required, Defendants deny that the allegations in Paragraph 7 concerning the Morgan Stanley SEC Order or the Website are complete or accurate, and therefore deny those allegations.  Defendants deny the remaining allegations of Paragraph 7.

8.      No response is required to the allegations in Paragraph 8 concerning the Morgan Stanley SEC Order, because it speaks for itself.  To the extent a response is required, Defendants deny that the allegations in Paragraph 8 concerning the Morgan Stanley SEC Order are complete or accurate, and therefore deny those allegations.

9.      No response is required to the allegations in Paragraph 9 concerning the Morgan Stanley SEC Order, because it speaks for itself.  To the extent a response is required, Defendants deny that the allegations in Paragraph 9 concerning the Morgan Stanley SEC Order are complete or accurate, and therefore deny those allegations.

10.     No response is required to the allegations of Paragraph 10 concerning the Morgan Stanley SEC Order and the NASD enforcement action, because the Morgan Stanley SEC Order and NASD enforcement action speak for themselves.  To the extent a response is required, Defendants deny that the allegations concerning the Morgan Stanley SEC Order and the NASD enforcement action are complete or accurate, and therefore deny those allegations.

11.     Defendants admit that there is a *Wall Street Journal* article dated March 16, 2004 entitled "MFS Ends 'Soft Dollar' Payments on Concerns Over Ethics," but state that no response

is required to the allegations in Paragraph 11 concerning the *Wall Street Journal* article, because it speaks for itself. To the extent a response is required, Defendants deny that the allegations in Paragraph 11 concerning the *Wall Street Journal* article are complete or accurate, and therefore deny those allegations. Defendants deny the remaining allegations in Paragraph 11.

12.     Defendants admit that a document dated March 31, 2004, entitled "SEC Order Instituting Administrative and Cease-and-Desist Proceedings, Making Findings, and Imposing Remedial Sanctions and a Cease-and-Desist Order Pursuant to Sections 203(e) and 203(k) of the Investment Advisers Act of 1940, and Sections 9(e) and 9(f) of the Investment Company Act of 1940," bearing the caption In the Matter of Massachusetts Financial Services Company (the "MFS SEC Order") can be found at http://www.sec.gov/litigation/admin/ia-2224.htm. No response is required to the allegations in Paragraph 12 concerning the MFS SEC Order, because it speaks for itself. To the extent a response is required, Defendants deny that the allegations in Paragraph 12 concerning the MFS SEC Order are complete or accurate, and therefore deny those allegations. Defendants deny the remaining allegations of Paragraph 12.

13.     Defendants admit that there is a *Los Angeles Times* article dated January 28, 2004 that quotes Senator Peter Fitzgerald. No response is required to the allegations in Paragraph 13 concerning the *Los Angeles Times* article, because it speaks for itself. To the extent a response is required, Defendants deny that the allegations in Paragraph 13 concerning the *Los Angeles Times* article are complete or accurate, and therefore deny those allegations. Defendants deny the remaining allegations in Paragraph 13.

14.     Defendants deny the allegations of Paragraph 14.

15.    No response is required to the allegations of Paragraph 15, which purport to describe or construe the Complaint.  To the extent a response is required, Defendants state that by virtue of the January 2006 Order, the only claim remaining in the case is pursuant to Section 36(b) of the Investment Company Act of 1940.  Defendants deny the remaining allegations of Paragraph 15.

16.    No response is required to the allegations in the first sentence of Paragraph 15, which purport to state a legal conclusion.  No response is required to the allegations in the second sentence of Paragraph 16, which purport to describe or construe the Complaint.  To the extent a response is required, Defendants deny the allegations in the second sentence of Paragraph 16.

17.    Defendants admit that MFS maintains its headquarters in this district and conducts business in this district.  No response is required to the allegations in Paragraph 17 concerning the putative Class because the only claim remaining after the January 2006 Order may not be maintained as a class action, and Defendants understand that plaintiffs are not seeking to certify any class with respect to the one remaining claim.  To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to how many putative Class members reside within this District.  Defendants deny the remaining allegations of Paragraph 17.

18.    No response is required to the allegations of Paragraph 18, which purport to state a legal conclusion.  To the extent a response is required, Defendants deny the allegations of Paragraph 18.

19.     No response is required to the allegations of Paragraph 19 because the Court dismissed all claims asserted by the City of Chicago Deferred Compensation Plan in the January 2006 Order.  To the extent a response is required, Defendants deny the allegations of Paragraph 19.

20.     Defendants admit that Eric Forsythe held during the putative Putative Class Period and continues to own shares of the Massachusetts Investors Trust.  No response is required to the allegations of Paragraph 20 concerning Exhibit B, which speaks for itself. Defendants deny the remaining allegations of Paragraph 20.

21.     No response is required to the allegations of Paragraph 21 because the Court dismissed all claims asserted by Larry Eddings in the January 2006 Order.  To the extent a response is required, Defendants deny the allegations of Paragraph 21.

22.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations that Richard Koslow held during the putative Class Period and continues to own shares of the MFS Utilities Fund.  No response is required to the allegations of Paragraph 22 concerning Exhibit B, which speaks for itself.  Defendants deny the remaining allegations of Paragraph 22.

23.     No response is required to the allegations of Paragraph 23 concerning "Defendant Sun Life Financial, Inc." because the January 2006 Order dismissed all claims against Sun Life Financial, Inc.  To the extent a response is required, Defendants admit the allegations of Paragraph 23.

24.     Defendants admit the allegations in the first, second, fourth, and fifth sentences of Paragraph 24.  No response is required to the allegations in the third sentence of Paragraph 24, which purport to state a legal conclusion.  To the extent a response is required, Defendants deny the allegations in the third sentence of Paragraph 24.

25.     No response is required to the allegations in Paragraph 25 because the January 2006 Order dismissed all claims against the individual defendants.  To the extent a response is required, Defendants admit that for a portion of the putative Class Period, Jeffrey L. Shames was a Chairman and Trustee.  Defendants further admit that Mr. Shames and other Trustees exercised certain types of oversight over some MFS funds (at times, 112 funds).  Defendants further admit that at one time Mr. Shames' business address was 500 Boylston Street, Boston, Massachusetts 02116.  Defendants deny the remaining allegations of Paragraph 25.

26.     No response is required to the allegations in Paragraph 26 because the January 2006 Order dismissed all claims against the individual defendants.  To the extent a response is required, Defendants admit that for a portion of the putative Class Period, John W. Ballen was the President and a Trustee.  Defendants further admit that Mr. Ballen and other Trustees exercised certain types of oversight over some MFS funds (at times, 112 funds).  Defendants further admit that at one time Mr. Ballen's business address was 500 Boylston Street, Boston, Massachusetts 02116.  Defendants deny the remaining allegations of Paragraph 26.

27.     No response is required to the allegations in Paragraph 27 because the January 2006 Order dismissed all claims against the individual defendants.  To the extent a response is required, Defendants admit that for a portion of the putative Class Period, Kevin J. Parke was a Trustee.  Defendants further admit that Mr. Parke and other Trustees exercised certain types of

oversight over some MFS funds (at times, 112 funds). Defendants further admit that during a portion of the Putative Class Period, Mr. Parke served as President, Chief Investment Officer, and Director of MFS. Defendants further admit that at one time Mr. Parke's business address was 500 Boylston Street, Boston, Massachusetts 02116. Defendants deny the remaining allegations of Paragraph 27.

