UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ERIC FORSYTHE, et al.,<br><br>                  Plaintiffs,<br>v.<br><br>SUN LIFE FINANCIAL, INC., et al.,<br><br>                  Defendants. | No. 04-10584-GAO<br><br>Consolidated Cases Nos.:<br><br>04-10764-GAO<br>04-11019-GAO<br><br>**ORAL ARGUMENT<br>REQUESTED** |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO
CERTIFY INTERLOCUTORY APPEAL AND/OR FOR A STAY**

Defendants Massachusetts Financial Services Company and MFS Fund Distributors, Inc. (collectively, "MFS" or "Defendants") move that this Court certify under 28 U.S.C. § 1292(b) an interlocutory appeal from the Court's January 19, 2006 Order granting in part and denying in part Defendants' Motion to Dismiss (the "Order"). In the alternative, Defendants request that this Court stay proceedings until the Court of Appeals has resolved a pending appeal of Judge Keeton's dismissal of a nearly identical "something for nothing" complaint in the Columbia Entities Litigation. See In re Columbia Entities Litig., No. 04-11704-REK, 2005 U.S. Dist. LEXIS 33439 (D. Mass. Nov. 30, 2005), appeal docketed, No. 06-1227 (1st Cir. Feb. 8, 2006) (hereinafter "Columbia"), which if affirmed likely will dispose of this case, and at a minimum will supply the legal standard that will govern this and other Section 36(b) claims.

An interlocutory appeal is appropriate here because the just-docketed Columbia appeal has put before the First Circuit a nearly identical Section 36(b) complaint, prosecuted by the same plaintiffs' counsel on the same "something for nothing" theory that this Court sustained but

1

that Judge Keeton and at least five other courts dismissed. The First Circuit's Columbia decision will be the first time the Court of Appeals has construed Section 36(b) and will resolve a plainly disputed issue of law within this (and other) Circuits. Certification of an interlocutory appeal in this matter would afford the First Circuit the opportunity to review this Court's Order together with Judge Keeton's ruling in Columbia. If the First Circuit's decision is consistent with the majority of courts that have dismissed nearly identical "something for nothing" complaints, it will dispose of the only claim that remains in this case. Even if the First Circuit reverses Columbia, however, its opinion will necessarily articulate the rule of decision for this case. Regardless of the First Circuit's disposition, interlocutory review would avoid – for both parties – the costs of potentially needless discovery. For these same reasons, even if this Court does not certify its Order for appeal, it should stay the case pending the First Circuit's articulation of the governing law in Columbia.

*Argument*

**I.     An Interlocutory Appeal Is Appropriate Under 28 U.S.C. § 1292(b).**

Defendants seek an interlocutory appeal from the Court's Order, which granted defendants' motion to dismiss in large part but sustained Count III with respect to plaintiffs' claims on behalf of two mutual funds (Massachusetts Investors Trust and MFS Utilities Funds) under Section 36(b) of the Investment Company Act, 15 U.S.C. § 80a-35(b). See Order at 23. The Court should certify the Order because, for the reasons set forth below, the Court's decision to sustain a portion of Count III rests on a "controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." See 28 U.S.C. § 1292(b); see also Klinghoffer v. S.N.C. Achille Lauro, 921 F.2d 21, 24 (2d Cir. 1990); McGillicuddy v. Clements,

2

746 F.2d 76, 76 n.1 (1st Cir. 1984); Philip Morris Inc. v. Harshbarger, 957 F. Supp. 327, 330 (D. Mass. 1997).

### A. The Viability of the Theory Underlying the Section 36(b) Claim Presents a Controlling Question of Law.

The Court's Order sustaining Count III with respect to the two funds presents a "controlling" question of law because "'reversal of the district court's order" with respect to the legal issues underlying the remaining portion of the Complaint "would terminate the action.'" See Philip Morris, 957 F. Supp. at 330 (quoting Klinghoffer, 921 F.2d at 24). The Court's decision to sustain a portion of plaintiffs' claim under Section 36(b) presents a question of law, and not simply the question whether the plaintiffs pleaded sufficient facts. See generally 16 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3930, at 424 (2d ed. 1996) (interlocutory appeal most appropriately taken from legal rulings, as opposed to those merely based on sufficiency of pleading).

Specifically, defendants argued, inter alia, that Count III should be dismissed because "directed brokerage" and the other challenged practices could not as a matter of law give rise to liability under Section 36(b) and because plaintiffs did not plead a factual basis that the "services rendered by the defendants were disproportionate to the fees charged" to the two funds at issue. See Order at 21-23. Defendants based that argument on a string of decisions, including several from this and other district courts (cited infra) that dismissed as legally inadequate identical, or nearly identical, complaints against other mutual fund companies.

