UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ERIC FORSYTHE, et al.,<br><br>    Plaintiff,<br>v.<br><br>SUN LIFE FINANCIAL, INC., et al.,<br><br>    Defendants | No. 04-10584-GAO |
| MARCUS DUMOND, HENRY BERDAT, STUART V. and ROSEMARY STURGESS, KATHLEEN BLAIR, WILLIAM and MARGIE BOOTH, KAREN PEACH, and RICHARD and EVELYN KELLER,<br><br>    Plaintiffs,<br><br>v.<br><br>MASSACHUSETTS FINANCIAL SERVICES COMPANY and MFS FUND DISTRIBUTORS, INC.,<br><br>    Defendants. | No. 04-11458-GAO |

## **UPDATED REPORT OF PARTIES' PLANNING MEETING**

**I. Rule 26(f) Conference**

  This report is submitted pursuant to Fed. R. Civ. P. 26(f) by the following counsel

for the parties, who have met and conferred (by telephone and e-mail):

  Michael Woerner and Michelle Blauner for the *Dumond* Plaintiffs;

  Janine Pollack, Adam Wierzbowski and Nancy Gans for the *Forsythe* Plaintiffs; and

  Jonathan Shapiro and Amanda Masselam for the MFS Defendants.

## II. Status

On January 13, 2005, the Court issued an order consolidating the *Forsythe*, *Eddings*, and *Koslow* Actions (hereinafter the "*Forsythe* Action"). The Court further ruled that the *Dumond* Action shall proceed independent of the *Forsythe* Action, but shall be coordinated with the *Forsythe* Action for discovery and pretrial purposes.

Defendants filed motions to dismiss both cases on April 15, 2005. By Memorandum and Order, dated January 19, 2006, the Court denied Defendants' motion to dismiss the *Dumond* Action. By Memorandum and Order, dated January 19, 2006, the Court granted in part and denied in part, Defendants' motion to dismiss the *Forsythe* Action. On February 21, 2006, Defendants answered the *Dumond* Complaint and the *Forsythe* Complaint.

### A. *Defendants' Position*

Defendants submit that the Court ruled on the motions to dismiss in *Forsythe* by (i) dismissing all of Plaintiffs' claims against MFS and MFD with the exception of Count III, brought under § 36(b) of the ICA, which it dismissed in part; (ii) dismissing all claims asserted against all other defendants; and (iii) dismissing on standing grounds all claims asserted by Plaintiffs Larry Eddings and the City of Chicago Deferred Compensation Plan. With respect to the claims sustained against MFS and MFD in Count III, the Court limited the § 36(b) claims to those asserted by the two remaining Plaintiffs (Eric Forsythe and Richard Koslow) on behalf of two funds (Massachusetts Investors Trust and MFS Utilities Fund), and ruled that Plaintiffs could not seek recovery under § 36(b) for alleged nondisclosure, or for any damages other than those allegedly sustained during the period beginning on March 25, 2003.

B.  *Forsythe Plaintiffs' Position*

The *Forsythe* Memorandum and Order on the motions to dismiss, dated January 19, 2006, held, among other things, that the *Forsythe* Plaintiffs have standing to bring claims under section 36(b) of the Investment Company Act of 1940, 15 U.S.C. § 80a-35(b), on behalf of those MFS Funds whose shares they have continuously owned since the commencement of the *Forsythe* Action. However, the Court dismissed the claims alleged on behalf of the MFS Funds that the *Forsythe* Plaintiffs either never owned, did not own on the date the Action was filed, or no longer own. Given this ruling, the *Forsythe* Plaintiffs intend to move the Court shortly to add new Plaintiffs to the *Forsythe* Action who held shares of additional MFS Funds at the time the *Forsythe* Complaint was filed and who currently still own those shares.

As discussed herein, Defendants intend to file a motion to certify under 28 U.S.C. § 1292(b) an interlocutory appeal from the Court's January 19, 2006 Order on Defendants' motion to dismiss the *Forsythe* Action, or in the alternative to stay proceedings until the First Circuit has resolved a pending appeal of Judge Keeton's dismissal of the complaint in *In re Columbia Entities Litig.*, 2005 U.S. Dist. LEXIS 33439 (D. Mass. Nov. 30, 2005). The *Forsythe* Plaintiffs disagree with Defendants' proposed interlocutory appeal or stay of the *Forsythe* Action, and will address any such motion by Defendants in Plaintiffs' Opposition to any such motion.

