UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ERIC FORSYTHE, et al.,<br><br>    Plaintiff,<br>v.<br><br>SUN LIFE FINANCIAL, INC., ET AL.,<br><br>    Defendants | No. 04-10584-GAO |
| MARCUS DUMOND, HENRY BERDAT, STUART V. and ROSEMARY STURGESS, KATHLEEN BLAIR, WILLIAM and MARGIE BOOTH, KAREN PEACH, and RICHARD and EVELYN KELLER,<br><br>    Plaintiffs,<br>v.<br><br>MASSACHUSETTS FINANCIAL SERVICES COMPANY and MFS FUND DISTRIBUTORS, INC.,<br><br>    Defendants. | No. 04-11458-GAO |

**PLAINTIFFS' SUPPLEMENTAL RESPONSE TO THE UPDATED REPORT OF PARTIES' PLANNING MEETING**

As per Section II.C of the Updated Report of Parties' Planning Meeting, the *Dumond* Plaintiffs and the *Forsythe* Plaintiffs hereby submit their response to a number of issues raised by the Defendants to which Plaintiffs did not have time to respond.

**V.  Merits Discovery**

Defendants have filed a Motion to Certify Interlocutory Appeal and/or for a Stay of the *Forsythe* Action. The *Forsythe* Plaintiffs intend to oppose that motion. In the Updated Report of Parties' Planning Meeting, Defendants have taken the position that the *Forsythe* Action should be stayed, and Defendants did not address certain specific

discovery issues as they pertain to the *Forsythe* Action. The *Forsythe* Plaintiffs, however, have set forth their proposals regarding discovery, and the statements made herein regarding the *Dumond* Plaintiffs' responses to Defendants' discovery proposals apply with equal force to the *Forsythe* Action, as described below.

### A.   Motions to Amend

Defendants assert that motions for leave to amend the pleadings in the *Dumond* Action must be filed no later than thirty (30) days following the Local Rule 16.1 conference. The Defendants did not give a basis for that proposal. While the *Dumond* Plaintiffs do not anticipate that the nature of their claims will change, certainly issues may arise during discovery that would require an amendment of the pleadings. The *Dumond* Plaintiffs therefore oppose Defendants' proposal to establish a deadline for motions for leave to amend the pleadings. The *Forsythe* Plaintiffs additionally oppose the establishment of a deadline for motions for leave to amend the pleadings in the *Forsythe* Action for the same reasons.

### B.   Deadlines for Document Requests

Defendants have additionally proposed that all requests for documents in the *Dumond* Action must be served within sixty (60) days following the Local Rule 16.1 conference. The *Dumond* Plaintiffs intend to issue comprehensive document requests, immediately following the Local Rule 16.1 conference. However, they may learn of additional documents during discovery that were not initially requested. The *Forsythe* Plaintiffs agree with the *Dumond* Plaintiffs' position.

The *Dumond* Plaintiffs and the *Forsythe* Plaintiffs have proposed that the parties be limited to three sets of document requests, so that there are two (but not unlimited)

opportunities for Plaintiffs to later request documents that they learn about during discovery, and oppose Defendants' proposal to establish a sixty day deadline for such requests. There is no Local or Federal Rule supporting Defendants' proposal.

### C.    Electronic Discovery Issues

Defendants do not give a basis for their proposal that any motions regarding disagreements over electronic discovery in the *Dumond* Action must be filed within thirty (30) days following any request for such discovery. Again, the *Dumond* Plaintiffs, as well as the *Forsythe* Plaintiffs, intend to conduct discovery as efficiently as possible. However, experience teaches that sometimes there are disagreements between the parties over electronic discovery issues that might not come to the parties' attention until after thirty days from the date of the requests for such discovery. While it is certainly appropriate for those issues promptly to be brought to the attention of the Court, if the parties cannot work them out, that process should not be restricted to the first thirty days following a request for discovery. There is no Local or Federal Rule supporting Defendants' position.

### D.    Limitations on Discovery

Defendants' position is that the *Dumond* Plaintiffs should operate under the ten deposition restriction and only come back to the Court if they need more. The problem with Defendants' position is that the *Dumond* Plaintiffs have already identified 36 individuals who may need to be deposed, and they will undoubtedly learn of more during discovery. Defendants' position would force the *Dumond* Plaintiffs to guess as to which ten depositions to take, knowing that the Defendants will resist their efforts to take more and not knowing whether the Court will allow more depositions to be taken. It is

impossible for the *Dumond* Plaintiffs to give a firm number of depositions that they may need, now, given that Defendants have yet to produce any documents and have yet to file their initial disclosures.  The persons with knowledge identified by the *Dumond* Plaintiffs in their initial disclosure include the fifteen trustees who approved the excessive fees at issue and twenty-one officers/fund managers.  While it may be that in the end more or less than 36 depositions are required, it is a certainty that the *Dumond* Plaintiffs will need more than ten depositions.  The *Dumond* Plaintiffs will, of course, begin the deposition process by scheduling 30(b)(6) depositions so that they may conduct discovery as efficiently as possible.

Additionally, although the *Forsythe* Action has been narrowed by the Court's ruling on the motion to dismiss, this is still a complex action.  The *Forsythe* Plaintiffs have shown a concrete basis for their request for leave to take more than the 10 depositions provided for in Fed. R. Civ. P. 30(d)(2) by identifying in their initial disclosures 23 individuals and entities likely to have information relevant to the facts alleged in their pleading.  Like the *Dumond* Plaintiffs, the *Forsythe* Plaintiffs have set forth numerous reasons why the Actions require not only numerous depositions, but document requests and other discovery that may go beyond the limits set for less complex actions.

-5-

Respectfully Submitted,

| The *Forsythe* Plaintiffs, | The *Dumond* Plaintiffs, |
|---|---|
| By their attorneys, | By their attorneys, |
|  | Edward F. Haber (BBO #215620)<br>Michelle H. Blauner (BBO #549049)<br>SHAPIRO HABER & URMY LLP<br>53 State Street |
| /s/ Nancy Freeman Gans<br>Nancy Freeman Gans (BBO #184540)<br>Moulton & Gans, P.C.<br>55 Cleveland Rd.<br>Wellesley, MA  20481<br>(781) 235-2246 | Boston, MA  02109<br>(617) 439-3939<br><br>/s/ Michael Woerner<br>Lynn Lincoln Sarko (*pro hac vice*)<br>Michael Woerner (*pro hac vice*)<br>Tana Lin (*pro hac vice*)<br>Gretchen F. Cappio (*pro hac vice*)<br>KELLER ROHRBACK L.L.P.<br>1201 Third Avenue, Suite 3200<br>Seattle, WA  98101<br>(206) 623-1900 |

February 23, 2006

### CERTIFICATE OF SERVICE

    I, Nancy Freeman Gans, hereby certify that on February 23, 2006, counsel for Plaintiffs caused a copy of the foregoing document to be served either electronically or by overnight mail upon counsel for Defendants.

                                            /s/Nancy Freeman Gans
                                            Nancy Freeman Gans