UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ERIC FORSYTHE, et al., | No. 04-10584-GAO |
| Plaintiffs, | Consolidated Cases Nos.: |
| v. | 04-10764-GAO |
| SUN LIFE FINANCIAL, INC., et al., | 04-11019-GAO |
| Defendants. | |

**DEFENDANTS' SUPPLEMENT IN
SUPPORT OF MOTION TO CERTIFY
INTERLOCUTORY APPEAL AND/OR FOR A STAY**

Defendants hereby respond to the Court's suggestion during yesterday's scheduling conference that they propose language articulating the "controlling question of law" that defendants believe warrants an interlocutory appeal of the Court's January 19, 2006 Order under 28 U.S.C. § 1292(b).[1]

**Defendants' Motion**

The Court ruled that plaintiffs' directed brokerage and "something for nothing" theory stated a claim under Section 36(b) of the ICA even though plaintiffs had not made "any allegations regarding the quality of services rendered." This conclusion warrants interlocutory appeal under § 1292(b) because: (*i*) the ruling is "controlling" in that reversal would terminate this litigation, and (*ii*) the ruling is plainly subject to "substantial ground for difference of opinion," given that Judge Keeton and at least five other district courts have dismissed as legally

---

[1] See 28 U.S.C. § 1292(b) (district court may certify for interlocutory appeal an order that "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation").

1

deficient nearly identical Section 36(b) claims asserted by the same plaintiffs' counsel on the same theories. Defendants also argue that an interlocutory appeal is particularly appropriate because the just-docketed <u>Columbia</u> appeal has placed before the First Circuit the same "something for nothing" theory and other legal questions addressed in this Court's January 19 Order, and the First Circuit may wish to consider these related appeals together.

## **Proposed Certification Findings**

Defendants propose that the Court certify its January 19 Order for interlocutory appeal under § 1292(b) by finding that:

1. On January 19, 2006, the Court entered an Order granting in part and denying in part defendants' motion to dismiss the Consolidated Amended Complaint. The January 19 Order dismissed all claims with the exception of the single claim under Section 36(b), which the Court limited but nevertheless sustained.

2. In sustaining the Section 36(b) claim in part, the Court ruled that:

> [A]lthough the plaintiffs do not make any allegations regarding the quality of services rendered, that factor may be irrelevant to their theory of excessiveness. The plaintiffs' contention is that the fees were excessive because they were unauthorized and taken from fund assets to the benefit of the defendants only, not the funds. The plaintiffs' theory is that fees that amount to "something for nothing" are inherently excessive.

Order at 23. The Court rejected defendants' argument that, as a matter of law, plaintiffs' theory does not fall within the narrow remedy available to them under Section 36(b).

2

3.     The Court's ruling that plaintiffs' theory falls within the scope of Section 36(b) presents a "controlling" issue of law because, if reversed, the Section 36(b) claim (and therefore the entire case) will be dismissed.  See 28 U.S.C. § 1292(b).

4.     The question whether plaintiffs' theory is legally cognizable under Section 36(b) is the subject of a substantial "difference of opinion."  See id.  First, there is no controlling precedent addressing the question.  As the Court noted in the January 19 Order, "[t]he First Circuit has not expressly adopted the so-called Gartenberg factors nor has it established a specific pleading standard for § 36(b) claims."  See January 19 Order at 4.  Second, within this District, another judge has dismissed as legally inadequate a nearly identical claim under Section 36(b), which is now the subject of appeal.  See In re Columbia Entities Litig., No. 04-11704-REK, 2005 U.S. Dist. LEXIS 33439 (D. Mass. Nov. 30, 2005), appeal docketed, No. 06-1227 (1st Cir. Feb. 8, 2006).  Third, in recent months, several district courts in other Circuits also have dismissed as legally inadequate other substantially similar claims under Section 36(b).[2]

5.     Certifying an interlocutory appeal is appropriate because to do so will allow the First Circuit to consider both the Columbia and Forsythe appeals together, if it wishes to do so. Certification also will promote efficiency and advance this case because the First Circuit's resolution of the "controlling question" will, at a minimum, supply the rule of decision that would govern the litigation of the case, and as noted may terminate the litigation.

---

[2]     See  In re AllianceBernstein Mut. Fund Excessive Fee Litig., No. 04-4885, 2006 WL 74439 (S.D.N.Y. Jan. 11, 2006); In re Goldman Sachs Mut. Funds Fee Litig., No. 04-2567, 2006 WL 126772 (S.D.N.Y. Jan. 17, 2006); In re American Mut. Funds Fee Litig., No. 04-5593 (C.D. Cal. Dec. 16, 2005); In re Davis Selected Mut. Funds Litig., No. 04-4186, 2005 WL 2509732 (S.D.N.Y. Oct. 11, 2005); In re Eaton Vance Mut. Funds Fee Litig., 403 F. Supp. 2d 310, 315 (S.D.N.Y. 2005).

Dated: February 28, 2006

        Massachusetts Financial Services Co., and MFS Fund Distributors, Inc.,

        By their attorneys,

        /s/ Jonathan A. Shapiro
        Jeffrey B. Rudman (BBO #433380)
        William H. Paine (BBO #550506)
        Jonathan A. Shapiro (BBO #567838)
        Amanda P. Masselam (BBO #641108)
        Matthew A. Stowe (BBO #650473)
        WILMER CUTLER PICKERING
           HALE AND DORR LLP
        60 State Street
        Boston, MA  02109
        (617) 526-6000

## CERTIFICATE OF SERVICE

I, Matthew A. Stowe, hereby certify that on February 28, 2006, I caused a copy of the foregoing document to be served either electronically or by overnight mail upon counsel for plaintiffs.

        /s/  Matthew A. Stowe (JAS by permission)
        Matthew A. Stowe

Dated: February 28, 2006

US1DOCS 5540922v1