## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ERIC FORSYTHE, Individually And On Behalf Of All Others Similarly Situated, ) ) | |
| ) | Civil Action No. 04cv10584 (GAO) |
| Plaintiff, ) | |
| ) | **Consolidated Cases Nos.:** |
| vs. ) | |
| ) | 04cv10764 (GAO) |
| SUN LIFE FINANCIAL INC., et al., ) | 04cv11019 (GAO) |
| ) | |
| Defendants. ) | |
| ) | |

## PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO CERTIFY INTERLOCUTORY APPEAL AND/OR FOR A STAY

**MOULTON & GANS, P.C.**
Nancy Freeman Gans (BBO #184540)
55 Cleveland Road
Wellesley, Massachusetts  02481
(781) 235-2246

*Counsel for Plaintiffs and Liaison Counsel*

**MILBERG WEISS BERSHAD
& SCHULMAN LLP**
Jerome M. Congress
Janine L. Pollack
Kim E. Miller
Michael R. Reese
One Pennsylvania Plaza
New York, New York  10119-0165
(212) 594-5300

**WEISS & LURIE**
Joseph H. Weiss
Richard Acocelli
551 Fifth Avenue, Suite 1600
New York, New York  10176
(212) 682-3025

*Counsel for Plaintiffs*

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................1

ARGUMENT .......................................................................................................................4

    I.     DEFENDANTS' MOTION FOR CERTIFICATION OF AN
           INTERLOCUTORY APPEAL SHOULD BE DENIED BECAUSE THEY
           CANNOT MEET THE THREE PART CONJUNCTIVE TEST ...........................4

          A.     Defendants Have Failed To Identify Any "Controlling Question Of
                  Law" But Instead Simply Disagree With The Court's Application
                  Of The Law To The Facts Of This Case....................................................5

          B.     There Are No Substantial Grounds For A Difference Of Opinion .............7

          C.     An Immediate Appeal Would Not Materially Advance The
                  Ultimate Termination Of The Litigation..................................................14

    II.    THE POSSIBLE RESOLUTION OF THE *COLUMBIA* APPEAL IN
           DEFENDANTS' FAVOR IS TOO SPECULATIVE TO JUSTIFY A
           STAY OF THIS ACTION AND DEFENDANTS' MOTION FOR A
           STAY SHOULD THEREFORE BE DENIED.....................................................15

REQUEST FOR ORAL ARGUMENT ...................................................................................18

CONCLUSION...................................................................................................................18

## TABLE OF AUTHORITIES

## FEDERAL CASES

*Abtox, Inc. v. Exitron Corp.*,
  888 F. Supp. 6 (D. Mass. 1995) ...................................................................5

*In re AllianceBernstein Mut. Fund Excessive Fee Litig.*,
  2005 U.S. Dist. LEXIS 24263 (S.D.N.Y. Oct 19, 2005) ............................11

*In re AllianceBernstein Mut. Fund Excessive Fee Litig.*,
  2006 U.S. Dist. LEXIS 939 (S.D.N.Y. Jan. 11, 2006) ............................8, 9

*In re American Mutual Funds Fee Litigation*, No. 04-5593
  (C.D. Cal. Dec. 16, 2005) (slip op., *see* Ex. A hereto) .................................9

*Caraballo-Seda v. Municipality of Hormigueros*,
  395 F.3d 7 (1st Cir. 2005) .........................................................................4, 5

*Carducci v. Aetna U.S. Healthcare*,
  2002 U.S. Dist. LEXIS 19748 (D.N.J. 2002) .............................................11

*In re Clark-Franklin-Kingston Press, Inc.*,
  1993 U.S. Dist. LEXIS 6470 (D. Mass. Apr. 21, 1993) ................................5

*In re Columbia Entities Litig.*, No. 04-11704-REK,
  2005 U.S. Dist. LEXIS 33439 (D. Mass. Nov. 30, 2005) .................................. *passim*

*In re Davis Selected Mut. Funds Litig.*,
  2005 U.S. Dist. LEXIS 23203 (S.D.N.Y. Oct. 11, 2005) ...........................10

*In re Dreyfus Mut. Funds Fee Litig.*,
  2005 U.S. Dist. LEXIS 29152 (W.D. Pa. Sept. 30, 2005) .........................14

*Dumond v. Mass. Fin'l Servs. Co.*,
  2006 U.S. Dist. LEXIS 1933 (D. Mass. Jan. 19, 2006) ..........................3, 14

*In re Eaton Vance Mut. Funds Fee Litig.*,
  403 F. Supp. 2d 310 (S.D.N.Y. 2005).....................................................9, 12

*Educadores Puertorriquenos en Accion v. Hernandez*,
  367 F.3d 61 (1st Cir. 2004).........................................................................12

*Forsythe v. Sun Life Fin'l, Inc.*,
  2006 U.S. Dist. LEXIS 1948 (D. Mass. Jan. 19, 2006) ...................12, 13, 14

*Gartenberg v. Merrill Lynch Asset Mgmt., Inc.*,
  694 F.2d 923 (2d Cir. 1982)...................................................................11, 13

*In re Goldman Sachs Mut. Funds Fee Litig.*,
   2006 U.S. Dist. LEXIS 1542 (S.D.N.Y. Jan. 17, 2006) ...............................................9

*ING Principal Prot. Funds Deriv. Litig.*,
   369 F. Supp. 2d 163 (D. Mass. 2005) .........................................................................12

*Jones v. Harris Assoc., L.P.*,
   2005 WL 831301 (N.D. Ill. Apr. 7, 2005) ...........................................................12, 14

*Krantz v. Prudential Investments Fund Mgmt. LLC*,
   305 F.3d 140 (3d Cir. 2002)........................................................................................10

*Lane v. First Nat'l Bank*,
   871 F.2d 166 (1st Cir. 1989).........................................................................................5

*Lessler v. Little*,
   857 F.2d 866 (1st Cir. 1988).......................................................................................13

*McGillicuddy v. Clements*,
   746 F.2d 76 (1st Cir. 1984)...........................................................................................4

*Migdal v. Rowe Price-Fleming Int'l, Inc.*,
   248 F.3d 321 (4th Cir. 2001) ......................................................................................10

