**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**


------------------------------------------------------------X
ERIC FORSYTHE, et al.,              :
                                          :
                    Plaintiff,      :      No. 04-10584-GAO
          v.                  :
                                            :
SUN LIFE FINANCIAL, INC., ET AL.,   :
                                          :
                    Defendants.    :
                                          :
------------------------------------------------------------X


**MEMORANDUM OF LAW IN SUPPORT OF**
**PROPOSED INTERVENORS' MOTION TO INTERVENE**

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ......................................................................................................... ii

PRELIMINARY STATEMENT .................................................................................................... 1

PROCEDURAL BACKGROUND.................................................................................................. 2

ARGUMENT ................................................................................................................................... 4

THE COURT SHOULD PERMIT PROPOSED INTERVENORS TO INTERVENE  AS NAMED PLAINTIFFS ON BEHALF OF THE INTERVENORS' FUNDS ................................... 4

    A.  Proposed Intervenors Meet All the Criteria for Intervention Under Rule 24 ......................... 4

    B.  The Motion For Intervention Is Timely ................................................................................. 8

    C.  Proposed Intervenors Satisfy All Other Requirements of Rule 24(a)(2) and are Entitled to Intervene as of Right ........................................................................................... 12

        (1)  Proposed Intervenors Each Claim An Interest in the  Subject Matter of This Action.............................................................................................................................. 12

        (2)  Disposition of This Action Will Impair  Proposed Intervenors' Ability to Protect Their Interests .................................................................................................... 14

        (3)  Proposed Intervenors' Interests Are Not  Adequately Represented by Existing Plaintiffs ...................................................................................................................... 15

    D.  Proposed Intervenors Should Also Be Permitted To Intervene Under Rule 24(b)(2) ................................................................................................................................ 16

        (1)  Proposed Intervenors' Claim Has Identical  Questions of Fact and Law as the Existing Plaintiffs' Claim ......................................................................................... 16

        (2)  Proposed Intervenors' Interests Are  No Longer Adequately Represented................... 17

        (3)  Intervention by Proposed Intervenors  Will Not Prejudice the Existing Parties............. 17

    E.  Proposed Intervenors Satisfy the Procedural Requirements of Rule 24(c).......................... 18

CONCLUSION................................................................................................................................ 20

i

# TABLE OF AUTHORITIES

## Cases

Alexander v. Hall, 64 F.R.D. 152 (D.S.C. 1974)..............................................................19

American Pipe & Constr. Co. v. Utah, 414 U.S. 538 (1974)...............................................7

Ardrey v. Federal Kemper Ins. Co., 142 F.R.D. 105 (D. Pa. 1992) .....................10, 11, 19

Banco Popular De Puerto Rico v. Greenblatt, 964 F2d 1227 (1st Circ. 1992)...................8

Coalition of Arizona/New Mexico Counties for Stable Economic Growth v. DOI,
   100 F.3d 837 (10th Cir. 1996) .......................................................................................13

Conservation Law Found., Inc. v. Mosbacher, 966 F.2d 39 (1st Cir. 1992) ..............13, 14

Cotter v. Massachusetts Ass'n of Minority Law Enforcement Officers, 219 F.3d
   31 (1st Cir. 2000).............................................................................................13, 14, 15

Culbreath v. Dukakis, 630 F.2d 15 (1st Cir. 1980)..........................................................8, 9

Daggett v. Comm'n on Governmental Ethics & Election Practices, 172 F.3d 104
   (1st Cir. 1999).................................................................................6, 12, 13, 15

Fiandaca v. Cunningham, 827 F.2d 825 (1st Cir. 1987)......................................................9

Forsythe v. Sun Life Fin., Inc., 2006 U.S. Dist. LEXIS 1948 (D. Mass. Jan. 19,
   2006) .........................................................................................................3, 15, 16

Garrity v. Gallen, 697 F.2d 452 (1st Cir. 1983)..................................................................8

Graybar Electric Co. v. Mackenzie-Foster Co., 207 F.Supp. 210 (D.Mass. 1962) .........18

In re Lutheran Bhd. Variable Ins. Prod. Co. Sales Practices Litig., 2002 U.S. Dist.
   LEXIS 20163 (D. Minn. October 7, 2002) ....................................................................9

In re Thompson, 965 F.2d 1136 (1st Cir. 1992) ..................................................................6

Int'l Bhd. of Teamsters, etc. v. Keystone Freight Lines, Inc., 123 F.2d 326 (10th
   Cir. 1941).......................................................................................................................19

Int'l Paper Co. v. Jay, 887 F.2d 338 (1st Cir. 1989)......................................................5, 6

McCausland v. Shareholders Mgt. Co., 52 F.R.D. 521 (D.N.Y. 1971) .......................8, 19

McDonald v. Secretary of Health & Human Services, 834 F.2d 1085 (1st Cir. 1987) ................................................................................................................7

NAACP v. New York, 413 U.S. 345 (1973) .............................................8, 9

Nuesse v Camp, 385 F. 2d 694 (D.C. Cir. 1967) .....................................13

Official Comm. of Asbestos Claimants of G-I Holding, Inc. v. Heyman, 2003 U.S. Dist. LEXIS 21164 (S.D.N.Y. 2003) ..............................................19

One Beacon Ins. Co. v. Electrolux & Sears Roebuck & Co., 223 F.R.D. 21 (D. Mass. 2004) ...........................................................................................10

Pharmaceutical Research & Mfrs. of America v. Commissioner, 2001 U.S. Dist. LEXIS 7626 (D. Me. June 8, 2001) ...................................................20

Poseidon Capital Corp. v. Nicolet Instrument Corp., 1985 U.S. Dist. LEXIS 14301 (S.D.N.Y. 1985) ...................................................................18

Public Citizen v. Liggett Group, Inc., 858 F.2d 775 (1st Cir. 1988) .................6, 8, 9, 18

Public Serv. Co. of N.H. v. Patch, 136 F3d 197 (1st Cir. 1998) ...................18

Ruthardt v. United States, 164 F. Supp. 2d 232 (D. Mass. 2001) ...................10

SEC v. Investors Sec. Leasing Corp., 610 F.2d 175 (3rd Cir. 1979) ...................19

Sperling v. Hoffmann-LaRoche, Inc., 24 F.3d 463 (3d Cir. 1994) ...................8

Stockton v. United States, 493 F.2d 1021 (9th Cir. 1974) ...........................15

