**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

---

| | |
|---|---|
| ERIC FORSYTHE, et al., | : |
| | : |
| Plaintiff, | : No. 04-10584-GAO |
| | : |
| v. | : |
| | : |
| SUN LIFE FINANCIAL, INC., ET AL., | : |
| | : |
| Defendants. | : |

---

**REPLY MEMORANDUM IN SUPPORT OF**
**PROPOSED INTERVENORS' MOTION TO INTERVENE**

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ..................................................................................1

ARGUMENT ...........................................................................................................4

    I.      PROPOSED INTERVENORS' MOTION WAS TIMELY MADE ..........................4

          1.      Proposed Intervenors Petitioned to Intervene Shortly After Discovering that Their Interests Would No Longer Be Represented in this Action ..................................................................5

          2.      Intervention Will Not Prejudice The Parties.......................................8

          3.      Proposed Intervenors Will Be Prejudiced If Intervention Is Denied ................................................................................................9

    II.     PROPOSED INTERVENORS ARE ENTITLED TO JOIN THIS ACTION AS OF RIGHT UNDER RULE 24(A) ........................................9

          1.      Proposed Intervenors Have A Direct and Substantial Interest In Plaintiffs' Action ..............................................................10

          2.      Proposed Intervenors' Interest in the Litigation Will Be Impaired Unless They Are Permitted to Intervene ...........................11

          3.      Proposed Intervenors' Interests Are Not Adequately Represented By Existing Plaintiffs ...................................................12

    III.    PROPOSED INTERVENORS SATISFY THE REQUIREMENTS UNDER RULE 24(B)(2) FOR PERMISSIVE INTERVENTION..........................13

          1.      Proposed Intervenors' Claims Share Common Questions of Law and Fact With Existing Plaintiffs' Claims .................................13

          2.      Proposed Intervenors' Interests Are Not Adequately Represented By An Existing Party ....................................................14

          3.      Defendants Have Had Adequate Notice of Proposed Intervenors' Claims and Will Therefore Not Be Prejudiced if Intervention is Permitted ...............................................................14

    IV.    PROPOSED INTERVENORS SATISFY THE PROCEDURAL REQUIREMENTS OF RULE 24(C) ........................................................14

i

V.    NEITHER THE RULES ENABLING ACT NOR THE EQUITABLE
      TOLLING DOCTRINE AFFECTS WHETHER INTERVENTION MAY
      OCCUR HERE ...................................................................................................16

VI.   IN THE ALTERNATIVE, PROPOSED INTERVENORS COULD BE
      ADDED TO THIS ACTION VIA AN AMENDMENT OF THE
      COMPLAINT UNDER FEDERAL RULE OF CIVIL PROCEDURE 15 ...............18

CONCLUSION.............................................................................................................20

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Abramson v. Pennwood Investment Corp.*,
 392 F.2d 759 (2d Cir. 1968).................................................................16

*American Pipe & Construction Co. v. Utah*,
 414 U.S. 538 (1974)....................................................................3, 5, 9, 17

*Brever v. Federated Equity Management Co. of Pa.*,
 233 F.R.D. 429 (W.D. Pa. 2005) .........................................................18

*Caterino v. Barry*,
 922 F.2d 37 (1st Cir. 1990).....................................................................8

*Cent. Maine Rest. Supply v. Omni Hotels Mgmt. Corp.*,
 73 B.R. 1018 (D. Me. 1987) ............................................................15, 16

*In re Columbia Entities Litigation*,
 No. 04-11704, 2005 U.S. Dist. LEXIS 33439 (D. Mass. Nov. 30, 2005) ................................3

*Crown, Cork & Seal. Co., Inc. v. Parker*,
 462 U.S. 345 (1983)...............................................................................17

*Culbreath v. Dukakis*,
 639 F.2d 15 (1st Cir. 1980)......................................................................4

*Daily Income Fund, Inc. v. Fox*,
 464 U.S. 523 (1984)........................................................................1, 2, 6

*Degrafinreid v. Ricks*,
 417 F. Supp. 2d 403 (S.D.N.Y. 2006)...................................................14

*In re Dreyfus Aggressive Growth Mutual Fund Litigation*,
 No. 98-4318, 2000 U.S. Dist. LEXIS 13469 (S.D.N.Y. Sept. 19, 2000)...........................2, 7

*Fleming v. Bank of Boston Corp.*,
 127 F.R.D. 30 (D. Mass. 1989) ..............................................................8

*Forsythe v. Sun Life Finance, Inc.*,
 417 F. Supp. 2d 100 (D. Mass. 2006) .........................................2, 6, 11, 13, 18

*Haas v. Pittsburgh National Bank*,
 526 F.2d 1083 (3d Cir. 1975)................................................................18

*Int'l Paper Co. v. Jay*,
 887 F.2d 338 (1st Cir.  1989)...................................................................9

*Kamen v. Kemper Finance Services, Inc.*,
   500 U.S. 90 (1991)................................................................................1

*Krantz v. Fidelity Mgmt. & Research Co.*,
   98 F. Supp. 2d 150 (D. Mass. 2000) ......................................................3

*Krinsk v. Merrill Lynch Asset Mgmt., Inc.*,
   No. 85-8428, 1986 U.S. Dist. LEXIS 25691 (S.D.N.Y. May 9, 1986) ..................................18

*In re ML-Lee Acquisition Fund II, L.P.*,
   848 F. Supp. 527 (D. Del. 1994)........................................................2, 7

*McCausland v. S'holders Mgt. Co.*,
   52 F.R.D. 521 (S.D.N.Y. 1971) ...........................................................16

*McClune v. Shamah*,
   593 F.2d 482 (3d Cir. 1979).................................................................10

*Narragansett Indian Tribe v. Ribo, Inc.*,
   868 F.2d 5 (1st Cir. 1989)......................................................................8

*Official Committee of Asbestos Claimants of G-I Holding, Inc. v. Heyman*,
   No. 01-8539, 2003 U.S. Dist. LEXIS 21164 (S.D.N.Y. Nov. 25, 2003)................................16

*Pharm. Research & Manufacturers of America v.*
*Commissioner, Maine Department of Human Svcs.*,
   No. 00-157, 2001 U.S. Dist. LEXIS 7626 (D. Me. June 8, 2001).........................................15

*Pikor v. Cinerama Products Corp.*,
   25 F.R.D. 92 (S.D.N.Y. 1960) ..............................................................16

*Providence Baptist Church v. Hillandale Committee, Ltd.*,
   425 F.3d 309 (6th Cir. 2005) ...............................................................16

*Public Citizen v. Liggett Group, Inc.*,
   858 F.2d 775 (1st Cir. 1988)........................................................5, 15, 16

*Public Serv. Co. of New Hampshire v. Patch*,
   136 F.3d 197 (1st Cir. 1998)................................................................16

