# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ERIC FORSYTHE, et al., | No. 04-10584-GAO |
| Plaintiffs, | Consolidated Cases Nos.: |
| v. | 04-10764-GAO |
| SUN LIFE FINANCIAL, INC., et al., | 04-11019-GAO |
| Defendants. | |

## SURREPLY IN SUPPORT OF DEFENDANTS' OPPOSITION TO THE PROPOSED INTERVENORS' MOTION TO INTERVENE

Jeffrey B. Rudman (BBO #433380)
William H. Paine (BBO #550506)
Michael Bongiorno (BBO#558748)
Jonathan A. Shapiro (BBO#567838)
Amanda P. Masselam (BBO#641108)
Matthew A. Stowe (BBO #650473)
WilmerHale
60 State Street
Boston, MA  02109
(617) 526-6000

July 5, 2006

***Introduction***

In order to avoid addressing the impact of the Rules Enabling Act ("REA") and <u>American

Pipe</u>[1] (and the other cases preventing use of procedural rules to avoid the strict damages

limitation of ICA § 36(b)), Movants pretend that a complaint in intervention automatically

relates back to the date of filing of the original complaint.  As a result, they claim that the

Supreme Court's analysis in <u>American Pipe</u> and the REA are irrelevant to the question whether

they can both (*i*) intervene and (*ii*) have their claim treated as if it were filed more than two years

ago.  (<u>See</u> Reply at 1) ("the only issue that this Court need determine is whether [they] have met

the criteria under Fed. R. Civ. P. 24").

This is simply wrong.  <u>See</u> <u>Flower Cab Co. v. Petitte</u>, No. 82 C 4538, 1987 WL 14715, at

*6 (N.D. Ill. July 21, 1987) (<u>American Pipe</u>'s tolling principle "would be unnecessary . . . if the

intervenor's complaint simply related back to the filing of the original complaint").  In <u>American

Pipe</u>, the intervenors (who had been within the definition of the putative class) sought to

intervene after the court denied class certification as to antitrust claims that could have been

brought by a class but for lack of numerosity.  In considering whether the statute of limitations

was tolled from the complaint's filing until denial of class certification, the Supreme Court

considered the purposes of Rule 23 (to encourage efficiency and avoid the filing of multiplicative

motions to join at the outset of a case) and of a statute of limitations (to give notice to defendants

of the claims against them within a designated period).  The Court concluded that tolling was

consistent with the REA and consonant with the legislative scheme because the defective class

claims provided notice and because not permitting tolling would make Rule 23 inefficient.

Unlike <u>American Pipe</u>, in this case any procedural device that would have the effect of

backdating Movants' claims conflicts with the substantive damages limitation set forth in §

---

[1]    <u>American Pipe & Construction Co. v. Utah</u>, 414 U.S. 538 (1974).

36(b)(3), and declining to backdate poses no threat to Rule 23 efficacy.  In addition, what Movants propose would violate the REA by engaging in the kind of "bootstrapping" that this Court already has rejected.[2]  Finally, Movants' "standalone" argument that they are entitled to intervention under Rule 24 is wrong.

**I.     American Pipe Does Not Permit Movants' Use of a Procedural Rule To Avoid the Substantive Damages Limitation of Section 36(b)(3).**

When they are not disclaiming all reliance on American Pipe, Movants claim that "[t]his action is just another example of the result contemplated by American Pipe."  (Reply at 3.) Recognizing that Rule 24 does not have a self-executing "relation back" mechanism that would allow them to accomplish their purpose of backdating their complaint, Movants prefaced their Rule 24 analysis in their opening brief with citation to American Pipe and cases relying on it, all in support of their assertion that Movants' 2006 pleading should relate back to Plaintiffs' March 2004 complaint (even though Plaintiffs did not own Movants' funds and could not legally assert Movants' claims).[3]

Movants also say that American Pipe means that their claims must be "deemed to have been brought on March 25, 2004," when Plaintiffs filed what they say was a class action.  (Reply at 3.)  American Pipe, however, is an equitable tolling case, not a mechanical holding about when complaints in intervention are deemed filed.  Its analysis focused on the "relationship between a statute of limitations and the provisions of Fed. Rule Civ. Proc. 23."  American Pipe,

