# Exhibit 3

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ERIC FORSYTHE, et al., <br><br> Plaintiffs, <br> v. <br><br> SUN LIFE FINANCIAL, INC., et al., <br><br> Defendants. | No. 04-10584-GAO <br><br> Consolidated Cases Nos.: <br><br> 04-10764-GAO <br> 04-11019-GAO |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS TO DEFENDANTS MASSACHUSETTS FINANCIAL SERVICES COMPANY AND MFS DISTRIBUTORS, INC.**

Pursuant to Federal Rules of Civil Procedure 26 and 34, the Defendants Massachusetts Financial Services Company and MFS Fund Distributors, Inc. (the "Defendants") hereby object and respond as follows to Plaintiffs' First Request for the Production of Documents to Defendants Massachusetts Financial Services Company and MFS Distributors, Inc. (collectively, the "Requests").

**GENERAL OBJECTIONS**

The Defendants generally object to the Requests as follows. These general objections shall be, and hereby are, incorporated by reference into each response and specific objection below as though fully set forth therein.

1. The Defendants object to the Requests to the extent that they seek information or documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege, protection, or

1

immunity. Any inadvertent production by the Defendants of documents containing information protected from discovery by the attorney-client privilege, the work product doctrine, or any other available privilege or doctrine shall not constitute a waiver of that privilege or doctrine.

2. The Defendants object to the Requests to the extent they seek discovery of trade secrets and other confidential business information. The Defendants will not produce any materials until the Court enters an appropriate protective order.

3. The Defendants object to the Requests on the grounds that they are overly broad and unduly burdensome to the extent they seek information that is not relevant to the claim or defense of any party or not reasonably calculated to lead to the discovery of admissible evidence.

4. The Defendants object to the Requests to the extent that they seek "all" documents concerning a particular subject. The Defendants do not purport to have knowledge of "all" documents and/or things that are the subject of each request. Further, the Defendants object to any request to the extent that it purports to impose a duty upon them to undertake a search for documents beyond a diligent search of the locations where documents responsive to that request would reasonably be expected to be found.

5. The Defendants object to the Requests to the extent they seek to impose burdens or obligations inconsistent with, or in excess of, those imposed by the Federal Rules of Civil Procedure, the Local Rules, or any other applicable rules and statutes.

6. The Defendants' responses do not constitute admissions as to the existence of any documents, to the relevance or admissibility of any document, or to the truth or

accuracy of any statement or characterization contained in the Requests. All objections as to relevance, authenticity, or admissibility of any document are expressly reserved.

7. The Defendants object to the Requests to the extent they seek information or documents that already are in the possession of the Plaintiffs, or that are publicly available.

8. The Defendants object to any request that purports to compel them to create documents that do not already exist.

9. The Defendants object to the Requests to the extent they seek production of information or documents that are not in their possession, custody, or control.

10. The Defendants object to the Requests because the requested time and manner of producing documents is unreasonable. The Defendants will produce responsive documents on a rolling basis, subject to their objections, located after a reasonable search.

11. The Defendants object to producing more than one copy of any document in response to overlapping requests.

12. The Defendants object to the definitions of the term "Document" as set forth in the Requests to the extent that the definitions deviate from the requirements of the Federal Rules of Civil Procedure and Local Rules. For purposes of responding to the Requests, the Defendants give the term "Document" its ordinary meaning found in the Federal Rules of Civil Procedure.

13. The Defendants object to the definitions of the term "12b-1 Fee" as overly broad. For purposes of responding to the Requests, the Defendants will use the term "12b-1 Fee" to refer to fees designated as such in MFS Fund prospectuses.

3

14. The Defendants object to the definitions of the terms "Funds," "Fund Complex," "Affiliate(s)," and "Director(s)" because, in the context of the Requests, they are overly broad, call for the production of privileged material, and encompass entities and individuals that are not within the Defendants' custody or control.

15. The Defendants object to the Requests to the extent they seek discovery concerning funds other than the two MFS Funds at issue in this case. For purposes of responding to these requests, the Defendants will use the term "Two Funds" to refer to the Massachusetts Investors Trust and the MFS Utilities Fund.

