# Exhibit 4

Case 1:04-cv-10584-GAO    Document 132-5    Filed 10/11/2006    Page 1 of 5

**WILMERHALE**

Jennifer L. Carpenter

+1 617 526 6521 (t)
+1 617 526 5000 (f)
jennifer.carpenter@wilmerhale.com

August 28, 2006

*Via Email*

Janine L. Pollack, Esq.
Milberg Weiss Bershad & Schulman LLP
One Pennsylvania Plaza
New York, New York 10119-0165

Re: Eric Forsythe, et al. v. Sun Life Financial, Inc., et al.
    Civil Action No.: 04cv10584 (GAO)

Dear Janine:

I write to confirm our conversation by teleconference on August 1, 2006, and to respond to issues raised by you and other plaintiffs' counsel during that discussion.

1.   General Objections

     a.   *Definition of "Relevant Time Period"*

Plaintiffs' First Request for Production of Documents (the "Request") purports to define the "Relevant Time Period" as "January 1, 1995 through the present." Defendants continue to object to this definition.

Section 36(b)(3) limits damages to the one-year period prior to the filing of the complaint. See, e.g., Daily Income Fund v. Fox, 464 U.S. 523, 526 n.2 (1984) ("recovery is limited to actual damages for a period of one year prior to suit, § 80a-35(b)(3)"); Green v. Nuveen Advisory Corp., 295 F.3d 738, 743 (7th Cir. 2002) ("Congress enacted § 36(b) to provide a narrow federal remedy that 'is significantly more circumscribed than common law fiduciary duty doctrines.' For example . . . damages are recoverable only for the one-year period before filing the action."); Kahn v. Kohlberg, Kravis, Roberts & Co., 970 F.2d 1030, 1038 (2d Cir. 1992) (Section 36(b)(3) "limits the period during which damages can accrue to one year prior to the filing of the action"); Fox v. Reich & Tang, Inc., 692 F.2d 250, 261 (2d Cir. 1982) ("Section 36(b) expressly limits recovery to excessive fees paid up to one year prior to the commencement of suit."); Gallus v. American Express Fin. Corp., No. 04-4498 (D. Minn. May 30, 2006), aff'd, Gallus v. American Express Fin. Corp., No. 04-4498 (D. Minn. July 27, 2006) (adopting the view of "courts,

Wilmer Cutler Pickering Hale and Dorr LLP, 60 State Street, Boston, Massachusetts 02109
Baltimore   Beijing   Berlin   Boston   Brussels   London   Munich   New York   Northern Virginia   Oxford   Palo Alto   Waltham   Washington

USIDOCS 5813990v1

Janine L. Pollack, Esq.
August 28, 2006
Page 2

WILMERHALE

including the Supreme Court, [that] have interpreted [§ 36(b)] to mean that recovery for damages is limited to the one-year period prior to the filing of the complaint"); In re Alliance Bernstein Mutual Fund Excessive Fee Litig., No. 04-4885, 2006 WL 74439 (S.D.N.Y. Jan. 11, 2006) (Section 36(b)(3) "expressly limits recovery to the one-year period prior to the commencement of litigation"); Brever v. Federated Equity Mgmt. Co., No. 04-855, 2005 WL 3783636 (W.D. Pa. Nov. 7, 2005); Krinsk v. Fund Asset Mgmt., Inc., No. 85-8428, 1986 WL 205, at *4 (S.D.N.Y. May 9, 1986) ("Congress chose to limit recovery of damages by a shareholder to a short one-year period").

This reading of the statute is not only consistent with its language but also with its purpose and the structure of the statute as a whole. See Kahn, 970 F.2d at 1038 ("the one year period is fully adequate for the [ICA] § 36(b) claim since other provisions of the statute require that the shareholders review and approve the subject contracts annually") (citing ICA § 15(c)); Brever, 233 F.R.D. at 433 ("The limitations placed on § 36(b) actions reflect the congressional intent to establish a means by which recently awarded management agreements can be policed, tested, modified or rescinded under federal court review . . . . [The statute] precludes an expansion of the statute's one year damage limitation."). For this reason, Defendants maintain that damages in this case are limited to actual damages the Plaintiffs can prove for the one-year period preceding the complaint – March 26, 2003 to March 25, 2004 (the "Damages Period").

