# Exhibit 5

# WEISS & LURIE

The Fred French Building
551 Fifth Avenue
New York, New York 10176
TEL (212) 682-3025
FAX (212) 682-3010

New York . Los Angeles

September 26, 2006

**VIA FACSIMILE AND**
**FIRST CLASS MAIL**

William H. Paine, Esq.
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, Massachusetts 02109

    Re:    *Forsythe v. Sun Life Financial, Inc.*,
            Civil Action No. 04-10584 (GAO)

Dear Bill:

    This letter serves to provide defendants with notice of the substantial deficiencies in defendants' document production in this case and plaintiffs' request for certain key categories of documents to be produced immediately and, in any event, prior to the October 18, 2006 hearing before Judge O'Toole ("Oct. 18 Hearing"). All documents requested herein are encompassed in Plaintiffs' First Request for the Production of Documents to Defendants Massachusetts Financial Services Company ("MFS") and MFS Distributors, Inc. ("MFD"), which was served on May 31, 2006 ("Plaintiffs' Request"). In making this request, plaintiffs have prioritized certain key categories of documents that defendants are obligated to produce and, in so doing, plaintiffs do not waive their right to seek the production of any other categories of documents.

    Defendants have had nearly four months to produce the relevant documents in response to Plaintiffs' Request. Moreover, on March 28, 2006, plaintiffs in *Dumond v. Massachusetts Financial Services Co.*, Civil Action No. 04-11458 (GAO) ("*Dumond* plaintiffs") served defendants with their First Request for Production Directed to Defendants ("*Dumond* Request"), which was wholly adopted in Plaintiffs' Request. Therefore, defendants have had nearly six months to gather and produce certain highly relevant categories of documents requested by plaintiffs in this action.

    Despite the passage of this lengthy period of time, to date, defendants have produced seven boxes of documents containing only materials sent to the boards of trustees of the Massachusetts

William H. Paine, Esq.
September 26, 2006
Page 2

Financial Services complex of funds (the "MFS Funds"). Outside of these board materials, not a single internal document from either defendant has been produced. Moreover, a great majority of the production is dated before March 25, 2003, the beginning of our damages period.

Defendants have resisted producing more documents, in part, by refusing to produce anything created after March 25, 2004. In Defendants' Responses to Plaintiffs' First Request dated July 12, 2006 ("Defendants' Responses"), defendants stated that they would "produce responsive, non-privileged documents only from [the period March 26, 2003 to March 25, 2004]." The August 28, 2006 letter from your firm (the "Aug. 28 Letter") reasons that documents created after March 25, 2004 are not relevant to plaintiffs' claims because "[n]either the Defendants nor the fund trustees would have had any information post-dating March 25, 2004 when making decisions concerning fees for the Damages Period." This argument misses the mark. It does not comport with the remedy available under Section 36(b) of the Investment Company Act of 1940 ("ICA"), 15 U.S.C. § 80a-35(b) ("Section 36(b)"), which expressly limits damages to "actual damages." 15 U.S.C. § 80a-35(b)(3). In order to evaluate what the actual damages are, plaintiffs need to evaluate more than only those documents that fund trustees used to "mak[e] decisions concerning fees for the Damages Period" (Aug. 28 Letter at 2). Moreover, it ignores the broad relevance standard under the Federal Rules of Civil Procedure, as discussed more fully below.

Defendants' production thus far, which has been limited to board materials, is woefully inadequate, particularly in light of the Securities Exchange Commission's ("SEC") finding that "MFS failed to adequately disclose to the Boards of Trustees and to shareholders of the MFS Funds the specifics of its 'shelf-space' arrangements with brokerage firms and the conflicts created by those arrangements." *Mutual Fund Manager MFS Pays $50 Million Fine To Settle SEC Enforcement Action*, SEC Press Release, March 31, 2004, at http://www.sec.gov/news/press/2004-44.htm; see *In the Matter of MFS*, SEC Order Instituting Administrative and Cease-and-Desist Proceedings, Making Findings, and Imposing Remedial Sanctions and a Cease-and-Desist Order Pursuant to §§ 203(e) and (k) of the ICA, File No. 3-11450 (March 31, 2004) at ¶¶ 2-3, 18-21 ("Cease-and-Desist Order"). At this time, in order to expedite the discovery process, plaintiffs request the immediate production of the following seven key categories of documents:

1. **2004, 2005, and 2006 Blue Books**: Please produce all documents provided to the Blue Book Committee ("Blue Books") for the years 2004, 2005, and 2006. As evidenced by defendants' production of the 2002 and 2003 Blue Books, plaintiffs believe that these documents are readily accessible and defendants will not be overly burdened in producing this category of documents prior to the Oct. 18 Hearing.

