UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10584-GAO

ERIC FORSYTHE,
Individually and on Behalf of all Others Similarly Situated,
Plaintiff

v.

SUN LIFE FINANCIAL, INC., et al.
Defendants

ORDER
February 22 , 2007

O'TOOLE, D.J.

The defendants contend that in an action for breach of fiduciary duty under Section 36(b) of the Investment Company Act of 1940 ("ICA"), 15 U.S.C. § 80a-35(b), any damages that may be awarded are limited to the one-year period immediately preceding the commencement of the action. In this case, the complaint was filed on March 25, 2004, and the defendants seek a protective order limiting permissible discovery to "documents that contain or reflect responsive information relating to the fees charged and services provided during the period March 26, 2003 to March 25, 2004." (Defs.' Mem. in Supp. of Their Mot. for Protective Order Concerning the Statutory Damages Period 4).

The plaintiffs oppose the motion on two grounds. First, they argue that the period for which damages may be awarded under Section 36(b) begins one year before the filing of the complaint and continues until the complaint is adjudicated. Second, the plaintiffs argue that even if the court were to limit *damages* to those accruing within one year prior to the commencement of the action,

*discovery* should not necessarily be limited to events occurring within that limited period, so long as it is directed at information that could reasonably be expected to bear on questions, including the calculation of damages, relevant to that one-year period.

After considering the parties' arguments, I conclude that while § 36(b)(3) imposes a "backward-looking" limitation on damages, it does not limit plaintiffs to those damages that had already accrued as of the date of the complaint, but rather permits ongoing damages to be proved through trial and entry of judgment on the claim.

## **Discussion**

Section 36(b) of the ICA creates a fiduciary duty on the part of the investment adviser of a registered investment company with respect to the receipt of compensation for its advisory services, and it further authorizes any security holder of the registered investment company to bring, on behalf of the company, an action against the adviser and certain affiliated persons for breach of that fiduciary duty. 15 U.S.C. § 80a-35(b) (2000). With respect to the damages that may be recovered, the statute provides as follows:

> No award of damages shall be recoverable for any period prior to one year before the action was instituted. Any award of damages against such recipient shall be limited to the actual damages resulting from the breach of fiduciary duty and shall in no event exceed the amount of compensation or payments received from such investment company, or the security holders thereof, by such recipient.

Id. § 80a-35(b)(3).

The defendants focus on the words "period" and "one year" in the first sentence quoted above and argue that the statute limits damages to a "one year" "period." They have to engage in some creative rearranging of the words to achieve that meaning, however, because the statute plainly does

2

not refer to a "one year period" (with one set of quotation marks, rather than two). On its face, the statutory language does not provide what the defendants would like it to, and their attempt to rewrite the statute actually emphasizes that fact. What § 36(b)(3) says is that damages may not be awarded for "any period" – of whatever duration – that is "prior to one year before the action was instituted." That is the only temporal limitation on damages that the statute imposes.

There are two possible ways a "forward-looking" limitation like the one suggested by the defendants might be imposed. First, the statute might do so expressly. For example, the statute might say something like, "No damages shall be awarded for any period other than the one year immediately preceding the commencement of the action." It obviously does not say that, *in haec verba* or otherwise.

Alternatively, though § 36(b)(3) might not impose a forward-looking damages limitation by its express terms, it might provide for such a limitation through implication. The implication might arise from a commonly accepted understanding either of other terms used (*noscitur a sociis*) or of the relevant context. In other words, the limitation might be so obvious from the rest of the section and/or other relevant context that it would not need to be expressed. For example, if as a general rule, damages were not recoverable for periods after the commencement of an action, then it might not be necessary to set forth such a limitation expressly because absent some provision to the contrary, it could be inferred, consistent with prevailing practice, that the limitation applied. But the opposite is actually the case. In civil actions generally, absent some express limitation, proof of damages is not restricted to the time before the filing of the complaint, and damages caused by a defendant's liability-producing conduct ordinarily may be proved through the time of trial and judgment. Put another way, the inertial position is that damages occurring after the filing of a civil complaint may still be

proved at trial. If Congress wanted to move matters off that inertial point, it would have to apply some force of words to do so. Silence on the question is fairly taken as intending no movement from the normal case. Imagine that § 36(b) did not contain the backward-looking limitation it does but rather was entirely silent as to *any* temporal limitation of damages. Surely no one would suggest in that case that there was a limitation on proving damages that might accrue after the commencement of the action. In the absence of some express limit, it would be accepted that the normal inertial rule would apply, and damages that were incurred while the case was pending would not be necessarily precluded. That being so, the defendants are left to argue that the expression of the backward-looking limitation in § 36(b)(3) implies the unexpressed forward-looking one they propose. Logic alone is not a reason for finding such an implication, however, and so the defendants argue that the overall structure of the ICA requires it.

