UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ERIC FORSYTHE, et al., | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-10584-GAO |
| | ) | |
| MASSACHUSETTS FINANCIAL SERVICES COMPANY, et al. | ) ) ) | |
| | | |
| LARRY R. EDDINGS, | ) ) | |
| v. | ) ) | Civil Action No. 04-10764-GAO |
| SUN LIFE FINANCIAL, INC., et al. | ) ) | |
| RICHARD KOSLOW, | ) ) | |
| v. | ) ) | Civil Action No. 04-11019-GAO |
| SUN LIFE FINANCIAL, INC., et al. | ) ) ) | |

MFS's MOTION FOR ENTRY OF JUDGMENTS OF DISMISSAL

Sun Life Financial, Inc., Massachusetts Financial Services Company and MFS Fund Distributors, Inc. (collectively, "MFS") submit this motion for entry of a final judgment of dismissal in the *Eddings v. Sun Life Financial, Inc.*, No. 04-10764-GAO ("*Eddings* Action") and, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, for a separate and final judgment of dismissal ") of the claims of plaintiffs Larry R. Eddings ("Eddings") and City of Chicago Deferred Compensation Plan ("Chicago") in *Forsythe v. Massachusetts Financial Services Co.*, No. 04-10584-GAO ("*Forsythe* Action). As grounds for the motion, MFS states:

1. Eddings filed the *Eddings* Action on April 15, 2004.

2. On January 13, 2005, this Court ordered the *Eddings* Action and *Koslow v. Sun Life Financial, Inc.*, No. 04-11019-GAO ("*Koslow* Action"), consolidated in the *Forsythe* Action (collectively, the "Actions").

3. On March 3, 2005, Eddings, Richard Koslow ("Koslow"), Eric Forsythe ("Forsythe") and Chicago filed a Consolidated Amended Complaint ("Complaint") in the *Forsythe* Action. In the Complaint, Eddings and Chicago acknowledged that they no longer owned shares in the mutual funds advised by MFS that they had claimed they once owned.

4. On January 19, 2006, this Court dismissed most of the claims advanced by all plaintiffs in the *Forsythe* Action because the Court concluded as a matter of law that, with the exception of certain claims brought under Section 36(b) of the Investment Company Act ("Section 36(b)"), the Complaint did not state a claim upon which relief could be granted.

5. The Court ruled in its January 19, 2006 order that Section 36(b), the only cause of action that remained open to plaintiffs, "limits eligible plaintiffs to those who hold shares in the funds on whose behalf they purport to make a claim." *Forsythe v. Sun Life Fin., Inc.*, 417 F. Supp. 2d 100, 119 (D. Mass. 2006). The Court permitted the *Forsythe* Action to proceed only with respect to the two funds still owned by the two remaining plaintiffs -- Forsythe and Koslow (the "Remaining MFS Funds").

6. Accordingly, the Court dismissed Eddings' and Chicago's Section 36(b) claims, having concluded that they were not current shareholders of any MFS funds and therefore did not have standing to pursue such claims.

7. On March 22, 2007, the Court ordered that the *Eddings* and *Koslow* Actions be administratively closed, noting that counsel could move with good cause shown to reopen them if warranted.

8.     On March 22, 2007, the clerk made the following entry on the dockets in the *Eddings* and *Koslow* Actions: "Civil Case Terminated."

9.     Counsel in the *Forsythe* Action, including counsel for Eddings, signed a settlement term sheet dated September 7, 2007 (the "Term Sheet"). The Term Sheet calls for all "Plaintiffs" to provide a general release of all claims against MFS and others.

10.    Eddings refuses to provide a release in connection with the settlement. Eddings' claims, however, have already been dismissed. The Court has already determined that the Complaint states a claim only with respect to Section 36(b) on behalf of the Remaining MFS Funds. As Eddings no longer held shares in any MFS funds, the Court ruled that he had no standing to pursue a Section 36(b) claim against MFS.

11.    The other named plaintiffs in the *Forsythe* Action, including Chicago (the other dismissed plaintiff), are willing to consummate the settlement. They have each provided a release which has been negotiated between them and MFS; and they will stipulate to the dismissal of the *Forsythe* and *Koslow* Actions.