28.    No response is required to the allegations in Paragraph 28 because the January 2006 Order dismissed all claims against the individual defendants. To the extent a response is required, Defendants admit that during the putative Class Period, Lawrence H. Cohn, MD was a Trustee. Defendants further admit that Dr. Cohn and other Trustees exercised certain types of oversight over some MFS funds (at times, 112 funds). Defendants further admit that for his service as a Trustee in 2002, Dr. Cohn received compensation of $148,006. Defendants admit that Dr. Cohn's business address is Brigham and Women's Hospital, Cardiac Surgery, 75 Francis Street, Boston, MA 02115. Defendants deny the remaining allegations of Paragraph 28.

29.    No response is required to the allegations in Paragraph 29 because the January 2006 Order dismissed all claims against the individual defendants. To the extent a response is required, Defendants admit that during the putative Class Period, William R. Gutow was a Trustee. Defendants further admit that Mr. Gutow and other Trustees exercised certain types of oversight over some MFS funds (at times, 112 funds). Defendants further admit that for his service as a Trustee in 2002, Mr. Gutow received compensation of $148,006. Defendants further admit that 500 Bolyston Street, Boston, MA 02116 is a business address of Mr. Gutow. Defendants deny the remaining allegations of Paragraph 29.

30.     No response is required to the allegations in Paragraph 30 because the January 2006 Order dismissed all claims against the individual defendants.  To the extent a response is required, Defendants admit that during the putative Class Period, J. Atwood Ives was a Trustee. Defendants further admit that Mr. Ives and other Trustees exercised certain types of oversight over some MFS funds (at times, 112 funds).  Defendants further admit that for his service as a Trustee in 2002, Mr. Ives received compensation of $164,031.  Defendants further admit that 500 Bolyston Street, Boston, MA 02116 is a business address of Mr. Ives.  Defendants deny the remaining allegations of Paragraph 30.

31.     No response is required to the allegations in Paragraph 31 because the January 2006 Order dismissed all claims against the individual defendants.  To the extent a response is required, Defendants admit that for a portion of the putative Class Period, Abby M. O'Neill was a Trustee.  Defendants further admit that Ms. O'Neill and other Trustees exercised certain types of oversight over some MFS funds (at times, 112 funds).  Defendants further admit that for her service as a Trustee in 2002, Ms. O'Neill received compensation of $146,450.  Defendants further admit that 500 Bolyston Street, Boston, MA 02116 is a business address of Ms. O'Neill. Defendants deny the remaining allegations of Paragraph 31.

32.     No response is required to the allegations in Paragraph 32 because the January 2006 Order dismissed all claims against the individual defendants.  To the extent a response is required, Defendants admit that during the putative Class Period, Lawrence T. Perera was a Trustee.  Defendants further admit that Mr. Perera and other Trustees exercised certain types of oversight over some MFS funds (at times, 112 funds).  Defendants further admit that for his service as a Trustee in 2002, Mr. Perera received compensation of $151,574.  Defendants further

admit that Mr. Perera's business address is 60 State Street, Boston, MA 02119.  Defendants deny the remaining allegations of Paragraph 32.

33.     No response is required to the allegations in Paragraph 33 because the January 2006 Order dismissed all claims against the individual defendants.  To the extent a response is required, Defendants admit that during the putative Class Period, William J. Poorvu was a Trustee.  Defendants further admit that Mr. Poorvu and other Trustees exercised certain types of oversight over some MFS funds (at times, 112 funds).  Defendants further admit that for his service as a Trustee in 2002, Mr. Poorvu received compensation of $161,463.  Defendants deny the remaining allegations of Paragraph 33.

34.     No response is required to the allegations in Paragraph 34 because the January 2006 Order dismissed all claims against the individual defendants.  To the extent a response is required, Defendants admit that during the putative Class Period, J. Dale Sherratt was a Trustee. Defendants further admit that Mr. Sherratt and other Trustees exercised certain types of oversight over some MFS funds (at times, 112 funds).  Defendants further admit that for his service as a Trustee in 2002, Mr. Sherratt received compensation of $149,006.  Defendants further admit that 500 Bolyston Street, Boston, MA 02116 is a business address of Mr. Sherratt.  Defendants deny the remaining allegations of Paragraph 34.

35.     No response is required to the allegations in Paragraph 35 because the January 2006 Order dismissed all claims against the individual defendants.  To the extent a response is required, Defendants admit that during the putative Class Period, Elaine R. Smith was a Trustee. Defendants further admit that Ms. Smith and other Trustees exercised certain types of oversight over some MFS funds (at times, 112 funds).  Defendants further admit that for his service as a

Trustee in 2002, Ms. Smith received compensation of $152,574. Defendants further admit that 500 Bolyston Street, Boston, MA 02116 is a business address of Ms. Smith. Defendants deny the remaining allegations of Paragraph 35.

36.     No response is required to the allegations in Paragraph 36 because the January 2006 Order dismissed all claims against the individual defendants. To the extent a response is required, Defendants admit that during the putative Class Period, Ward Smith was a Trustee. Defendants further admit that Mr. Smith and other Trustees exercised certain types of oversight over some MFS funds (at times, 112 funds). Defendants further admit that for his service as a Trustee in 2002, Mr. Smith received compensation of $165,334. Defendants state that Mr. Smith is deceased. Defendants deny the remaining allegations of Paragraph 36.

37.     No response is required to the allegations of Paragraph 37, which purport to describe the Complaint.

38.     No response is required to the allegations of Paragraph 38 to the extent they consist of legal conclusions. To the extent a response is required, Defendants admit the allegations in the first and third sentences of Paragraph 38. Defendants deny the allegations in the second sentence of Paragraph 38.

39.     No response is required to the allegations of Paragraph 39, which purport to describe the Complaint. To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning unidentified "Doe" defendants, and otherwise deny the allegations of Paragraph 39.

40.    No response is required to the allegations of Paragraph 40, which purport to describe the Complaint.  To the extent a response is required, Defendants admit that the MFS funds are open-ended investment companies, that shares are offered in MFS funds, and that a board of trustees exercises certain oversight over each MFS Fund.  Defendants deny the remaining allegations of Paragraph 40.

41.    Defendants admit that some MFS Funds offer multiple classes of shares and deny the remaining allegations in the first sentence of Paragraph 41.  Defendants admit that MFS Fund shares are offered to investors pursuant to prospectuses.  No response is required to the remaining allegations in the second sentence of Paragraph 41 because they consistent of legal conclusions.  Defendants deny the allegations in the third sentence of Paragraph 41.

42.    Defendants admit that the MFS Funds are open-ended investment companies, some of which are organized as Massachusetts business trusts and deny the remaining allegations of the first sentence of Paragraph 42.  No response is required to the second and third sentences of Paragraph 42, which purport to state legal conclusions.

43.    Defendants admit that shares are offered in all of the MFS Funds and deny the remaining allegations of Paragraph 43.

44.    No response is required to the allegations in the first sentence of Paragraph 44, which purport to state a legal conclusion.  To the extent a response is required, Defendants deny those and the other allegations of Paragraph 44.

45.    Defendants admit the allegations in the first sentence of Paragraph 45 and deny the allegations in the second sentence of Paragraph 45.