The Court acknowledged plaintiffs' failure to plead a disproportionate relationship ("fees" versus "services"), but nonetheless sustained Count III with the legal ruling that such allegations are not necessary to state a claim under Section 36(b):

3

> [A]lthough the plaintiffs do not make any allegations regarding the quality of services rendered, that factor may be irrelevant to their theory of excessiveness. The plaintiffs' contention is that the fees were excessive because they were unauthorized and taken from fund assets to the benefit of the defendants only, not the funds. The plaintiffs' theory is that fees that amount to "something for nothing" are inherently excessive.

Order at 23. That ruling plainly is "controlling" because, if reversed on appeal, the narrow Section 36(b) claim that remains in the case will be dismissed and the case will "terminate." See Philip Morris, 957 F. Supp. at 330.

There is a "'substantial ground for difference of opinion'" on the legal viability of plaintiffs' "something for nothing" theory because it involves a "'difficult and pivotal'" question of law "'not settled by controlling authority.'" Id. (quoting McGillicuddy, 746 F.2d at 76 n.1). The Court decided the motion to dismiss without the benefit of any controlling precedent on the legal standard governing Section 36(b) claims. See Order at 19 ("The First Circuit has not expressly adopted the so-called Gartenberg factors nor has it established a specific pleading standard for § 36(b) claims."). Moreover, the same "something for nothing" theory at issue in this case has been flatly rejected by several district courts as inactionable under Section 36(b). See infra at 6 & n.3. No Court of Appeals in any Circuit has sustained the theory. Moreover, other Courts of Appeals have affirmed dismissal of complaints that do not fit within the traditional Gartenberg framework, including the requirement of a disproportionate relationship between fees and services. See Krantz v. Prudential Invs. Fund Mgmt. LLC, 305 F.3d 140, 143 (3d Cir. 2002); Migdal v. Rowe Price-Fleming Int'l Inc., 248 F.3d 321, 327 (4th Cir. 2001).

An interlocutory appeal is particularly appropriate where, as here, the legal issue for which there is a "difference of opinion" happens to be the subject of a pending First Circuit appeal. This Court's Order conflicts with Judge Keeton's recent dismissal of a virtually identical

4

complaint, which plaintiffs (represented by the same counsel) have since appealed to the First Circuit. See Columbia, 2005 U.S. Dist. LEXIS 33439, at *27-32.[1] The Section 36(b) claim dismissed in Columbia, just like that sustained here, challenged the same "directed brokerage" and other allegedly improper practices on the theory that defendants received "something for nothing." See, Columbia, 2005 U.S. Dist. LEXIS 33439 (D. Mass. Aug. 2, 2004).[2] If the Court of Appeals resolves this split of authority by affirming dismissal of the "something for nothing" claim in Columbia, it is highly unlikely that plaintiffs could go forward with the same claim against MFS. Certification of an interlocutory appeal of this Court's Order would provide the First Circuit with an opportunity to consider the appeals together, on a record that includes the differing analysis undertaken and opposite conclusions reached by two Judges on the same issues.

The substantial difference of opinion as to whether a "something for nothing" theory can state a claim under Section 36(b) is apparent from a striking number of other district court decisions, the majority of which have resulted in dismissal of nearly identical complaints and were decided after the parties submitted their initial briefs on the motion to dismiss Forsythe. For example, in December Judge Koeltl squarely addressed and rejected the plaintiffs' argument. In re Eaton Vance Mut. Funds Fee Litig., 403 F. Supp. 2d 310, 315 (S.D.N.Y. 2005) (on motion for reconsideration, court again ruled that complaint must be dismissed because "'*something for nothing*' . . . *stretches the reach of § 36(b) too far*") (emphasis added).

---

[1] Plaintiffs' counsel in this case also represent plaintiffs in Columbia, and made the same arguments in opposition to the motions to dismiss in both cases. Compare Columbia Pls.' Opp. to Defs.' Mot. to Dismiss at 9-10 (available at Exhibit C to Forsythe docket no. 95) ("Plaintiffs have alleged the fees were excessive because they and other Fund investors were paying increasing amounts of money as the funds grew with no corresponding benefit to the Funds or their shareholders – i.e., they were paying 'something for nothing.'"), with Forsythe Pls.' Opp. to Defs.' Mot. to Dismiss (docket no. 79) (making identical argument against MFS).

[2] The Columbia appeal also may resolve other identical legal questions concerning standing, private rights of action, and the direct or derivative nature of the claims asserted, among other things.