C.  *All Plaintiffs' Position*

Defendants have agreed that if Plaintiffs believe that they have not had sufficient time to consider and respond to Defendants' positions before the filing of this Report,

Defendants consent to all Plaintiffs' filing of a supplemental response to Defendants' positions by the end of the day on Thursday, February 23, 2006.

### III.    Pre-Discovery Disclosures

#### A.    *Plaintiffs' Position*

The *Dumond* Plaintiffs and the *Forsythe* Plaintiffs have served their initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) upon the Defendants in their respective actions.

#### B.    *Defendants' Position*

Defendants will serve their initial disclosures in *Dumond* on March 13, 2006, which is 14 days following the February 27, 2006 Scheduling Conference. As noted *infra*, Defendants have filed a motion for interlocutory appeal and/or stay in *Forsythe*, which if granted would make such disclosures unnecessary at this time, and, if denied, Defendants will serve their initial disclosures 14 days following the entry of the Court's Order.

### IV.    Class Proceedings

Given the Court's ruling on the motion to dismiss, the *Forsythe* Plaintiffs believe that their previously-filed motion for class certification is moot, and they intend to withdraw it. The *Dumond* Action is not a class action

### V.    Merits Discovery

#### A.    *Plaintiffs' Position*

Plaintiffs' position is that merits discovery should proceed forthwith. Defendants had taken the position that there should be no initial disclosures and no discovery pending this Court's decision on Defendants' Motions to Dismiss. Now that the Court has

decided those motions and sustained some or all of Plaintiffs' claims, there is no reason for further delay.

The *Dumond* Plaintiffs and the *Forsythe* Plaintiffs believe a stay of initial disclosures and discovery would only needlessly delay the orderly disposition of this case, and they propose the following schedule for the completion of discovery:

      a.    <u>Fact Discovery</u>:  To be completed within 15 months after the Local Rule 16.1 conference.

      b.    <u>Expert Discovery</u>:  The *Dumond* Plaintiffs and the *Forsythe* Plaintiffs shall identify their trial experts pursuant to Fed. R. Civ. P. 26(a)(2)(A) and produce expert reports pursuant to Fed. R. Civ. P. 26(b)(4)(A) no later than sixty (60) days after the deadline for the completion of fact discovery.

Defendants shall identify their trial experts pursuant to Fed. R. Civ. P. 26(a)(2)(A) and produce expert reports pursuant to Fed. R. Civ. P. 26(b)(4)(A) no later than sixty (60) days after the production of Plaintiffs' expert reports.

The *Dumond* Plaintiffs and the *Forsythe* Plaintiffs shall produce expert reply reports no later than thirty (30) days after the production of Defendants' expert reports.

All expert depositions shall be completed no later than forty-five (45) days after the production of Plaintiffs' expert reply reports.

      c.    <u>Summary Judgment Motions</u>:  To be filed no later than sixty (60) days after the completion of expert discovery.

**B.**     *Defendants' Position*

*Dumond*

With respect to the *Dumond* case, Defendants agree to the discovery schedule proposed by Plaintiffs, based on the assumption that the discovery event limitations set forth in the Federal and Local Rules will govern, and propose the following additional deadlines:

(a)    Motions to Amend.  All motions for leave to amend the pleadings must be filed no later than thirty (30) days following the Local Rule 16.1 conference.

(b)    Deadlines for Document Requests.  All requests for documents must be served within sixty (60) days following the Local Rule 16.1 conference.  Given Plaintiffs' stated intention to propound voluminous discovery requests, it makes sense for the parties to propound their requests at the beginning of discovery so they can resolve (and, if necessary, litigate) any disagreement over the appropriate scope of document production, which will allow the parties to respond to the requests at the same time.  Defendants are concerned that, absent such structure, they will face the burden, expense, and inefficiency of having to repeatedly go back to the same people and conduct new searches of the same files in response to piecemeal requests that are propounded over an extended period of time.

(c)    Electronic Discovery Issues.  To the extent Plaintiffs seek electronic discovery and the parties cannot agree on the scope of that discovery and/or allocation of its expense, Defendants propose that the parties file motions addressing those issues within thirty (30) days following any request for such discovery.

*Forsythe*

It is Defendants' position that discovery should not proceed at this time in the *Forsythe* matter. Defendants today have filed a motion to certify under 28 U.S.C. § 1292(b) an interlocutory appeal from the Court's January 19, 2006 Order on Defendants' Motion to Dismiss, or in the alternative to stay proceedings until the First Circuit has resolved a pending appeal of Judge Keeton's dismissal of a nearly identical "something for nothing" complaint in *Columbia*.[1] If that motion is denied, Defendants believe that discovery in both cases should be coordinated to avoid duplication (e.g., multiple depositions of the same witnesses). See *infra* at VI.B.