*Millenco L.P. v. meVC Advisors, Inc.*,
   2002 U.S. Dist. LEXIS 19512 (D. Del. Aug. 12, 2002) ..............................................12

*In re Oppenheimer Funds Fee Litig.*, No. 04-cv-7022 (JSR)
   (S.D.N.Y. Mar. 10, 2006) (slip op., *see* Ex. B hereto)................................................14

*P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*,
   161 F. Supp. 2d 355 (D.N.J. 2001) ........................................................................6, 15

*Palandjian v. Pahlavi*,
   782 F.2d 313 (1st Cir. 1986)........................................................................................7

*Philip Morris Inc. v. Harshbarger*,
   957 F. Supp. 327 (D. Mass. 1997) ...............................................................................4

*In re San Juan Dupont Plaza Hotel Fire Litig.*,
   859 F.2d 1007 (1st Cir. 1988).......................................................................................5

*Strigliabotti v. Franklin Res., Inc.*,
   2005 U.S. Dist. LEXIS 9625 (N.D. Cal. Mar. 7, 2005).........................................12, 14

*Swierkiewicz v. Sorema, N.A.*,
   534 U.S. 506 (2002)....................................................................................................12

iii

*United States ex rel. LaValley v. First Nat'l Bank*,
    1990 U.S. Dist. LEXIS 9913 (D. Mass. July 30, 1990)......................................*passim*

*United States v. Arkwright, Inc.*,
    697 F. Supp. 1231 (D.N.H. 1988)..............................................................................17

*Wicks v. Putnam Investment Mgmt., LLC*, No. 04-10988,
    2005 U.S. Dist. LEXIS 4892 (D. Mass. Mar. 28, 2005)...................................8, 12, 14

*Yamaha Motor Corp., U.S.A. v. Calhoun*,
    516 U.S. 199 (1996)...............................................................................................5

## STATE CASES

*Bachman v. A.G. Edwards*, Cause No. 052-01266
    (Mo. Cir. Ct., 22nd Cir. (St. Louis) Feb. 6, 2006) (slip op., *see* Ex. C hereto)............16

## FEDERAL STATUTES

Investment Company Act ("ICA") of 1940 Section 36(b),
    15 U.S.C. § 80a-35(b) ...........................................................................................*passim*

28 U.S.C. § 1292(b) ................................................................................................*passim*

## MISCELLANEOUS

19 *Moore's Federal Practice* (Matthew Bender 3d ed.)..................................................4, 6

Plaintiffs hereby oppose Defendants' motion to certify an interlocutory appeal of this Court's January 19, 2006 Order granting in part and denying in part Defendants' motion to dismiss (the "Order"), which upheld Plaintiffs' claim under Investment Company Act of 1940 ("ICA") Section 36(b), 15 U.S.C. § 80a-35(b).  Plaintiffs also oppose Defendants' alternative motion to stay the instant proceedings until the First Circuit Court of Appeals has resolved the plaintiffs' appeal of Judge Keeton's dismissal of the action, *In re Columbia Entities Litigation*, No. 04-11704-REK, 2005 U.S. Dist. LEXIS 33439 (D. Mass. Nov. 30, 2005), *appeal docketed*, No. 06-1227 (1st Cir. Feb. 8, 2006) (hereafter, "*Columbia*").

## PRELIMINARY STATEMENT

Defendants' motion for interlocutory appeal -- which is highly disfavored by the First Circuit on motions to dismiss -- should be denied.  Defendants have failed to satisfy any of the three parts of the tripartite test under § 1292(b), all of which must be satisfied to allow the extraordinary relief they seek.  First, Defendants' failure to concisely identify the "controlling question of law" to be certified under 28 U.S.C. § 1292(b) is fatal to their motion and demonstrates that their motion simply amounts to a disagreement with this Court's decision on the motion to dismiss, which is not a proper ground for interlocutory appeal.

Second, under the § 1292(b) test for interlocutory appeal, Defendants have failed to demonstrate "substantial ground for difference of opinion" regarding a controlling question of law.  In fact, there is *no* difference of opinion that Rule 8 is the governing pleading standard for Section 36(b) claims, and, contrary to Defendants' assertion, the fact that various district courts have reached different outcomes on Section 36(b) claims at the pleading stage does not evidence a split of authority regarding the legal standards applicable to a Section 36(b) claim.  Rather, such courts have simply examined the specific facts of each case before them under the very same Rule 8 pleading requirements.  Different outcomes based on different facts pled in

difference complaints in different cases does not demonstrate a "difference of opinion" on a legal issue.

To the extent there is any hint of a question to certify, Defendants appear to request certification of whether the allegation that a defendant charged investors excessive mutual fund fees in return for no additional services, and therefore investors paid "something for nothing," states a claim under Section 36(b).  However, as Plaintiffs have used it here, the phrase "something for nothing" is simply shorthand for their underlying factual allegations, which, as this Court has held, demonstrate a disproportionate relationship between the fees paid and services rendered.  As Defendants admit in their brief, their dispute is with the Court's findings on the facts of this case.  *See* Defendants' Memoransum in Support of Motion for Interlocutory Appeal and/or for a Stay (hereafter, "Def. Br.") at 3 (stating that Defendants argued in support of their motion to dismiss that, "[P]laintiffs did not plead a factual basis that the 'services rendered by the defendants were disproportionate to the fees charged'").  Such a factual dispute does not provide a basis for interlocutory appeal.

Third, instead of posing a controlling question of law for review by the First Circuit, Defendants are attempting to "bootstrap" this action to the *Columbia* appeal by arguing that resolution of the *Columbia* appeal would be determinative of the outcome of this case.[1] However, even a holding in the defendants' favor in *Columbia* would not end this case under the § 1292(b) requirement that resolution of an appeal would "materially advance the ultimate termination of the litigation," because of this Court's ruling upholding Plaintiffs' economies of scale allegations.  The *Columbia* court did not even address that issue.  Instead, the *Columbia* court dismissed the plaintiffs' Section 36(b) claim because the court (erroneously) believed that the plaintiffs failed to allege that the Adviser was the recipient of excessive fees given that the

---

[1]  All of the other claims except Section 36(b) in this case and *Columbia* were dismissed on similar grounds, so it is only Section 36(b) that Defendants are raising as an issue here.