Tachiona v. Mugabe, 186 F. Supp.2d 383 (S.D.N.Y. 1991) ...........................19

Travelers Indem. Co. v. Dingwell, 884 F.2d 629 (1st Cir. 1989) ...................13

United Airlines, Inc. v. McDonald, 432 U.S. 385 (U.S. 1977) ...........................10

United States v. Puerto Rico, 227 F.R.D. 28 (D.P.R. 2005) ...........................5, 6

Wicks v. Putnam Inv. Mgmt., LLC, 2006 U.S. Dist. LEXIS 1947 (D. Mass. Jan. 19, 2006) .......................................................................................11

## Statutes

15 U.S.C. § 80a-35(b) ............................................................... passim

Fed. R. Civ. P. 23(c)(1) Advisory Committee Note (1966)...................................................8

Fed. R. Civ. P. 24 ..................................................................................................... passim

## **Other Authorities**

In the Matter of MFS, SEC Order Instituting Administrative and Cease-and-
    Desist Proceedings, Making Findings, and Imposing Remedial Sanctions and a
    Cease-and-Desist Order Pursuant to §§ 203(e) and (k) of the ICA, File No. 3-
    11450 (March 31, 2004), at http://www.sec.gov/litigation/admin/ia-2224.htm ..........................17

## PRELIMINARY STATEMENT

Proposed Intervenors[1] hereby respectfully submit this memorandum of law in support of their motion to intervene and join as named plaintiffs (the "Motion") in the above-captioned action (the "Action") pursuant to Fed. R. Civ. P. 24 ("Rule 24").

The sole purpose of the instant Motion is to permit Proposed Intervenors to intervene as named plaintiffs in the Action so that they can pursue claims on behalf of certain mutual funds in the Massachusetts Financial Services Fund Complex (the "MFS Funds") pursuant to Section 36(b) of the Investment Company Act of 1940 ("ICA"), 15 U.S.C. § 80a-35(b) ("§ 36(b)"). Proposed Intervenors are all former members of the putative class of MFS investors, on whose behalf the existing Plaintiffs had asserted claims pursuant to the § 36(b) cause of action alleged in the Consolidated Amended Complaint filed on March 3, 2005 (the "CAC"). Proposed Intervenors' ability to assert those claims through class representation was extinguished by the Court's January 19, 2006 Memorandum and Order (the "January 2006 Order"), which granted in part and denied in part defendants' motion to dismiss the CAC. Pursuant to that Order, the Court upheld the § 36(b) cause of action only for those Funds in which there was a named plaintiff investor. As a result, Proposed Intervenors now seek to become named party-plaintiffs and obtain relief on behalf of the MFS Funds in which they are shareholders (the "Intervenors' Funds"). Proposed Intervenors purchased those shares prior to and have continuously held them since at least March 25, 2004, the date of the filing of the original complaint in this Action. The Intervenors' Funds are identified in Exhibit A of the Affidavit of

---

[1] Proposed Intervenors are Phillip H. Albert, Dennis Branen (as custodian for Dennis and Courtney Branen), John Corona (as trustee of the Corona 1999 Trust), Jacob Elefant, Gary S. Graifman (as beneficiary of MFS Heritage Trust Co. Trustee IRA R/O Gary S. Graifman), Julius Graifman, Lisa and David Greathouse, Pamela Guinther (formerly Pamela Detrich), Paulette Hoggatt (as Trustee for the Josephine S. Serio Trust), Peter Karegeannes, Jr., David P. Miller, Roma Rae Montoya, George F. Owens, James Pingitore, Frank Rich, Hugh Sharkey, Terry A. Swihart, Jack A. Thayer, Anne M. Woehler, and Yong P. Woo (collectively, "Proposed Intervenors").

Richard A. Acocelli in Support of Proposed Intervenors' Motion To Intervene ("Acocelli Affidavit" or "Acocelli Aff., Ex. __").

Proposed Intervenors seek to protect their rights and the rights of other investors in their respectively-held MFS Funds by intervening as named plaintiffs in this Action.  The Motion is being filed in a timely fashion and will not disrupt the scheduling of the case.  No new claims or defendants will be added (only Proposed Intervenors as party-plaintiffs pursuant to the same § 36(b) allegations), and the intervention will not result in any prejudice to the existing parties.  Conversely, if Proposed Intervenors are denied intervention, their substantive rights will be adversely affected.

Once the Court determines that a motion to intervene is timely, applicants may be able to join the litigation as parties as of right under Rule 24(a), or permissively pursuant to the Court's wide discretion under Rule 24(b).  Proposed Intervenors' application easily meets the threshold conditions required in the First Circuit for both intervention as of right under Rule 24(a)(2) and permissive intervention under Rule 24(b)(2).  As such, Proposed Intervenors should be permitted to join this Action as named plaintiffs pursuant to Rule 24(a)(2) or (b)(2).

## PROCEDURAL BACKGROUND

On March 25, 2004, Eric Forsythe filed the initial complaint in this Action as a class action on behalf all persons and entities who purchased or held shares in any of the MFS Funds between March 24, 1999 and March 31, 2004, and derivatively on behalf of each and every MFS Fund, against MFS Company (the "Investment Adviser") and MFS Distributors, Inc. (the "Distributor") (together, "Defendants"), as well as their parent company and several officers and trustees of the MFS Funds (together, "Former Defendants").  Subsequently, two substantially similar securities actions[2] and one

---

[2] Eddings v. Sun Life Financial, Inc., 04-cv-10764-(GAO), and Koslow v. Sun Life Financial Inc., 04-cv-11019 (GAO),

related action[3] were filed against Defendants.  By Memorandum and Order dated January 13, 2005 (the "January 2005 Order"), this Court consolidated the Forsythe, Eddings, and Koslow actions, but not the Dumond action, and ordered that discovery and pre-trial proceedings in the consolidated Forsythe case and Dumond be coordinated.  Pursuant to the January 2005 Order, plaintiffs Eric Forsythe, Richard Koslow, Larry R. Eddings, and the City of Chicago Deferred Compensation Plan filed the CAC on March 3, 2005.