*Rose v. Arkansas Valley Environmental & Utility Authority*,
   562 F. Supp. 1180 (W.D. Mo. 1983) ....................................................18

*Sierra Club v. Espy*,
   18 F.3d 1202 (5th Cir. 1994) ...............................................................11

*In re Sonus Networks, Inc. Sec. Litig.*,
   229 F.R.D. 339 (D. Mass. 2005)............................................................8

*Stegall v. Ladner*,
　394 F. Supp. 2d 358 (D. Mass. 2005) ..........................................................................3

*Strigliabotti v. Franklin Res., Inc.*,
　No. 04-0883, 2005 U.S. Dist. LEXIS 9625 (N.D. Cal. Mar. 7, 2005).......................3

*Tachiona v. Mugabe*,
　186 F. Supp. 2d 383 (S.D.N.Y. 2002)........................................................................16

*In re Thompson*,
　965 F.2d 1136 (1st Cir. 1992)...................................................................................13

*United Nuclear Corp. v. Cannon*,
　696 F.2d 141 (1st Cir. 1982).......................................................................................8

*United States v. City of Los Angeles*,
　288 F.3d 391 (9th Cir. 2002) ....................................................................................11

*United States v. Equitable Trust Co.*,
　611 F.2d 492 (4th Cir. 1979) ....................................................................................10

*United States v. Massachusetts*,
　No. 85-06372, 1986 U.S. Dist. LEXIS 26224 (D. Mass. Apr. 28, 1986) ...................8

*United States v. Michigan*,
　424 F.3d 438 (6th Cir. 2005) ....................................................................................12

*Wicks v. Putnam Investment Management, LLC*,
　No. 04-10988, 2006 U.S. Dist. LEXIS 1947 (D. Mass. Jan. 19, 2006)..............18, 19

*Zurich Capital Markets, Inc. v. Coglianese*,
　No. 03-7960, 2006 U.S. Dist. LEXIS 22925 (N.D. Ill. Apr. 25, 2006) ....................11

## FEDERAL STATUTES

15 U.S.C. § 80a-35(b)(3) ................................................................................................17

15 U.S.C. § 80a-35(b)(3) ................................................................................................18

28 U.S.C. § 2072 .............................................................................................................18

Fed. R. Civ. P. 24(a)(2)...................................................................................................11

Fed. R. Civ. P. 24(a)(2)...................................................................................................11

Fed. R. Civ. P. 24(c) .......................................................................................................15

Fed. R. Civ. P. 24..............................................................................................................1

## PRELIMINARY STATEMENT

Proposed Intervenors[1] state that the only issue that this Court need determine is whether Proposed Intervenors have met the criteria under Fed. R. Civ. P. 24 ("Rule 24"). An examination of the facts and law underlying this case clearly demonstrates how these criteria have been met and why each of Defendants' arguments in opposition to the Motion fails.

The faulty premise of Defendants' argument is that intervention should not be permitted because Plaintiffs did not reasonably bring their § 36(b) claims as a class action on behalf of shareholders in each and every MFS Fund and so Proposed Intervenors cannot rely on the damages period in their Initial Complaint filed March 25, 2004 ("Initial Complaint" or "Initial Compl."). *See* Opp. at 2, 10, 11, 13, 17.[2] Based on this premise, Defendants argue that the Proposed Intervenors cannot possibly have any interest in, or questions of law or fact in common with, the existing § 36(b) claims and that Defendants had no notice of, and would be prejudiced by, Proposed Intervenors joining the existing § 36(b) claims. Defendants are wrong.

The fatal flaw in Defendants' argument is that Plaintiffs did have a reasonable basis grounded in the law for bringing their § 36(b) claims as a class action which gives Proposed Intervenors an interest in this action and put Defendants on notice that intervention might later occur. The legal basis for Plaintiffs bringing their claims as direct claims on behalf of a class was supported by the Supreme Court's recognition that claims asserted under § 36(b) are unique in that they are neither strictly direct claims nor derivative claims. *See Daily Income Fund, Inc. v. Fox,* 464 U.S. 523, 535 (1984); *see also Kamen v. Kemper Fin. Servs., Inc.*, 500 U.S. 90, 108 (1991)

---

[1] Any capitalized terms not herein defined shall have the same meaning as in Proposed Intervenors' Memorandum in Support of Proposed Intervenors' Motion to Intervene (Docket No. 116) (the "Intervention Memorandum" or "Mem.").

[2] The terms "Opp." and "Opposition" refer to Defendants' Opposition to Proposed Intervenors' Motion to Intervene filed on May 26, 2006 (Docket No. 123).

(concluding that "a shareholder action 'on behalf of' the company under §36(b) is direct rather than derivative").

Given that Plaintiffs reasonably believed that they could bring their § 36(b) claims as direct claims, they also had a reasonable legal basis for believing that they had standing to bring their § 36(b) claims on behalf of the class. *See, e.g.*, *In re Dreyfus Aggressive Growth Mut. Fund Litig.*, No. 98-4318, 2000 U.S. Dist. LEXIS 13469, at *8 (S.D.N.Y. Sept. 19, 2000) (court certified plaintiffs who invested in one mutual fund to represent purchasers in another fund because "plaintiffs have alleged a single course of wrongful conduct with regard to each security"); *In re ML-Lee Acquisition Fund II, L.P.*, 848 F. Supp. 527, 561 (D. Del. 1994) (certifying class upon finding that the fund securities were "substantially identical" and "marketed pursuant to the same Prospectus which [was] the subject of many of Plaintiffs' allegations of wrongdoing").

Indeed, even though this Court ultimately held that Plaintiffs' § 36(b) claims could only be brought derivatively, this Court acknowledged in its January 2006 Order that "the § 36(b) cause of action is an 'unusual cause of action' [and] is not like the traditional derivative cause of action because the fund itself does not have the power to bring an action under the statute." *Forsythe v. Sun Life Fin., Inc.*, 417 F. Supp. 2d 100, 118 (D. Mass. 2006) (quoting *Daily Income*, 464 U.S. at 535). Moreover, this Court has also acknowledged that § 36(b) is an evolving area of the law. *See* April 4, 2006 Hearing Transcript in *Forsythe v. Sun Life Fin., Inc.*, No. 04-10584 at 36-37 (finding that "[o]ne of my conclusions was that it is, [*sic*] at this stage, an undefined, uncontented cause of action to some degree and that cases will have to develop that content.").