---

[2]     This Court already rejected Plaintiffs' first effort to use a procedural rule to create standing to assert Section 36(b) claims in contradiction to the clear language of the statute.  Forsythe v. Sun Life, 417 F. Supp. 2d 100, 119 (D. Mass. 2006) (Plaintiffs cannot use Rule 23 "to bootstrap themselves into standing they lack.") Movants now attempt to do the same thing: use a rule of procedure to subvert a substantive limitation on the cause of action they seek to assert.  Movants' new bootstrap must also be denied because a rule of procedure may not be interpreted so as to override substantive limitations to a legislatively created cause of action.

[3]     (See Mem. at 7 (citing American Pipe for the proposition that Plaintiffs' complaint "adequately protected" Movants' claims from the damages-limiting provision in § 36(b)); id. (citing McDonald v. Sec'y of Health & Human Servs., 834 F.2d 1085, 1091 (1st Cir. 1987) (relying on American Pipe).)

2

414 U.S. at 540.  The "limited" question it addressed in that context was whether "commencement of [a] class suit tolls the running of the statute [of limitations] for all purported members of the class who make timely motions to intervene after the court has found the suit inappropriate for class action status."  Id. at 553.

Responding to Defendants' argument and the cases holding that American Pipe may not be used by Movants to abrogate the substantive damages limitation of § 36(b)(3), Movants in their Reply now claim that they "do not . . . rely on the equitable tolling doctrine of American Pipe."  (Reply at 4.  But see id. at 3 ("This action is just another example of the result contemplated by American Pipe."); id. at 17 n.19 ("While American Pipe is traditionally relied on for the tolling of the statute of limitations, its rationale is every bit as applicable to determining when the damages period under § 36(b) begins.").)

Movants also now assert that their reliance on American Pipe is limited to only one sentence – that "the filing of a timely class action complaint commences the action for all members of the class as subsequently determined." (Reply at 17.)  This sentence, of course, is irrelevant to this case.  This Court has properly determined that this will never be a class action, and thus there never will be any "members of the class as subsequently determined."  More importantly, however, if that sentence did mean that the claims of all intervenors automatically are "deemed" filed on the date on which a related class action was filed, then the entirety of the American Pipe decision would have been unnecessary.  There would have been no need for the Supreme Court to grapple with the equitable basis for "toll[ing] the running of the statute" if that result obtained whenever intervention was allowed after denial of class certification.[4]  See Flower Cab, 1987 WL 14715, at *6.

---

[4]     Movants cannot pretend that equitable tolling is not equitable tolling by calling the same circumstance "deeming" a complaint to have been filed in the past.  Any supposed distinction is nothing more than sophistry.

Putting aside Movants' varying formulations of their reliance on <u>American Pipe</u>, there is no doubt that what Movants really ask for in their motion is for the Court to provide a result analogous to the one in <u>American Pipe</u> without going through the analysis that <u>American Pipe</u> requires, or giving any consideration to the cases where courts applied that analysis to §36(b)(3) to reach an opposite result.  Those cases concluded that the difference between the purpose of a statute of limitations and the §36(b) damages bar made any analogy to <u>American Pipe</u> tolling inapplicable.  <u>See</u> <u>Krinsk v. Fund Asset Mgmt., Inc.</u>, No. 85 Civ. 8428, 1986 WL 205, at *2 (S.D.N.Y. May 9, 1986); <u>see also</u> <u>Brever v. Federated Equity Mgmt.</u>, 233 F.R.D. 429, 435 (W.D. Pa. 2005).

<u>American Pipe</u> concluded that judicial tolling was permissible only because it was consistent with the purpose of the statute of limitations and advanced the goals of Rule 23. Specifically, it held that tolling advanced the "principal purpose" of Rule 23 (to avoid a "multiplicity" of identical filings), <u>id.</u> at 551, and was not inconsistent with the "functional operation" and "purposes of the statute of limitations" (to provide meaningful and fair notice to defendants of the claims asserted against them).  <u>Id.</u> at 554-55.  In this case, however, backdating would be inconsistent with the purposes of the § 36(b) damages bar (which are different than providing mere notice), and Rule 23's purpose is not served by permitting late § 36(b) actions to relate back to earlier filed actions.