16. The Defendants object to the term "Relevant Time Period" as defined in the Requests – which purports to cover more than an 11-year time period commencing January 1, 1995 – because that time period is overly broad and unduly burdensome. For purposes of responding to the Requests, the Defendants will use the term "Relevant Time Period" to refer to the period March 26, 2003 to March 25, 2004, consistent with the substantive limitation set forth in Section 36(b)(3) of the Investment Company Act of 1940, 15 U.S.C. § 80a-35(b)(3). Unless stated otherwise, the Defendants will produce responsive, non-privileged documents only from the Relevant Time Period, as defined by the Defendants above. Subject to their general objections and their specific objections to each request, the Defendants will confer with the Plaintiffs to discuss production of discoverable, responsive, non-privileged documents for a reasonable period outside the period March 26, 2003 to March 25, 2004.

17. The Defendants object to the definitions of the terms "Defendants," "MFS," "Distributor," "Investment Adviser," "Trustees," "You," and "Your" set forth in the Requests because, in the context of the Requests, they are overly broad, call for the

4

production of privileged material or material otherwise not subject to discovery under Fed. R. Civ. P. 26 and 34, and encompass entities and individuals that are not within the Defendants' custody or control. For purposes of responding to the Requests, the Defendants will use the terms "Defendants," "MFS," "You," and "Your" to mean Massachusetts Financial Services Company and MFS Fund Distributors, Inc. The Defendants will use the term "Distributor" to refer to MFS Fund Distributors, Inc. and the term "Investment Adviser" to refer to Massachusetts Financial Services Company. The Defendants will use the term "Trustees" to refer to the trustees of the Two Funds during the Relevant Time Period.

18. The Defendants object to the terms "Distribution Payment," "Preferred Fund," "Soft Dollars," "Strategic Alliance," Revenue Sharing," and "Directed Brokerage," as defined in the Requests because, in the context of the Requests, the definitions are vague, ambiguous, overly broad, and call for the production of material not subject to discovery under Fed. R. Civ. P. 26 and 34.

19. The Defendants object to Definition 22 and Instructions 1-10 and 12 that the Plaintiffs purport to impose upon them because they go beyond the requirements of the Federal Rules of Civil Procedure. The Defendants will produce responsive, non-privileged documents pursuant to the requirements of the Federal Rules of Civil Procedure. Such documents will be produced as they are kept in the ordinary course of business. The Defendants will produce electronic documents in accordance with any agreement by the parties as to scope and form of production, or as otherwise instructed by the Court. Further, in construing the Requests, the Defendants will give each word, including the words "and" and "or" their ordinary meanings found in common

5

dictionaries, and will interpret the singular form of any words to refer to the singular and plural form of any words to refer to the plural.

20. The Defendants reserve their right to supplement or amend their responses to supply additional documents if further information or documents become available in the course of their ongoing diligent inquiries, through discovery or otherwise. These responses should not be construed as, and do not constitute, a waiver of the Defendants' right to adduce additional facts at trial.

## SPECIFIC OBJECTIONS AND RESPONSES

The Defendants incorporate by reference their responses and objections to Plaintiffs' First Request for Production of Documents Directed to Defendants in the case of *Dumond, et al. v. Massachusetts Financial Services Company, et al.*, 04-11458-GAO (D. Mass.) ("*Dumond*"), and further object to any request of the *Dumond* plaintiffs that calls for the production of documents in this case that are not related to the Two Funds. In this case, the Defendants will produce only such documents that are related to the claims and defenses of any party, or are reasonably calculated to lead to the discovery of admissible evidence, with respect to the Two Funds for the Relevant Time Period. Subject to and without waiving each of their general objections as stated above, the Defendants further respond as follows:

**Request No. F1**   All DOCUMENTS concerning all meetings held regarding any MFS MUTUAL FUNDS which explicitly or implicitly include information concerning the FUNDS that address REVENUE SHARING, DIRECTED BROKERAGE and/or SOFT DOLLARS arrangements concerning MFS, including, but not limited to, any and all minutes, notices for, and agendas of such meetings.