Defendants do not believe that any documents created after March 25, 2004 are relevant to Plaintiffs' claims. Neither the Defendants nor the fund trustees would have had any information post-dating March 25, 2004 when making decisions concerning fees for the Damages Period. That is, Defendants could not have breached their fiduciary duty with respect to the receipt of fees by failing to consider or disclose information that did not yet exist. For this reason, Defendants do not intend to produce documents post-dating March 25, 2004.

The board materials that Defendants have produced in the first phase of production contain historical information. Defendants do not believe that extensive further discovery prior to the Damages Period would be productive but are willing to discuss with Plaintiffs the production of further specific historical information after Plaintiffs have had the opportunity to review the first production of documents.

    b.    *Definition of "Two Funds"*

In response to your concerns about Defendants' definition of "Two Funds," Defendants confirm that, although we intend to produce only responsive, nonprivileged documents that relate to the "Two Funds," we will not redact nonprivileged information in such documents that relates to other MFS Funds. For these purposes, we will consider documents that relate to all MFS funds, or to a subset of MFS funds of which either of the Two Funds is a part, to be documents that

US1DOCS 5813990v1

Janine L. Pollack, Esq.
August 28, 2006
Page 3

WILMERHALE

relate to the Two Funds. We will not produce any documents that do not relate to the Two Funds.

Defendants understand that you have no further responses to our General Objections at this time.

2.  Specific Objections

With respect to our Specific Objections, you raised concerns about four objections in particular:

   a.   *Objection to Request No. 16*

We objected to this request on vagueness grounds, among others. During our teleconference, you clarified that this request seeks documents reflecting the reasons for choosing to use basis points as a measure for determining service fees or shareholder account fees, rather than using a cash dollar amount tied to services rendered (you indicated that your focus is on understanding the ratio of services to fees). Having received this clarification, Defendants continue to object to this request on the grounds previously asserted, but subject to these objections and to our General Objections, agree to produce responsive, non-privileged documents concerning the reasons for using basis points as a measure for determining service fees or shareholder account fees, to the extent that any such documents exist.

   b.   *Objection to Request No. 19*

We objected to this request on grounds that it was vague and confusing, among other grounds. During our teleconference, you clarified that this request was misdrafted, and should be read *without* the phrase "other than use of computers and software to do standard investment research for the FUNDS." The full request should thus read: "All DOCUMENTS concerning any MFS MUTUAL FUNDS which explicitly or implicitly include information concerning the FUNDS, concerning any actual or potential use of computers or software to determine or assist in determining investment decisions, and/or concerning any other use of techniques for managing investments of the FUNDS." Having received this clarification, Defendants continue to object to this request on the grounds previously asserted, but subject to these objections and to our General Objections, will undertake to compile, to the extent feasible, a list of software and hardware potentially used to make investment decisions in connection with the Two Funds during 2003 and 2004. Once Plaintiffs have had the opportunity to review that list, Defendants will discuss with Plaintiffs any further more tailored document requests relating to specific software or hardware.

   c.   *Objection to Request No. 26*

We objected to this request on grounds that it was overbroad and not relevant to any claim or defense, among other grounds. During our teleconference, you indicated that this request seeks

USIDOCS 5813990v1

WILMERHALE

Janine L. Pollack, Esq.
August 28, 2006
Page 4

information regarding fees assessed against institutional clients for comparative purposes, as do Requests 24 and 25. Having received this clarification, Defendants continue to object to this request on the grounds previously asserted, but subject to these objections and to our General Objections, agree to produce responsive, non-privileged documents concerning negotiations or discussions regarding institutional share classes' or institutional MFS mutual funds' actual or prospective payment of 12b-1 fees, or the reasons why a 12b-1 fee would not be charged to any institutional share classes or institutional MFS mutual Funds. Defendants will consider producing a limited sampling of materials relating to "marketing, promotion[] and distribution activities," but would like to discuss with plaintiffs how to narrow that request.

    d.    *Objection to Request No. 27*

We objected to this request on vagueness grounds, among others. During our teleconference, you clarified that this request seeks only those documents that relate to the Market Timing Settlement of February 5, 2004 and concern fees charged by the Two Funds. Having received this clarification, Defendants continue to object to this request on the grounds previously asserted, but subject to these objections, agree to produce non-privileged documents responsive to this request to the extent that the documents both *(i)* concern fees charged by the Two Funds and *(ii)* are responsive to one of the other Requests as limited by Defendants' Response thereto.

I believe this fully addresses the discovery issues discussed during our teleconference. If you believe this is not the case, please let me know.

Sincerely,

Jennifer L. Carpenter

JLC:Tim

USIDOCS 5813990v1