The Blue Book Committee is responsible for reviewing the information necessary to evaluate the terms of the investment advisory and distribution agreements and making recommendations concerning these agreements to the Boards of Trustees for the MFS Funds. As defendants have already acknowledged, the Blue Books are highly relevant to plaintiffs' claims because they were considered by the Blue Book Committee in their review of the investment advisory and distribution agreements and contain information concerning the services provided,

William H. Paine, Esq.
September 26, 2006
Page 3

defendants' profitability, the fall-out benefits,[1] economies of scale,[2] and fee structures, among other relevant information.

To date, we have received only the 2002 and 2003 Blue Books. The 2002 and 2003 Blue Books contain historical information relating to developments that occurred **since the prior year's** Blue Book review – that is, the years 2001 and 2002, respectively, as well as prospective information for the upcoming year. As damages in this case are limited to the **actual** damages, prospective information relating to a damages period that begins on March 25, 2003 is plainly insufficient. The 2004, 2005, and 2006 Blue Book undoubtedly contain historical information relating to the years 2003, 2004, and 2005, respectively. As further discussed below, even if plaintiffs were to accept defendants' assertion of a one-year damages period, which they do not, plaintiffs would be entitled to the 2004, 2005, and 2006 Blue Books because they contain information relevant to plaintiffs' assessment of the actual damages for the one-year period beginning on March 25, 2003 and ending on March 25, 2004, inclusive.[3]

2.  **Regulatory Documents**: Please produce all documents previously produced to the SEC, the National Association of Securities Dealers, or any other regulatory authority in connection with their investigation of defendants' sales practices or defendants' participation in revenue sharing arrangements. As defendants have already taken the time to search for and review these documents in response to the earlier requests made by regulatory authorities, plaintiffs believe that this category of documents should be readily available. Plaintiffs have been requesting these documents for months. They should be produced forthwith.

The documents within this category are highly relevant to Plaintiffs' claims and their production would constitute **no burden** to defendants as the documents have already been gathered and reviewed. Courts have routinely compelled production of these types of documents, recognizing the importance of discovery to regulatory agencies and the minimal burden on defendants. See, e.g., *In re Royal Ahold N.V. Sec. and ERISA Litig.*, 220 F.R.D. 246, 250-52 (D. Md. 2004) (compelling production of documents in connection with governmental and self-regulatory organization investigations); *In re Labranch Sec. Litig.*, 2004 U.S. Dist. LEXIS 17268 at *7 (S.D.N.Y. Aug. 25, 2004) (compelling production of documents that involve "concurrent investigations by governmental agencies").

---

[1] The term "fall-out benefits" is herein used to mean those benefits other than the advisory fees that flow to the adviser and its affiliates as a result of the adviser's relationship with the fund.

[2] The term "economies of scale" is herein used to mean the reduction of a mutual fund's operating expense ratio as the amount of its assets increases.

[3] Defendants assert in Defendants' Response and their Aug. 28 Letter that the Damages Period begins on March 26, 2003. We assume this is a typographical error as the Court has held that plaintiffs' Section 36(b) claim begins on March 25, 2003. (Docket No. 101, at 24, 29.)

William H. Paine, Esq.
September 26, 2006
Page 4

    3.    **Strategic Alliance[4] Arrangements:** Please produce all documents concerning Strategic Alliances, which relate to the period beginning on January 1, 2002 through the present (the "Relevant Period"),[5] including all revenue sharing agreements and all communications between defendants and broker-dealers concerning Strategic Alliances. This category of documents is highly relevant to plaintiffs' claims, which are, in part, based on the undisclosed revenue sharing payments made by defendants to certain broker-dealers as an incentive to sell shares of MFS Funds.