Specifically, they argue that a one-year damage period would be consistent with other provisions of the ICA and with the evident intention of Congress in enacting it. In this respect, they point out that certain advisory contracts must be approved annually, so that damages for breach of the fiduciary duty imposed by § 36(b) must also be thought of in annual, or one-year, terms. They also cite portions of the ICA's legislative history that they argue support a conclusion that Congress favored a limited damage remedy, prompt resolution of claims, a short cycle for evaluating advisory fees, and so on, so that Congress must also have intended to limit damages to a one-year period. Never mind the weakness of the suggested inferences in themselves, and they are weak, it is sufficient to say that where § 36(b)'s damages limitation is unambiguous, as it is here, there is no reason to stray into speculation about whether that limitation dovetails optimally with other statutory provisions or satisfactorily fulfills a discerned congressional purpose. Put simply, it is not a court's prerogative

to "improve" the statute Congress actually enacted in an effort to achieve more perfectly an objective Congress may have intended but somehow failed adequately to express. Where the statute is clear, as it is here, it is the last word.

It should be noted that the opportunity to prove damages accruing after the commencement of the action is not unlimited, even if there is no temporal limit. Only "actual damages" may be recovered, meaning presumably damages proximately caused by a defendant's breach of duty, and those damages are capped at the "amount of compensation or payments received" by such defendant. 15 U.S.C. § 80a-35(b)(3). To say that damages accruing after the commencement of the action *can* be proved does not mean that any permitted damages *will* be proved. Changes from year to year in contract terms, the compensation actually paid, and perhaps even broader economic or market conditions, could mean that a defendant might be found to have violated a fiduciary duty in one year but not the next. It is by no means automatic that proof of a breach and damages for the year preceding the filing of the complaint guarantees a finding of breach and damages for ensuing periods. The limited point decided here is that the statute does not foreclose proof of such post-commencement damages.

The defendants cite a number of cases that they claim support their proposed interpretation of the statute. These cases fall into two groups. The first group offer nothing more than a passing reference to § 36(b)(3). See, e.g., Daily Income Fund v. Fox, 464 U.S. 523, 526 n.2 (1984); Green v. Nuveen Advisory Corporation, 295 F.3d 738, 743 (7th Cir. 2002); King v. Douglass, 973 F. Supp. 707, 710 n.4 (S.D. Tex. 1996); Grossman v. Johnson, 89 F.R.D. 656, 661 n.13 (D. Mass. 1981). In each of these cases, any reference to the damages period was simply part of a summary recitation of

5

the other provisions of § 36(b)(3), probably included in service of completeness.[1] The matters actually decided in those cases did not concern the damages issue. See Daily Income, 464 U.S. at 542 (holding that there is no demand prerequisite for § 36(b) claims); Green, 295 F.3d at 744 (holding that a conflict of interest on the adviser's part was not a breach of fiduciary duty under § 36(b)); King, 973 F.Supp. at 725 (holding that § 36(b) claim for receipt of excess compensation is direct, rather than derivative, claim); Grossman, 89 F.R.D. at 661-62 (holding, pre-Daily Income, that demand is prerequisite for § 36(b) claims).

The second group of cases cited by the defendants contain statements that may seem at first blush to reflect the defendants' proposed interpretation of the damages provision in § 36(b)(3). See, e.g., Kahn v. Kohlberg, Kravis, Roberts & Co., 970 F.2d 1030, 1037-38 (2d Cir. 1992) ("There is no express time limit on bringing an action under § 36(b), but the plaintiff may collect only those damages that have accrued in the prior year."); Gallus v. Am. Express Fin. Corp. et al., No. 04-4498, at 3-4 (D. Minn. filed July 27, 2006) (order affirming magistrate judge's ruling on multiple discovery issues) ("[T]he Court concludes that, under the ICA, damages are limited to the one-year period before the filing of the action."); In re AllianceBernstein Mutual Fund Excessive Fee Litig., No. 04

---

[1] For example, in Daily Income, the Supreme Court stated in a footnote:

> Section 36(b) goes on to provide, *inter alia,* that proof of a defendant's misconduct is unnecessary, § 80a-35(b)(1), that approval by the board of directors or shareholders of the adviser's compensation "shall be given such consideration by the court as is deemed appropriate under all the circumstances," § 80a-35(b)(2), and that recovery is limited to actual damages for a period of one year prior to suit, § 80a-35(b)(3).

464 U.S. at 526 n.2.

6

Civ. 4885, 2006 WL 74439, at *2 (S.D.N.Y. Jan. 11, 2006) ("Therefore, because Plaintiffs filed their initial complaint on June 22, 2004, they must plead facts demonstrating the existence of excessive advisory fees between June 22, 2003 and June 22, 2004."); Brever Federated Equity Mgmt. Co. of Pa., 233 F.R.D. 429, 433 (W.D. Pa. 2005) ("But a shareholder's ability to police and challenge any such agreement [management compensation agreements] through an award of damages is specifically limited to one year by operation of the statute."); Krinsk v. Fund Asset Mgmt., Inc., No. 85 Civ. 8428, 1986 WL 205, at *4 (S.D.N.Y. May 9, 1986) ("[T]he ability to challenge the fees in court was similarly limited to one year by the statute.").