12.    On December 10, 2007, counsel sought guidance from the Court as to how to address Eddings' refusal to provide a release. Counsel noted that the other parties were prepared to settle consistent with the terms set forth in the Term Sheet. Accordingly, MFS proposed that it would: (i) seek a final dismissal of the *Eddings* Action; (b) seek, pursuant to Rule 54(b), a separate and final judgment of Eddings' claims in the *Forsythe* Action; and (c) upon entry of both judgments and successful conclusion of any appeal stipulate with the other parties to the dismissal of the *Koslow* and *Forsythe* actions.

13.    The Court noted that Eddings and Chicago were similarly situated, and suggested that MFS file a motion pursuant to Rule 54(b) both as to Eddings' claims and Chicago's claims

- 3 -

in the *Forsythe* Action. The Court also suggested that service of the motion be made upon counsel of record for Eddings. As noted in the docket on December 11, 2007, the Court permitted Eddings to have 30 days after service of the motion to file any opposition to the motion.

14. The parties to the three Actions, other than Eddings, have agreed that if the motion is granted, and if Eddings does not appeal from a decision to grant the motion, they will settle and dismiss the Actions. All other parties have signed and delivered into escrow a release acceptable to MFS.

15. MFS has not waived its position that the settlement memorialized in the Term Sheet is binding upon Eddings, and that he is required to provide a general release as required by that settlement. MFS, among other things, has reserved the right to bring a separate action against Eddings to enforce the terms of the settlement memorialized in the Term Sheet, and/or to defend any appeal from the dismissal of Eddings' claims. In the event that Eddings does not oppose the motion or appeal from the judgments entered pursuant to the motion, MFS does not intend to take further action against Eddings.

16. MFS and the other plaintiffs have agreed that if Eddings appeals from the judgments contemplated by this motion and such an appeal is resolved favorably to MFS, or if MFS prevails in enforcing the terms set forth in the Term Sheet against Eddings, what remains of the Actions shall be settled and dismissed.

17. Because the claims of Eddings and Chicago have already been dismissed, because they have no standing to pursue them, and because dismissal of the claims of Eddings and Chicago is likely to facilitate the settlement and final disposition of these Actions, MFS requests that this motion be granted.

18.  A separate and final judgment under Rule 54(b) requires a finding that there is no just reason for delay.  In this case, there is no just reason for delay because the entry of separate judgment is likely to lead to the prompt dismissal of the actions in their entirety.  Moreover, based on the agreement of the remaining parties described, multiple appeals are very unlikely.

WHEREFORE, MFS requests that the Court:

A.  enter a final judgment of dismissal of the *Eddings* Action; and

B.  find pursuant to Rule 54(b) that there is no just reason for delay, and enter a separate and final judgment of dismissal of Eddings' and Chicago's claims in the *Forsythe* Action.

MASSACHUSETTS FINANCIAL SERVICES
  COMPANY

By its attorneys,

Dated: February 15, 2007        ___/s/ William H. Paine_____
                                William H. Paine (BBO #550506)
                                WilmerHale
                                60 State Street
                                Boston, MA  02109
                                (617) 526-6000

- 6 -

## CERTIFICATE OF SERVICE

On February 15, 2008, I caused this motion to be served upon the following counsel using the means of service set forth below.

BY PACER

Michelle H. Blauner (mblauner@shulaw.com, lgraham@shulaw.com)

Alison V. Douglass (adouglass@goodwinprocter.com)

John J. Falvey , Jr (jfalvey@goodwinprocter.com)

Nancy F. Gans (nlfgans@gmail.com)

Abigail K. Hemani (ahemani@goodwinprocter.com)

William H. Paine (william.paine@wilmerhale.com)

James Rehnquist (jrehnquist@goodwinprocter.com)

John Sup Rhee (john.rhee@wilmerhale.com)

Jonathan A. Shapiro (jonathan.shapiro@wilmerhale.com)

Allison H. Stiles (astiles@goodwinprocter)

BY E-MAIL

Richard A. Acocelli (racocelli@weisslurie.com)

Janine L. Pollack (jpollack@milberg.com)

Charles J. Piven (piven@browerpiven.com)

Julia Sun (jsun@weisslurie.com)

William Fredericks (bill@blbglaw.com)


_____/s/ William H. Paine_____
William H. Paine (BBO #550506)