46.     Because the January 2006 Order identified the "damages period" as March 25, 2003 to March 25, 2004, no response is required to the allegations of Paragraph 46 concerning conduct during the putative Class Period that falls outside the damages period.  To the extent a response is required, Defendants admit that at one time MFD had what it called strategic alliance arrangements with Morgan Stanley, Salomon Smith Barney, Wachovia Securities, Merrill Lynch, and Chase Investment Services.  Defendants further admit that MFD had what it called strategic alliance arrangements with over 100 brokerage firms at certain times during the putative Class Period.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 46.  Defendants deny the remaining allegations of Paragraph 46.

47.     Defendants deny the allegations of Paragraph 47.

48.     Defendants deny the allegations of Paragraph 48.

49.     Defendants deny the allegations of Paragraph 49.

50.     Defendants deny the allegations of Paragraph 50.

51.     Defendants admit that MFD had various relationships with broker-dealer firms that sold shares of the MFS Funds, and that certain of these relationships were referred to internally as strategic alliances.  Defendants further admit that for some of these relationships, MFD paid broker-dealers a certain amount of basis points on sales and a certain amount of basis points on assets, depending on the strategic alliance, and that in most cases, these payments were in addition to dealer concessions, shareholder servicing payments, or sub-accounting payments. Defendants otherwise deny the allegations of Paragraph 51.

52.    Defendants deny the allegations of the first sentence of Paragraph 52.  No response is required to the allegations in second and third sentences of Paragraph 52, which relate to a fund as to which all claims were dismissed in the January 2006 Order.  No response is required to the allegations concerning the Prospectus dated May 1, 2003 for the MFS Growth Opportunities Fund, because it speaks for itself.  To the extent response is required, Defendants deny that the allegations in Paragraph 52 concerning that prospectus are complete or accurate, and therefore deny those allegations.  Defendants deny the remaining allegations of Paragraph 52.

53.    No response is required to the allegations of Paragraph 53 concerning the MFS SEC Order because for it speaks itself.  To the extent a response is required, Defendants deny that the allegations in Paragraph 53 concerning the MFS SEC Order are complete or accurate, and therefore deny those allegations.  Defendants deny the remaining allegations of Paragraph 53.

54.    No response is required to the allegations of Paragraph 54 concerning the MFS SEC Order because it speaks for itself.  To the extent a response is required, Defendants deny that the allegations in Paragraph 54 concerning the MFS SEC Order are complete or accurate, and otherwise deny those allegations.

55.    No response is required to the allegations of Paragraph 55 concerning the MFS SEC Order, because it speaks for itself.  To the extent a response is required, Defendants deny that the allegations in Paragraph 55 concerning the MFS SEC Order are complete or accurate, and otherwise deny those allegations.

56.    No response is required to the allegations in first sentence of Paragraph 56 concerning the MFS SEC Order because it speaks for itself.  To the extent a response is required, Defendants deny that the allegations in Paragraph 56 concerning the MFS SEC Order are complete or accurate, and therefore deny those allegations.  No response is required to the allegations in the second sentence of Paragraph 56, which purport to describe the Complaint.  To the extent a response is required, Defendants deny the allegations in the second sentence of Paragraph 56.

57.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first, third, and fourth sentences of Paragraph 57, which concern internal Morgan Stanley documents and former Morgan Stanley brokers.  Defendants deny the allegations in the second sentence of Paragraph 57.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the fifth sentence of Paragraph 57 concerning "enforcement actions" against others.  To the extent a response is required, Defendants deny that the allegations in the fifth sentence of Paragraph 57 concerning the MFS SEC Order are complete or accurate, and otherwise deny the allegations in the fifth sentence of Paragraph 57.

58.    No response is required to the allegations of Paragraph 58 concerning the Morgan Stanley SEC Order, which speaks for itself.  To the extent a response is required, Defendants deny that the allegations in Paragraph 58 concerning the Morgan Stanley SEC Order are complete or accurate, and therefore deny those allegations.

59.    Defendants admit that a document dated November 17, 2003 and entitled, "NASD Charges Morgan Stanley with Giving Preferential Treatment to Certain Mutual Funds in

Exchange for Brokerage Commission Payments" ("NASD Press Release") can be found at http://www.nasd.com/web/idcplg?IdcService=SS_GET_PAGE&ssDocName=NASDW_002819. No response is required to the allegations concerning the NASD Press Release, because it speaks for itself. To the extent a response is required, Defendants deny that the allegations in Paragraph 59 concerning the NASD Press Release are complete or accurate, and therefore deny those allegations.

60.    Defendants deny the allegations in the first sentence of Paragraph 60. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 60.

61.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 61 concerning alleged statements and memos by Morgan Stanley's management. Defendants deny the remaining allegations of Paragraph 61.

62.    Defendants deny the allegations of Paragraph 62.

63.    No response is required to the allegations of Paragraph 63 concerning the Morgan Stanley SEC Order, because it speaks for itself. To the extent a response is required, Defendants deny that the allegations in Paragraph 63 concerning the Morgan Stanley SEC Order are complete or accurate, and therefore deny those allegations.

64.    No response is required to the allegations of Paragraph 64 concerning the NASD Press Release, because it speaks for itself. To the extent a response is required, Defendants deny that the allegations in Paragraph 64 concerning the NASD Press Release are complete or accurate, and therefore deny those allegations.

65.    Defendants admit that a document dated November 17, 2003 and entitled, "SEC Charges Morgan Stanley with Inadequate Disclosure in Mutual Fund Sales; Morgan Stanley Pays $50 Million To Settle SEC Action" ("SEC Morgan Stanley Press Release") can be found at http://www.sec.gov/news/press/2003-159.htm.  No response is required to the allegations concerning the SEC Morgan Stanley Press Release, because it speaks for itself.  To the extent a response is required, Defendants deny that the allegations in Paragraph 65 concerning the SEC Morgan Stanley Press Release are complete or accurate, and otherwise deny those allegations.

66.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 66.  Defendants admit that there is a *Washington Post* article dated November 18, 2003 entitled "Morgan Stanley Settles with SEC, NASD; Firm Accused of Failing to Disclose Funds' Payments."  No response is required to the allegations in the second sentence of Paragraph 66 concerning the *Washington Post* article, because it speaks for itself.  To the extent a response is required, Defendants deny that the allegations in the second sentence of Paragraph 66 concerning the *Washington Post* article are complete or accurate, and otherwise deny those allegations.  Defendants deny the allegations of the third sentence of Paragraph 66.  Defendants admit that at one time MFD had what it called strategic alliance arrangements with brokerage houses including Salomon Smith Barney and Wachovia Securities.  Defendants admit that a document dated March 31, 2004 and entitled, "Mutual Fund Manager MFS Pays $50 Million Fine To Settle SEC Enforcement Action" ("MFS SEC Press Release") can be found at http://www.sec.gov/news/press/2004-44.htm.  No response is required the allegations in the fifth sentence of Paragraph 66 concerning the MFS SEC Press Release, because it speaks for itself.  To the extent a response is required, Defendants deny that the allegations in the fifth sentence of Paragraph 66 concerning the MFS SEC Press Release are

complete or accurate, and therefore deny those allegations. Defendants otherwise deny the allegations of Paragraph 66.

67.     Defendants admit there is a website with the URL http://www.smithbarney.com/ products_services/mutual_funds/investor_information/revenueshare.html. No response is required to the allegations of Paragraph 67 concerning that website, which speaks for itself. To the extent a response is required, Defendants deny that the allegations in Paragraph 67 concerning that website are complete or accurate, and otherwise deny those allegations.