5

Last month, Judge Kram reconsidered her October denial of a motion to dismiss in AllianceBernstein – a case upon which plaintiffs here relied in opposing dismissal and which the Court cited for a different proposition – and granted the motion and dismissed the case in its entirety. In re AllianceBernstein Mut. Fund Excessive Fee Litig., No. 04-4885, 2006 WL 74439 (S.D.N.Y. Jan. 11, 2006); see also In re Goldman Sachs Mut. Funds Fee Litig., No. 04-2567, 2006 WL 126772 (S.D.N.Y. Jan. 17, 2006) (dismissing nearly identical complaint); In re American Mut. Funds Fee Litig., No. 04-5593 (C.D. Cal. Dec. 16, 2005) (same); In re Davis Selected Mut. Funds Litig., No. 04-4186, 2005 WL 2509732 (S.D.N.Y. Oct. 11, 2005) (same).[3] Although New York and California decisions are of course not precedent in the First Circuit, the fact that the case law has evolved so quickly and for the most part forecloses plaintiffs' theory, confirms that this Order is appropriately certified for an interlocutory appeal.

**B.     An Interlocutory Appeal Would Materially Advance the Litigation.**

For similar reasons, an interlocutory appeal would materially advance this litigation. Philip Morris, 957 F. Supp. at 330 (material advancement requirement "'closely tied to the requirement that the order involve a controlling question of law'") (quoting 16 Wright et al., supra Part A.1 § 3930, at 432).

As in Philip Morris, where this Court certified the judgment for an interlocutory appeal, a reversal of this Court's ruling on Section 36(b) would likely terminate this litigation, for the reasons set forth above. Although that potential for reversal on a plainly dispositive question alone satisfies this prong of the § 1292(b) analysis, even if the First Circuit were to sustain this

---

[3]     Plaintiffs' counsel have also appealed to the Second Circuit the cases they lost in the Southern District of New York. See, e.g., In re Davis Selected, 2005 WL 2509732, appeal docketed, No. 05-6936 (2d Cir. Dec. 23, 2005). Three other courts have either dismissed similar complaints without prejudice or have sustained the § 36(b) claim. See In re Franklin Mut. Funds Excessive Fee Litig., 388 F. Supp. 2d 451, 467-68 (D.N.J. 2005); In re Lord Abbett Mut. Funds Fee Litig., No. 04-CV-0559, 2005 WL 3544312 (D.N.J. Dec. 28, 2005); In re Dreyfus Mut. Funds Fee Litig., No. 04-0128 (W.D. Pa. Sept. 30, 2005).

6

Court's ruling (and reverse Columbia), such a decision would materially advance and focus this case in that the First Circuit likely would articulate (for the first time) the rule of decision under which the remaining claims will be litigated. This would allow the parties to take discovery and prepare for dispositive motions in view of the legal claims and defenses as defined by the First Circuit. See Fed. R. Civ. P. 26(b)(1). See generally Philip Morris, 957 F. Supp. at 330 (interlocutory appeal appropriate even if case will not terminate where appellate ruling may "so significantly alter[]" course of litigation); 16 Wright et al., supra Part A.1 § 3929, at 369 (observing view that purpose of § 1292 is to "avoid[] the wastes of unnecessary or repeated protracted proceedings"); id. § 3930, at 426 (a "steadily growing number of decisions" deem question controlling "if interlocutory reversal might save time for the district court, and time and expense for the litigants").[4]

## II.    In the Alternative, This Court Should Stay Further Proceedings Pending the Outcome of the Columbia Appeal.

In the alternative, defendants request that the Court stay the proceedings in this case pending the outcome of the Columbia appeal. A stay is appropriate in this case because, even if the Court does not certify its Order for interlocutory appeal, a First Circuit decision to affirm dismissal of Columbia would likely foreclose plaintiffs from going forward with the essentially identical Section 36(b) claim in this case. See supra. Also, even if Columbia is reversed, the legal standard articulated by the First Circuit decision in such a "first impression" decision would govern the litigation of this case. To allow discovery and motion practice to commence under these circumstances would subject defendants to substantial expense that may never be

---

[4] Although by definition every interlocutory appeal delays the litigation, here any claimed prejudice by plaintiffs must be balanced against the clear split of authority on an indisputably dispositive legal issue that likely will be decided in Columbia (an appeal noticed by the same plaintiffs' counsel) and will govern this case regardless of how resolved.

7

necessary, or to double back and revisit discovery to address the First Circuit's forthcoming definition of the scope of the Section 36(b) claim.

Dated: February 22, 2006

Respectfully Submitted,

Massachusetts Financial Services Co., and MFS Fund Distributors, Inc.,

By their attorneys,

/s/ Jonathan A. Shapiro
Jeffrey B. Rudman (BBO #433380)
William H. Paine (BBO #550506)
Jonathan A. Shapiro (BBO #567838)
Amanda P. Masselam (BBO #641108)
Matthew A. Stowe (BBO #650473)
WILMER CUTLER PICKERING
   HALE AND DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6000

## CERTIFICATE OF SERVICE

I, Matthew A. Stowe, hereby certify that on February 22, 2006, I caused a copy of the foregoing document to be served either electronically or by overnight mail upon counsel for plaintiffs.

/s/ Matthew A. Stowe (JAS by permission)
Matthew A. Stowe

Dated: February 22, 2006

US1DOCS 5527242v3