## VI.   Discovery Event Limitations

The parties disagree on the issue of whether there should be any adjustments to the discovery event limitations set forth in Fed. R. Civ. P. 30(a)(2)(A), 30(d)(2), and 33(a) and LR 26.1(C). The parties state their respective positions on this issue below:

### A.   *Plaintiffs' Position*

These separate lawsuits are complex actions requiring significant discovery. The *Dumond* Plaintiffs and the *Forsythe* Plaintiffs provide herein background information concerning the nature of their claims so that the Court can appreciate the need for expanding the discovery limits.

Plaintiffs allege that the management fees charged to the Funds and their investors by Defendants are grossly excessive and violate the Defendants' fiduciary duties.

---

[1]   Defendants respectfully refer the Court to their Motion to Certify Interlocutory Appeal and/or for a Stay for a further explanation of the basis for that motion.

        1.      <u>The *Dumond* Action</u>: The *Dumond* Plaintiffs bring this action on behalf of certain MFS Funds pursuant to Section 36(b) of the Investment Company Act of 1940. Discovery in this matter is likely to focus on a number of factors, including:

        a.      <u>Economies of Scale</u>: The *Dumond* Plaintiffs will perform discovery into the nature and amount of the Defendants' expenses, the degree to which those expenses have increased with growth of the Funds, the degree to which the Defendants have benefited from economies of scale and the extent to which those benefits have been passed on to shareholders.

        b.      <u>Comparative Fee Structures</u>: This factor will require discovery into the fees paid by other comparable mutual funds. The *Dumond* Plaintiffs will also examine the disparity between the fees charged to the Funds and those charged to MFS's institutional clients. The *Dumond* Plaintiffs also need to ascertain the portion of the management fee charged to the Funds that is attributable to portfolio selection (which is comparable to the work performed for institutional clients) and the portion that is attributable to other administrative tasks (which may not be performed for institutional clients).

        c.      <u>Fallout Benefits Attributable to the Funds</u>: The *Dumond* Plaintiffs plan to discover the nature and value of the benefits that Defendants receive as a result of serving as adviser to the Funds (in addition to the receipt of fees).

        d.      <u>Nature and Quality of Services Provided to the Funds' Shareholders</u>: This factor requires detailed discovery into the scope and nature of the services that Defendants perform for the Funds and the performance of the Funds.

e. <u>Profitability of the Funds to the Adviser-Manager</u>: The *Dumond* Plaintiffs will perform discovery into the expenses, revenues, and profitability of the Defendants and their related entities. This is a discovery-intensive task because of the lack of transparency in the publicly-available financial statements, the complicated accounting mechanisms used by Defendants, the number and variety of MFS affiliates involved in fund management, and the transfer of funds between them and various third parties.

f. <u>Independence and Conscientiousness of Trustees</u>: This factor will require discovery into the compensation of the fund trustees, their relationship to MFS, the nature of the trustees' analysis of the appropriateness of the fees, and the type of information that the trustees reviewed when performing this analysis.

2. <u>The *Forsythe* Action</u>: The *Forsythe* Plaintiffs also bring this action pursuant to Section 36(b) of the Investment Company Act. The *Forsythe* Plaintiffs believe that there will be considerable overlap between the discovery requested by the *Forsythe* Plaintiffs and the discovery requested by the *Dumond* Plaintiffs on the issues described above. The *Forsythe* Plaintiffs will also be requesting discovery regarding excessive Rule 12b-1 fees, soft dollar payments, revenue sharing payments and directed brokerage.

3. <u>Proposed Number of Depositions</u>: Without the benefit of any document discovery, the Plaintiffs, in their initial disclosures have identified 36 individuals (in the *Dumond* Action) and 23 individuals and entities (in the *Forsythe* Action) likely to have information relevant to the disputed facts alleged in their pleadings. The lists set forth therein are preliminary only. The identity and precise

number of deponents will not be known until after Defendants complete their document production. However, given the nature and complexity of the cases, additional deposition discovery will be required and Plaintiffs request that the Court provide leave to take more than the 10 allowed by Fed. R. Civ. P. 30(d)(2). To the extent that discovery in *Dumond* is coordinated with *Forsythe*, the number of depositions and time for taking each deposition may need to be further extended.

   4.  Proposed Number of Other Discovery Events: Plaintiffs propose that the Court expand the other discovery limits set forth in the Federal Rules and Local Rules as follows:

    a.  Sets of Document Requests to Parties: Three sets to each Defendant.

    b.  Interrogatories: Twenty-five to each Defendant.

    c.  Requests for Admission: Fifty requests to each Defendant (not including requests to admit used to authenticate documents, which would have no limit).