Adviser was allegedly paying kickbacks to brokers. In contrast, this Court's decision did not turn on this issue. The *Columbia* court did not even address that issue. Instead, the *Columbia* court dismissed the plaintiffs' Section 36(b) claim because the court (erroneously) believed that the plaintiffs failed to allege that the Adviser was the recipient of excessive fees given that the Adviser was allegedly paying kickbacks to brokers. In contrast, this Court's decision did not turn on this issue.

Defendants also seek a stay of this action pending resolution of the *Columbia* appeal, which would prejudice Plaintiffs, who, as this Court has held, have properly pleaded a Section 36(b) claim. Defendants' request for a stay is based purely on speculation regarding the outcome of an appeal in a different case -- the *Columbia* appeal -- and should be denied. There are many possible outcomes of the *Columbia* appeal, and none would affect this case. Since the *Columbia* appeal raises sharply distinct issues regarding Section 36(b) than the present action, and this Court has upheld Plaintiffs' economies of scale allegations here which would not be affected by any ruling in *Columbia*, the only fair outcome would be to allow this action to go forward, and for Defendants to file any appropriate motion addressing the First Circuit's ruling on the *Columbia* decision once that decision comes down, if that decision in fact has any bearing on this action. Given the Defendants' insistence that the instant action must stay in tandem with its coordinated counterpart, *Dumond v. Massachusetts Financial Services Co.*, No. 04-11458-GAO (D. Mass.), Defendants have effectively argued against any such stay. Their arguments also demonstrate the lack of prejudice to them were this case to proceed during the *Columbia* appeal, since they will be proceeding with discovery in *Dumond* with which they readily concede this case substantially overlaps. Thus, Defendants' motion should be denied in its entirety.

## <u>ARGUMENT</u>

I.    **DEFENDANTS' MOTION FOR CERTIFICATION OF AN INTERLOCUTORY APPEAL SHOULD BE DENIED BECAUSE THEY CANNOT MEET THE THREE PART CONJUNCTIVE TEST**

Under 28 U.S.C. § 1292(b), a district judge may certify for interlocutory appeal "an order (1) 'involving a controlling question of law,' (2) 'as to which there is substantial ground for difference of opinion,' and (3) for which 'an immediate appeal from the order may materially advance the ultimate termination of the litigation.'" *Caraballo-Seda v. Municipality of Hormigueros*, 395 F.3d 7, 9 (1st Cir. 2005) (quoting 28 U.S.C. § 1292(b)). All three prongs of this test must be met before a court certifies an issue for interlocutory appeal. *See* 28 U.S.C. § 1292(b); *see also* 19 *Moore's Federal Practice*, § 203.31(1) (Matthew Bender 3d ed.). None has been satisfied here.

As an initial matter, Defendants' attempt to certify an interlocutory appeal of a decision on a motion to dismiss is contrary to First Circuit authority. The First Circuit has stated that, "[a]s a general rule, we do not grant interlocutory appeals from a denial of a motion to dismiss." *Caraballo-Seda*, 395 F.3d at 9 (vacating order granting interlocutory appeal); *see also McGillicuddy v. Clements*, 746 F.2d 76, 77 n.1 (1st Cir. 1984) ("[W]e would not normally allow an appeal from a denial of a motion to dismiss, and, with the benefit of hindsight, we admit our error in doing so in this case."). This reflects the First Circuit's "policy preference against piecemeal litigation," as well as "prudential concerns about mootness, ripeness, and lengthy appellate proceedings."[2] *Caraballo-Seda*, 395 F.3d at 9.

---

[2]    As Defendants recognize, "interlocutory appeal [is] most appropriately taken from legal rulings, as opposed to those merely based on sufficiency of pleading." Def. Br. at 3. This is demonstrated by Defendants' repeated reliance on *Philip Morris Inc. v. Harshbarger*, 957 F. Supp. 327, 331 (D. Mass. 1997), wherein this Court granted interlocutory appeal at the *summary judgment* stage. This is particularly true where, as here, the motion for interlocutory appeal is based *entirely on a factual ruling in a different case*.

As the First Circuit has also recognized, "interlocutory certification under 28 U.S.C. § 1292(b) should be used sparingly and only in exceptional circumstances." *Id.*; *see also Lane v. First Nat'l Bank*, 871 F.2d 166, 175 (1st Cir. 1989) ("Interlocutory appeals under 28 U.S.C. § 1292(b) are disfavored; they are wholly discretionary, and should be entertained but sparingly."); *In re San Juan Dupont Plaza Hotel Fire Litig.*, 859 F.2d 1007, 1010 (1st Cir. 1988) (entertaining interlocutory appeal but stating that, "the instances where section 1292(b) may appropriately be utilized will, realistically, be few and far between"). Under § 1292(b), the "fact that appreciable trial time may be saved is not determinative … and neither is the fact that the case has 'tremendous implications' or 'might materially advance the ultimate termination of the litigation.'" *Caraballo-Seda*, 395 F.3d at 9 (citations omitted).

Moreover, "the party seeking interlocutory appeal bears the heavy burden of persuading the court that exceptional circumstances warrant 'departure from the basic policy of postponing appellate review until after entry of a final judgment.'" *In re Clark-Franklin-Kingston Press, Inc.*, 1993 U.S. Dist. LEXIS 6470, at *5 (D. Mass. Apr. 21, 1993) (citations omitted). Defendants have failed to satisfy their heavy burden and no such "exceptional circumstances" exist here.