On April 15, 2005, Defendants and Former Defendants, moved to dismiss the CAC pursuant to Fed. R. Civ. P. 12(b)(6).  In its January 2006 Order, the Court granted in part and denied in part Defendants' motion, ruling that the CAC adequately pleaded a claim under § 36(b) against the Investment Adviser and Distributor Defendants.  The Court limited "eligible plaintiffs to those who hold shares in the funds on whose behalf they purport to make a claim."[4]  Forsythe v. Sun Life Fin., Inc., 2006 U.S. Dist. LEXIS 1948, at *53 (D. Mass. Jan. 19, 2006)  Therefore, out of the four named plaintiffs, the Court found that only Mr. Forsythe and Mr. Koslow ("Plaintiffs") have standing to maintain an action under § 36(b) on behalf of the two MFS Funds – Massachusetts Investors Trust and MFS Utilities Fund – whose shares they have continuously held since at least March 25, 2004.  Id. at 54.  Mr. Eddings and The City of Chicago Deferred Compensation plan were dismissed as named plaintiffs.  Id.  Defendants answered the CAC on February 21, 2006.

While the parties negotiated and prepared to file their joint Updated Report of Parties' Planning Meeting pursuant to Fed. R. Civ. P. 26(f) (the "Feb. 2006 Rule 26(f) Update"), Plaintiffs communicated to Defendants that additional persons sought to join this litigation in order to expand

---

[3] Dumond v. Massachusetts Financial Services Co., 04-cv-11458-(GAO).

[4]  The Court also ruled the period for which damages are recoverable shall commence no earlier than  March 25, 2003.  Forsythe, 2006 U.S. Dist. LEXIS 1948, at *45.

the number of MFS Funds represented in this Action.  Plaintiffs also communicated this intent to the Court in the Feb. 2006 Rule 26(f) Update, which was filed on February 22, 2006.

On February 23, 2006, only four days before the scheduled Rule 16(b) conference, Defendants moved for an Order to Certify Interlocutory Appeal of the portion of the January 2006 Order that sustained Plaintiffs' § 36(b) claim or, in the alternative, to stay this Action until the First Circuit resolves the issues appealed in In re Columbia Entities Litig., No. 04-11704-REK, 2005 U.S. Dist. LEXIS 33439 (D. Mass. Nov. 30, 2005), appeal docketed, No. 06-1227 (1st Cir. Feb. 8, 2006) (the "Interlocutory Appeal/Stay Motion").  At the April 4, 2006 oral argument, the Court denied Defendants' motion in its entirety from the bench.  During that hearing, Plaintiffs reiterated to the Court and to Defendants that Proposed Intervenors desired to join this Action as party-plaintiffs.

Plaintiffs served their initial disclosures upon Defendants pursuant to Fed. R. Civ. P. 26(a)(1) on March 30, 2005, and Defendants served their initial disclosures on April 18, 2006.  The parties have conferred regarding the commencement of fact discovery, which will be coordinated with discovery in the Dumond case where practicable.

With Plaintiffs' support, Proposed Intervenors now seek to join the Action on behalf of the respective Intervenors' Funds, which include 16 MFS Funds that are no longer represented by a named plaintiff in this lawsuit in accordance with the January 2006 Order.  Proposed Intervenors each acquired their respective shares in one or more of Intervenors' Funds prior to March 25, 2004, and continue to hold shares in their respective Funds to date.

ARGUMENT

THE COURT SHOULD PERMIT PROPOSED INTERVENORS TO INTERVENE
AS NAMED PLAINTIFFS ON BEHALF OF THE INTERVENORS' FUNDS

**A.    Proposed Intervenors Meet All the Criteria for Intervention Under Rule 24**

Rule 24 permits non-parties to be added to an action through intervention as of right or permissively.  Rule 24 provides:

(a)    **Intervention of Right**.  Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers a right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

(b)    **Permissive Intervention**.  Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common . . . In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

(c)    **Procedure**.  A person desiring to intervene shall serve a motion to intervene upon the parties as provided in Rule 5.  The motion shall state the grounds therefore and shall be accompanied by a pleading setting forth the claim or defense for which intervention is sought.

Fed. R. Civ. P. 24(a)-(c).

As the language of the statute suggests, timeliness is a threshold requirement to be met by any prospective intervenor.  Once the timeliness requirement is met, the First Circuit holds that an applicant can intervene as of right under Rule 24(a) if it can demonstrate three things: "(1) that it has a direct and substantial interest in the subject matter of the litigation; (2) that its ability to protect the interest may be impaired if it is not allowed to intervene; and (3) that its interest will not be adequately represented by an existing party."  Int'l Paper Co. v. Jay, 887 F.2d 338, 342 (1st Cir. 1989); see United States v. Puerto Rico, 227 F.R.D. 28, 30 (D.P.R. 2005).  If applicants meet this three-part test, they may join the litigation by their own right.

Moreover, under Rule 24(b), a court enjoys wide discretion to permit an applicant to intervene if the court determines that: "(1) the applicant's claim or defense and the main action have a question of law or fact in common, (2) the applicant's interests are not adequately represented by an existing

party, and (3) intervention would not result in undue delay or prejudice to the original parties."[5]  In re Thompson, 965 F.2d 1136, 1142 n. 10 (1st Cir. 1992) (internal citations omitted); see Fed. R. Civ. P. 24(b); Daggett v. Comm'n on Governmental Ethics & Election Practices, 172 F.3d 104, 112-113 (1st Cir. 1999); Puerto Rico, 227 F.R.D. at 30.

        In addition, regardless of whether intervention is sought as of right or permissively, would-be intervenors must meet the procedural requirements of Rule 24(c).  The motion must be accompanied by a pleading (or the equivalent/adoption thereof) and served upon all parties pursuant to Fed. R. Civ. P. 5.  Fed. R. Civ. P. 24(c); Public Citizen v. Liggett Group, Inc., 858 F.2d 775, 784 (1st Cir. 1988).

        As discussed in further detail below, having filed a timely motion, Proposed Intervenors may intervene in this Action as of right because: (1) Proposed Intervenors, on behalf of the MFS Funds whose shares they have continually held since at least March 25, 2004, claim direct and distinct interests in the subject matter of the Action; (2) as a practical matter, the disposition of this Action will impair and impede Proposed Intervenors' ability to protect their interests in this litigation for the time period at issue because they share the identical § 36(b) claim arising from the identical course of conduct against the identical set of Defendants as Plaintiffs in this Action; and (3) as a result of the January 2006 Order, Proposed Intervenors' interests are undeniably not adequately represented by existing Plaintiffs, who only represent one of the Intervenors' Funds.