Against this legal backdrop, Plaintiffs had a reasonable basis for asserting their § 36(b) claims as a class action. Demonstrating that the Court was correct in its assertion of the unsettled nature of the law concerning § 36(b), other courts in this Circuit held that a § 36(b) claim is a direct claim brought by a shareholder on the fund's behalf, which further demonstrates the legal

basis for Plaintiffs having brought their § 36(b) claims as class claims.  *See, e.g.*, *In re Columbia Entities Litig.*, No. 04-11704, 2005 U.S. Dist. LEXIS 33439, at *18-19 (D. Mass. Nov. 30, 2005) ("*Columbia*") (finding that in [*Daily Income*], the Court held that, due to the purposes of the statute, § 36(b) of the ICA provided for a direct action to be brought by a shareholder, rather than for a derivative action to be brought on behalf of the corporation); *Stegall v. Ladner*, 394 F. Supp. 2d 358, 373 n.16 (D. Mass. 2005) (finding that "courts have found a direct cause of action under §36(b)" and citing *Strigliabotti v. Franklin Res., Inc.*, No. 04-0883, 2005 U.S. Dist. LEXIS 9625, at *25 (N.D. Cal. Mar. 7, 2005) and *Krantz v. Fidelity Mgmt. & Research Co.*, 98 F. Supp. 2d 150, 157-58 (D. Mass. 2000)).

In support of the class nature of their claims, Plaintiffs alleged facts in their complaint showing the common course of conduct across all the funds in the MFS Fund Complex through which Defendants were charging excessive fees to the funds and their investors.  Moreover, since "the filing of a timely class action complaint commences the action for all members of the class as subsequently determined," (*see American Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 550 (1974)), the damages claims of Proposed Intervenors, as former class members, began on March 25, 2003, one year before this action was instituted -- the same date as Plaintiffs' § 36(b) claims.  This action is just another example of the result contemplated by *American Pipe*, namely that, initiation of the class action on March 25, 2004 commenced the action for all of those class members who might subsequently participate, such as the Proposed Intervenors in this case.  Thus, Proposed Intervenors' § 36(b) claims are deemed to have been brought on March 25, 2004, allowing their damages period to begin one year prior -- March 25, 2003.

While this Court ultimately ruled that § 36(b) created a derivative cause of action that could only be brought on behalf of the two funds the Plaintiffs currently held, this Court did not rule that Plaintiffs needed to file a new complaint and replead the 36(b) claim as a derivative claim

on behalf of the two funds.  Instead, this Court simply applied Plaintiffs' allegations of a common course of conduct across all of the funds in the MFS Fund Complex to the two funds at issue, finding that these allegations were sufficient for notice pleading of a § 36(b) claim.  Thus, it was only after this Court ruled that there could be no class-wide § 36(b) claims that those shareholders who had previously believed their interests were represented as part of the Class (*i.e.* the Proposed Intervenors), were on notice that their interests were no longer represented.

Given these circumstances, it is clear that Proposed Intervenors have satisfied the criteria for both intervention as of right and by permission under Rule 24, as explained in detail below. Defendants attempt to ignore the fact that Proposed Intervenors satisfy the Rule 24 criteria by arguing that the Rules Enabling Act prevents intervention and that the equitable tolling doctrine of *American Pipe* does not apply.  However, Proposed Intervenors do not even rely on the equitable tolling doctrine of *American Pipe* and the Rules Enabling Act is not implicated by the intervention in this case.  Therefore, neither of Defendants' arguments has merit, and the Court should allow Proposed Intervenors to intervene in this case.

## ARGUMENT

## I.     PROPOSED INTERVENORS' MOTION WAS TIMELY MADE

Defendants argue that Proposed Intervenors' motion was not timely.  Opp. at 16-20.  The factors that the First Circuit considers in determining whether a motion is timely under the totality of the circumstances are:  (1) the length of time the would-be intervenors knew or reasonably should have known of their interests before they petitioned to intervene; (2) any prejudice to existing parties caused by the would-be intervenors' delay in intervening; (3) the prejudice the would-be intervenors would suffer if they were not allowed to intervene; and (4) the existence of extraordinary circumstances militating for or against intervention.  *Culbreath v. Dukakis*, 639 F.2d 15, 20-24 (1st Cir. 1980).  An analysis of these four factors demonstrates that Proposed Intervenors

timely petitioned for intervention in this case and each of Defendants' arguments to the contrary

lacks merit.

>    **1.    Proposed Intervenors Petitioned to Intervene Shortly After Discovering that Their Interests Would No Longer Be Represented in this Action**

In their Opposition, Defendants attempt to shift the inquiry regarding the first factor of the

timeliness analysis to whether there is evidence that Proposed Intervenors "reasonably relied" on

the class claims in Plaintiffs' pleadings. However, Proposed Intervenors' actual reliance is not the

appropriate inquiry. Instead, under the first factor of the analysis of whether Proposed Intervenors'

motion was timely, "the appropriate inquiry is when the intervenor became aware that its interest

in the case would no longer be adequately protected by the parties." *Pub. Citizen v. Liggett Group,

Inc.*, 858 F.2d 775, 785 (1st Cir. 1988). In this case, Proposed Intevenors filed their Motion to

Intervene on May 3, 2006, within weeks of this Court's denial of Defendants' Interlocutory

Appeal/Stay motion on April 4, 2006 and little over three months after this Court issued its

January 19, 2006 Order on the Motion to Dismiss. Thus, since Proposed Intervenors sought to

intervene very soon after they became aware that their interests would no longer be adequately

protected, they satisfy this factor of the timeliness analysis.

Moreover, even if the "reasonable reliance" test were applied here, under *American Pipe*,

absent class members are treated as having reasonably relied on the filing of the class action in

order to avoid multiplicity of litigations. *American Pipe*, 414 U.S. at 551-52 (finding that "even as

to asserted class members who were unaware of the proceedings brought in their interest or who

demonstrably did not rely on the institution of those proceedings, the later running of the

applicable statute of limitation does not bar participation in the class action and in its ultimate

judgment").

Defendants further argue that Proposed Intervenors did not reasonably rely on the class

claims in Plaintiffs' complaint because: (1) the § 36(b) claims were asserted as derivative claims in

the original complaint and (2) they could not have reasonably relied on Plaintiffs to bring claims

on behalf of the funds plaintiffs did not own.  Opp. at 16-18.  Neither of Defendants' arguments

has merit.

First, Plaintiff Eric Forsythe asserted his § 36(b) claim in the Initial Complaint as a class

claim (not derivatively).  Defendants inappropriately seize upon the use of the word "derivatively"

in the heading of Count II in the Initial Complaint as supposed proof that Plaintiffs (and Former

Plaintiffs[3]) recharacterized their § 36(b) claims as class claims later in the litigation.  *See* Opp. at

17.  To the contrary, the Initial Complaint clearly states that Count II, the § 36(b) claim, "is

**brought by the Class** (as MFS Funds securities holders) on behalf of the MFS Funds against MFS

Company for breach of its fiduciary duties as defined by § 36(b) of the Investment Company Act."