Unlike a statute of limitations, § 36(b)(3) is intended to "eliminate nuisance suits designed to harass defendants."  H. Rep. No. 1382, 91st Cong., 1st Sess. at 38 (1970); <u>see also</u> <u>Krinsk</u>, 1986 WL 205 at *2 (The "highly restrictive limitations on actions under Section 36(b) evidence an intent by Congress to protect investment advisers and their affiliates from open-ended litigation and nuisance suits").  The one-year damages bar, which Movants admit is

"substantive," is intended to provide a means for shareholders to challenge only "recently awarded management agreements" – which is logical, given the statutory requirement that fee agreements be approved "at least annually," <u>see</u> 15 U.S.C. § 80a-15 – and at the same time "limit the potential for increased costs of litigation and the abusive use of lawsuits." <u>Brever</u>, 233 F.R.D. at 433; <u>see</u> Reply at 18.

The purpose of the § 36(b)(3) substantive damages limitation is thus different than the "notice" purpose of a statute of limitations, and the difference is dispositive. "Any judicial tolling of the substantive limitations period would effectively tend to alter" Congress's "careful balance between the interest in enabling shareholders to police investment advisory fees and the interest in minimizing nuisance litigation," and would thereby "subvert Congressional purpose, since any expansion of the time period for which a plaintiff may recover necessarily increases the cost of defending a suit and thereby increases the likelihood of strike suits." <u>Krinsk</u>, 1986 WL 205, at *4. Thus, Movants' motion must be rejected.

Backdating also would not advance the purpose of Rule 23. The concern in <u>American Pipe</u> was that the "efficiency and economy" of Rule 23 would be undermined if potential members of a class, fearful of having their claims time-barred should class certification be denied, "would be induced to file protective motions to intervene" at the outset of the case, inundating courts with "needless duplication of motions." 414 U.S. at 553-54. That concern could not be present here because the filing of a § 36(b) claim by one shareholder brings the claim "on behalf of" the fund, <u>see</u> 15 U.S.C. § 80a-35(b), thereby protecting the interests of all shareholders of that fund. <u>See</u> <u>Krinsk</u>, 1986 WL 205, at *3 ("The legitimate concern expressed

in American Pipe that a failure to toll in that case would induce massive intervention to protect individual claims is not present here since there are no individual claims to make.").[5]

Finally, this analysis demonstrates why the relief Movants request would violate the Rules Enabling Act. Movants concede that the § 36(b) damages limitation is a "substantive right." (Reply at 18.) Under the REA, such a right cannot be abrogated or modified by a procedural rule. Movants do not cite a single case supporting their argument that the REA does not apply in this context, nor could they. They discount the only on-point cases that address this issue (Krinsk and Brever) in a brief footnote with unpersuasive, superficial distinctions, (see Reply at 18 n.10), and address none of the other REA cases defendants cited to show why procedural rules cannot be used to circumvent substantive statutory damages limitations. (See Opp. at 7.) Movants' contention that their procedural motion does not implicate the REA, because mechanical application of Rule 24 results in having their action deemed filed on the date of the original action, ignores the fact that even a mechanical application of a Rule may run afoul of the REA's prohibition on abrogation of substantive rights. Again, the Rule 24 motion in American Pipe was analyzed under the REA, and Movants' motion should likewise be subjected to it. Nothing in § 36(b)'s use of the term "action" reflects an intention by Congress to permit use of the rules to allow new parties to file belated claims tied to earlier claims pleaded by others.