**Response:** The Defendants object to this request as vague, confusing, overly broad, and unduly burdensome. The Defendants further object to this request because it seeks

information not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. The Defendants further object to this request to the extent it seeks documents protected by the attorney-client privilege and/or work product doctrine. Subject to and without waiving the foregoing objections and their general objections, the Defendants will produce, with respect to the Two Funds, any responsive, non-privileged documents provided by the Defendants to the trustees of the Two Funds in the Relevant Time Period concerning "Allocated Brokerage," as defined for the purposes of these responses as the process whereby the MFS equity trading desk, when selecting among firms to execute trades of the MFS Funds' portfolio securities, took into consideration as one factor the sales of MFS funds by broker dealers, subject to best execution.

**Request No. F2**     All DOCUMENTS concerning REVENUE SHARING negotiations by the INVESTMENT ADVISER or DISTRIBUTOR regarding any MFS MUTUAL FUNDS which explicitly or implicitly include information concerning the FUNDS.

**Response:** Defendants object to this request as vague, confusing, overly broad, and unduly burdensome. The Defendants further object to this request because it seeks information not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections and their general objections, the Defendants will produce documents sufficient to show the terms of the nonbinding arrangements referred to as Strategic Alliances with respect to the Two Funds during the Relevant Time Period.

**Request No. F3**     All DOCUMENTS concerning any MFS MUTUAL FUNDS which explicitly or implicitly include information concerning the FUNDS, concerning: (a) the entities or persons to whom the REVENUE SHARING, DIRECTED BROKERAGE and SOFT DOLLAR payments were made; (b) the entities making such payments; (c) agreements concerning REVENUE SHARING,

7

DIRECTED BROKERAGE and SOFT DOLLAR arrangements; and (d) amounts paid for those arrangements.

**Response:** Defendants object to this request as vague, confusing, overly broad, and unduly burdensome. The Defendants further object to this request because it seeks information not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections and their general objections, the Defendants will produce documents sufficient to show the terms of the nonbinding arrangements referred to as Strategic Alliances with respect to the Two Funds during the Relevant Time Period, as well as documents sufficient to show brokerage commissions paid by the Two Funds that were coded after the fact in consideration of fund "sales."

**Request No. F4** All DOCUMENTS concerning any MFS MUTUAL FUNDS which explicitly or implicitly include information concerning the FUNDS, concerning the amount or proportion of the INVESTMENT ADVISER'S or DISTRIBUTOR'S revenue, advisory or 12b-1 FEES, used to finance any REVENUE SHARING arrangements for the FUNDS.

**Response:** Defendants object to this request as vague, confusing, overly broad, and unduly burdensome. The Defendants further object to this request because it seeks information not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections and their general objections, the Defendants will produce responsive, non-privileged documents sufficient to show (*i*) the management and 12b-1 fees paid by the Two Funds during the Relevant Time Period; (*ii*) the amount of revenues from 12b-1 fees paid by the Two Funds that were used by the Distributor for payments to financial intermediaries during the Relevant Time Period; and (*iii*) the terms of the nonbinding arrangements referred to as Strategic Alliances with respect to the Two

8

Funds during the Relevant Time Period, as well as documents sufficient to show commissions paid by the Two Funds that were coded after the fact in consideration of fund "sales."

**Request No. F5**   All DOCUMENTS concerning any MFS MUTUAL FUNDS which explicitly or implicitly include information concerning the FUNDS, concerning any agreements or negotiations between the INVESTMENT ADVISER, the DISTRIBUTOR, and/or AFFILIATES, concerning the amount or type of fees to be used to satisfy REVENUE SHARING arrangements.