    4.    **Accounting Systems:** Please produce all accounting systems documents relating to the Relevant Period that contain information regarding any MFS Fund, which explicitly or implicitly include information concerning the Two Funds. According to documents produced to us, accounting systems documents contain information regarding the revenues and expenses of specific funds. This category of documents is clearly relevant to plaintiffs' Section 36(b) claim as it is probative of the excessiveness of the fees charged by defendants.

    5.    **MFS Management Committee:** Please produce all documents relating to the Relevant Period that were reviewed by, created by, or created at the direction of the MFS Management Committee, which concern: (i) any subcontract with any person who performed any services for the MFS Funds, (ii) Strategic Alliances, (iii) the services provided by MFS, (iv) its profitability, (v) the fall-out benefits it received, (vi) actual and prospective economies of scale, and (vii) comparative fee structures. As defendants are aware, the Management Committee is responsible for day-to-day operations of MFS, and therefore it likely received or generated documents relevant to plaintiffs' Section 36(b) claim.

    6.    **MFS Compliance Department:** Please produce all documents relating to the Relevant Period that were reviewed by, created by, or created at the direction of the MFS Compliance Department, which concern: (i) Strategic Alliances, (ii) the services provided by MFS, (iii) its profitability, (iv) the fall-out benefits it received, (v) actual and prospective economies of scale, and (vi) comparative fee structures. As defendants are aware, the Compliance Department monitors MFS' and the MFS Funds' compliance with all relevant securities regulations, reviews and monitors all sales and marketing activity, and administers and monitors compliance of MFS employees and affiliates with the MFS Code of Ethics, and therefore this Department likely received or generated documents relevant to plaintiffs' Section 36(b) claim.

---

[4] The term "Strategic Alliance" is used herein to refer to the term "Allocated Brokerage," as defined in Defendants' Responses, and the following terms as they are defined in Plaintiffs' Request: "Strategic Alliance," "Preferred Fund," "Revenue Sharing," "Directed Brokerage," "Soft Dollars."

[5] In the spirit of compromise and to expedite the discovery process, plaintiffs are willing to accept documents relating to the period beginning on January 1, 2002 through the present at this stage of discovery. However, plaintiffs reserve their right to seek documents relating to the period beginning on January 1, 1995 through the present as stated in Plaintiffs' Request.

William H. Paine, Esq.
September 26, 2006
Page 5

       7.    **MFD Sales Distribution**: Please produce all documents relating to the Relevant Period that were reviewed by, created by, or created at the direction of the MFD Sales Distribution operating arm, which concern: (i) Strategic Alliances, (ii) the services provided by MFS, (iii) its profitability, (iv) the fall-out benefits it received, (v) actual and prospective economies of scale, and (vi) comparative fee structures. As defendants are aware, the MFD Sales Distribution operating arm is divided into two divisions – the Broker-Dealer Division, which is responsible for the sale and marketing of MFS Funds in the broker-dealer industry, and the Financial Institution and Advisors Division, which is responsible for the sale and marketing of MFS Funds through financial institutions, insurance and independent advisor firms, and therefore this operating arm likely received or generated documents relevant to plaintiffs' Section 36(b) claim.

       Plaintiffs believe that the seven categories of documents herein requested are essential to plaintiffs' evaluation of their claims and insist that defendants produce documents relating to the Relevant Period, regardless of when the documents were created. Indeed, defendants had agreed in Defendants' Responses to produce many of these documents. During a meet and confer between the parties held by telephone on August 1, 2006, defendants admitted many of the documents herein sought were relevant and reiterated their intent to produce these documents soon after the "first phase" of their production. However, despite multiple email and telephone requests by plaintiffs to produce more documents, defendants have failed to do so.

       Under Rule 26(b)(1) of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any matter, not privileged, that is *relevant* to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1) (emphasis added). Relevant information need only be "reasonably calculated to lead to the discovery of admissible evidence." *Id.* On more than one occasion, the Supreme Court has declared that the discovery rules of Federal Rules of Civil Procedure "are to be accorded a broad and liberal treatment to effect their purpose of adequately informing the litigants in civil trials." *Herbert v. Lando*, 441 U.S. 153, 177 (1979); *see Oppenheimer Fund, Inc. v Sanders*, 437 US 340, 351 (1978) ("discovery is not limited to issues raised by the pleadings . . . Nor is discovery limited to the merits of a case"); *see also Klonoski v. Mahlab*, 156 F.3d 255, 267 (1st Cir. 1998) ("the plain language of this Rule 26(b)(1) contemplates wide-ranging discovery to the fullest possible extent").