With one exception, none of these cases actually resolved the question presented here, i.e., whether § 36(b)(3) precludes damages accruing after date of the commencement of the action. For example, in Brever the court was asked to decide whether the claims of newly substituted plaintiffs would "relate back" to the original shareholder's filing date under Rule 15(c) of the Federal Rules of Civil Procedure. The court thought that if they did, then the new plaintiffs would have had the benefit of a damages period longer than one year prior to their joining the action. To give effect to the statute's one-year backward limit on damages, the court concluded that the new plaintiffs' claims did not relate back to the original filing date.[2] Thus, the court's interpretation of the statutory language was simply in keeping with the statute's backward-looking limitation on damages, as applied to the new plaintiffs. 233 F.R.D. at 435-36. In AllianceBernstein, the court required the plaintiffs to plead

---

[2] As an aside, I have taken a different view. Following the guidance of the First Circuit concerning relation back under Rule 15(c) in Young v. Lepone, 305 F.3d 1, 14 (1st Cir. 2002) and Allied Int'l, Inc. v. Int'l Longshoremen's Ass'n, 814 F.2d 32, 35-36 (1st Cir. 1987), I concluded that the § 36(b) claims of the later substituted plaintiffs do relate back so long as they are made on behalf of the same fund. See Wicks v. Putnam Inv. Mgmt., LLC, No. 04-10988-GAO (D. Mass. filed Jan. 19, 2006).

facts evidencing a breach of § 36(b)'s fiduciary duty within the one year period immediately prior to the commencement of the action. Having found insufficient evidence of such a breach within that time period, the court dismissed the case. The court did not face the question whether damages could continue to accrue after the commencement date because it found the evidence insufficient to establish a breach of fiduciary duty in the first place. 2006 WL 74439, at *2. In Kahn, 970 F.2d at 1042, the court analogized the damages period to a statute of limitations, because it functioned as a bar to recovery after a specified time period.

In all of these cases, the courts were considering the effect of § 36(b)(3)'s backward-looking limitation, and not whether that section imposed a forward-looking one. In any event, none of these cases in this second group has precedential force here, and even if any could be interpreted as holding that § 36(b)(3) precludes damages accruing after the filing of the complaint, I would find them unpersuasive in light of the clear language of the statute and would decline to follow them.

Notably, the court in Krinsk, despite having used language the defendants now find congenial to their argument, actually received evidence of damages after the commencement of the action. 715 F. Supp. 472, 475-76 (hearing evidence spanning over a two and a half year period). In fact, in its findings, the court characterized its earlier opinion limiting the damages period this way: "This Court held that the one year statute of limitations in § 36(b) of the Act restricts plaintiff's claim to recoupment of fees paid to the investment advisor *after* May 17, 1984." Id. (emphasis added). That statement is inconsistent with the defendants' argument here.

The sole case that explicitly decided that the damages period ends at the commencement of the action, Gallus, did so in a brief order affirming a magistrate judge's resolution of multiple discovery issues. No. 04-4498 at 3-4 (filed on July 27, 2006). The district court summarily affirmed

8

the magistrate judge's order by simply stating that it had "review[ed] the applicable case law" and found "that the legislative history corroborates" the magistrate judge's interpretation of the statute. Id. The magistrate judge reached her interpretation, without engaging in any independent statutory analysis, simply by adopting much of the same case law discussed herein. The decision adds nothing of substance to the debate beyond its ultimate outcome, and non-binding as it is, deserves no more attention.

Finally, I note that some other courts have agreed with my conclusion here that § 36(b)(3) does not foreclose damages accruing after the commencement of the action. See, e.g., Hunt v. Invesco Funds Group, Inc., No. H-04-02555, 2006 WL 1751900, at *1 (S.D. Tex. June 22, 2006) (although reserving a formal ruling on the recoverable damages period, it stated "the Court recognizes that the language of the ICA, that '[n]o award of damages shall be recoverable for any period *prior* to one year before the action was instituted,' does not limit damages for the period of time *following* the filing of the action") (emphasis added in original); Tarlov v. Paine Webber Cashfund, Inc., 559 F. Supp. 429, 433 (D. Conn. 1983) (stating "If Fox stands, the instant suit covers fees paid from May, 1979, to the close of this action").

In sum, the cases relied on by the defendants are not, on close examination, all that helpful to them. The only case deserving precedential effect is Daily Income, and I conclude that the Court's brief reference to the damages period was casual dictum, not a controlling holding. The parties here have crystallized the issue for decision in a way that does not appear to have been done in prior cases, and because the statute is plain and unambiguous, I reject the defendants' creative reading of it.

9

## Conclusion

For the foregoing reasons, the defendants' motion for a protective order concerning the statutory damages period (dkt. no. 133) is DENIED.

It is SO ORDERED.


    February 22, 2007                                        /s/ George A. O'Toole, Jr.
DATE                                                            DISTRICT JUDGE