68.     Defendants admit there is a website with the URL http://www.wachovia.com/files/ Mutual_Fund_Guide2.pdf. No response is required to the allegations of Paragraph 68 concerning that website, which speaks for itself. To the extent a response is required, Defendants deny that the allegations in Paragraph 68 concerning that website are complete or accurate, and otherwise deny those allegations.

69.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 69 concerning an alleged disclosure by a nonparty.

70.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 70 concerning an alleged disclosure by a nonparty.

71.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 71. Defendants admit there is a website with the URL http://www.fscorp.com/epprogramdisclosure.pdf. No response is required to the allegations in the second, third, and fourth sentences of Paragraph 71 concerning that website, which speaks for itself. To the extent a response is required, Defendants deny that the

allegations in second, third, and fourth sentences of Paragraph 71 concerning that website are complete or accurate, and otherwise deny those allegations. Defendants admit that, for a period of time, FSC brokers did not have to pay a ticket charge on sales of certain MFS Funds, and otherwise deny the allegations in the fifth sentence of Paragraph 71.

72.     Defendants admit there is a website with the URL http://www.fscorp.com/epprogramdisclosure.pdf. No response is required to the allegations of Paragraph 72 concerning that website, which speaks for itself. To the extent a response is required, Defendants deny that the allegations of Paragraph 72 concerning that website are complete or accurate, and otherwise deny those allegations.

73.     Defendants admit there is a website with the URL http://www.bankone.com/resources/Guide_to_Mutual_Fund_Investing.pdf. No response is required to the allegations in the first sentence of Paragraph 73 concerning that website, which speaks for itself. To the extent a response is required, Defendants deny that the allegations in the first sentence of Paragraph 73 concerning that website are complete or accurate, and otherwise deny those allegations. Defendants admit that at certain times MFD made payments to Bank One for certain expenses incurred in connection with sales meetings, seminars, and conferences. Defendants deny the remaining allegations of Paragraph 73.

74.     Defendants admit there is a website with the URL http://www.siionline.com/public/sii_disclosure.pdf. No response is required to the allegations in the first sentence of Paragraph 74 concerning that website, which speaks for itself. To the extent a response is required, Defendants deny that the allegations in the first sentence of Paragraph 74

concerning that website are complete or accurate, and otherwise deny those allegations. Defendants deny the remaining allegations of Paragraph 74.

75.    Defendants admit there is a website with the URL http://ww3.primerica.com/public/mutual_fund_disclosures.html.  No response is required to the allegations of the first and second sentences of Paragraph 75 concerning that website, which speaks for itself.  To the extent a response is required, Defendants deny that the allegations in the first and second sentences of Paragraph 75 concerning that website are complete or accurate, and otherwise deny those allegations.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations n Paragraph 75.

76.    Defendants deny the allegations in the first and second sentences of Paragraph 76. Defendants, are without knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 76 concerning information allegedly provided by an unidentified "former MFD employee," and otherwise deny those allegations.

77.    No response is required to the allegations of Paragraph 77 concerning the MFS SEC Press Release and the MFS SEC Order, because those documents speak for themselves.  To the extent a response is required, Defendants deny that the allegations of Paragraph 77 concerning the MFS SEC Press Release and MFS SEC Order are complete or accurate, and therefore deny those allegations.  Defendants deny the remaining allegations of Paragraph 77.

78.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 78 concerning the atmosphere at brokerage houses, and deny the remaining allegations of Paragraph 78.

79.    No response is required to the allegations in the fourth sentence of Paragraph 79 that purport to summarize or characterize MFS Fund prospectuses, because such documents speak for themselves.  Defendants admit that MFS Funds pay management fees and that some MFS Funds pay 12b-1 fees.  Defendants deny the remaining allegations of Paragraph 79.

80.    Defendants deny the allegations in the first sentence of Paragraph 80.  Defendants No response is required to the allegations in the second sentence of Paragraph 80 concerning the MFS SEC Order, because it speaks for itself.  To the extent a response is required, Defendants deny that the allegations in the second sentence of Paragraph 80 concerning the MFS SEC Order are complete or accurate, and therefore deny those allegations.

81.    Defendants deny the allegations in the first sentence of Paragraph 81.  Defendants admit that there is a website with the URL http://www.naifa.org/frontline/ 20040428_SEC_aahtml.  No response is required to the allegations in the second sentence of Paragraph 81 concerning that website, because it speaks for itself.  To the extent a response is required, Defendants deny that the allegations in the second sentence of Paragraph 81 concerning that website are complete or accurate, and otherwise deny those allegations.

82.    No response is required to the allegations in the first sentence of Paragraph 82 concerning the Morgan Stanley SEC Order, because it speaks for itself.  To the extent a response is required, Defendants deny that the allegations in the first sentence of Paragraph 82 concerning the Morgan Stanley SEC Order are complete or accurate, and therefore deny those allegations. Defendants admit that the *Washington Post* published an article on November 18, 2003 entitled "Morgan Stanley Settles with SEC, NASD; Firm Accused of Failing to Disclose Funds' Payments."  No response is required to the allegations in the second sentence of Paragraph 82

concerning the *Washington Post* article, because it speaks for itself.  To the extent a response is required, Defendants deny that the allegations in the second sentence of Paragraph 82 concerning the *Washington Post* article are complete or accurate, and therefore deny those allegations.  Defendants deny the remaining allegations of Paragraph 82.

83.     Defendants admit that the *Wall Street Journal* published an article on January 14, 2004 entitled "SEC Readies Cases in Mutual Funds' Deals with Brokers."  No response is required to the allegations in Paragraph 83 concerning the *Wall Street Journal* article, because it speaks for itself.  To the extent a response is required, Defendants deny that the allegations in Paragraph 83 concerning the *Wall Street Journal* article are complete or accurate, and therefore deny those allegations.  Defendants deny the remaining allegations in Paragraph 83.

84.     Defendants admit that the *Wall Street Journal* published an article dated March 16, 2004 entitled "MFS Ends 'Soft Dollar' Payments on Concerns Over Ethics."  No response is required to the allegations in Paragraph 84 concerning the *Wall Street Journal* article, because it speaks for itself.  To the extent a response is required, Defendants deny that the allegations in Paragraph 84 concerning the *Wall Street Journal* article are complete or accurate, and therefore deny those allegations.  Defendants deny the remaining allegations in Paragraph 84.

85.     Defendants admit that the MFS SEC Order is dated March 31, 2004.  No response is required to the allegations of Paragraph 85 concerning the MFS SEC Order, because it speaks for itself.  To the extent a response is required, Defendants deny that the allegations in Paragraph 85 concerning the MFS SEC Order are complete or accurate, and therefore deny those allegations.  Defendants deny the remaining allegations of Paragraph 85.

86.     No response is required to the allegations in the first sentence of Paragraph 86, which purport to state a legal conclusion.  Defendants admit that a document dated January 7, 2004 and entitled, "Speech by SEC Chairman; America's Need for Vigilant Mutual Fund Directors" ("Speech") can be found at http://www.sec.gov/news/speech/spch010704whd.htm. No response is required to the allegations in Paragraph 86 concerning the Speech, because it speaks for itself.  To the extent a response is required, Defendants deny that the allegations in Paragraph 86 concerning the Speech are complete or accurate, and therefore deny those allegations.  Defendants deny the remaining allegations of Paragraph 86.