 **B.** *Defendants' Position*

Defendants oppose any departure from the presumptive limitations on discovery set forth in the Federal and Local Rules. Plaintiffs have not provided a concrete basis to support their conclusion that these cases necessarily require more discovery than the Rules allow. Plaintiffs' assertions about these cases being so complicated ignores that *Forsythe* has been greatly narrowed, as the Court only sustained a single claim under § 36(b) against two defendants, and limited that claim to two funds, for a one-year damages period. There also is no reason to assume that discovery in *Dumond* cannot be

-10-

accomplished within the limits set forth in the Rules. *Dumond* asserts a single claim, against two defendants, on behalf of a handful of the MFS funds, and also is limited to the fees charged during a one-year period of time.

Defendants propose that, rather than prospectively open the door to unnecessary discovery, the parties should commence discovery, make a concerted effort to live within the limits of the Rules, and only come back to the Court if they cannot. The lack of a basis to exempt Plaintiffs from the Rules is also apparent from Plaintiffs' request for more than ten depositions, because they have not said how many more they really need, why, or whether there is some more efficient method of obtaining the discovery they seek. In addition, there is no need for separate document requests on MFS and MFD, as Plaintiffs suggest, and there certainly is no need to double that number.

As noted above, Defendants have filed a motion for interlocutory appeal and/or stay. If, however, discovery in *Forsythe* is not stayed, then consistent with this Court's Order on consolidation and coordination (Docket No. 52), discovery should proceed jointly for both cases to the greatest extent possible. Discovery in the cases will overlap. For example, the *Forsythe* and *Dumond* Plaintiffs apparently both seek discovery of MFS's business and financials, and MFS should not have to duplicate efforts by responding to (and if necessary objecting to and litigating) many different document requests that may be phrased in different terms and call for different return dates, but seek the same information. The risk of unnecessary burden and expense of duplicative discovery is particularly great with respect to electronic data, which often imposes an extraordinary burden and, to the extent it is necessary, should only be undertaken once. It also should be unnecessary for Plaintiffs to take separate depositions of the same

witnesses (such as the trustees) on the same topics (such as their involvement in negotiating the fees).

**VII.    Confidentiality**

The parties agree that they shall submit to the Court, within no later than fourteen (14) days after the Local Rule 16.1 conference, a proposed stipulated form of order providing for the confidential treatment of documents or information designated confidential pursuant to Fed. R. Civ. P. 26(c)(7) and Local Rule 7.2 in the event that such documents and information are exchanged by the parties to this litigation or by non-parties. If the parties are unable to agree, they shall submit their respective proposals regarding such confidential treatment to the Court.

**VIII.   Settlement**

The parties agree that it is premature to discuss settlement at this time in light of the lack of discovery, and the Court's recent decision on the *Forsythe* motion to dismiss significantly changing the parameters of the case.

**IX.    Trial by Magistrate**

The parties do not consent to trial by Magistrate.

**X.    Certification of Consultation**

The parties certify that they have conferred with their counsel (1) with a view to establishing a budget for the costs of conducting the full course, and various alternative courses, of the litigation, and (2) to consider the resolution of the litigation through the use of alternative dispute resolution.

-13-

| | |
|---|---|
| Respectfully Submitted, | Respectfully Submitted, |
| The *Forsythe* Plaintiffs, | Massachusetts Financial Services Co., and MFS Fund Distributors, Inc., |
| By their attorneys, | By their attorneys, |
| /s/ Nancy Freeman Gans<br>Nancy Freeman Gans (BBO #184540)<br>Moulton & Gans, P.C.<br>65 Cleveland Road<br>Wellesley, MA  02481<br>(781) 235-2246 | /s/ Jonathan A. Shapiro<br>Jeffrey B. Rudman (BBO #433380)<br>William H. Paine (BBO #550506)<br>Jonathan A. Shapiro (BBO #567838)<br>Amanda P. Masselam (BBO #641108)<br>WILMER CUTLER PICKERING HALE AND DORR LLP<br>60 State Street<br>Boston, MA  02109<br>(617) 526-6000 |

The *Dumond* Plaintiffs,

By their attorneys,

/s/ Michelle H. Blauner
Edward F. Haber (BBO #215620)
Michelle H. Blauner (BBO #549049)
SHAPIRO HABER & URMY LLP
53 State Street
Boston, MA  02109
(617) 439-3939

February 22, 2006