### A.    Defendants Have Failed To Identify Any "Controlling Question Of Law" But Instead Simply Disagree With The Court's Application Of The Law To The Facts Of This Case

Defendants have not satisfied the requirement under 28 U.S.C. § 1292(b) that they present for the district court and the court of appeals a "controlling question of law" for interlocutory review. Although the Supreme Court has stated that, "appellate jurisdiction applies to the order certified to the court of appeals, and is not tied to the particular question formulated by the district court," the petitioner and the district court must in the first instance formulate a "controlling question of law as to which there is substantial ground for difference of opinion." *Yamaha Motor Corp., U.S.A. v. Calhoun*, 516 U.S. 199, 204-205 (1996); *see also Abtox, Inc. v.*

5

*Exitron Corp.*, 888 F. Supp. 6, 9 (D. Mass. 1995) (stating that the court was prepared to certify

its decision for interlocutory appeal, but requesting the parties to "submit promptly a proposed

specification of the issue to be appealed"); 19 *Moore's Federal Practice*, § 203.32[3][a]

(Matthew Bender 3d ed.) ("The controlling question is the reason for the interlocutory appeal").

      Here, no such question exists and Defendants have stated none.  After Defendants

submitted their initial motion and brief to certify an interlocutory appeal, this Court noted during

the February 27th scheduling conference that there was no "controlling question" stated in

Defendants' papers.  *See* Transcript of Scheduling Conference (Feb. 27, 2006) at 34 ("THE

COURT:  With respect to certification, I may have missed it but I didn't see a particular

formulation of the question to be certified or how it would be put.").  Defendants agreed.  *See id.*

("MR. SHAPIRO:  That's correct, you didn't see it and you didn't miss it.").  Given this

concession, the Court explicitly requested that Defendants identify the "controlling question of

law" raised by such motion.  Defendants then submitted a Supplemental brief on February 28,

2006.[3]  However, that submission again failed to state a controlling question of law.  Defendants'

failed attempts in two briefs to formulate a controlling question of law vividly demonstrates that

they simply disagree with this Court's application of the law to the facts of this case on the

motion to dismiss.[4]  Such a disagreement with the outcome of that motion is an inadequate basis

for certification of an interlocutory appeal.  *See P. Schoenfeld Asset Mgmt. LLC v. Cendant

Corp.*, 161 F. Supp. 2d 355, 359 (D.N.J. 2001) (finding that the questions presented were

---

[3]  Defendants' Supplement is hereafter cited as "Def. Supp. at ___."

[4]  If this Court were to certify an interlocutory appeal, Defendants would need to state in their
notice of appeal to the First Circuit the question presented for review.  Defendants should thus be
prepared at this point to concisely present such a question, and their inability and failure to do so
is grounds for denial of their motion.  *See* 19 *Moore's Federal Practice*, § 203.32[1] ("[T]he
petitioner must present the circuit court with a statement of the facts necessary to understand the
controlling question of law, *a statement of the question itself*, and a statement as to why a
substantial basis exists for a difference of opinion on the question and why an immediate appeal
will materially advance the termination of the litigation.") (emphasis added) (citing Fed. R. App.
P. 5(b)).

"essentially 'manufactured' controlling questions because they represent[ed] only [the party's] disagreement with the outcome").

Moreover, Defendants do not present for the First Circuit's review a pure question of law. Instead, among the numerous issues raised by Defendants' motion, they request the First Circuit to review the reach of ICA Section 36(b) to the facts of this case -- specifically whether this action "fit[s] within the traditional *Gartenberg* framework, including the requirement of a disproportionate relationship between fees and services." *See* Def. Br. at 4. As courts in the First Circuit have recognized, "interlocutory appeal is peculiarly inappropriate where the certified question involves the weighing of facts and the sufficiency of evidence, matters 'which an appellate court can better decide after the facts are finally developed.'" *United States ex rel. LaValley v. First Nat'l Bank*, 1990 U.S. Dist. LEXIS 9913, at *17 (D. Mass. July 30, 1990) (quoting *Palandjian v. Pahlavi*, 782 F.2d 313, 314 (1st Cir. 1986)). As the First Circuit stated in *Palandjian*:

> [T]he question of *whether* Massachusetts would recognize the principle of duress as tolling the statute would be a good example of a "controlling question of law." But the question of the *extent of such an exception* is a classic example of what is not to be raised by intermediate appeals.

782 F.2d 313, 314 (1st Cir. 1986) (emphasis added). The purported interlocutory appeal here likewise presents a question of the "sufficiency of the evidence," or the reach of Section 36(b) with respect to the facts of this case, and would not be appropriate for certification by this Court.

Thus, because Defendants have failed to meet at least one prong of the tripartite test, the inquiry can end here. Nonetheless, Defendants have failed to meet the other prongs as well.

**B.    There Are No Substantial Grounds For A Difference Of Opinion**

Defendants fail to carry their burden as to the second prong of § 1292(b), which requires proof that "there is substantial ground for a difference of opinion" regarding a disputed question of law. 28 U.S.C. § 1292(b). Defendants argue that there exists a "difference of opinion" as to

whether a "something for nothing theory" is actionable under Section 36(b), because "Judge

Keeton [in *Columbia*] and at least five other district courts have dismissed as legally deficient

nearly identical Section 36(b) claims." Def. Supp. at 1-2.

Defendants' characterization of Judge Keeton's ruling on Section 36(b) is misleading in

the extreme. Judge Keeton's *sole* basis for dismissing the Section 36(b) claim in *Columbia* was

the erroneous belief that the plaintiffs had not alleged that the defendants were the recipients of

the fees in question because they paid (instead of received) the kickbacks.[5] *Columbia*, 2005 U.S.