        Alternatively, the Court should permit Proposed Intervenors to intervene in this Action, even if it deems that they are not entitled to do so as of right, because: (1) Proposed Intervenors' § 36(b)

---

        [5] The First Circuit also requires would-be intervenors to prove that they have independent jurisdictional grounds for their claims and defenses.  See Int'l Paper, 887 F.2d at 346; Central Maine v. Omni Hotels Mgt. Corp., 1987 U.S. Dist. LEXIS 4751, at *8 (D. Me. 1987) ("intervention will still be denied, though all the requirements of Rule 24 are met, if the federal court cannot take jurisdiction with regard to the intervenor" (quoting 7C Wright & Miller § 1917, at 459)).  As Proposed Intervenors' claims are based on federal securities laws, they unquestionably satisfy this additional threshold requirement.

claim presents the identical questions of fact and law as the claim already sustained in this Action as

they seek to adopt the CAC (as modified and sustained by the January 2006 Order), and do not seek to

add any new or different defendants or any new or different claims (see Acocelli Aff. at ¶ 3); (2) the

interests of the Intervenors' Funds (and Proposed Intervenors as investors in the Intervenors' Funds),

at one time represented by a putative class, are no longer adequately represented following the Court's

ruling that Plaintiffs' § 36(b) claim cannot be prosecuted on a class basis; (3) given the timeliness, the

lack of new defendants, and the lack of new or different claims, there is no resulting prejudice to the

existing parties in this litigation; and (4) Proposed Intervenors would suffer great prejudice if they are

denied intervention because they have viable identical claims for the same time period at issue in the

CAC, and if they are forced to file a new claim, it is not clear whether they would be entitled to pursue

that claim for the same damages period as sustained here.

Furthermore, under the existing case law, by including a counsel's supporting affidavit stating

that each Proposed Intervenor explicitly adopts and incorporates the § 36(b) allegations set forth in the

CAC, as modified and sustained by the January 2006 Order, Proposed Intervenors satisfy the pleading

requirement of Rule 24(c).

Given the procedural history of this litigation, intervention by Proposed Intervenors is

particularly appropriate.  Prior to the January 2006 Order, the claims and rights of all of the MFS

Funds and their investors relating to the CAC's § 36(b) allegations were adequately protected through

the class mechanism.  See American Pipe & Constr. Co. v. Utah, 414 U.S. 538, 550 (1974) ("the filing

of a timely class action complaint commences the action for all members of the class as subsequently

determined"); McDonald v. Secretary of Health & Human Services, 834 F.2d 1085, 1091 (1st Cir.

1987) ("the existence of even a meritless class action tolls the running of the statute of limitations

otherwise applicable to all class members in their individual capacities"); Sperling v. Hoffmann-

LaRoche, Inc., 24 F.3d 463, 468 (3d Cir. 1994) ("the claims of all class members under Rule 23 are

protected by the filing of an original, timely complaint").  After the January 2006 Order, the situation

has changed.  The Advisory Committee of the 1966 amendments to Fed. R. Civ. 23(c)(1) expressly

contemplated the appropriateness of granting intervention in circumstances such as this, stating that

"[a]lthough an action thus becomes a nonclass action, the court may still be receptive to interventions

before the decision on the merits so that the litigation may cover as many interests as can be

conveniently handled."  Fed. R. Civ. P. 23(c)(1) Advisory Committee Note (1966); see also

McCausland v. Shareholders Mgt. Co., 52 F.R.D. 521, 522 (D.N.Y. 1971) ("It is no impediment to the

granting of a motion to intervene that it was prompted by the intervenors' desire to remedy infirmities

in the legal position of the original plaintiff").

### B.     The Motion For Intervention Is Timely

The First Circuit has made "pellucidly clear that Rule 24's timeliness requirement is of great

importance."  Banco Popular De Puerto Rico v. Greenblatt, 964 F2d 1227, 1230 (1st Cir. 1992)

(internal citations omitted); see also NAACP v. New York, 413 U.S. 345, 365 (1973). "The timeliness

requirement was not designed to penalize prospective intervenors for failing to act promptly; rather, it

insures that existing parties to the litigation are not prejudiced by the failure of would-be intervenors

to act in a timely fashion."  Garrity v. Gallen, 697 F.2d 452, 455 (1st Cir. 1983); see also Culbreath v.

Dukakis, 630 F.2d 15, 22 (1st Cir. 1980) ("the purpose of the basic requirement . . . is to prevent last

minute disruption of painstaking work by the parties and the court")..

The First Circuit has adopted a four-factor test for determining whether a motion to intervene

is timely under the totality of the circumstances (the "Culbreath Test").  Culbreath, 630 F.2d at 20; see

also Public Citizen, 858 F.2d at 785.  The four factors that the Court must consider are: (1) the length

of time the would-be intervenors knew or reasonably should have known of their interest before they

petitioned to intervene (Public Citizen, 858 F.2d at 785-786; Culbreath, 630 F.2d at 20-21); (2) any

prejudice to existing parties caused by the would-be intervenors' delay in intervening (Public Citizen,

858 F.2d at 786-787; <u>Culbreath</u>, 630 F.2d at 21-22); (3) the prejudice the would-be intervenors would

suffer if they were not allowed to intervene (<u>Public Citizen</u>, 858 F.2d at 787; <u>Culbreath</u>, 630 F.2d at

22-23); and (4) the existence of extraordinary circumstances militating for or against intervention.

<u>Public Citizen</u>, 858 F.2d at 787; <u>Culbreath</u>, 630 F.2d at 24.  The Court should consider these four

factors in light of all the circumstances.  <u>NAACP</u>, 413 U.S. at 366; <u>Fiandaca v. Cunningham</u>, 827 F.2d

825, 833 (1st Cir. 1987).  Generally, "the standards of timeliness for a Rule 24(a) motion are less strict

than for a Rule 24(b) motion because greater interests are at stake in the former case."  <u>Fiandaca</u>, 827

F.2d at 833.  Regardless, whether analyzed under Rule 24(a) or (b), under the circumstances of this

case, the four-factor test for timeliness favors permitting Proposed Intervenors to intervene.

   Under the first prong of the <u>Culbreath</u> Test, "the appropriate inquiry is when the intervenor

became aware that its interest in the case would no longer be adequately protected by the parties."

<u>Public Citizen</u>, 858 F.2d at 785.  Simple knowledge that a litigation exists does not trigger the

obligation to file a timely application for intervention.