Initial Compl. at ¶ 69 (emphasis added).[4]

As the Supreme Court has recognized, claims asserted under § 36(b) are a unique hybrid,

both direct and derivative in nature, and the use of the term "derivative" is an acknowledgement of

the type of recovery that § 36(b) permits.  *See Daily Income,* 464 U.S. at 535.  The fact that the

word "derivatively" was used in the heading simply acknowledges the type of recovery permitted,

but does not mean that Plaintiffs were not pursuing their § 36(b) claims on a class basis.  Indeed,

both the Initial Complaint and the Consolidated Amended Complaint filed on March 3, 2005

("Consolidated Amended Complaint" or "CAC") asserted § 36(b) class claims against Defendants

---

[3] Former Plaintiffs refer to Larry R. Eddings and the City of Chicago Deferred Compensation Plan, both of whom were dismissed as Plaintiffs by this Court's January 2006 Order.

[4] Class allegations were thoroughly alleged in the Initial Complaint.  The caption on the front page of the Initial Complaint states in bolded all capitalized letters "Class action complaint for excessive fees in violation of Sections 34(b), 36(b) and 48(a) of the Investment Company Act."  Initial Compl. at 1.  Additionally, the Initial Complaint contains class allegations, defining the Class as "all persons or entities who purchased, redeemed or held shares or like interest in any of the MFS Funds between March 24, 1999 and November 17, 2003." *Id.* ¶ 29.  It also defined the MFS Funds to be "the Massachusetts Financial Services family of mutual funds." *Id.* ¶ 1.  Thus, the Initial Complaint plainly established a class consisting of shareholders of the entire MFS Fund Complex.

on behalf of shareholders of the entire MFS Fund Complex.[5]  The plain language of the Initial Complaint supports this conclusion and shows that Plaintiffs intended at that time to maintain this action on a class basis.

Finally, Defendants cannot charge Proposed Intervenors with a lack of clairvoyance for failing to predict how this Court would ultimately rule regarding the standing issue.  Until the issuance of the January 2006 Order, there was no reason why Plaintiffs could not represent the shareholders in the entire MFS Fund Complex, including the 17 Proposed Intervenors' Funds, especially since recent decisions in the mutual fund context confirm that because Plaintiffs have individual standing, they may pursue claims regarding all funds in the fund complex.  For example, in *In re Dreyfus*, in granting the plaintiffs' motion for class certification, the court certified plaintiffs who invested in one mutual fund to represent purchasers in another fund:

> Courts have repeatedly held that on allegations such as these, class representatives need not have invested in each security so long as the plaintiffs have alleged a single course of wrongful conduct with regard to each security.  Courts have not addressed this concern vis a vis the doctrine of standing, but rather have examined such concerns pursuant to Rule 23(a)(3)'s typicality requirement.

2000 U.S. Dist. LEXIS 13469, at *8.  Similarly, in *In re ML-Lee Acquisition Fund II*, the defendants argued in opposition to the plaintiffs' motion for class certification that the proposed class representatives could not represent investors in a mutual fund that they did not own.  The court rejected this contention due to the similarity of the related mutual funds and wrongdoing that impacted both funds at issue.  848 F. Supp. at 561 (certifying class upon finding that the fund securities were "substantially identical" and "marketed pursuant to the same Prospectus which [was] the subject of many of Plaintiffs' allegations of wrongdoing").

---

[5] Even though MFS Intermediate Income Trust Fund was not explicitly listed as one of the MFS Funds, this fund was implicitly included in both the Initial Complaint and the Amended Complaint.  The class claims in both pleadings were brought on behalf of the shareholders of the MFS Funds, which was defined by the Initial Complaint as the "Massachusetts Financial Services family of mutual funds" and by the Amended Complaint as the "MFS mutual funds."

Proposed Intervenors had no way of knowing that their interests would not be adequately represented until January 19, 2006, when this Court adjudicated the standing issue in Defendants' favor. Within only months after the January 2006 Order and only weeks after the Interlocutory Appeal/Stay Motion, Proposed Intervenors timely filed their Motion to Intervene.[6]

### 2.    Intervention Will Not Prejudice The Parties

The parties will not be prejudiced by intervention. Defendants have been on notice of their potential liability with respect to the entire MFS Fund Complex since the filing of the Initial Complaint on March 25, 2004 that asserted Plaintiffs' § 36(b) claims as class claims on behalf of all funds in the MFS Fund Complex. Therefore, Defendants will suffer no prejudice by Proposed Intervenors' intervention. Until this Court's January 19, 2006 Order, the parties could not have known how this Court would rule on the class and standing issues. That this Court ultimately ruled in Defendants' favor does not undermine the fact that from the inception of the case

---

[6] Defendants only cite two cases -- *Fleming v. Bank of Boston Corp.*, 127 F.R.D. 30 (D. Mass. 1989) and *In re Sonus Networks, Inc. Sec. Litig.*, 229 F.R.D. 339 (D. Mass. 2005) -- that even touch upon the issue of reasonable reliance. Both are distinguishable. The putative investor class in *Fleming* could not have shown reasonable reliance on the original plaintiffs' assertion of class claims because the first time the original plaintiff filed those class claims was in the amended complaint "days before the statute of limitations expired." 127 F.R.D. at 34. In light of this particular fact, the *Fleming* court considered the fact that no member of the investor class filed either class or individual claims as showing a lack of reasonable reliance by the putative class. *Id.* In *Sonus Networks*, the court had expressed doubts about the adequacy of the class representatives, stating that it may be dispositive, and set a deadline for when new class representatives could be proposed. 229 F.R.D. at 340. However, substitution was not sought until the deadline had passed, and was thereby untimely. *Id.* at 345.

The other cases cited by Defendants do not even deal with the issue of reasonable reliance. *E.g.*, *Caterino v. Barry*, 922 F.2d 37, 39 (1st Cir. 1990) (motion to intervene which defendants filed three years after the action was commenced was untimely because the proposed intervenors "[do] not, and cannot, argue that [their] interest only recently developed because of a change in the nature of plaintiffs' claims"); *Narragansett Indian Tribe v. Ribo, Inc.*, 868 F.2d 5, 7 (1st Cir. 1989) (proposed intervenors knew of the pending litigation for over a year before they sought to intervene because they believed the lawsuit was frivolous -- not because they believed their interests were adequately represented); *United States v. Massachusetts*, No. 85-0632, 1986 U.S. Dist. LEXIS 26224, at *13-16 (D. Mass. Apr. 28, 1986) (proposed intervenors, who were confined in a mental institution, claimed they did not know of the pending litigation because they lacked access to media and that they lacked the capacity to understand the significance of such a litigation -- not because they reasonably relied upon another party); *United Nuclear Corp. v. Cannon*, 696 F.2d 141, 143 (1st Cir. 1982) ("It is far from clear why [proposed intervenor] would believe its interests were adequately represented by the state prior to and in the settlement negotiations but not after these negotiations collapsed.").