## II.   Movants Have Not Satisfied the Requirements of Rule 24.

Rule 24 by itself is not enough to permit Movants both to participate in this case and backdate their action to the initial filing date. Movants cite no case holding that backdating is

---

[5]      In fact, what Movants seek with their procedural motion represents the precise *misuse of American Pipe's* logic of which the Supreme Court warned. Compare American Pipe, 414 U.S. at 561 (Blackmun, J., concurring) (American Pipe "must not be regarded as encouragement to lawyers in a case of this kind to frame their pleadings as a class action, intentionally, to attract and save members of the purported class who have slept on their rights) with Docket No. 36, at 15 (Dumond plaintiffs observing at the outset that the Forsythe plaintiffs' initial attempt to bring claims on behalf of all MFS funds was an "apparent effort to sue first and find clients later").

automatic under Rule 24, and <u>American Pipe</u> demonstrates that it is not. In other words, Movants' assurance that satisfaction of the Rule 24 factors is the "only issue that this Court need" address to determine whether to backdate their claims does not make it so. But even if Rule 24 did contain a self-effectuating relation back mechanism, Movants would have to satisfy Rule 24 in order to prevail. This they cannot do.

### A. Intervention Is Not Timely.

Regardless whether Movants are attempting to intervene as of right or permissively, Movants' request for intervention must be timely made. <u>See</u> Fed. R. Civ. P. 24 (a) & (b) ("Upon timely application . . . ."); <u>see also</u> <u>Fleming v. Bank of Boston Corp.</u>, 127 F.R.D. 30, 33 (D. Mass. 1990) ("timeliness is also required for permissive intervention"), <u>aff'd</u> <u>Fleming v. Lind-Waldock Co.</u>, 922 F.2d 20 (1st Cir. 1990). Timeliness is to be considered in the context of a four-part test addressing reasonableness of delay, prejudice to the parties, and other factors. <u>Id.</u> Whether Movants reasonably relied on <u>Forsythe</u> is relevant to timeliness, and lack of reasonable reliance is a sufficient basis to deny intervention.[6] <u>See id.</u> at 34.

There can be no intervention here because there is no basis to conclude that anyone in fact did or could reasonably have relied on <u>Forsythe</u> to refrain from filing a § 36(b) claim for which she had standing. <u>See</u> <u>Fleming</u>, 127 F.R.D. at 34. The <u>Forsythe</u> plaintiffs had neither constitutional nor statutory standing to pursue claims on behalf of funds they did not own, and

---

[6]    Movants incorrectly claim that the reasonable reliance test in <u>Fleming</u> is inconsistent with the law in the First Circuit, relying only on a case decided before <u>Fleming</u> was decided and affirmed by the First Circuit. (Reply at 8 (citing <u>Pub. Citizen v. Liggett Group, Inc.</u>, 858 F.2d 775, 785 (1st Cir. 1988).) On appeal, the First Circuit in <u>Fleming</u> noted that the trial court "fully explored" appropriate factors for timeliness, and raised no question about the court's consideration of reasonable reliance. <u>Fleming v. Lind-Waldock Co.</u>, 922 F.2d at 26. Movants also ignore that the sentence in <u>Public Citizen</u> to which they refer is just another formulation of the first factor of the four-pronged test for timeliness under <u>Caterino</u>, 922 F.2d 37, 40 (1st Cir. 1999), that even plaintiffs acknowledge must be considered in this Circuit: when the proposed intervenor reasonably should have known he was sitting on any potential rights. Reasonable reliance is also relevant to the determination of whether any prejudice will be suffered. What is more, if Movants believe that the First Circuit in fact had made the question of timeliness turn exclusively upon when it actually dawned on an intervenor's consciousness that his supposed rights were not being protected by the named parties, then Movants should have put in some evidence about this subject. In fact, the Court made no such holding.

any reliance on them would have been unreasonable.  Compare Fleming, 127 F.R.D. at 36 (citing

In re Elscint, Ltd. Securities Litig., 674 F. Supp. 374 (D. Mass. 1987) ("it would be improper to

allow the filing of a class action by nominal plaintiffs who are wholly inadequate to represent the

asserted class to have the effect of tolling limitation to permit the otherwise untimely

intervention of proper class representatives.")).

   Movants' response is unpersuasive.  First, to support the claim that they "had a

reasonable legal basis for believing" that Plaintiffs had standing to bring class claims on their

behalf, Movants proffer two cases that did not involve § 36(b) claims.  In re ML-Lee Acquisition

Funds II, L.P., 848 F. Supp. 527 (D. Del. 1994); In re Dreyfus, No. 98-4318, 2000 WL 1357509

(S.D.N.Y. Sept. 20, 2000).  Neither case had before it and therefore did not consider the statutory

standing requirements of § 36(b), which requires that the claim be brought by a shareholder of

the fund on whose behalf the claim is being made.  It is incredible to suggest that these Movants

or any others would have relied on ML-Lee or Dreyfus as to 36(b) claims that neither case

contains, without giving due regard to the cases directly on point that hold that fund ownership

was necessary to bring the claims and that a § 36(b) class action makes no sense.  Weiner v.