**Response:** Defendants object to this request as vague, confusing, overly broad, and unduly burdensome. The Defendants further object to this request because it seeks information not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections and their general objections, the Defendants will produce (*i*) responsive, non-privileged documents relating to the terms of the nonbinding arrangements referred to as Strategic Alliances with respect to the Two Funds during the Relevant Time Period; (*ii*) Distribution Agreements between the Distributor and the Two Funds during the Relevant Time Period; and (*iii*) the 12b-1 plan(s) applicable to the Two Funds in the Relevant Time Period.

**Request No. F6**   All DOCUMENTS concerning any MFS MUTUAL FUNDS which explicitly or implicitly include information concerning the FUNDS, concerning the dollar amount of payments broker-dealers have required to treat the FUNDS as a PREFERRED FUND(S) (either through cash payments or directed brokerage), including, but not limited to, DOCUMENTS concerning the basis for and calculation of such payments.

**Response:** Defendants object to this request as vague, confusing, overly broad, and unduly burdensome. The Defendants further object to this request because it seeks information not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without

9

waiving the foregoing objections and their general objections, the Defendants will produce responsive, non-privileged documents relating to the terms of the nonbinding arrangements referred to as Strategic Alliances with respect to the Two Funds during the Relevant Time Period.

**Request No. F7**     All DOCUMENTS concerning any DISTRIBUTION PAYMENTS made by MFS regarding the FUNDS and all DOCUMENTS showing how these payments compare or relate to DISTRIBUTION PAYMENTS made for other MFS MUTUAL FUNDS.

**Response:** Defendants object to this request as vague, confusing, overly broad, and unduly burdensome. The Defendants further object to this request because it seeks information not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections and their general objections, Defendants will produce responsive, non-privileged documents sufficient to show (*i*) the 12b-1 fees paid by the Two Funds during the Relevant Time Period; (*ii*) the amount of revenues from 12b-1 fees paid by the Two Funds that were used by the Distributor for payments to financial intermediaries during the Relevant Time Period; and (*iii*) the terms of the nonbinding arrangements referred to as Strategic Alliances with respect to the Two Funds during the Relevant Time Period.

**Request No. F8**     All DOCUMENTS concerning any MFS MUTUAL FUNDS which explicitly or implicitly include information concerning the FUNDS, concerning any TRUSTEE'S awareness of the REVENUE SHARING and/or DIRECTED BROKERAGE agreements.

**Response:** Defendants object to this request as vague, overly broad, and unduly burdensome. Defendants further object to this request to the extent it seeks documents protected by the attorney-client privilege and/or work product doctrine. Subject to and without waiving the foregoing objections and their general objections, the Defendants

10

will produce responsive, non-privileged documents provided by the Defendants during the Relevant Time Period to the trustees of the Two Funds concerning Allocated Brokerage, as previously defined in response to Request No. F1, or the nonbinding arrangements referred to as Strategic Alliances with respect to the Two Funds.

**Request No. F9**   All DOCUMENTS concerning any MFS MUTUAL FUNDS which explicitly or implicitly include information concerning the FUNDS, concerning the role of the DISTRIBUTOR in the creation or maintenance of the REVENUE SHARING arrangements.

**Response:** Defendants object to this request as vague, overly broad, and unduly burdensome. The Defendants further object to this request because it seeks information not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections and their general objections, the Defendants will produce responsive, non-privileged documents sufficient to show the terms of the nonbinding arrangements referred to as Strategic Alliances with respect to the Two Funds during the Relevant Time Period.

**Request No. F10**  All DOCUMENTS concerning contests, bonuses and/or other rewards given to broker-dealers as part of any REVENUE SHARING and/or DIRECTED BROKERAGE arrangements concerning any MFS MUTUAL FUNDS which explicitly or implicitly include information concerning the FUNDS.

**Response:** The Defendants object to this request as vague, overly broad, and unduly burdensome. The Defendants further object to this request because it seeks information not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections and their general objections, the Defendants will produce responsive, non-privileged documents sufficient to show the terms of the nonbinding arrangements

referred to as Strategic Alliances used in connection with the Two Funds during the Relevant Time Period.