       In the Aug. 28 Letter, defendants reject clear legal precedent by asserting that they "do not believe that any documents <u>created</u> after March 25, 2004 are relevant to Plaintiffs' claims." Defendants fail to cite a single case or statute to explain why they should be able to withhold documents created after March 25, 2004. Simply asserting a "belief" that certain documents are not relevant to plaintiffs' case is unavailing, as "court[s] should and ordinarily do[] interpret 'relevant' very broadly to mean matter that is relevant to anything that is or may become an issue in the litigation." *Oppenheimer Fund*, 437 U.S. at 351 n.12 (citing 4 J. Moore, Federal Practice para. 26.56[1], p. 26-131 n. 34 (2d ed. 1976)); *see also Atchison Casting Corp. v. Marsh, Inc.*, 216 F.R.D. 225, 227 (D. Mass. 2003).

       Recently, in a similar Section 36(b) action, a district court in the Fifth Circuit ordered

William H. Paine, Esq.
September 26, 2006
Page 6

defendants to produce documents relating to "the period of five years immediately prior to the filing of Plaintiffs' complaints." *Hunt v. Invesco Funds Group, Inc.*, Civ. Action No. H-04-02555(KPE), 2006 U.S. Dist. LEXIS 40944, at *26 (S.D. Tex. June 5, 2006) ("*Aim I*"). The court reasoned that even if "[p]laintiffs can only recover damages for [a] one-year period[, it] does not mean, however, that evidence *relating to* any time outside of this period is irrelevant." *Id.* (emphasis added). In a second opinion, rendered a few weeks later, the court clarified certain statements made in *Aim I* and specified that it "did not intend its statements regarding the limitation of damages under the ICA to constitute a ruling on the appropriate damages period for this case, nor did it intend its statements to be a ruling as to whether or not Plaintiffs can recover damages for continuing violations of the ICA during the period following the filing of their complaints." *Hunt v. Invesco Funds Group, Inc.*, Civ. Action No. H-04-02555(KPE), 2006 U.S. Dist. LEXIS 42064, at *4 (S.D. Tex. June 22, 2006) ("*Aim II*"). The *Aim* court also clarified that it "did not intend its holding to preclude discovery relating to the period *following* the filing of the Plaintiffs' complaints." *Aim II*, 2006 U.S. Dist. LEXIS 42064, at *6 (emphasis added). The court then ordered defendants to "produce discovery *relating* to the period of time following the filing of Plaintiffs' complaints." *Id.* at *6-7 (emphasis added). Therefore, even assuming that a one-year period does apply to plaintiffs' Section 36(b) claim, which plaintiffs do not concede,[6] defendants have a duty to produce all relevant documents **relating** to the Relevant Period, which runs to the present, regardless of when the documents were created or what the damages period is. Plaintiffs believe that, based on the *Aim* opinions, at this point of the litigation, the Court does not need to decide whether the damages period is restricted to a one-year period or runs to the present in order to rule on the relevance of materials sought for discovery purposes, which is broader than the damages period.

Plaintiffs believe that under the liberal discovery rules and the courts' broad interpretation of those rules, plaintiffs are entitled to the seven key categories of documents outlined above, which are each highly relevant to plaintiffs' Section 36(b) claim. Plaintiffs request that defendants produce these documents immediately or, at a minimum, prior to the Oct. 18 Hearing.

Sincerely,

Richard A. Acocelli

Cc: Plaintiffs' Counsel (*via* electronic mail)

---

[6] In *Aim II*, the court "recognize[d] that the language of the ICA, that '[n]o award of damages shall be recoverable for any period *prior* to one year before the action was instituted,' does not limit damages for the period of time *following* the filing of the action." *Aim II*, 2006 U.S. Dist. LEXIS 42064, at *4-5 (quoting 15 U.S.C. § 80a-35(b)(3) (alteration in original)).