87.     Defendants admit that a document entitled "Understanding the Role of Mutual Fund Directors" ("ICI Publication") can be found at http://www.ici.org/issues/ dir/bro_mf_directors.pdf.  No response is required to the allegations in Paragraph 87 concerning the ICI Publication, because it speaks for itself.  To the extent a response is required, Defendants deny that the allegations in Paragraph 87 concerning the ICI Publication are complete or accurate, and therefore deny those allegations.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in footnote 1 to Paragraph 87 concerning how "ICI describes itself" and its history.  To the extent a response is required, Defendants deny those and the remaining allegations of Paragraph 87.

88.     Defendants admit that the public filings made with respect to the MFS Funds, including Statements of Additional Information, are available to investors.  No response is required to the allegations in Paragraph 88 concerning the content of those public filings, because they speak for themselves.  To the extent a response is required, Defendants deny that the allegations in Paragraph 88 that purport to summarize or characterize the public filings are complete or accurate, and otherwise deny the allegations of Paragraph 88.

89.     Defendants admit that public filings are made with respect to the MFS Funds, including Statements of Additional Information.  No response is required to the allegations in Paragraph 89 concerning the content of those public filings, because they speak for themselves. To the extent a response is required, Defendants deny that the allegations in Paragraph 89 that purport to summarize or characterize the public filings are complete or accurate, and otherwise deny the allegations of Paragraph 89.  No response is required to the last sentence of Paragraph 89, which purports to state a legal conclusion.

90.     Defendants admit that public filings are made with respect to the MFS Funds, including Statements of Additional Information.  No response is required to the allegations in Paragraph 90 concerning the content of those public filings, because they speak for themselves. To the extent a response is required, Defendants deny that the allegations in Paragraph 90 that purport to summarize or characterize the public filings are complete or accurate, and otherwise deny the allegations of Paragraph 90.

91.     Defendants admit that a minority of trustees of MFS funds were employees or former employees of MFS.  No response is required to the allegations of Paragraph 91 that purport to state legal conclusions about trustees' "statutory and fiduciary duties" and responsibilities.  To the extent a response is required, Defendants admit that, *inter alia*, the trustees approved certain agreements entered into by MFS Funds and exercised certain oversight over some MFS funds.  Defendants deny the remaining allegations of Paragraph 91.

92.     Defendants deny the allegations of Paragraph 92.

93.     Defendants admit that during a portion of the putative Class Period, Messrs. Shames, Ballen, and Parke served as Trustees.  Defendants further admit that Trustees, including

Messrs. Shames, Ballen, and Parke, exercised certain types of oversight over some MFS funds

(at times, 112 funds).  Defendants further admit that during a portion of the putative Class

Period, Mr. Shames served as Chairman of MFS, Mr. Ballen served as Chief Executive Officer

and Director of MFS, and Mr. Parke served as President, Chief Investment Officer, and Director

of MFS.  Defendants deny the remaining allegations of Paragraph 93.

94.    Defendants admit that the MFS Funds paid MFS certain fees for services, some of

which were calculated as a percentage of net assets under management, and that fees were paid

to MFS pursuant to agreements between the MFS Funds and MFS that were approved by

independent trustees and negotiated at arm's-length.  Defendants further admit that, as a general

proposition, if net assets under management are greater, fees determined as a percentage of net

assets under management will be greater.  Defendants deny the remaining allegations of

Paragraph 94.

95.    Defendants deny the allegations in the first sentence of Paragraph 95.  Defendants

admit that there is a *Forbes* magazine article dated September 15, 2003 entitled "The Great Fund

Failure (Hazards of Investing in Mutual Funds)."  No response is required to the allegations in

Paragraph 95 concerning the *Forbes* article, because it speaks for itself.  To the extent a response

is required, Defendants deny that the allegations in Paragraph 95 concerning the *Forbes* article

are complete or accurate, and therefore deny those allegations.  Defendants deny the remaining

allegations of Paragraph 95.

96.    Defendants deny the allegations of Paragraph 96.

97.    Defendants admit that some MFS Funds paid 12b-1 fees.  Defendants deny the

remaining allegations of Paragraph 97.

98.     Defendants deny the allegations of Paragraph 98.

99.     No response is required to the allegations of Paragraph 99, which purport to state legal conclusions.

100.    No response is required to the allegations of Paragraph 100, which purport to state legal conclusions.

101.    No response is required to the allegations in the first sentence of Paragraph 101, which purport to state legal conclusions. Defendants admit that during the putative Class Period, MFD received fees for distribution services pursuant to agreements negotiated and approved by independent trustees. Defendants deny the remaining allegations of Paragraph 101.

102.    Defendants deny the allegations of Paragraph 102.

103.    Defendants admit that fixed costs are fixed. Defendants deny the remaining allegations of Paragraph 103.

104.    Defendants deny the allegations of Paragraph 104.

105.    Defendants admit that if net assets under management are greater, fees determined as a percentage of net assets under management will be greater. Defendants deny the remaining allegations of Paragraph 105.

106.    No response is required to the allegations of Paragraph 106 concerning alleged nondisclosure, because the January 2006 Order dismissed all claims based on alleged nondisclosure. To the extent a response is required, Defendants deny those and the other allegations of Paragraph 106.

107.     Defendants deny the allegations of Paragraph 107.

108.     Defendants deny the allegations of Paragraph 108.

109.     Defendants admit that brokers are paid commissions for services and that some persons use the term "soft dollars" to refer to commission amounts paid in excessive of the cost of brokerage.  No response is required to the allegations of Paragraph 109 that purport to state legal conclusions concerning the requirements of Section 28(e).  Defendants deny the remaining allegations of Paragraph 109.

110.     Defendants admit that there is a document dated March 23, 2004 entitled "MFS Chair Discusses Mutual Fund Industry Reforms with Congress" ("MFS Announcement") that was previously posted on MFS's website.  No response required to the allegations of Paragraph 110 concerning the MFS Announcement, which speaks for itself.  To the extent a response is required, Defendants deny that the allegations in Paragraph 110 concerning the MFS Announcement are complete or accurate, and therefore deny those allegations.

111.     No response is required to the allegations of Paragraph 111 concerning the MFS SEC Order, because it speaks for itself.  To the extent a response is required, Defendants deny that the allegations in Paragraph 111 concerning the MFS SEC Order are complete or accurate, and therefore deny those allegations.

112.     Defendants deny the allegations of Paragraph 112.

113.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 113 concerning the relationship between unidentified brokers and individual clients.  Defendants deny the remaining allegations of Paragraph 113.

114.    Defendants are without knowledge or information sufficient to form a belief as to whether any particular investor actually received a prospectus.  No response is required to remaining allegations of Paragraph 114, which purport to state a legal conclusion.

115.    No response is required to the allegations of Paragraph 115 concerning alleged nondisclosure, because the January 2006 Order dismissed all claims based on alleged nondisclosure and because the allegations purport to state legal conclusions.

116.    No response is required to the allegations in the first and second sentences of Paragraph 116 concerning alleged nondisclosure, because the January 2006 Order dismissed all claims based on alleged nondisclosure and because the allegations concern prospectuses and SAIs that speak for themselves.  To the extent a response is required, Defendants deny the allegations of the first and second sentences of Paragraph 106 concerning alleged nondisclosure.  No response is required to the allegations in the third sentence of Paragraph 116, which purport to state legal conclusions.