Dist. LEXIS 33439, at *32. Here, this Court's ruling on the Section 36(b) claim did not turn on

this argument, and despite Defendants' suggestions to the contrary, the *Columbia* court made no

other rulings regarding the merits of the Section 36(b) allegations. In fact, nowhere in the

*Columbia* opinion did Judge Keeton use the phrase "something for nothing," and nowhere in

their Complaint did the *Columbia* plaintiffs use this phrase. As such, the *Columbia* court's

erroneous ruling on Section 36(b) at the pleading stage has no bearing on the adequacy of the

allegations here, where Plaintiffs have made different factual allegations, including pleading

facts regarding the SEC's investigation of MFS, which were not present in *Columbia*. Again,

---

[5] The *Columbia* court's narrow holding on the Section 36(b) claim was entirely limited to the following statement: "Plaintiffs here … do not allege that the defendants themselves received compensation of any sort, as required by Section 36(b). Instead, they allege that defendants paid kick-backs and other incentives out of the Columbia Fund assets. Although this allegation, if true, may have acted to the detriment of the assets of the funds, such payments, even if undisclosed, are not a breach of the fiduciary duty protected by Section 36(b). Thus, plaintiffs' remaining claims under Count III against Columbia Acorn Fund and Columbia Acorn Select Fund do not state a claim for the disproportionate compensation prohibited by Section 36(b)." *Columbia*, 2005 U.S. Dist. LEXIS 33439, at *32. As Plaintiffs have previously pointed out, the *Columbia* court's ruling on this issue is simply wrong, because the Plaintiffs plainly alleged excessive compensation to the adviser in that case. Because Judge Keeton was wrong about the *Columbia* complaint allegations, this Court's decision in *Wicks v. Putnam Investment Management, LLC*, No. 04-10988, 2005 U.S. Dist. LEXIS 4892 (D. Mass. Mar. 28, 2005), does not directly conflict with Judge Keeton's holding in *Columbia*. In the *Wicks* decision, a Section 36(b) claim was upheld despite the fact that the brokers were alleged to be receiving the kickbacks because the plaintiffs had alleged (as in *Columbia* and here) that the Adviser and Distributor Defendants' fees were, in and of themselves, excessive in violation of Section 36(b).

Defendants simply disagree with the Court's ruling on Section 36(b) on their motion to dismiss given the facts of this case, and that cannot form the basis for an interlocutory appeal.

That decisions in other circuits, such as *In re Eaton Vance Mutual Funds Fee Litigation*, 403 F. Supp. 2d 310, 315 (S.D.N.Y. 2005), and *In re Goldman Sachs Mutual Funds Fee Litigation*, 2006 U.S. Dist. LEXIS 1542 (S.D.N.Y. Jan. 17, 2006), have held that the parties' factual allegations did not sufficiently allege a disproportional relationship between the fees charged and the services rendered does not, in and of itself, constitute "substantial grounds for a difference of opinion," and none of the decisions relied upon by Defendants rejected the "something for nothing" theory as a matter of law, as Defendants wrongly argue.  Instead, these decisions, like this case, simply applied the law to the facts alleged and came to a different conclusion (*i.e.*, that the allegations did not suffice to state a Section 36(b) claim).  *See also LaValley*, 1990 U.S. Dist. LEXIS 9913, at *15 (denying certification although "district courts have split on the question" presented for appeal).

Three of the five other district court decisions Defendants rely upon as "flatly rejecting" the "something for nothing" theory (*see* Def. Br. at 4, 6) did not even address the viability of "something for nothing" under Section 36(b), but instead dismissed those actions on entirely different grounds.  In *In re AllianceBernstein Mutual Fund Excessive Fee Litigation*, 2006 U.S. Dist. LEXIS 939 (S.D.N.Y. Jan. 11, 2006), the court granted the defendants' motion to reconsider its denial of the defendants' motion to dismiss the Section 36(b) claim on the ground that the specific facts pleaded in the complaint "only cover approximately four months" of the one-year period prior to the filing of the initial complaint established by Section 36(b)(3).  *See* 2006 U.S. Dist. LEXIS 939, at *6 (citing 15 U.S.C. § 80a-35(b)(3)).  Judge Kram thus did not overturn her prior ruling on the motion to dismiss that the economies of scale theory pleaded by

the plaintiffs was actionable under Section 36(b), but in fact only held that the plaintiffs had

failed to plead adequate facts to support it. *See id.* at *11.[6]

Defendants also place reliance upon *In re American Mutual Funds Fee Litigation*, No.

04-5593 (C.D. Cal. Dec. 16, 2005) (slip op., *see* Ex. A hereto).  Def. Br. at 6.  However, in

*American*, Judge Feess of the Central District of California dismissed the Section 36(b) claim

*without prejudice* on the ground that the Section 36(b) claim should have been pleaded

derivatively rather than directly.  Nowhere in the opinion did the court reject a "something for

nothing" theory, and the plaintiffs have subsequently filed an amended complaint in that action

bringing claims under, *inter alia*, ICA Sections 36(b) and 48(a).

In *In re Davis Selected Mutual Funds Litigation*, 2005 U.S. Dist. LEXIS 23203

(S.D.N.Y. Oct. 11, 2005), upon which Defendants also rely, the court simply adopted wholesale

the *Eaton Vance* court's conclusion that, "improper 12b-1 fees, soft dollar payments, and

commissions to brokers are insufficient to allege a claim under 36(b), which addresses only the

negotiation and enforcement of payment arrangements between investment advisers and funds,

not whether investment advisers acted improperly in the use of the funds." *Id.* at *9 (citing

*Eaton Vance*, 380 F. Supp. 2d at 237).  The court thus did not address the viability of a

"something for nothing" theory under Section 36(b).  This decision, and the others discussed

above, provide no support for Defendants' argument that "substantial grounds for a difference of

opinion" exist as to the legal questions discussed in their motion for interlocutory appeal.

Defendants are simply attempting to re-argue the merits of their motion to dismiss.[7]

---

[6]  The plaintiffs in *AllianceBernstein* have since filed with the court a motion for leave to file a
second amended complaint.

[7]  The circuit court opinions cited by Defendants are similarly unavailing. *See* Def. Br. at 4.  In
*Krantz v. Prudential Investments Fund Management LLC*, 305 F.3d 140, 143 (3d Cir. 2002), and
*Migdal v. Rowe Price-Fleming International, Inc.*, 248 F.3d 321, 330 (4th Cir. 2001), the courts
held that the plaintiffs had failed to plead a claim under Section 36(b) because they based their
claim entirely upon the unsupported allegation that the funds' directors were not independent,

Defendants also argue that there exist substantial grounds for a difference of opinion because, "[t]he Court decided the motion to dismiss without the benefit of any controlling precedent on the legal standard governing Section 36(b) claims." Def. Br. at 4. In support, Defendants cite to the Order, which stated that, "The First Circuit has not adopted the so-called *Gartenberg* factors nor has it established a specific pleading standard for § 36(b) claims." *Id.*; *see Gartenberg v. Merrill Lynch Asset Mgmt., Inc.*, 694 F.2d 923, 930 (2d Cir. 1982). This argument fails for multiple reasons. First, "[t]hat an issue is one of first impression in a circuit or that other circuits disagree is not necessarily sufficient to fulfill [the 'difference of opinion'] requirement." *Carducci v. Aetna U.S. Healthcare*, 2002 U.S. Dist. LEXIS 19748, at *5 (D.N.J. 2002). Thus, a district court should not be "bashful about refusing to find substantial reason to question its ruling of law, even in a matter of first impression." *LaValley*, 1990 U.S. Dist. LEXIS 9913, at *16 (citation omitted). Moreover, given the narrow issue on which Judge Keeton based his Section 36(b) decision in *Columbia*, there is no way to know what issues the First Circuit will even reach, making it entirely too speculative a ground on which to base an interlocutory appeal.