   Prior to the January 2006 Order, Proposed Intervenors had no reason to suspect that their

interests would not be represented in this action.  Cf. <u>In re Lutheran Bhd. Variable Ins. Prod. Co. Sales</u>

<u>Practices Litig.</u>, 2002 U.S. Dist. LEXIS 20163, at *8 (D. Minn. October 7, 2002) ("Although the

Court is convinced that its decision . . . is correct, it will not charge Plaintiffs with clairvoyance").  As

a result of the January 2006 Order, Plaintiffs have standing to maintain a § 36(b) claim on behalf of

only two of the MFS Funds whose shares they have owned since the commencement of this Action.

Additionally, Defendants filed their Interlocutory Appeal/Stay Motion on February 23, 2006, which, if

granted, would have delayed the litigation of the Action for at least several months, or possibly several

years.  Plaintiffs reasonably awaited the outcome of that motion, given the short timetable set by the

Court for its resolution.

By filing this Motion only weeks after the Court denied Defendants' Interlocutory Appeal/Stay Motion, little more than three months after the January 2006 Order, and at the commencement of fact discovery, Proposed Intervenors easily satisfy the first prong of the <u>Culbreath</u> Test.  <u>See</u> <u>United Airlines, Inc. v. McDonald</u>, 432 U.S. 385 (U.S. 1977) (motion for intervention ''filed after the district court's final judgment deemed to be timely); <u>One Beacon Ins. Co. v. Electrolux & Sears Roebuck & Co.</u>, 223 F.R.D. 21, 23-24 (D. Mass. 2004) (motion for intervention filed after movants received actual notice of the suit through deposition subpoenas is timely); <u>Ruthardt v. United States</u>, 164 F. Supp. 2d 232, 246 n. 28 (D. Mass. 2001) (two and a half month delay considered minimal); <u>Ardrey v. Federal Kemper Ins. Co.</u>, 142 F.R.D. 105, 117 (D. Pa. 1992) (motion for intervention deemed timely despite long period of time lapsing since the filing of the complaint because the proceeding was in its early stages).

The second requirement of <u>Culbreath</u>, that no prejudice to the existing parties be caused by permitting Proposed Intervenors to intervene, is also easily met.  Proposed Intervenors neither seek to add new causes of action nor additional defendants to this Action.  Rather, as set forth in their counsel's affidavit, Proposed Intervenors are adopting only the claim in the CAC that have been expressly sustained by this Court in its January 2006 Order.  Therefore, Defendants have had full notice of Proposed Intervenors' § 36(b) claim and the grounds upon which it is based since the beginning of this Action, and cannot claim any prejudice resulting from the grant of intervention. ""

Under circumstances similar to this Action, the plaintiffs in <u>Wicks v. Putnam Inv. Mgmt., LLC</u>, 2006 U.S. Dist. LEXIS 1947 (D. Mass. Jan. 19, 2006), which is also a § 36(b) case pending before this Court, sought to add new plaintiffs in order to maintain standing to assert claims on behalf of certain funds after an original plaintiff sold all of his shares in those funds.  This Court found there would be no unfairness to defendants because the amendment "add[ed] no new funds, no new defendants and no new claims" (<u>Id.</u> at *3-4) and the new plaintiff "would be asserting the same claims

[he] previously ruled were sufficient to survive [defendant]'s motion to dismiss." Id. at *5.  Although this Court analyzed the Wicks plaintiffs' motion to amend under Fed. R. Civ. P. 15 ("Rule 15"), the same rationale applies here, where Proposed Intervenors seek to be added as plaintiffs under Rule 24 and the Court has ruled that the claim on which they seek to proceed is sufficient to survive a motion to dismiss.  Moreover, because Plaintiffs here had previously filed claims on behalf of all of the Intervenors' Funds, there is no surprise to Defendants.

Importantly, Plaintiffs' counsel advised Defendants and the Court of the relief sought by the instant Motion in the Updated Report of Parties' Planning Meeting filed on February 22, 2006 pursuant to Fed. R. Civ. P. 26(f) and at the Rule 16(b) conference held on February 27, 2006. Plaintiffs again advised Defendants and the Court of Proposed Intervenors' desire to join this litigation as party-plaintiffs following the April 4, 2006 Conference, and continued to discuss this intent with Defendants through subsequent telephone conversations and emails throughout the rest of that month.  Thus, Defendants, as well as the Court, have had sufficient notice of Proposed Intervenors' intent to be added as plaintiffs in this Action and the nature of their claim.  Accordingly, Defendants will suffer no prejudice as a result of Proposed Intervenors' intervention.

The third consideration of the Culbreath Test is the potential prejudice to Proposed Intervenors absent intervention.  While existing parties face no prejudice from intervention, Proposed Intervenors and the Intervenors' Funds on whose behalf they seek to bring suit will be severely prejudiced unless they are permitted to intervene at this time.  As the January 2006 Order indicates, the interests of Proposed Intervenors and the 16 additional MFS Funds whose shares they hold are not represented by any of the Plaintiffs left in the case.  If Proposed Intervenors' Motion is denied and they are forced to initiate a new § 36(b) lawsuit, two possibilities will occur, both of which will result in prejudice.

Section 36(b) provides that "[n]o award of damages shall be recoverable for any period prior to one year before the action was instituted."  15 USCS § 80a-35(b)(3).  Proposed Intervenors believe

that, because they were part of the putative class named in the initial complaint filed on March 25, 2004, their damages period is the same as Plaintiffs and begins on March 25, 2003. However, given the language of the statute, Proposed Intervenors may lose their right to pursue a § 36(b) claim for the same damages period at issue in the CAC – a period for which they currently have a viable identical claim as Plaintiffs. This would potentially reduce or eliminate the size of Potential Intervenors' recovery under § 36(b). Alternatively, if it is determined that the same damages period applies to a newly initiated § 36(b) case, such a lawsuit will more than likely be consolidated with this Action. This would result in judicial inefficiency and significantly delay the prosecution of Proposed Intervenors' claim. Hence, considering these risks, Proposed Intervenors will suffer enormous prejudice if they are denied intervention.

Finally, Proposed Intervenors satisfy <u>Culbreath</u>'s fourth prong, as there are no extraordinary circumstances in this Action that would militate against intervention. To the contrary, the January 2006 Order, holding that a § 36(b) claim cannot be instituted as a class claim and that Plaintiffs only had standing to sue on behalf of two of the MFS Funds, should be considered a circumstance supporting intervention.