Defendants had notice of Proposed Intervenors' § 36(b) claims on behalf of the Intervenors'

Funds, and the grounds upon which it is based, for a damages period that begins on March 25,

2003.  In addition, this action is still in its early stages as fact discovery has just begun.

       **3.**       **Proposed Intervenors Will Be Prejudiced If Intervention Is Denied**

Proposed Intervenors and the 17 MFS Funds on whose behalf they seek to sue will be

severely prejudiced if they are not allowed to intervene.  Adjudication of this Action without their

participation will unfairly impair their own Section 36(b) claims, which arise from the same course

of misconduct during the same period of time against the same Defendants as Plaintiffs' claims.

Given that this action was instituted as a class action, Proposed Intervenors' § 36(b) claims (as

class members) commenced on the date of the filing of the Initial Complaint, which in turn

commenced their § 36(b) damages period on March 25, 2003.  *See American Pipe*,  414 U.S. at

550.  If Proposed Intervenors were forced to initiate their own § 36(b) action against Defendants,

they may be denied damages for this period despite the fact that as a matter of law they initiated

their action at the same time as Plaintiffs.  Proposed Intervenors would thus be prejudiced by the

denial of the intervention they seek.

**II.**      **PROPOSED INTERVENORS ARE ENTITLED TO JOIN THIS ACTION AS OF
RIGHT UNDER RULE 24(a)**

Once the timeliness requirement is met (which it is), the First Circuit holds that an

applicant can intervene as of right under Rule 24(a) if three conditions are satisfied:  "(1) that it has

a direct and substantial interest in the subject matter of the litigation; (2) that its ability to protect

the interest may be impaired if it is not allowed to intervene; and (3) that its interest will not be

adequately represented by an existing party."  *Int'l Paper Co. v. Jay*, 887 F.2d 338, 342 (1st Cir.

1989).  Since Proposed Intervenors have met each of these three conditions, they may intervene as

of right.

1.    **Proposed Intervenors Have A Direct and Substantial Interest In Plaintiffs' Action**

As former members of the putative class in this Action, who now seek to protect the interests of the Proposed Intervenors' Funds, including 16 MFS Funds that are no longer represented, Proposed Intervenors have an obvious direct and legally protectable interest in the Action.

In arguing that Proposed Intervenors do not have an interest in this Action, Defendants rely on *McClune v. Shamah*, 593 F.2d 482 (3d Cir. 1979), and *United States v. Equitable Trust Co.*, 611 F.2d 492 (4th Cir. 1979), both of which are distinguishable.  *See* Opp. at 14.  Whereas the would-be intervenor in *McClune* sought to intervene in an effort to forestall the defendants' argument that original plaintiffs did not have standing to assert certain claims, 593 F.2d at 485, this Court has already sustained Plaintiffs' Section 36(b) claims against Defendants.  Proposed Intervenors simply seek to be added as plaintiffs so that they too can assert their identical § 36(b) claim against the same Defendants.

*Equitable Trust* is also inapposite.  There, the court ruled that an intervenor could not oppose a third party's compliance with a summons issued by the Internal Revenue Service ("IRS") because the intervenor lacked standing to invoke the Fifth Amendment rights of the party being investigated.  Proposed Intervenors do not seek to invoke the rights of Plaintiffs, nor stand in their place in any way.  Rather, Proposed Intervenors wish to join this Action as party-plaintiffs in order to bring their own Section 36(b) claims on behalf of those MFS Funds they have been holding since March 25, 2004, the date this action was instituted.

Defendants further argue that the fact that Defendants engaged in a common course of conduct across all of the Funds does not justify Proposed Intervenors' interest in the current action.  Opp. at 14-15.  However, this Court's holding that the common course of conduct alleged in Plaintiffs' complaint adequately pleads a claim on behalf of the two funds that Plaintiffs own

(*Forsythe*, 417 F. Supp. 2d at 116) applies equally to Intervenors' Funds.  Clearly, Proposed

Intervenors have a direct interest in these proceedings.

> **2.     Proposed Intervenors' Interest in the Litigation Will Be Impaired Unless They Are Permitted to Intervene**

Defendants argue that "[a]ny judgment with respect to Plaintiffs' § 36(b) claims on behalf

of the Two Funds will not bind Movants with regard to their claims on behalf of 16 different MFS

funds."  Opp. at 15.  However, given that Proposed Intervenors' §36(b) claims arise from the same

misconduct by the same set of Defendants during the same period as Plaintiffs' § 36(b) claim,

disposition of this Action presents a risk that principles of stare decisis will apply to any action

separately commenced by Proposed Intervenors.  *See, e.g., Sierra Club v. Espy*, 18 F.3d 1202,

1207 (5th Cir. 1994) (stare decisis effect of decision is sufficient potential impairment); *United

States v. City of Los Angeles*, 288 F.3d 391, 401 (9th Cir. 2002) ("the relevant inquiry is whether

the consent decree 'may' impair rights 'as a practical matter' rather than whether the decree will

'necessarily' impair them" (quoting Fed. R. Civ. P. 24(a)(2)).  Therefore, as a practical matter, the

stare decisis effect of any decision made as to Defendants' common course of conduct with respect

to Plaintiffs' two funds in this case would undoubtedly impair Proposed Intervenors' ability to

protect their interest in bringing a § 36(b) claim on behalf of the Intervenors' Funds.  *See* Fed. R.

Civ. P. 24(a)(2).

Moreover, courts have also found that where a party's ability to recover damages is

impacted by stare decisis, it is an appropriate basis to allow them to intervene in an action.  *See,

e.g.*, *Zurich Capital Mkts., Inc. v. Coglianese*, No. 03-7960, 2006 U.S. Dist. LEXIS 22925, at

*24-25, (N.D. Ill. Apr. 25, 2006) (court allowed a liquidator of a mutual fund to intervene because

the determination of whether a claim was derivative determined whether assets were the mutual

fund's or the corporation's and under stare decisis would foreclose the parties rights to damages).

In this case, Proposed Intervenors will be impaired and their rights impacted because the monies of

the different funds are intertwined.  As explained in Plaintiffs' Consolidated Amended Complaint, soft dollars from the different Funds in the complex were combined to pay for revenue sharing arrangements; the revenue sharing payments from Defendants using 12b-1 fees and excessive advisory fees were made on behalf of the entire fund complex; and the economies of scale created by the inflow of assets impacted both the fund complex and individual funds.  *See, e.g.*, CAC ¶¶ 79-81, 97-105, 109-113.  Thus, the Proposed Intervenors will not have the ability to appropriately protect their interests in determining what proportion of the damages were from their individual funds, but may be affected by the Court's decision as to the Plaintiffs' two funds because of the impact of stare decisis.