Winters, 50 F.R.D. 306, 310-11 (S.D.N.Y. 1970) (fund ownership necessary); Verrey v.

Ellsworth, 303 F. Supp. 497, 500 (S.D.N.Y. 1969) (same); see also General Time Corp. v.

American Investors Fund, Inc., 283 F. Supp. 400, 401-02 (S.D.N.Y. 1968), aff'd 403 F.2d 159

(2d Cir. 1968); Green v. Nuveen Advisory Corp., 186 F.R.D. 486, 493 (N.D. Ill. 1999)(class

action illogical under § 36(b)).  Thus, there is no basis to conclude that Movants or any other

owner of the 16 MFS funds relied reasonably on <u>Forsythe</u> to refrain from filing an action as to which they had standing. [7]

Next, Movants refer to a Supreme Court case about § 36(b) that discusses whether § 36(b) claims are direct or derivative in nature, <u>Daily Income Fund, Inc. v. Fox</u>, 464 U.S. 523, 535 (1984). What Movants ignore is that as a result of that case, there has not been for decades any reasonable confusion about whether § 36(b) claims could proceed as a class action. As this Court held in this case, "the Supreme Court made clear in <u>Daily Income</u> that the shareholder suing under section 36(b) sues on behalf of a fund, though not in substitution for the fund. Any recovery belongs to the fund, not the shareholder." <u>Forsythe v. Sun Life</u>, 417 F. Supp. 2d 100, 119 (D. Mass. 2006). It is the lack of any individual remedy, along with the requirement under the statute that the plaintiff own shares in the fund at issue in order to bring a claim at all, that makes clear that this cannot be a class action. [8] <u>See</u> <u>Green</u>, 186 F.R.D. at 493; <u>Krinsk</u>, 1986 WL 205 at  *3.

**B.     Movants Do Not Have A "Direct and Substantial Interest " in the Pending Action.**

Movants concede that they cannot intervene by right unless they have a "direct and substantial interest in the subject matter of the litigation" and that their ability to protect that interest may be impaired if they are not allowed to intervene. <u>Compare</u> Reply at 9 <u>with</u> <u>United States v. Metropolitan District Comm'n</u>, 754 F. Supp. 935, 939 (D. Mass. 1991) (intervenor must have "direct substantial, and legally protectable interest in existing proceeding"); Opp. at 14.

---

[7]     Movants' assertion that plaintiffs' March 2004 "derivative" Section 36(b) claim "on behalf of the *MFS Funds*," <u>see</u> Compl. ¶ 69, is the same as Plaintiffs' March 2005 "class" Section 36(b) claim "on behalf of *themselves*," <u>see</u> CAC ¶ 158, is simply not persuasive. Even if Plaintiffs intended to bring a novel claim – a hybrid class derivative action – it hardly would have been reasonable for anyone to rely on that effort in lieu of filing any claim that they had standing to assert.

[8]     Even if Movants could have reasonably relied on the pendency of Plaintiffs' Section 36(b) claims, which they could not, there is no circumstance under which equitable tolling could be applied to claims on behalf of the MFS Intermediate Income Trust Fund. While Movants apparently now acknowledge that the fund was not part of the CAC, they boldly state that this fund was "implicitly included" in the CAC – despite the fact that it was not listed in Exhibit A of the CAC with the other funds sued. They cite no law in support of such baseless theory.

Movants have no such interest. Movants are not entitled to any recovery with respect to Plaintiffs' Two Funds; and Plaintiffs are not entitled to any recovery with respect to Movants' 16 different funds. Unable to dispute this, Movants pretend that their 16 Funds are already part of the pending action, but simply "no longer represented." (Reply at 10.) To the contrary, the pending action involves a challenge to the fees charged to the Plaintiffs' Two Funds, not to the fees charged to the Movants' 16 funds. The Forsythe plaintiffs never had standing to pursue the new claims, and they never had any capability of representing anyone as to them.