**Request No. F11** All DOCUMENTS concerning any system used by any broker-dealer and/or INVESTMENT ADVISER to (a) track sales of MFS MUTUAL FUNDS shares by broker-dealers with which MFS had any STRATEGIC ALLIANCE arrangement; or (b) to track the extent to which MFS was using DIRECTED BROKERAGE to satisfy its STRATEGIC ALLIANCE obligations.

**Response:** Defendants object to this request as vague, overly broad, and unduly burdensome. The Defendants further object to this request because it seeks information not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections and their general objections, the Defendants will produce responsive, non-privileged reports, if any, concerning the nonbinding arrangements referred to as Strategic Alliances with respect to the Two Funds during the Relevant Time Period.

**Request No. F12** All DOCUMENTS concerning any MFS MUTUAL FUNDS which explicitly or implicitly include information concerning the FUNDS, concerning any TRUSTEE'S receipt of research and/or reports regarding any SOFT DOLLARS, DIRECTED BROKERAGE or REVENUE SHARING practices relating to the FUNDS.

**Response:** Defendants object to this request as vague, overly broad, and unduly burdensome. Defendants further object to this request to the extent it seeks documents protected by the attorney-client privilege and/or work product doctrine. Subject to and without waiving the foregoing objections and their general objections, the Defendants will produce responsive, non-privileged documents provided by the Defendants to the trustees of the Two Funds during the Relevant Time Period concerning Allocated Brokerage, as previously defined in response to Request No. F1, or the nonbinding arrangements referred to as Strategic Alliances with respect to the Two Funds.

12

**Request No. F13** All DOCUMENTS concerning any MFS MUTUAL FUNDS which explicitly or implicitly include information concerning the FUNDS, concerning the amount or proportion of DIRECTED BROKERAGE commissions of the FUNDS used to finance the REVENUE SHARING arrangements for these FUNDS.

**Response:** Defendants object to this request as vague, confusing, overly broad, and unduly burdensome. Subject to and without waiving the foregoing objection and their general objections, the Defendants will produce responsive, non-privileged documents sufficient to show brokerage commissions paid by the Two Funds that were coded after the fact in consideration of fund "sales."

**Request No. F14** All DOCUMENTS concerning any MFS MUTUAL FUNDS which explicitly or implicitly include such information concerning the FUNDS, concerning the growth of any of the FUNDS, and/or discussing the total number of shares outstanding per month over the RELEVANT TIME PERIOD for any of the FUNDS.

**Response:** Defendants object to this request as vague, overly broad, and unduly burdensome. The Defendants further object to this request because it seeks information not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections and their general objections, the Defendants will produce responsive, non-privileged documents concerning the total number of shares outstanding and total assets under management per fund per month of the Two Funds during the Relevant Time Period.

**Request No. F15** All DOCUMENTS concerning MFS MUTUAL FUNDS which explicitly or implicitly include information concerning the FUNDS, concerning the INVESTMENT ADVISER'S internal policies and procedures dealing with DIRECTED BROKERAGE, REVENUE SHARING and/or SOFT DOLLARS.

**Response:** Defendants object to this request as vague, overly broad, and unduly burdensome. Subject to and without waiving the foregoing objection and their general objections, the Defendants will produce, with regard to the Two Funds in the Relevant

13

Time Period, non-privileged documents concerning MFS' policies and procedures with respect to Allocated Brokerage, as previously defined in response to Request No. F1, or the nonbinding arrangements referred to as Strategic Alliances.

**Request No. F16** All DOCUMENTS concerning any MFS MUTUAL FUNDS which explicitly or implicitly include information concerning the FUNDS, concerning any TRUSTEE'S decision on behalf of the FUNDS to pay service fees or shareholder account fees with basis points rather than with a cash dollar amount.

**Response:** The Defendants object to this request as vague, overly broad, and unduly burdensome. The Defendants further object to this request because it seeks information not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. The Defendants further object to this request to the extent it seeks documents protected by the attorney-client privilege and/or work product doctrine.