117.    Defendants admit that there are prospectuses and Statements of Additional Information for each MFS Fund.  No response is required to the allegations of Paragraph 117 because (*i*) each of those public filings speaks for itself, (*ii*) the January 2006 Order dismissed all claims based on alleged nondisclosure, and (*iii*) the January 2006 Order dismissed all claims involving the MFS Growth Opportunities Fund.  To the extent a response is required, Defendants deny the allegations of Paragraph 117.

118.    Defendants admit that there are prospectuses and Statements of Additional Information for each MFS Fund.  No response is required to the allegations of Paragraph 118 because (*i*) each of those public filings speaks for itself, (*ii*) the January 2006 Order dismissed all

claims based on alleged nondisclosure, and (*iii*) the January 2006 Order dismissed all claims involving the MFS Growth Opportunities Fund.  To the extent a response is required, Defendants deny the allegations of Paragraph 118.

119.     Defendants admit that there are prospectuses and Statements of Additional Information for each MFS Fund.  No response is required to the allegations of Paragraph 119 because (*i*) each of those public filings speaks for itself, (*ii*) the January 2006 Order dismissed all claims based on alleged nondisclosure, and (*iii*) the January 2006 Order dismissed all claims involving the MFS Growth Opportunities Fund.  To the extent a response is required, Defendants deny the allegations of Paragraph 119.

120.     Defendants admit that there are prospectuses and Statements of Additional Information for each MFS Fund.  No response is required to the allegations of Paragraph 120 because (*i*) each of those public filings speaks for itself, (*ii*) the January 2006 Order dismissed all claims based on alleged nondisclosure, and (*iii*) the January 2006 Order dismissed all claims involving the MFS Growth Opportunities Fund.  To the extent a response is required, Defendants deny the allegations of Paragraph 120.

121.     Defendants admit that there are prospectuses and Statements of Additional Information for each MFS Fund.  No response is required to the allegations of Paragraph 121 because (*i*) each of those public filings speaks for itself, (*ii*) the January 2006 Order dismissed all claims based on alleged nondisclosure, and (*iii*) the January 2006 Order dismissed all claims involving the MFS Growth Opportunities Fund.  To the extent a response is required, Defendants deny the allegations of Paragraph 121.

122.    No response is required to the allegations in the first sentence of Paragraph 122 concerning alleged nondisclosure, because (*i*) each of the MFS Funds' public filings speaks for itself, (*ii*) the January 2006 Order dismissed all claims based on alleged nondisclosure, and (*iii*) the January 2006 Order dismissed all claims involving the MFS Growth Opportunities Fund.  To the extent a response is required, Defendants deny the allegations in the first sentence of Paragraph 122.  No response is required to the allegations in the second sentence of Paragraph 122 concerning the MFS SEC Order, because it speaks for itself.  To the extent a response is required, Defendants deny that the allegations in the second sentence of Paragraph 122 concerning the MFS SEC Order are complete or accurate, and therefore deny those allegations.

123.    Defendants admit that there are prospectuses and Statements of Additional Information for each MFS Fund.  No response is required to the allegations of Paragraph 123 because (*i*) each of those public filings speaks for itself, (*ii*) the January 2006 Order dismissed all claims based on alleged nondisclosure, and (*iii*) the January 2006 Order dismissed all claims involving the MFS Growth Opportunities Fund.  To the extent a response is required, Defendants deny the allegations of Paragraph 123.

124.    Defendants admit that there are prospectuses and Statements of Additional Information for each MFS Fund.  No response is required to the allegations of Paragraph 124 because (*i*) each of those public filings speaks for itself, (*ii*) the January 2006 Order dismissed all claims based on alleged nondisclosure, and (*iii*) the January 2006 Order dismissed all claims involving the MFS Growth Opportunities Fund.  To the extent a response is required, Defendants deny the allegations of Paragraph 124.

125.    Defendants admit that there are prospectuses and Statements of Additional Information for each MFS Fund.  No response is required to the allegations of Paragraph 125 because (*i*) each of those public filings speaks for itself, (*ii*) the January 2006 Order dismissed all claims based on alleged nondisclosure, and (*iii*) the January 2006 Order dismissed all claims involving the MFS Growth Opportunities Fund.  To the extent a response is required, Defendants deny the allegations of Paragraph 125.

126.    Defendants admit that there are prospectuses and Statements of Additional Information for each MFS Fund.  No response is required to the allegations of Paragraph 126 because (*i*) each of those public filings speaks for itself, (*ii*) the January 2006 Order dismissed all claims based on alleged nondisclosure, and (*iii*) the January 2006 Order dismissed all claims involving the MFS Growth Opportunities Fund.  To the extent a response is required, Defendants deny the allegations of Paragraph 126.

127.    Defendants admit that there are prospectuses and Statements of Additional Information for each MFS Fund.  No response is required to the allegations of Paragraph 127 because (*i*) each of those public filings speaks for itself, (*ii*) the January 2006 Order dismissed all claims based on alleged nondisclosure, and (*iii*) the January 2006 Order dismissed all claims involving the MFS Growth Opportunities Fund.  To the extent a response is required, Defendants deny the allegations of Paragraph 127.

128.    No response is required to the allegations of Paragraph 128, which purport to describe or construe the Complaint.  To the extent a response is required, Defendants deny the allegations of Paragraph 128.

129.    No response is required to the allegations in the first sentence of Paragraph 129, which purport to state a legal conclusion.  To the extent a response is required, Defendants deny the allegations in the first sentence of Paragraph 129.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 129.  Defendants admit that information concerning some shareholders of MFS Funds can be determined from Defendants' records.  No response is required to the remaining allegations in the third sentence of Paragraph 129, which purport to state a legal conclusion.  To the extent a response is required, Defendants deny the remaining allegations in the third sentence of Paragraph 129.

130.    No response is required to the allegations of Paragraph 130, which purport to state a legal conclusion.  To the extent a response is required, Defendants deny the allegations of Paragraph 130.

131.    No response is required to the allegations of Paragraph 131, which purport to state a legal conclusion.  To the extent a response is required, Defendants deny the allegations of Paragraph 131.

132.    No response is required to the allegations of Paragraph 132, which purport to state legal conclusions.  To the extent a response is required, Defendants deny the allegations of Paragraph 132.

133.    No response is required to the allegations of Paragraph 133, which purport to state legal conclusions.  To the extent a response is required, Defendants deny the allegations of Paragraph 133.

134.    No response is required to the allegations of Paragraph 134 because they were dismissed by the January 2006 Order, and the only remaining claim does not require that demand be made. To the extent a response is required, Defendants admit that plaintiffs have not made demand on any board and otherwise deny the remaining allegations of Paragraph 134.

135.    No response is required to the allegations of Paragraph 135 because they were dismissed by the January 2006 Order, and the only remaining claim does not require that demand be made. To the extent a response is required, Defendants deny the allegations of Paragraph 135.

136.    No response is required to the allegations of Paragraph 136 because they were dismissed by the January 2006 Order, and the only remaining claim does not require that demand be made. To the extent a response is required, Defendants deny the allegations of Paragraph 136.

137.    No response is required to the allegations of Paragraph 137 because they were dismissed by the January 2006 Order, and the only remaining claim does not require that demand be made. To the extent a response is required, Defendants deny the allegations of Paragraph 137.