Second, this argument is a red herring. Defendants do not propose a Section 36(b) pleading standard other than Rule 8 notice pleading, nor do they show that there is a "substantial ground" for a difference of opinion on what the standard should be. Courts within this Circuit -- including this Court -- have uniformly held that Rule 8 notice pleading applies to Section 36(b) claims. As this Court explained in *Wicks*:

> *Gartenberg* … does not establish a heightened pleading
> requirement for § 36(b) excessive fee claims. A plaintiff's failure
> to plead certain *Gartenberg* factors is not itself grounds for
> dismissal. The Court's focus in reviewing the defendants' motion

---

and the allegation that this lack of independence rendered the fees paid by the funds excessive *per se*. Neither decision dealt with the "something for nothing" concept and Plaintiffs here have pleaded far more specific facts regarding the fees charged MFS Fund investors.

> to dismiss is on whether the allegations in the complaint set forth
> "*a short and plain statement of the claim showing that the
> pleader[s] [are] entitled to relief.*"

2005 U.S. Dist. LEXIS 4892, at *13 (D. Mass. Mar. 28, 2005) (emphasis added; citation

omitted). The *Columbia* court similarly applied this same standard. 2005 U.S. Dist. LEXIS

33439, at *13 (applying "the requirement of Rule 8(a)(2) of the Federal Rules of Civil Procedure

of a 'short and plain statement of the claim showing that the pleader is entitled to relief").

*Accord, e.g., ING Principal Prot. Funds Deriv. Litig.*, 369 F. Supp. 2d 163, 168 (D. Mass. 2005)

("The allegations in the complaint … must set forth 'a short and plain statement of the claim

showing that the pleader is entitled to relief.'").[8] In fact, the cases on which Defendants rely

uniformly agree that Rule 8 governs a Section 36(b) claim.[9]

   As this Court correctly pointed out in denying Defendants' motion to dismiss the Section

36(b) claim, the Supreme Court and the First Circuit have recently made clear that "heightened

pleading standards should not be applied unless such a heightened standard is mandated either by

statute or rule of civil procedure." *Forsythe v. Sun Life Fin'l, Inc.*, 2006 U.S. Dist. LEXIS 1948,

at *36 (D. Mass. Jan. 19, 2006) (citing *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 512-13

(2002); *Educadores Puertorriquenos en Accion v. Hernandez*, 367 F.3d 61, 66 (1st Cir. 2004)).

---

[8] The *ING* court upheld a complaint tying the *Gartenberg* factors to specific allegations in the complaint, but the court stated that, "[a] plaintiff's failure to plead these factors is not itself grounds for dismissal." 369 F. Supp. 2d at 168. *Accord Jones v. Harris Assoc., L.P.*, 2005 WL 831301, at *1 (N.D. Ill. Apr. 7, 2005) ("A pleading need only convey enough information that the defendant is able to understand the gravamen of the complaint."); *Strigliabotti v. Franklin Res., Inc.*, 2005 U.S. Dist. LEXIS 9625, at *12 (N.D. Cal. Mar. 7, 2005) ("[T]hese allegations suffice under Rule 8's liberal pleading standard"); *Millenco L.P. v. meVC Advisors, Inc.*, 2002 U.S. Dist. LEXIS 19512, at *9, n.3 (D. Del. Aug. 12, 2002) ("[T]he *Gartenberg* decision does not set a pleading standard, but rather is helpful only after the complete evidentiary record has been established.").

[9] *See Eaton Vance*, 403 F. Supp. 2d at 314 ("§ 36(b) is governed by Rule 8 notice pleading"); *In re AllianceBernstein Mut. Fund Excessive Fee Litig.*, 2005 U.S. Dist. LEXIS 24263 (S.D.N.Y. Oct 19, 2005) ("At the dismissal stage … the Federal Rules of Civil Procedure simply require notice pleading."), *Section 36(b) claim dismissed on reconsideration on other grounds by*, 2006 WL 74439.

"Because there is no heightened pleading standard for claims under § 36(b), the plaintiffs here need only comply with the usual notice pleading requirements of Fed. R. Civ. P. 8." *Forsythe*, 2006 U.S. Dist. LEXIS 1948, at *37. Rule 8 and the plain text of Section 36(b), which gives rise to a cause of action for claims regarding an investment adviser's and its affiliates' "breach of fiduciary duty concerning" receipt of "compensation for services, or of payments of a material nature," thus constitute controlling authority as to what a plaintiff must plead under Section 36(b) in order to survive a motion to dismiss. 15 U.S.C. 80a-35(b); *see also Lessler v. Little*, 857 F.2d 866, 874 (1st Cir. 1988) ("Section 36(b) provides shareholders with a cause of action for compensation 'paid' to an investment adviser in violation of the adviser's fiduciary duty."). Certification of this question is therefore unnecessary and there is no difference of opinion, let alone a "substantial" one.