In light of the fact that Proposed Intervenors satisfy all four <u>Culbreath</u> factors, the instant motion is unquestionably timely.

C.      **Proposed Intervenors Satisfy All Other Requirements of Rule 24(a)(2) and Are Entitled To Intervene as of Right**

(1)      **Proposed Intervenors Each Claim An Interest in the Subject Matter of This Action**

As in most jurisdictions, the First Circuit disfavors a narrow reading of the "interest" required under Rule 24(a)(2). <u>Daggett</u>, 172 F.3d at 110 ("Read literally, the 'property or transaction' reference of Rule 24(a) might appear to require a specific piece of property or contract . . . However, the case law has effectively rejected the narrow reading" (internal citations omitted)); <u>see</u> <u>also</u> <u>Coalition of Arizona/New Mexico Counties for Stable Economic Growth v. DOI</u>, 100 F.3d 837, 841 (10th Cir.

1996) ("To limit intervention to situations where the applicant can show an economic interest would impermissibly narrow the broad right of intervention enacted by Congress and recognized by the courts"); Nuesse v Camp, 385 F. 2d 694, 699-701 (D.C. Cir. 1967) (the court rejected as too narrow the definition of interest as "a specific legal or equitable interest in the chose," and instead stated that the "interest" in Rule 24(a) is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process).   Rather, the First Circuit emphasizes that "'there is no precise and authoritative definition of the interest required to sustain a right to intervene,' while reiterating 'that the intervenor's claims must bear a 'sufficiently close relationship' to the dispute between the original litigants' and that 'the interest must be direct, not contingent.'"  Conservation Law Found., Inc. v. Mosbacher, 966 F.2d 39, 42 (1st Cir. 1992) (quoting Travelers Indem. Co. v. Dingwell, 884 F.2d 629, 638 (1st Cir. 1989)).  In addition, '""the 'interest' required under Rule 24(a) has some connection to the interest that may give the party a sufficient stake in the outcome to support standing under Article III."  Daggett, 172 F.3d at 110; see also Cotter v. Massachusetts Ass'n of Minority Law Enforcement Officers, 219 F.3d 31, 34 (1st Cir. 2000) ("in the ordinary case, an applicant who satisfies the '"interest"' requirement of the intervention rule is almost always going to have a sufficient stake in the controversy to satisfy Article III as well").

        In applying its pragmatic approach to determining the existence of "interest" under Rule 24(a)(2), the First Circuit found the Daggett applicants' interest in receiving public funding for their campaigns to be sufficient because "the applicants belong to a small group, quite distinct from the ordinary run of citizens."  172 F.3d at 110.  Similarly, in Cotter, the First Circuit found that previously promoted black police officers have an interest in intervening in a lawsuit alleging racial discrimination in promotions harmful to white officers, even though the suit did not seek to void their promotions.  219 F.3d at 34-35.

Proposed Intervenors undeniably have a concrete stake in the outcome of this litigation, and sufficient interests in the subject matter of this Action. In support of the § 36(b) claim, the CAC alleged that Defendants charged excessive fees through the same course of conduct for all the Intervenors' Funds. This Court specifically found that these allegations stated a claim under § 36(b). Because the same set of facts and law would be developed to support Proposed Intervenors' claims, their interests in this Action are direct. See Cook v. Boorstin, 1985 U.S. App. LEXIS 30071, at *14-23 (D.C. Cir. 1985) (holding that appellants had sufficient interest and were entitled to intervene as of right where they complained "to have suffered from a system of racial discrimination 'the same [as] or very similar [to]' that described in the plaintiffs' complaint" (quoting Foster v. Gueory, 655 F.2d 1319, 1325 (D.C. Cir. 1981)). Accordingly, as in Daggett and Cotter, Proposed Intervenors have distinct interests supporting their standing to bring their § 36(b) claim on behalf of the Intervenors' Funds, which are all MFS Funds.

Moreover, the First Circuit also holds that the sufficiency of an applicant's "interest" is "colored to some extent by the third factor – whether disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest." Mosbacher, 966 F.2d at 42. As explained below, if Defendants prevail in the instant Action, Proposed Intervenors will suffer a real and direct impairment with respect to their own claims against Defendants. This next factor shows that Proposed Intervenors have direct and substantive interests in this Action.

### (2) Disposition of This Action Will Impair Proposed Intervenors' Ability to Protect Their Interests

"As a result of the 1966 amendment to Rule 24, [a would-be intervenor] no longer must show that his interest would be prejudiced by the res judicata effect of the judgment in the principal suit." Stockton v. United States, 493 F.2d 1021, 1023 (9th Cir. 1974). Like most jurisdictions, the First Circuit determines whether applicants' interests would be impaired under a "practical" test of adverse effect. E.g., Daggett, 172 F.3d at 110 (the court held that the Daggett applicants' interests would be

14

adversely affected even though the applicants would not be strictly "bound" by the decision in the primary case); <u>Cotter</u>, 219 F.3d at 35 ("even a small threat that the intervention applicants' present promotions could be jeopardized would be ample reason for finding that their ability to protect their interest 'may' be adversely affected").

Having the same claim as Plaintiffs against the same Defendants based on the same wrongdoings occurring in the same period of time, Proposed Intervenors, and the Intervenors' Funds which they seek to represent, clearly have an interest in the outcome of this litigation. Furthermore, as shown above, their ability to sue for the same damages period covered by the existing Action may be lost if they are forced to file a new lawsuit.

> **(3)    Proposed Intervenors' Interests Are Not**
> **<u>Adequately Represented by Existing Plaintiffs</u>**

"Ordinarily, the most difficult issue in cases of this kind is the third requirement, namely, that the applicant's interest will not be 'adequately represented by existing parties.'" <u>Cotter</u>, 219 F.3d at 35. However, in this situation, Proposed Intervenors easily meet this criterion as the January 2006 Order held that "it is appropriate to treat each MFS Fund as a separate and distinct entity in the § 36(b) context." <u>Forsythe</u>, 2006 U.S. Dist. LEXIS 1948, at *50. Specifically, the Court ruled that Plaintiffs' "§ 36(b) claim is limited to the claims brought on behalf of the two MFS Funds in which plaintiffs Eric Forsythe and Richard Koslow have standing, Massachusetts Investors Trust and MFS Utilities Fund." <u>Id.</u> at * 53. Based on this holding, 16 MFS Funds, on whose behalf Proposed Intervenors seek to intervene, are not adequately represented in this Action despite having valid identical claims for the same period of time as the two funds Plaintiffs represent.