### 3.    Proposed Intervenors' Interests Are Not Adequately Represented By Existing Plaintiffs

Defendants do not even attempt to argue that Proposed Intervenors' interests in protecting the Intervenors' Funds would be protected by Plaintiffs.  Instead, Defendants' entire argument centers on Defendants' assumption that that Proposed Intervenors' claims are not at issue in this case.  Opp. at 15.  Yet in so arguing, Defendants ignore that Proposed Intervenors' interests in protecting the 16 of the Intervenors' Funds were previously protected through Plaintiffs' filing of a class action.  When this Court ruled in its January 2006 Order that Plaintiffs' § 36(b) claims were limited to the Funds that Plaintiffs owned, Proposed Intervenors' § 36(b) claims, which involved the same misconduct and damages period as Plaintiffs' § 36(b) claims, were no longer adequately represented.  In *United States v. Michigan*, 424 F.3d 438, 444 (6th Cir. 2005), the only case relied upon by Defendants, the court denied the motion to intervene after finding the relief requested by the proposed intervenors and the representative plaintiff to be nearly identical, and that the Proposed Intervenors failed to identify any separate arguments unique to them.  *Id.* at 444.  Here, unlike in *United States v. Michigan*, while Defendants engaged in a common course of conduct across all of the Funds in the MFS fund complex, the Proposed Intervenors' interests in the 16

MFS Funds not held by Plaintiffs cannot be represented by Plaintiffs because this Court has now

ruled that each MFS Fund must be treated "as a separate and distinct entity in the § 36(b) context."

*Forsythe*, 417 F. Supp. 2d at 118.  Thus, unless Proposed Intervenors join the pending Action, their

interests in the 17 Intervenors' Funds will not be adequately represented.

### III.    PROPOSED INTERVENORS SATISFY THE REQUIREMENTS UNDER RULE 24(b)(2) FOR PERMISSIVE INTERVENTION

Even if this Court finds that Proposed Intervenors may not intervene as of right, this Court

should nonetheless exercise its wide discretion and permit them to intervene.  Under Rule 24(b),

this Court may permit intervention if:  "(1) 'the applicant's claim or defense and the main action

have a question of law or fact in common,' (2) that applicant's interests are not adequately

represented by an existing party, and (3) intervention would not result in undue delay or prejudice

to the original parties."  *In re Thompson*, 965 F.2d 1136, 1142 n.10 (1st Cir. 1992) (internal

citations omitted).  As fully briefed in Proposed Intervenors' Motion papers and further supported

below, Proposed Intervenors satisfy all the elements of permissive intervention under Rule

24(b)(2).

### 1.    Proposed Intervenors' Claims Share Common Questions of Law and Fact With Existing Plaintiffs' Claims

Defendants argue that Proposed Intervenors' claims made on behalf of the additional funds

are not the same as Plaintiffs' claims made on behalf of the two funds currently in the Amended

Complaint.  Opp. at 20.  Specifically, they argue that each of Proposed Intervenors' funds has a

different fee structure, fee arrangement, performance history and received different advisory and

distribution services.  *Id.*   However, this argument is belied by the Court's January 2006 Order

upholding § 36(b) claims against ***two different funds***.  Those two funds both have their own

structures and fees, but the Court upheld the theory pled by Plaintiffs for both funds and the

individual structures of each fund was irrelevant.  Moreover, whether or not the 17 MFS Funds

held by Proposed Intervenors and the two MFS Funds held by Plaintiffs share exactly the same fee

structures, fee arrangements, performance histories, or even paid 12b-1 fees, or were provided with exactly the same advisory and distribution services, does not determine whether there are common questions of fact and law between Proposed Intervenors' claims and Plaintiffs' claims. *See Degrafinreid v. Ricks*, 417 F. Supp. 2d 403, 408 (S.D.N.Y. 2006) ("federal courts have recognized that no two individuals will present identical facts and have refused to allow minor distinctions to preclude intervention. Even where factual distinctions exist, courts have permitted intervention where the same legal issue is presented"). Here, there is no question that the Consolidated Amended Complaint alleges the same pattern of behavior by the very same Defendants for all of the MFS Funds across the entire complex, including Plaintiffs' and Proposed Intervenors' Funds. Given the theory upheld by the Court in its January 2006 Order, the element requiring common questions of law and fact has been satisfied.

> **2.      Proposed Intervenors' Interests Are Not Adequately Represented By An Existing Party**

As explained in Section II, part (3), Proposed Intervenors' interests are not adequately represented by an existing party and thus this factor in the permissive intervention inquiry is satisfied.

> **3.      Defendants Have Had Adequate Notice of Proposed Intervenors' Claims and Will Therefore Not Be Prejudiced if Intervention is Permitted**

As explained in Section I, part (2), Defendants cannot convincingly claim that they will be prejudiced if intervention is granted here, thereby allowing this Court to grant permissive intervention.

## IV.    PROPOSED INTERVENORS SATISFY THE PROCEDURAL REQUIREMENTS OF RULE 24(c)

Rule 24(c) requires Proposed Intervenors to "serve a motion to intervene upon the parties . . . [which] shall state the grounds therefor and shall be accompanied by a pleading setting forth the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c). Defendants

argue that the First Circuit requires "strict compliance" with Rule 24(c) and interpret this to mean

that Proposed Intervenors must submit a pleading to satisfy Rule 24(c).  Opp. at 21 n.17, 22.

Contrary to Defendants' argument, district courts within the First Circuit take a pragmatic

approach in determining whether Rule 24(c)'s pleading requirement has been met.  *E.g.*, *Pub.*

*Citizen v. Liggett Group, Inc.*, 858 F.2d 775, 783-784 (1st Cir. 1988) (even while acknowledging

the requirements of Rule 24(c) as mandatory, the court treated a non-party as an intervenor even

though it did not formally move to intervene, and thus did not comply with Rule 24(c)); *Pharm.*

*Research & Mfrs. of Am. v. Comm'r, Maine Dept. of Human Svcs.*, No. 00-157, 2001 U.S. Dist.

LEXIS 7626, at *2 n.1 (D. Me. June 8, 2001) (overlooking pro se movant's technical non-

compliance with Rule 24(c)); *Cent. Maine Rest. Supply v. Omni Hotels Mgmt. Corp.*, 73 B.R.

1018, 1020 (D. Me. 1987) (Rule 24(c) requires "a pleading *or other equivalent information*" so

that a court can evaluate whether the movant's legal position justifies intervention (emphasis

added)).[7]

In full satisfaction of Rule 24(c)'s pleading requirement, Proposed Intervenors have

submitted a signed affidavit of counsel stating they adopt the Consolidated Amended Complaint

filed on March 3, 2005 in its entirety, as modified and sustained by the January 2006 Order, as

their own pleading, thereby fully informing the Court and Defendants of their claims and the relief

sought.  No more is required.  *See*, *e.g.*, *Pub. Citizen*, 858 F.2d at 783-784; *Cent. Maine*, 73 B.R. at

1020.  Like Plaintiffs, the only claims Proposed Intervenors seek to pursue on behalf of the 17

---

[7] The movant in *Cent. Maine* sought to intervene as a party-defendant.  The *Central Maine* decision held
that this movant could not satisfy Rule 24's pleading requirement by adopting the defendant's pleading
specifically because that pleading only denied the allegations set forth in the complaint without setting forth
any affirmative defenses, thereby not allowing the court to evaluate the movant's defense to the claims
brought and the movant's interest in the litigation.  *Cent. Maine*, 73 B.R. at 1020-1021.  The court did not
rule that a movant's adoption of a party's pleadings would be *per se* insufficient.  Instead, it concluded that
"[a] court should not necessarily deny a motion to intervene because of technical procedural defects . . .  In
the present case, however, the position presented by [the intervenors] is simply too vague to allow the
[c]ourt to conclude that intervention is proper."  *Cent. Maine,* 73 B.R. at 1021.