Movants necessarily concede that the outcome of the pending action will not have any *res judicata* effect on their rights: they do not own the Two Funds; will recover nothing if the Funds receive something in this case; and will lose nothing if they do not. Movants' assertion that the outcome of Plaintiffs' March 2004 complaint with respect to Two Funds will have "*stare decisis*" effect on their May 2006 complaint in intervention with respect to 16 different funds is no more compelling. "*Stare decisis*" has only a limited role to play in an intervention motion. "Where a party seeking to intervene in an action claims an interest in the *very property* and *very transaction* that is the subject of the main action, the potential stare decisis effect *may* supply that practical disadvantage which warrants intervention as of right." Chiles v. Thornburgh, 865 F.2d 1197, 1214 (11th Cir. 1989) (emphasis added). This, of course, is not the case here.

Movants' property is different from that at issue in the pending action, which is why Plaintiffs had no standing to assert the claims Movants now belatedly would like to bring. The case Movants cite, Sierra Club v. Espy, 18 F.3d 1202, 1207 (5th Cir. 1999), is inapposite. Movants are nothing like the intervenors there, who had a property interest in timber contracts that were at risk as a result of litigation that might ban logging. If the Sierra Club had prevailed, their contracts could not have been performed. Movants here, of course, can still challenge

MFS's fees for the prior year even if Plaintiffs lose their case, and it is hard to conceive of what ruling might occur in Forsythe that will prevent them from doing so.

### C.    Movants' Request for Permissive Intervention Should Be Denied Because of Prejudice to Defendants and Lack of Prejudice to Them.

Permissive intervention is not allowed unless Movants can establish, among other things, that intervention will not cause "undue delay or prejudice" to the Defendants. Smoot v. Mobile Oil Corp., 722 F. Supp. 849, 860 (D. Mass. 1989).[9]  Movants say that Defendants would face "no prejudice" if intervention is allowed even though they never address the reasons and cases that demonstrate otherwise. Compare Reply at 8 with Opp. at 18-19, 21, 25.  Defendants today are defending a lawsuit involving the fees paid by two funds during a one-year period, and, having litigated the dismissal of claims that the current plaintiffs never had standing to assert (or were legally infirm for other reasons), it of course would prejudice Defendants if Rule 24 is misused to add claims involving 16 additional funds that have never properly been a part of this lawsuit. Indeed, Movants' entire purpose for intervention is to pursue damages for a period to which they would not otherwise be entitled. Compare Opp. at 19 with Reply at 9 (Movants may be denied damages if required to file their own § 36(b) action).  Plaintiffs suffer no corresponding prejudice because they are not entitled to bring a § 36(b) claim in 2006 on account of fees charged in 2003. Compare Opp. at 19-20 (citing In re Sonus Networks, Inc. Sec. Litig., 229 F.R.D. 339, 346-47 (D. Mass. 2005)) with Reply at 9.

### III.    Movants' Deliberate Noncompliance with Rule 24(c) Warrants Denial of Their Motion.

Movants disregard the Rule 24(c) requirement that *every* motion to intervene "shall be accompanied by a pleading." See Fed. R. Civ. P. 24(c); (Opp. at 21).  In this Circuit, "such

---

[9]    For the reasons set forth in Defendants' Opposition, see Opp. at 20, Movants cannot satisfy Rule 24(b)'s "commonality requirement." Movants' Reply simply recycles their argument regarding "common course of conduct." (Reply at 13-14.)

dereliction ordinarily would warrant dismissal." Pub. Serv. Co. of N.H. v. Patch, 136 F.3d 197,

205 n.6 (1st Cir. 1998); see also R.I. Fed'n of Teachers v. Norberg, 630 F.2d 850, 854-55 (1st

Cir. 1980) (intervention under Rule 24 requires that intervenor state a well-pleaded claim)

(citations omitted). Movants knew this was the case, (see Mem. at 18 n.6), but nonetheless

consciously disregarded that requirement. They dedicated three pages of their opening brief to

defending why they did so. (Mem. at 18-20.)