**Request No. F17** All DOCUMENTS concerning any MFS MUTUAL FUNDS which explicitly or implicitly include information concerning the FUNDS, concerning any accounting of or for all fees received by MFS from the FUNDS, the expense ratios for the FUNDS and any changes in fees affecting the expense ratios during the RELEVANT TIME PERIOD.

**Response:** Defendants object to this request as vague, overly broad, and unduly burdensome. The Defendants further object to this request because it seeks information not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections and their general objections, the Defendants will produce responsive, non-privileged documents sufficient to show (*i*) the amount of fees paid by the Two Funds to the Defendants during the Relevant Time Period, and (*ii*) the Two Funds' expense ratios during the Relevant Time Period.

**Request No. F18** All DOCUMENTS concerning any MFS MUTUAL FUNDS which explicitly or implicitly include information concerning the FUNDS, concerning improved or added services, products, equipment, or the like, provided during the RELEVANT TIME PERIOD to the FUNDS, and any economic or other benefit to the FUNDS from any such improvement or addition.

**Response:** The Defendants object to this request as vague, confusing, overly broad, and unduly burdensome. Subject to and without waiving the foregoing objection and their general objections, the Defendants will produce responsive, non-privileged documents provided by the Defendants to the trustees of the Two Funds describing the services provided to the Two Funds during the Relevant Time Period, as well as any responsive management and distribution agreements between the Defendants and the Two Funds.

**Request No. F19** All DOCUMENTS concerning any MFS MUTUAL FUNDS which explicitly or implicitly include information concerning the FUNDS, concerning any actual or potential use of computers or software to determine or assist in determining investment decisions, other than use of computers and software to do standard investment research for the FUNDS, and/or concerning any other use of techniques for managing investments of the FUNDS.

**Response:** The Defendants object to this request as vague, confusing, overly broad, and unduly burdensome. The Defendants further object to this request because it seeks information not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. F20** Any DOCUMENTS concerning techniques used by MFS to manage MFS MUTUAL FUNDS categorized as index funds.

**Response:** The Defendants object to this request as vague, confusing, overly broad, and unduly burdensome. The Defendants further object to this request because it seeks information not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. The Defendants further state

15

that there were no MFS mutual funds categorized as index funds in the Relevant Time Period.

**Request No. F21** All DOCUMENTS concerning any MFS MUTUAL FUNDS which explicitly or implicitly include information concerning the FUNDS, concerning any discussion or analysis of whether the 12b-1 FEES paid by any of the FUNDS has provided any benefit to any of those funds.

**Response:** Defendants object to this request as vague, overly broad, and unduly burdensome. Subject to and without waiving the foregoing objection and their general objections, the Defendants will produce non-privileged documents with regard to the Two Funds in the Relevant Time Period that are responsive to this request.

**Request No. F22** All DOCUMENTS concerning any MFS MUTUAL FUNDS which explicitly or implicitly include information concerning the FUNDS, concerning 12b-1 FEES collected from the FUNDS by the DISTRIBUTOR, including, but not limited to, how the 12b-1 FEES were collected, MFS' discretion over how the 12b-1 FEES were used, how and to what entities the 12b-1 FEES were paid out, the amount of 12b-1 FEES retained by MFS, and the securitization of the right to obtain any 12b-1 FEES.

**Response:** The Defendants object to this request as vague, confusing, overly broad, and unduly burdensome. The Defendants further object to this request because it seeks information not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections and their general objections, the Defendants will produce documents sufficient to show the amount of revenues from 12b-1 fees paid by the Two Funds that were used by the Distributor for payments to financial intermediaries during the Relevant Time Period.

**Request No. F23** All DOCUMENTS concerning any MFS MUTUAL FUNDS which explicitly or implicitly include information concerning the FUNDS, concerning any discussion or analysis of the profitability to the INVESTMENT ADVISOR [sic], the DISTRIBUTOR or any AFFILIATE thereby, of any relationships with broker-dealer

16

[sic] to which any of them made REVENUE SHARING, DIRECTED BROKERAGE, or SOFT DOLLAR payments.