138.    No response is required to the allegations of Paragraph 138 because they were dismissed by the January 2006 Order, and the only remaining claim does not require that demand be made. To the extent a response is required, Defendants deny the allegations of Paragraph 138.

139.    No response is required to the allegations of Paragraph 139 because they were dismissed by the January 2006 Order, and the only remaining claim does not require that demand be made.  To the extent a response is required, Defendants without knowledge or information sufficient to form a belief as to the truth of the generic allegations about mutual funds, admit that a "disbanded" mutual fund would likely not have trustees, and deny the remaining allegations of Paragraph 139.

140.    No response is required to the allegations of Paragraph 140 because they were dismissed by the January 2006 Order, and the only remaining claim does not require that demand be made.  No response is required for the further reason that the allegations relate to trustee compensation prior to the "damages period" identified in the January 2006 Order.  To the extent a response is required, Defendants admit that subparagraphs (a) through (i) of Paragraph 140 correctly state the compensation each individual received for service as a Trustee in 2002. Defendants further admit that the trustees listed in subparagraphs (a) through (i) of Paragraph 140 exercised certain types of oversight over some MFS funds (at times, 112 funds).  Defendants deny the remaining allegations of Paragraph 140.

141.    No response is required to the allegations of Paragraph 141 because they were dismissed by the January 2006 Order, and the only remaining claim does not require that demand be made.  To the extent a response is required, Defendants deny the allegations of Paragraph 141.

142.    No response is required to the allegations of Paragraph 142 because the only claim not dismissed in the January 2006 Order does not require that demand be made.  To the extent a response is required, Defendants state that the Trustee Defendants served as trustees

during all or part of the Putative Class Period, and some continue to serve as trustees. Defendants deny the remaining allegations of Paragraph 142.

143.    Defendants repeat each of their responses as set forth above.

144.    No response is required to the allegations of Paragraph 144, because Count I of the Complaint was dismissed in the January 2006 Order.  No response is required for the further reason that Paragraph 144 purports to describe the Complaint.  To the extent a response is required, Defendants deny the allegations of Paragraph 144.

145.    No response is required to the allegations of Paragraph 145, because Count I of the Complaint was dismissed in the January 2006 Order.  To the extent a response is required, Defendants deny the allegations of Paragraph 145.

146.    No response is required to the allegations of Paragraph 146, because Count I of the Complaint was dismissed in the January 2006 Order.  To the extent a response is required, Defendants deny the allegations of Paragraph 146.

147.    No response is required to the allegations of Paragraph 147, because Count I of the Complaint was dismissed in the January 2006 Order.  To the extent a response is required, Defendants deny the allegations of Paragraph 147.

148.    No response is required to the allegations of Paragraph 148, because Count I of the Complaint was dismissed in the January 2006 Order.  To the extent a response is required, Defendants deny the allegations of Paragraph 148.

149.    No response is required to the allegations of Paragraph 149, because Count I of the Complaint was dismissed in the January 2006 Order.  To the extent a response is required, Defendants deny the allegations of Paragraph 149.

150.    Defendants repeat each of their responses as set forth above.

151.    No response is required to the allegations of Paragraph 151, because Count II of the Complaint was dismissed in the January 2006 Order.  No response is required for the further reason that Paragraph 151 purports to describe the Complaint.  To the extent a response is required, Defendants deny the allegations of Paragraph 151.

152.    No response is required to the allegations of Paragraph 152, because Count II of the Complaint was dismissed in the January 2006 Order.  No response is required for the further reason that Paragraph 152 purports to state a legal conclusion.

153.    No response is required to the allegations of Paragraph 153, because Count II of the Complaint was dismissed in the January 2006 Order.  To the extent a response is required, Defendants deny the allegations of Paragraph 153.

154.    No response is required to the allegations of Paragraph 154, because Count II of the Complaint was dismissed in the January 2006 Order.  To the extent a response is required, Defendants deny the allegations of Paragraph 154.

155.    No response is required to the allegations of Paragraph 155, because Count II of the Complaint was dismissed in the January 2006 Order.  To the extent a response is required, Defendants deny the allegations of Paragraph 155.

156.    No response is required to the allegations of Paragraph 156, because Count II of the Complaint was dismissed in the January 2006 Order.  No response is required for the further reason that Paragraph 156 purports to describe the Complaint.  To the extent a response is required, Defendants deny the allegations of Paragraph 156.

157.    Defendants repeat each of their responses as set forth above.

158.    No response is required to the allegations of Paragraph 158, which purport to describe the Complaint.  To the extent a response is required, Defendants deny the allegations of Paragraph 158.

159.    No response is required to the allegations of Paragraph 159, which purport to state a legal conclusion.

160.    Defendants deny the allegations of Paragraph 160.

161.    Defendants deny the allegations of Paragraph 161.

162.    Defendants deny the allegations of Paragraph 162.

163.    Defendants deny the allegations of Paragraph 163.

164.    No response is required to the allegations of Paragraph 164, which purport to describe the Complaint.  To the extent a response is required, Defendants deny the allegations of Paragraph 164.

165.    Defendants repeat each of their responses as set forth above.

166.    No response is required to the allegations of Paragraph 166, because Count IV of the Complaint was dismissed in the January 2006 Order.  Further, no response is required to the allegations in the first sentence of Paragraph 166, which purport to describe the Complaint.  To the extent a response is required, Defendants deny the allegations in the first sentence of Paragraph 166.  No response is required to the allegations in the second sentence of Paragraph 166, which purport to state a legal conclusion.  To the extent a response is required, Defendants deny the allegations of the second sentence of Paragraph 166.

167.    No response is required to the allegations of Paragraph 167, because Count IV of the Complaint was dismissed in the January 2006 Order.  To the extent a response is required, Defendants deny the allegations of Paragraph 167.

168.    No response is required to the allegations of Paragraph 168, because Count IV of the Complaint was dismissed in the January 2006 Order.  To the extent a response is required, Defendants deny the allegations of Paragraph 168.

169.    No response is required to the allegations of Paragraph 169, because Count IV of the Complaint was dismissed in the January 2006 Order.  To the extent a response is required, Defendants deny the allegations of Paragraph 169.

170.    No response is required to the allegations of Paragraph 170, because Count IV of the Complaint was dismissed in the January 2006 Order.  To the extent a response is required, Defendants deny the allegations of Paragraph 170.

171.    Defendants repeat each of their responses as set forth above.

172.    No response is required to the allegations of Paragraph 172, because Count V of the Complaint was dismissed in the January 2006 Order. No response is required for the further reason that Paragraph 172 purports to describe the Complaint. To the extent a response is required, Defendants deny the allegations of Paragraph 172.

173.    No response is required to the allegations of Paragraph 173, because Count V of the Complaint was dismissed in the January 2006 Order. To the extent a response is required, Defendants admit that MFS is a registered investment adviser that entered into advisory agreements with various MFS funds. No response is required to the allegations in the second sentence of Paragraph 173, which purport to state a legal conclusion. Defendants deny the remaining allegations of Paragraph 173.

174.    No response is required to the allegations of Paragraph 174, because Count V of the Complaint was dismissed in the January 2006 Order. No response is required for the further reason that the allegation of Paragraph 174 purport to state a legal conclusion.