Moreover, the *Gartenberg* decision is a post-trial decision dealing with the facts plaintiffs must prove under Section 36(b) *during trial*, rather than at the pleading stage. *See Gartenberg*, 694 F.2d at 925 (deciding appeal "entered after a non-jury trial"). Neither the *Columbia* appeal, nor an interlocutory appeal in the instant action, would present the First Circuit with the occasion to rule on the *Gartenberg* factors because both actions are only at the pleading stage. As the *Columbia* court explained following its discussion of the *Gartenberg* factors, "Plaintiffs are still at the [pleading] stage, and I must therefore accept their factual allegations as true." 2005 U.S. Dist. LEXIS 33439, at *32. The issue of whether this Circuit should adopt the *Gartenberg* factors is therefore not ripe for review. *See LaValley*, 1990 U.S. Dist. LEXIS 9913, at *14 ("[T]he court is currently persuaded that the goals of judicial efficiency and economy are best served by postponing [interlocutory] appeal until the court has an opportunity to consider the

13

evidence more fully developed in discovery.").[10]  As such, this argument cannot form the basis

for an interlocutory appeal.

### C.    An Immediate Appeal Would Not Materially Advance The Ultimate Termination Of The Litigation

The third prong examines whether "an immediate appeal from the order may materially

advance the ultimate termination of the litigation."  28 U.S.C. 1292(b).  Defendants argue that,

"a reversal of this Court's ruling on Section 36(b) would likely terminate this litigation," and that

the third prong of the 1292(b) test is therefore met.  Def. Br. at 6.  Again, Defendants are wrong.

If the First Circuit were to uphold the *Columbia* decision on appeal, this would not terminate or

impact the instant action, because this Court properly held that Plaintiffs have adequately

pleaded that Defendants failed to pass on economies of scale to investors due to the growth of

certain MFS Funds.  *See* 2006 U.S. Dist. LEXIS 1948, at *42.  Other courts have upheld similar

claims of economies of scale under Section 36(b),[11] and a decision favorable to the defendants in

*Columbia* -- where the issue of economies of scale was not even a part of the court's ruling --

would not detract from this Court's holding on economies of scale in this case.  In fact, in the

case that is coordinated with this one, *Dumond v. Massachusetts Financial Services Co*., 2006

U.S. Dist. LEXIS 1933 (D. Mass. Jan. 19, 2006), this court upheld these very type of economies

of scale claims under Section 36(b).  Defendants have not even moved for interlocutory relief in

that case on that ruling.  This claim would survive here regardless of what the First Circuit might

---

[10]  In fact, even if the First Circuit did expound on the Section 36(b) pleading standard (which is not at all certain), that would not necessarily disturb this Court's ruling in this case because this Court could easily find that Plaintiffs met any such standard.  That is why Defendants should await the First Circuit's ruling and then, if appropriate, come to this Court with any motion they feel is necessary to make at that time.

[11]  *See, e.g.*, *In re Oppenheimer Funds Fee Litig.*, No. 04-cv-7022 (JSR) (S.D.N.Y. Mar. 10, 2006) (*see* Ex. B hereto) (upholding Section 36(b) claim regarding economies of scale under Rule 8 notice pleading); *In re Dreyfus Mut. Funds Fee Litig.*, 2005 U.S. Dist. LEXIS 29152, at *28 (W.D. Pa. Sept. 30, 2005); *Jones*, 2005 WL 831301, at *3; *Wicks*, 2005 U.S. Dist. LEXIS 4892, at *13; *Strigliabotti*, 2005 U.S. Dist. LEXIS 9625, at *12.

hold in *Columbia* regarding the sole Section 36(b) ruling: receipt of the actual payments of kickbacks to brokers.[12] Thus, the ruling in *Columbia* will not terminate this case.

Moreover, on a motion to dismiss where a court dismisses some but not all of the claims, this prong would always, by definition, be met because if the court had decided in the defendant's favor on the motion to dismiss, the case would be terminated. Accordingly, in this circumstance, the argument advanced by Defendants is commonly called a "manufactured" controlling question because it represents only Defendants' disagreement with the outcome on their motions to dismiss. *See P. Schoenfeld Asset Mgmt.*, 161 F. Supp. 2d at 359. Such disagreement does not satisfy the test for interlocutory appeal. The other prongs of the tripartite test should thus be controlling here. As demonstrated above, however, those prongs have not and cannot be met.

## II. THE POSSIBLE RESOLUTION OF THE *COLUMBIA* APPEAL IN DEFENDANTS' FAVOR IS TOO SPECULATIVE TO JUSTIFY A STAY OF THIS ACTION AND DEFENDANTS' MOTION FOR A STAY SHOULD THEREFORE BE DENIED

Defendants have requested a stay of this action, not pending a resolution of the requested interlocutory appeal in this case, but "pending the outcome of the *Columbia* appeal." Def. Br. at 7. Section 1292(b) contains an initial presumption against a stay of the district court proceedings pending application for an interlocutory appeal, stating that, "application for an appeal [under § 1292(b)] *shall not stay proceedings in the district court* unless the district judge or the Court of Appeals or a judge thereof shall so order." 28 U.S.C. § 1292(b) (emphasis added). "The factors to be considered when a motion for stay is filed include (1) the likelihood of success on appeal, (2) whether denial of the stay will cause irreparable harm to the movant, (3) whether issuance of the stay will materially damage other parties to the litigation, [and] (4) the impact of the court's

---

[12] Additionally, Defendants made this Court aware of the *Columbia* court's ruling before this Court issued its ruling in this case, and this Court declined to follow Judge Keeton's erroneous ruling that the Plaintiffs in that case had not alleged that the advisers received excessive fees because the brokers had received the kickbacks.

action on the public interest." *United States v. Arkwright, Inc.*, 697 F. Supp. 1231, 1233 (D.N.H. 1988) (denying motion to stay pending § 1292(b) appeal in same action). Defendants have failed to satisfy these requirements for a stay of this action -- particularly where it is based entirely on what might or might not happen in an entirely separate case -- and thus have not overcome the presumption against a stay.