**D.    Proposed Intervenors Should Also Be Permitted To
Intervene Under Rule 24(b)(2)**

**(1)    Proposed Intervenors' Claim Has Identical
Questions of Fact and Law as the Existing Plaintiffs' Claim**

Proposed Intervenors clearly satisfy Rule 24(b)(2)'s threshold commonality requirement.  In

fact, by their counsel's affidavit, Proposed Intervenors expressly adopt the CAC, as modified by the

January 2006 Order, as their own complaint.

In sustaining the § 36(b) claim set out in Count III of the CAC as "sufficiently comport[ing]

with Rule 8's pleading standard," this Court stated:

> [The CAC] alleges wrongful conduct specific to the defendants in some factual  detail.
> In addition, it alleges that the defendants have caused the MFS Funds to pay improper
> "kickbacks" to brokers in exchange for steering clients into MFS Funds via "shelf space
> arrangements," to pay excessive commissions under the guise of "soft dollars," to engage
> in improper "directed brokerage" arrangements, and to make improper "hard dollar"
> revenue sharing payments that were then reimbursed out of MFS Fund assets.  There are
> also illustrating allegations regarding these types of arrangements with one particular
> broker-dealer, as well as allegations that a large number of other broker-dealers were
> similarly involved.  The plaintiffs also give adequate notice of how these arrangements
> are alleged to have benefited the defendants while at the same time harming the MFS
> Funds and their investors.  The plaintiffs allege that as the MFS Funds grew the
> defendants failed to pass on economies of scale from that growth by failing to reduce
> fees accordingly.  Finally, the plaintiffs allege that the advisory fees MFS Company
> received were wrongfully inflated by shifting to the MFS Funds and their investors costs
> that should rightfully have been borne by the MFS Company.

Forsythe, 2006 U.S. Dist. LEXIS 1948, at *41-43.  Moreover, the Court specifically upheld

Plaintiffs and Proposed Intervenors' theory that, "in essence, 'something for nothing' could

represent a disproportionate relationship between fees and services," which would be relevant to

a finding of excessive fees.  Id. at *44.

This ruling applies with equal force to the Intervenors' Funds since the same Investment

Adviser and Distributor have continually managed and underwritten all the MFS Funds during

all relevant times to the CAC.  Proposed Intervenors thus seek to litigate the same § 36(b) claim

for the same time period against the same Defendants based on the same course of conduct and

theories as pled in the CAC and specifically upheld by the January 2006 Order.

16

Additionally, during all relevant times, a single board of trustees governed all the MFS Funds. Likewise, under the March 2004 settlement between the Investment Adviser Defendant and the U.S. Securities and Exchange Commission ("SEC"), relating to similar conduct as is at issue here, the Investment Adviser Defendant agreed to disgorge $1 million and pay a penalty of $50 million to be distributed proportionately among **all** the MFS Funds.  See In the Matter of MFS, SEC Order Instituting Administrative and Cease-and-Desist Proceedings, Making Findings, and Imposing Remedial Sanctions and a Cease-and-Desist Order Pursuant to §§ 203(e) and (k) of the ICA, File No. 3-11450 (March 31, 2004), at http://www.sec.gov/litigation/admin/ia-2224.htm.

Clearly then, Proposed Intervenors are asserting the same claims against the same Defendants based on the same course of conduct for the same period of damages.  Therefore, their § 36(b) claim has identical questions of fact and law as the claim already sustained by this Court in its January 2006 Order.  See Acocelli Aff. at ¶ 3.

### (2)    Proposed Intervenors' Interests Are No Longer Adequately Represented

As stated above, as a result of the Court's January 2006 Order, Plaintiffs no longer have standing to sue on behalf of most of the funds in the MFS Fund Complex, including 16 of the Intervenors' Funds.  Therefore, with the exception of  Massachusetts Investors Trust, Proposed Intervenors' interests in the MFS Funds they respectively hold are no longer being adequately represented.

### (3)    Intervention by Proposed Intervenors Will Not Prejudice the Existing Parties

Intervention by Proposed Intervenors will not prejudice the existing parties.  In addition to the discussion in section B above, because Proposed Intervenors are adopting the same § 36(b) allegations of the CAC that have already been sustained by the Court their inclusion in this Action will not change the nature of what is being litigated or add any new legal or factual issues.  Therefore, Proposed Intervenors' § 36(b) claim will not be subject to a time-consuming

motion to dismiss process because the issue has already been fully litigated.  The relief sought by this Motion is merely the ministerial task of adding Proposed Intervenors, and thereby the Intervenors' Funds, to this Action.

Furthermore, given that all MFS Funds were governed by the same board of trustees and Defendants established a common course of conduct in negotiating their fees with all the MFS Funds, Proposed Intervenors anticipate that their inclusion as party-plaintiffs on behalf of 16 additional MFS Funds will not alter the discovery process, which is still in its early stages. Intervention here will not complicate the Action or delay the adjudication of the rights of the original parties, and no unfair prejudice will result.   See Poseidon Capital Corp. v. Nicolet Instrument Corp., 1985 U.S. Dist. LEXIS 14301, at *1-2 (S.D.N.Y. 1985) (finding "[n]o unfair prejudice to anyone results" even though proposed complaint drops certain defendants and adds others because "main effect of these additions and subtractions is to bring the pleadings up to date in respect of the cast of characters concerned").

### E.    Proposed Intervenors Satisfy the Procedural Requirements of Rule 24(c)

Rule 24(c) requires movants to "serve a motion to intervene upon the parties as provided in Rule 5.  The motion shall state the grounds therefor and shall be accompanied by a pleading setting forth the claim or defense for which intervention is sought."  Fed. R. Civ. P. 24(c); see also Public Citizen, 858 F.2d at 783-784.[6]  The purpose of Rule 24(c) is to inform the court of the grounds upon which intervention is sought and inform parties against whom some right is asserted or relief sought, so that they may be heard before the court passes upon the application.  See SEC v. Investors Sec.

---

[6]  Omission of either service of the motion upon existing parties or a pleading will ordinarily warrant dismissal, though exceptions have been made.  Public Serv. Co. of N.H. v. Patch, 136 F3d 197, 205 n.6 (1st Cir. 1998); Graybar Electric Co. v. Mackenzie-Foster Co., 207 F.Supp. 210, 211 (D.Mass. 1962) ("It cannot be held that the mere filing in the clerk's office of a pleading setting forth its claim without the service of the motion required by Rule 24 was an effective commencement by petitioner of its action by way of intervention").