Intervenors' Funds is under § 36(b) against MFS Company and MFS Distributors. Given that Proposed Intervenors are adopting *in toto* Plaintiffs' existing Consolidated Amended Complaint, it would be inefficient and serve no purpose for them to file a new complaint. In fact, the only reason Defendants could have for wanting such a new complaint is to file a motion to dismiss, which would only serve to delay these proceedings and squander this Court's time adjudicating issues that have already been fully litigated.[8]

If, however, the Court deems it necessary to attach a separate complaint, Proposed Intervenors request leave to file those pleadings before the Court decides the motion.

## V.    NEITHER THE RULES ENABLING ACT NOR THE EQUITABLE TOLLING DOCTRINE AFFECTS WHETHER INTERVENTION MAY OCCUR HERE

Half of Defendants' brief is dedicated to their arguments that: (1) the equitable tolling doctrine of *American Pipe* does not apply here (Opp. at 9-13) and (2) the Rules Enabling Act prevents intervention. Opp. at 4-9. Neither argument has merit. In arguing that the equitable tolling doctrine of *American Pipe* does not apply to this case, Defendants misunderstand why

---

[8] Defendants attempt to support their argument that the First Circuit strictly requires technical compliance with Rule 24(c)'s pleading requirement by relying on three non-binding decisions outside the First Circuit. Two of the decisions -- *Pikor v. Cinerama Prods. Corp.*, 25 F.R.D. 92, 95-96 (S.D.N.Y. 1960) and *Abramson v. Pennwood Inv. Corp.*, 392 F.2d 759 (2d Cir. 1968), are entirely outdated. The more recent cases Proposed Intervenors have cited in their Intervention Memorandum show that district courts in the Second Circuit accept other filings as satisfying Rule 24(c)'s pleading requirements. *See* Mem. at 19 citing *e.g.*, *Official Comm. of Asbestos Claimants of G-I Holding, Inc. v. Heyman*, No. 01-8539, 2003 U.S. Dist. LEXIS 21164, at *10-11 (S.D.N.Y. Nov. 25, 2003); *Tachiona v. Mugabe*, 186 F. Supp. 2d 383, 393 n.8 (S.D.N.Y. 2002); *McCausland v. S'holders Mgt. Co.*, 52 F.R.D. 521, 524 (S.D.N.Y. 1971).

Defendants misrepresent the dicta in the only recent decision they cite. Nowhere in the *Providence Baptist Church v. Hillandale Comm., Ltd.*, 425 F.3d 309, 314 (6th Cir. 2005) does it state that the "First Circuit requires strict compliance," as Defendants erroneously claim. Opp. at 21 n.17. The decision notes that "[t]he circuits appear to be split in their approach to enforcement of Rule 24(c), with a majority favoring a permissive interpretation of the rule" and merely states that the "First, Second, and Seventh Circuits have taken a *stricter* approach." *Providence Baptist*, 425 F.3d at 313-314 (emphasis added) (citing *Pub. Serv. Co. of New Hampshire v. Patch*, 136 F.3d 197, 205 n.6 (1st Cir. 1998)). However, in *Patch*, the First Circuit acknowledged, without further comment, that the district court had elected to overlook the movant's technical noncompliance with Rule 24(c). *Id.* (motion to intervene denied on other grounds). As such, Defendants' citation to Sixth Circuit authority making an off-hand remark about First Circuit authority cannot take the place of what the latter actually held.

Proposed Intervenors cited *American Pipe*.  Proposed Intervenors did not cite *American Pipe* to argue that there should be an equitable tolling of the statute of limitations period for § 36(b), because § 36(b) contains no statute of limitations period, only a damages period which begins "one year before the action was instituted." 15 U.S.C. § 80a-35(b)(3).  Instead, Proposed Intervenors cited *American Pipe* to demonstrate that "the filing of a timely class action complaint ***commences*** the action for all members of the class as subsequently determined."  *See* Motion to Intervene at 7 (quoting *American Pipe*, 414 U.S. at 550)(emphasis added).  In *American Pipe*, the Supreme Court held that "the commencement of the action satisfied the purpose of the limitation provision as to all those who might subsequently participate in the suit as well as for the named plaintiffs."  414 U.S. at 551.  Therefore, because the class action commences the action for all class members, the claims of Proposed Intervenors (who had been putative class members) commenced on the date that the class action was initially filed on March 25, 2004.  This principle, in turn, means that the damages period for Proposed Intervenors' § 36(b) claims, which are tied to the commencement of the action, began on March 25, 2003.[9]  Indeed, the doctrine of *American Pipe* has applied even in cases where class action status was denied for lack of standing.  *See, e.g.*, *Rose v. Arkansas Valley Envtl. & Util. Auth.*, 562 F. Supp. 1180, 1095-1098 (W.D. Mo. 1983); *Haas v. Pittsburgh Nat'l Bank*, 526 F.2d 1083, 1095-98 (3d Cir. 1975).

The Rules Enabling Act does not affect this conclusion and does not prohibit Proposed Intervenors, former members of the putative class, from intervening in this Action and pursuing

---

[9] While *American Pipe* is traditionally relied on for the tolling of a statute of limitations, its rationale is every bit as applicable to determining when the damages period under § 36(b) begins.  The purpose of § 36(b)'s damages limitation is much like a traditional statute of limitations.  The Supreme Court has found that "limitations periods are intended to put defendants on notice of adverse claims and to prevent plaintiffs from sleeping on their rights…but these ends are met when a class action is commenced."  *Crown, Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345, 352 (1983). (citations omitted).  Accordingly, the language from *American Pipe* compels the conclusion here that the claims of the Proposed Intervenors were commenced on March 25, 2004 at the same time as Plaintiffs' claims.

the same recovery period that this Court found applicable to Plaintiffs' § 36(b) claims. The Rules

Enabling Act authorizes the Supreme Court "to prescribe general rules of practice and procedure"

for cases in federal courts, so long as such rules do "not abridge, enlarge or modify any substantive

right." 28 U.S.C. § 2072. Defendants' entire argument concerning the Rules Enabling Act is based

on the premise that allowing intervention would result in a procedural rule (Rule 24) enlarging or

modifying a substantive right (the § 36(b) damages period). In this case, the application of Rule