      Movants' argument is that ignoring the rule is just a "practical" alternative to complying

with it, and that the First Circuit happily accepts such "pragmatic" gestures. (Reply at 15.) They

fail to mention, however, that the case they cite in support of that assertion in fact contains a

"caveat" that "future litigants should not attempt to use this opinion to circumvent the clear

requirements of the rule." Compare Reply at 15 with Pub. Citizen v. Liggett Group, Inc., 858

F.2d 775, 784 (1st Cir. 1988). The other cases that Movants say condone their choice to ignore

the pleading requirement say no such thing.[10] Movants also claim that it would "serve no

purpose" for them to comply with Rule 24(c). (Reply at 16.) To the contrary, it would serve a

purpose – simply one that Movants dislike. Had they complied with the Rule, their complaint in

intervention would bear a date no earlier than May 3, 2006, highlighting that their request for §

---

[10]    Compare Cent. Maine Rest. Supply v. Omni Hotels Mgmt. Corp., 73 B.R. 1018, 1020 (D. Me. 1987) (*denying* motion to intervene based in part on the "glaring procedural deficiency" of "failure to include a pleading" and noting that it would not have been sufficient in that case "to incorporate and adopt" another's pleading) and Pharm. Research & Mfrs. of Am. v. Comm'r Maine Dept. of Human Srvs., No. 00-157, 2001 U.S. Dist. LEXIS 7626, at *13 n. 1 (D. Me. June 8, 2001) (case overlooking technical noncompliance where *pro se* litigant filed with motion copy of *amicus curiae* brief and filed separate lawsuit) with Reply at 15.

36(b) damages commencing in March 2003 with respect to Movants' funds contravenes the Section 36(b) damages limitation.[11]

## IV.    Movants' Half-Hearted Attempt to Invoke Rule 15 Must Also Be Rejected.

In support of their one-page argument regarding Rule 15, Intervenors rely almost exclusively on this Court's decision in <u>Wicks v. Putnam Inv. Mgmt. LLC</u>, No. 04-10488, 2006 WL 149040 at *5-6 (D.Mass. Jan. 19, 2006).  <u>Wicks</u>, however, is distinguishable because the substitution permitted there did not expose defendants to greater exposure to damages than they previously had faced.  In this case, there is no plaintiff whose shoes Movants can step into; and there are no pending claims for them to join and pursue.

### *Conclusion*

For the reasons stated above, and for those set forth in Defendants' Opposition, the Motion to Intervene must be denied.

Dated:  July 5, 2006

---

[11]    Plaintiffs also ignore that they cannot logically or in good faith incorporate the <u>Forsythe</u> amended complaint ("CAC") "as modified by the January 2006 Order."  As modified, the Complaint addresses claims against two funds, not 18.  In addition, public filings demonstrate that the allegations of the CAC are not universally applicable to the new funds Movants seek to add to the case.  For example, two of Movants' 16 Funds (and classes of two other funds) *did not even pay 12b-1 fees* during the period for which Movants seek to sue.  It is inappropriate to "incorporate" a pleading that is demonstrably inapplicable in key aspects.  Movants' assertion that it does not matter whether their funds paid the fees challenged in the CAC that they attempt to incorporate (Reply at 13-14)  is at best ill-considered.

Defendants Massachusetts Financial Services Co.,
and MFS Fund Distributors, Inc.,

By their attorneys,

/s/ William H. Paine
Jeffrey B. Rudman (BBO #433380)
William H. Paine (BBO #550506)
Michael Bongiorno (BBO#558748)
Jonathan A. Shapiro (BBO#567838)
Amanda P. Masselam (BBO#641108)
Matthew A. Stowe (BBO #650473)
WilmerHale
60 State Street
Boston, MA  02109
(617) 526-6000

14

## <u>CERTIFICATE OF SERVICE</u>

I, Matthew A. Stowe, hereby certify that on July 5, 2006, I caused a copy of the foregoing document to be served either electronically or by overnight mail upon counsel for Plaintiffs.

/s/ Matthew A. Stowe _____
Matthew A. Stowe

Dated: July 5, 2006

15