**Response:** The Defendants object to this request as vague, confusing, overly broad, and unduly burdensome. The Defendants further object to this request because it seeks information not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections and their general objections, the Defendants will produce responsive, non-privileged documents provided by the Defendants to the trustees of the Two Funds concerning Allocated Brokerage, as previously defined in response to Request No. F1, or the nonbinding arrangements referred to as Strategic Alliances with respect to the Two Funds.

**Request No. F24** All DOCUMENTS concerning any MFS MUTUAL FUNDS which explicitly or implicitly include information concerning the FUNDS, concerning a comparison of how fees are determined for institutional MFS MUTUAL FUNDS or institutional shares of MFS MUTUAL FUNDS versus fees charged to non-institutional MFS MUTUAL FUNDS or shares.

**Response:** The Defendants object to this request as vague, overly broad, and unduly burdensome. Subject to and without waiving the foregoing objection and their general objections, the Defendants will produce documents responsive to this request, if any, concerning the Two Funds in the Relevant Time Period.

**Request No. F25** All DOCUMENTS concerning any reasons why any institutional MFS MUTUAL FUNDS or institutional shares of MFS MUTUAL FUNDS pay lower advisory or 12b-1 FEES than any non-institutional MFS MUTUAL FUNDS.

**Response:** The Defendants object to this request as vague, overly broad, and unduly burdensome. Subject to and without waiving the foregoing objection and their general objections, the Defendants will produce documents responsive to this request, if any, concerning the Two Funds in the Relevant Time Period.

17

**Request No. F26**  All DOCUMENTS concerning marketing, promotional, or distribution activities for the benefit of institutional share Classes or institutional MFS MUTUAL FUNDS and negotiations or discussions regarding institutional share Classes or institutional MFS MUTUAL FUNDS actual or prospective payment of 12b-1 FEES or the reasons why a 12b-1 FEE would not be charged to any institutional share Classes or institutional MFS MUTUAL FUNDS.

**Response:** The Defendants object to this request as vague, confusing, overly broad, and unduly burdensome. The Defendants further object to this request because it seeks information not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. F27**  All DOCUMENTS concerning any MFS MUTUAL FUNDS which explicitly or implicitly include information concerning the FUNDS, produced to or provided by the Senior Executive appointed pursuant to the Market Timing Settlement of February 5, 2004.

**Response:** Defendants object to this request as vague, confusing, overly broad, and unduly burdensome. The Defendants further object to this request because it seeks information not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. The Defendants further object to this request because it does not define the term "Senior Executive," as used in this request.

**Request No. F28**  All DOCUMENTS identified in Section B of Defendants' Initial Disclosure Pursuant to Federal Rule of Civil Procedure 26(a)(1).

**Response:** Subject to and without waiving their general objections, the Defendants will produce non-privileged documents responsive to this request.

Request No. F29   All DOCUMENTS reflecting MFS' policies regarding the retention or destruction of DOCUMENTS.

**Response:** Defendants object to this request as overly broad and unduly burdensome. The Defendants further object to this request to the extent it seeks documents protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing objections and their general objections, the Defendants will produce non-privileged documents reflecting MFS's document retention policies, if any, that applied to documents the Defendants have agreed to produce in response to the Requests.

MASSACHUSETTS FINANCIAL SERVICES CO. and MFS FUND DISTRIBUTORS, INC.

By their attorneys,

_____
Jeffrey B. Rudman (BBO #433380)
William H. Paine (BBO #550506)
Michael Bongiorno (BBO #558748)
Jonathan A. Shapiro (BBO #567838)
Amanda P. Masselam (BBO #641108)
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109
Tel: (617) 526-6000

Dated: July 12, 2006

## CERTIFICATE OF SERVICE

I, Amanda P. Masselam, hereby certify that on July 12, 2006, I caused a copy of the foregoing document to be served by electronic and overnight mail upon counsel for the Plaintiffs.

_____
Amanda P. Masselam

Dated: July 12, 2006

19

USIDOCS 5735510v1