175.    No response is required to the allegations of Paragraph 175, because Count V of the Complaint was dismissed in the January 2006 Order. To the extent a response is required, Defendants deny the allegations of Paragraph 175.

176.    No response is required to the allegations of Paragraph 176, because Count V of the Complaint was dismissed in the January 2006 Order. No response is required to the allegations in the first sentence of Paragraph 176 for the further reason that they purport to state a legal conclusion. Defendants deny the remaining allegations of Paragraph 176.

177.     No response is required to the allegations of Paragraph 177, because Count IV of the Complaint was dismissed in the January 2006 Order.  To the extent a response is required, Defendants deny the allegations of Paragraph 177.

178.     No response is required to the allegations of Paragraph 178, because Count IV of the Complaint was dismissed in the January 2006 Order.  To the extent a response is required, Defendants deny the allegations of Paragraph 178.

179.     Defendants repeat each of their responses as set forth above.

180.     No response is required to the allegations of Paragraph 180, because Count VI of the Complaint was dismissed in the January 2006 Order.  No response is required for the further reason that Paragraph 180 purports to describe the Complaint.  To the extent a response is required, Defendants deny the allegations of Paragraph 180.

181.     No response is required to the allegations of Paragraph 181, because Count VI of the Complaint was dismissed in the January 2006 Order.  No response is required for the further reason that Paragraph 181 purports to state a legal conclusion.

182.     No response is required to the allegations of Paragraph 182, because Count VI of the Complaint was dismissed in the January 2006 Order.  To the extent a response is required, Defendants deny the allegations of Paragraph 182.

183.     No response is required to the allegations of Paragraph 183, because Count VI of the Complaint was dismissed in the January 2006 Order.  To the extent a response is required, Defendants deny the allegations of Paragraph 183.

184.    No response is required to the allegations of Paragraph 184, because Count VI of the Complaint was dismissed in the January 2006 Order.  To the extent a response is required, Defendants deny the allegations of Paragraph 184.

185.    Defendants repeat each of their responses as set forth above.

186.    No response is required to the allegations of Paragraph 186, because Count VII of the Complaint was dismissed in the January 2006 Order.  No response is required for the further reason that Paragraph 186 purports to state a legal conclusion.

187.    No response is required to the allegations of Paragraph 186, because Count VII of the Complaint was dismissed in the January 2006 Order.  To the extent a response is required, Defendants deny the allegations of Paragraph 187.

188.     No response is required to the allegations of Paragraph 188, because Count VII of the Complaint was dismissed in the January 2006 Order.  To the extent a response is required, Defendants deny the allegations of Paragraph 188.

189.    No response is required to the allegations of Paragraph 189, because Count VII of the Complaint was dismissed in the January 2006 Order.  To the extent a response is required, Defendants deny the allegations of Paragraph 189.

190.    Defendants repeat each of their responses as set forth above.

191.    No response is required to the allegations of Paragraph 191, because Count VIII of the Complaint was dismissed in the January 2006 Order.  No response is required for the further reason that Paragraph 191 purports to state a legal conclusion.

192.    No response is required to the allegations of Paragraph 192, because Count VIII of the Complaint was dismissed in the January 2006 Order. No response is required for the further reason that Paragraph 192 purports to state a legal conclusion. To the extent a response is required, Defendants deny the allegations of Paragraph 192.

193.    No response is required to the allegations of Paragraph 193, because Count VIII of the Complaint was dismissed in the January 2006 Order. To the extent a response is required, Defendants deny the allegations of Paragraph 193.

194.    No response is required to the allegations of Paragraph 194, because Count VIII of the Complaint was dismissed in the January 2006 Order. To the extent a response is required, Defendants deny the allegations of Paragraph 194.

195.    No response is required to the allegations of Paragraph 195, because Count VIII of the Complaint was dismissed in the January 2006 Order. To the extent a response is required, Defendants deny the allegations of Paragraph 195.

196.    No response is required to the allegations of Paragraph 196, because Count VIII of the Complaint was dismissed in the January 2006 Order. To the extent a response is required, Defendants deny the allegations of Paragraph 196.

197.    No response is required to the allegations of Paragraph 197, because Count VIII of the Complaint was dismissed in the January 2006 Order. To the extent a response is required, Defendants deny the allegations of Paragraph 197.

198.    Defendants repeat each of their responses as set forth above.

199.    No response is required to the allegations of Paragraph 199, because Count IX of the Complaint was dismissed in the January 2006 Order.  To the extent a response is required, Defendants deny the allegations of Paragraph 199.

No response is required to the "Prayer for Relief."  To the extent a response is required, Defendants deny the allegations in the Prayer for Relief.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The challenged fees are fair and not so disproportionately large in relation to the services rendered that they bear no reasonable relationship to the services rendered.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs lack standing to bring the claims asserted.

## FOURTH AFFIRMATIVE DEFENSE

A majority of the disinterested directors approved the challenged fees.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs, by purchasing shares of a particular fund and reinvesting, agreed with, accepted, endorsed and otherwise approved the level of challenged fees.  Accordingly, plaintiffs are estopped and otherwise barred from complaining about those fees.

## SIXTH AFFIRMATIVE DEFENSE

The claims are barred in whole or in part by the applicable statutes of limitation.

## SEVENTH AFFIRMATIVE DEFENSE

The ICA prohibits recovery of any damages allegedly incurred prior to one year before the institution of this action.

## EIGHTH AFFIRMATIVE DEFENSE

Defendants fully and timely disclosed all relevant information regarding the challenged advisory and distribution fees.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs knew, or with the exercise of reasonable care should have known, all of the relevant information concerning the challenged advisory and distribution fees. In addition, they were free at all relevant times to sell the shares they owned in the particular funds. Accordingly, their claims are barred.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrines of waiver, estoppel, ratification, and/or unclean hands.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs have not suffered any legally cognizable losses or damages from their purported investments in the MFS Funds and/or have been made whole.

## TWELFTH AFFIRMATIVE DEFENSE

Any injury sustained by Plaintiffs was not directly or indirectly caused by the alleged breach of fiduciary duty set forth in the Complaint.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are not suitable for class treatment under Fed. R. Civ. P. 23.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to a trial by jury.

WHEREFORE, MFS and MFD respectfully request that this Court:

(a)    Enter judgment for MFS and MFD and against Plaintiffs on all of Plaintiffs'

claims and dismiss the Complaint with prejudice;

(b)    Award MFS and MFD their costs and attorneys' fees for the defense of the

Complaint; and

(c)    Award MFS and MFD such other relief as the court deems just and proper.


Respectfully Submitted,

Massachusetts Financial Services Co., and MFS
Fund Distributors, Inc.,

By their attorneys,


/s/ Jonathan A. Shapiro
Jeffrey B. Rudman (BBO #433380)
William H. Paine (BBO #550506)
Jonathan A. Shapiro (BBO #567838)
Amanda P. Masselam (BBO #641108)
Matthew A. Stowe (BBO #650473)
WILMER CUTLER PICKERING
    HALE AND DORR LLP
60 State Street
Boston, MA  02109
(617) 526-6000


Dated:  February 21, 2006

## <u>CERTIFICATE OF SERVICE</u>

I, Matthew A. Stowe, hereby certify that I caused a copy of the foregoing document to be served either by electronic notification or first-class mail to counsel for plaintiffs.

`

/s/ Matthew A. Stowe_____
Matthew A. Stowe


Dated:  February 21, 2006

-46-