The first factor, "the likelihood of success on appeal," would require this Court to examine the merits of the plaintiffs' appeal in *Columbia*. This reinforces the fact that the instant § 1292(b) motion, based entirely on the *Columbia* appeal, and Defendants' request for a stay pending the outcome of that appeal, are based upon the speculative outcome of *someone else's appeal* -- the *plaintiffs*' appeal in *Columbia* -- which is not a proper basis for a stay in this case. *See, e.g.*, *Bachman v. A.G. Edwards*, Cause No. 052-01266 (Mo. Cir. Ct., 22nd Cir. (St. Louis) Feb. 6, 2006) (slip op., *see* Ex. C hereto, at 5) (denying a requested stay pending the outcome of a Supreme Court appeal in another action, because "[s]imply wishing to await a Supreme Court decision which may or may not provide favorable precedent … is insufficient. Staying these proceedings for such a tenuous reason would cause undue delay, and would constitute unfairness to Plaintiffs").

Defendants here have no control over the parties' arguments or strategies in *Columbia*, nor the emphasis placed on certain issues to be resolved by the First Circuit on that appeal. The parties in *Columbia* could raise issues never argued in the instant action. In fact, numerous possible outcomes of the *Columbia* action militate strongly against a stay of this action. For example, the parties might settle the *Columbia* action at the upcoming scheduling conference, or the First Circuit could reverse Judge Keeton's opinion in the plaintiffs' favor. Indeed, given numerous rulings in favor of the plaintiffs on Section 36(b) claims in recent cases (cited above), and Judge Keeton's erroneous ruling regarding what the plaintiffs had pleaded in that case, it is just as likely that the First Circuit will reverse as affirm. The First Circuit could also affirm the

16

lower court's decision in *Columbia* without an opinion, which would provide little guidance to this Court.  In all of these scenarios, this Court would not be likely to find any ground for reversal of its Order in this case and a stay would only serve to prejudice Plaintiffs.

The second factor in determining whether to institute a stay is, "whether denial of the stay will cause irreparable harm to the movant."  Defendants argue that, "[r]egardless of the First Circuit's disposition, interlocutory review would avoid -- for both parties -- the costs of potentially needless discovery."  Def. Br. at 2.  However, as Defendants concede, there will necessarily be overlap between the discovery in this action and discovery in the *Dumond* action, for which Defendants seek no stay.  Thus, to the extent discovery in the two actions overlaps, as Defendants readily concede, because Defendants will be producing documents in the *Dumond* action, there would be no additional burden on Defendants to proceed with discovery in this action if this Court denies their request for a stay.  In fact, Defendants have consistently and adamantly argued throughout this case that it is imperative that this case be coordinated with *Dumond*.  For example, counsel for Defendants stated repeatedly on the record during the February 27th status conference that he believes discovery in the *Dumond* and *Forsythe* actions should be coordinated.  *See* Transcript of Scheduling Conference (Feb. 27, 2006) at 6, 24, 29 ("MR SHAPIRO:  Certainly, your Honor, from the defendants' perspective it seems clear that there is going to be some overlap. … [A]ssuming that *Forsythe* were to tag along [with the *Dumond* action], we'd want to see if we could get everybody on the same page so we're only objecting and responding and doing things on one set of documents according to one return date. …  We actually would want [the *Forsythe* Plaintiffs] at every discussion because we want this to go forward on a coordinated basis.").  Defendants' own arguments thus strongly militate against a stay.

Under the third factor, a stay of this action would prejudice the Plaintiffs by delaying this litigation where the Court has found they stated a claim.  The First Circuit has not even set a

17

briefing schedule for the appeal and the parties are scheduled to have a settlement conference on April 26, 2006.  An indefinite stay here based on the *Columbia* appeal would be grossly unfair to the Plaintiffs in this case.

Under the fourth factor, with regard to the public interest, a stay of this action pending resolution of the *Columbia* appeal could theoretically lead to motions for stays of all pending mutual fund cases brought under Section 36(b) in the First Circuit, including the *Wicks* case pending before this Court.  Judicial economy militates against such an outcome.  If, by chance, the First Circuit issues some ruling that Defendants think applies to this action, Defendants can make a motion at that time.

## REQUEST FOR ORAL ARGUMENT

Plaintiffs hereby request oral argument on this motion.[13]

## CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that this Court deny Defendants' motion to certify the Order for interlocutory appeal and/or for a stay of this action pending resolution of the *Columbia* appeal by the First Circuit.

Dated:  March 15, 2006                    Respectfully submitted,

**MOULTON & GANS, P.C.**

By: /s/ Nancy Freeman Gans
        Nancy Freeman Gans (BBO #184540)
        55 Cleveland Road
        Wellesley, Massachusetts  02481
        (781) 235-2246

*Counsel for Plaintiffs and Liaison Counsel*

---

[13] The Court has ordered oral argument on this motion for April 4, 2006, at 2:30 p.m.

18

**MILBERG WEISS BERSHAD
 & SCHULMAN LLP**
Jerome M. Congress
Janine L. Pollack
Kim E. Miller
Michael R. Reese
One Pennsylvania Plaza
New York, New York  10119-0165
(212) 594-5300


**WEISS & LURIE**
Joseph H. Weiss
Richard Acocelli
551 Fifth Avenue, Suite 1600
New York, New York  10176
(212) 682-3025

**BERNSTEIN LITOWITZ BERGER
 & GROSSMANN LLP**
Alan Schulman
Robert S. Gans
12544 High Bluff Drive, Suite 150
San Diego, CA 92130
(858) 793-0070


**LAW OFFICES OF CHARLES J. PIVEN, P.A.**
Charles J. Piven
Marshall N. Perkins
The World Trade Center – Baltimore
Suite 2525
401 East Pratt Street
Baltimore, Maryland  21202
(410) 332-0030


**STULL, STULL & BRODY**
Jules Brody
Aaron Brody
6 East 45th Street
New York, New York  10017
(212) 687-7230


**SCHIFFRIN & BARROWAY, LLP**
Marc A. Topaz
Richard A. Maniskas
280 King of Prussia Road
Radnor, Pennsylvania  19087
(610) 667-7706

**GILMAN AND PASTOR LLP**
David Pastor (BBO #391000)
Stonehill Corporate Center
999 Broadway, Suite 500
Saugus, Massachusetts  01906
(781) 231-7850

*Counsel for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I, Janine L. Pollack, hereby certify that I served a copy of the foregoing document upon

counsel for all parties either electronically or by mail, this 15th day of March, 2006.


<u>/s/ Janine L. Pollack</u>
Janine L. Pollack