Leasing Corp., 610 F.2d 175, 177-178 (3rd Cir. 1979); Int'l Bhd. of Teamsters, etc. v. Keystone Freight Lines, Inc., 123 F.2d 326, 328 (10th Cir. 1941).

In satisfaction of the procedural requirements of Rule 24(c), Proposed Intervenors "will each adopt and incorporate for his or her complaint the CAC in its entirety, as modified and sustained by the January 2006 Order."  Acocelli Aff. at ¶ 3.  The CAC and the January 2006 Order have been previously served on Defendants and/or are part of the record of this Action.[7]

Courts generally take a flexible view in determining whether Rule 24(c) is satisfied, focusing on its goals rather than its technical requirements.  See Tachiona v. Mugabe, 186 F. Supp.2d 383, 393 n.8 (S.D.N.Y. 1991) ("Where . . . the position of the movant is apparent from other filings and where the opposing party will not be prejudiced, Rule 24(c) permits a degree of flexibility with technical requirements").   In fact, district courts in several jurisdictions have held that movants can satisfy Rule 24(c)'s pleading requirement by simply adopting the existing plaintiffs' complaint, such as by filing a pleading or an affidavit by counsel stating this.  See Official Comm. of Asbestos Claimants of G-I Holding, Inc. v. Heyman, 2003 U.S. Dist. LEXIS 21164, at *10-11 (S.D.N.Y. 2003); Ardrey, 142 F.R.D. at 116 n.19 (an affidavit by counsel stating that each intervenor adopts the complaint satisfies Rule 24(c)); Alexander v. Hall, 64 F.R.D. 152, 156 (D.S.C. 1974) (a statement in a pleading stating that the intervenor would adopt the plaintiffs' complaint satisfies Rule 24(c)); McCausland, 52 F.R.D. at 524 (Rule 24(c) is satisfied when motion is accompanied "by counsel's affidavit in support of the motion, which states: 'Each of the proposed intervenors will adopt for his complaint the present complaint with the amendments referred to in the notice of motion.'  No doubt exists as to the precise

---

[7] The United States District Court for the District of Massachusetts Electronic Case Filing Administrative Procedures, January 1, 2006, at p.9, ¶ L3, provide: "Filers shall not attach as an exhibit any pleading or other paper already on file with the court in that case, but shall merely refer to that document."

and detailed nature of the intervenors' claim, and defendants have not been prejudiced by the failure to annex to the motion a copy of the complaint already served upon them").

Indeed, district courts within the First Circuit likewise exercise their discretion in determining whether Rule 24(c)'s pleading requirement is met.  For example, a district court within the First Circuit overlooked a pro se movant's technical non-compliance with Rule 24(c) because the movant included his First Circuit amicus curiae brief with his motion and filed a separate lawsuit seeking invalidation of the challenged statutes, therefore giving notice to the parties of the theories that formed the bases of his motion for intervention.  Pharmaceutical Research & Mfrs. of America v. Commissioner, 2001 U.S. Dist. LEXIS 7626, at * 2 n.1 (D. Me. June 8, 2001) (denying intervention on other grounds).

In adopting the CAC, as modified by the January 2006 Order, as their own complaint, Proposed Intervenors rely on the previous filing and service of the pleadings and January 2006 Order in this Action in compliance with the electronic filing rules in this District, and meet the goals of Rule 24(c)'s pleading requirement in an extremely efficient manner.  No confusion has been created as to the grounds of Proposed Intevenors' § 36(b) claim.  Therefore, Proposed Intervenors have satisfied the procedural requirements under Rule 24(c)'s pleading requirement.[8]

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court grant Proposed Intervenors' motion to intervene pursuant to Rule 24.[9]

---

[8] If the Court deems that the submission of an actual pleading is necessary, Proposed Intervenors respectfully request leave to submit such a pleading within a reasonable amount of time.

[9] If the Court does not deem Rule 24 to be the proper vehicle to join Proposed Intervenors as plaintiffs to this Action, Plaintiffs and Proposed Intervenors would respectfully request the Court to order the same relief under any other Rule or statute it may deem more appropriate.  E.g., Wicks, 2006 U.S. Dist. LEXIS 1947 (this Court permitted additional plaintiffs to be added to an existing § 36(b) action pursuant to plaintiffs' motion to amend under Rule 15).

Dated: May 3, 2006

Respectfully submitted,

**MOULTON & GANS, P.C.**

By: \_\_/s/ Nancy Freeman Gans_____
    Nancy Freeman Gans (BBO #184540)
55 Cleveland Road
Wellesley, Massachusetts  02481
(781) 235-2246

**Liaison Counsel For Plaintiffs**


**WEISS & LURIE**
Joseph H. Weiss
Richard A. Acocelli
Julia J. Sun
551 Fifth Avenue, Suite 1600
New York, New York  10176
(212) 682-3025


**MILBERG WEISS BERSHAD
  & SCHULMAN LLP**
Jerome M. Congress
Janine L. Pollack
Kim E. Miller
One Pennsylvania Plaza
New York, New York  10119-0165
(212) 594-5300


**STULL, STULL & BRODY**
Jules Brody
Aaron Brody
6 East 45th Street
New York, New York  10017
(212) 687-7230

**LAW OFFICES OF CHARLES J. PIVEN, P.A.**
Charles J. Piven
Marshall N. Perkins
The World Trade Center – Baltimore
Suite 2525
401 East Pratt Street
Baltimore, Maryland  21202
(410) 332-0030


**SCHIFFRIN & BARROWAY, LLP**
Marc A. Topaz
Richard A. Maniskas
280 King of Prussia Road
Radnor, Pennsylvania  19087
(610) 667-7706


**GILMAN AND PASTOR LLP**
David Pastor (BBO #391000)
Stonehill Corporate Center
999 Broadway, Suite 500
Saugus, Massachusetts  01906
(781) 231-7850


**Counsel For Plaintiffs**


<u>**CERTIFICATE OF SERVICE**</u>

I, Julia J. Sun, hereby certify that a true copy of the above document was served upon the attorney of record for each party on May 3, 2006.

_____/s/ Julia J. Sun_____
Julia J. Sun