24 will not enlarge or modify a substantive right in violation of the Rules Enabling Act. In fact,

allowing Proposed Intervenors to intervene will *preserve* their substantive right to § 36(b) damages

for the period commencing "one year before ***the action was instituted***" (15 U.S.C. § 80a-35(b)(3)

(emphasis added)) or "on March 25, 2003," one year prior to the filing of the Initial Complaint

(*Forsythe*, 417 F. Supp. 2d at 116-17).[10]

## VI. IN THE ALTERNATIVE, PROPOSED INTERVENORS COULD BE ADDED TO THIS ACTION VIA AN AMENDMENT OF THE COMPLAINT UNDER FEDERAL RULE OF CIVIL PROCEDURE 15

While Proposed Intervenors believe that the mechanism of intervention under Rule 24 is

the most appropriate method for them to become part of this lawsuit, there is no reason they could

not join the lawsuit via Plaintiffs' amendment of the complaint under Rule 15. Defendants present

several arguments against a potential amendment under Rule 15, each of which fails. Defendants

again argue that under the Rules Enabling Act, Plaintiffs cannot use Rule 15 to alter the

---

[10] Defendants almost rely exclusively on *Brever v. Federated Equity Mgmt. Co. of Pa.*, 233 F.R.D. 429 (W.D. Pa. 2005) and *Krinsk v. Merrill Lynch Asset Mgmt., Inc.*, No. 85-8428, 1986 U.S. Dist. LEXIS 25691 (s.D.N.Y. May 9, 1986) to argue that the Rules Enabling Act proscribes the *American Pipe* class action tolling rule from applying here. Yet neither of these cases even dealt with class action claims and they are distinguishable in other ways. In *Krinsk*, the court declined to apply tolling because the plaintiff relied upon completely separate actions that were voluntarily dismissed nearly eight months prior to the filing of his action and took issue with the equitable tolling of successive Section 36(b) claims. Proposed Intervenors, however, seek relief within the parameters of only this litigation and do not seek to rely on wholly separate, previously dismissed actions. Moreover, this Court has already rejected the analysis of the court in *Brever* and its rationale concerning the Rules Enabling Act in *Wicks v. Putnam Inv. Mgmt., LLC*, No. 04-10988, 2006 U.S. Dist. LEXIS 1947 (D. Mass. Jan. 19, 2006) upon which Defendants rely.

substantive damage limitations.  Yet, as previously explained, since the putative class action

commenced at the time the original complaint was filed, those absent class members who would

now seek to join the action are subject to the same damages period as the existing plaintiffs.

This conclusion is buttressed by this Court's decision in *Wicks*.  In *Wicks*, this Court

granted plaintiffs leave to amend their complaint pursuant to Rule 15 solely for the purpose of

adding a plaintiff ("Vaughn") in substitution for an original plaintiff who had lost standing in the

case, explaining that:

> [*the Wicks defendant's] argument that the amendment unfairly expands the
> scope of damages Vaughn may recover is unpersuasive*.  It appears that Vaughn
> was qualified by his ownership of shares in the relevant funds to bring the action as
> of the date of its original commencement by Wicks.  The amendment of the
> complaint to substitute him for Wicks as the plaintiff on behalf of those funds
> properly relates back to the commencement of the action.  The temporal scope of
> the damage remedy thus remains the same.  This is not unfair prejudice to the
> defendants; it might rather be seen as merely denying them an unexpected windfall
> limitation of the damage remedy that otherwise might have been available.

2006 U.S. Dist. LEXIS 1947, at *5-6 (emphasis added).  Specifically, this Court held that

Vaughn's § 36(b) claim properly related back to the commencement of the action.  *Id*. at *6.  The

same is true here.

Defendants then argue that the requirements of relation back would not be satisfied

because: (1) the amended complaint would not arise out of the same "conduct, transaction, or

occurrence" as the original pleading, (2) Defendants had no fair notice of Plaintiffs' claims and

(3) Defendants would be unduly prejudiced.  Defendants are wrong on all counts.  First, as

discussed above, any claims on behalf of the additional funds unquestionably arise from the same

transaction or occurrence as the existing claims, given that this Court has already upheld

allegations of Defendants' common course of conduct and applied those allegations to the funds

owned by the existing plaintiffs.  Second, in light of the fact that Plaintiffs' § 36(b) claims were

initially brought as a class action on behalf of all of the Funds in the MFS Fund Complex and that

Plaintiffs have informed Defendants numerous times of their intention to add additional parties,

Defendants have had adequate notice that Plaintiffs would likely try to protect the rights of those

investors who were no longer protected by the class mechanism.  Finally, allowing relation back

would not cause Defendants undue prejudice for the reasons stated above.  *See* Section I, part (2).

## CONCLUSION

For the foregoing reasons, Proposed Intervenors respectfully request that this Court grant

their motion to intervene pursuant to Rule 24.

Dated:  June 28, 2006

Respectfully submitted,

**MOULTON & GANS, P.C.**

By:   /s/ Nancy Freeman Gans
      Nancy Freeman Gans (BBO #184540)
55 Cleveland Road
Wellesley, Massachusetts  02481
(781) 235-2246

**Liaison Counsel For Plaintiffs and Proposed
Intervenors**

**WEISS & LURIE**
Joseph H. Weiss
Richard A. Acocelli
Julia J. Sun
551 Fifth Avenue, Suite 1600
New York, New York  10176
(212) 682-3025

**MILBERG WEISS BERSHAD
  & SCHULMAN LLP**
Jerome M. Congress
Janine L. Pollack
One Pennsylvania Plaza
New York, New York  10119-0165
(212) 594-5300

**STULL, STULL & BRODY**
Jules Brody
Aaron Brody
6 East 45th Street
New York, New York  10017
(212) 687-7230

**LAW OFFICES OF CHARLES J. PIVEN, P.A.**
Charles J. Piven
Marshall N. Perkins
The World Trade Center – Baltimore
Suite 2525
401 East Pratt Street
Baltimore, Maryland  21202
(410) 332-0030

**SCHIFFRIN & BARROWAY, LLP**
Marc A. Topaz
Richard A. Maniskas
280 King of Prussia Road
Radnor, Pennsylvania  19087
(610) 667-7706

**GILMAN AND PASTOR LLP**
David Pastor (BBO #391000)
Stonehill Corporate Center
999 Broadway, Suite 500
Saugus, Massachusetts  01906
(781) 231-7850

**Counsel for Plaintiffs and
    Proposed Intervenors**

## <u>CERTIFICATE OF SERVICE</u>

  I, Nancy Freeman Gans, hereby certify that I served a copy of the foregoing document on

counsel for all parties via ECF this 28th day of June, 2006.

          <u>/s/ Nancy Freeman Gans   </u>
          Nancy Freeman Gans